# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. [_____] |
| Debtor.[1] | |

## NOTICE:

> MOVANT HAS ALSO FILED A MOTION TO SHORTEN THE TIME FOR RESPONSE AND/OR FOR AN EXPEDITED HEARING. IF THAT MOTION TO SHORTEN OR EXPEDITE IS GRANTED, THE TIME TO OBJECT AND/OR DATE FOR HEARING WILL BE CHANGED AS PROVIDED IN SUCH ORDER.

## DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO FILE UNDER SEAL PORTIONS OF SCHEDULE E/F, THE CREDITOR MATRIX, AND OTHER PLEADINGS AND DOCUMENTS

The Roman Catholic Archbishop of Baltimore, the debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11 case (this "***Chapter 11 Case***"), by its undersigned proposed counsel, hereby moves this Court (this "***Motion***") for entry of an order, in substantially the form attached hereto as **Exhibit A**, authorizing the Debtor to file under seal any pleadings in this Chapter 11 Case that may contain Confidential Information (as defined below) on an expedited basis pursuant to sections 105 and 107(b) of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 9018 and 9037 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Section VIII.A. of Appendix H to the Local Rules of the United States Bankruptcy Court for the District of Maryland (the "***Local Rules***"). In support of the Motion, the Debtor relies on and incorporates by reference the *Informational Brief of the Roman Catholic Archbishop of*

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

Baltimore (the "***Informational Brief***") and the *Declaration of John Matera in Support of First Day Motions* (the "***Matera Declaration***" and, with the Informational Brief, collectively, the "***First Day Informational Pleadings***"), and respectfully states as follows:

<u>JURISDICTION</u>

1.      The Court has jurisdiction to consider this Motion, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding, pursuant to 28 U.S.C. § 157(b), and the Debtor consents to the entry of a final judgment or order with respect to the Motion, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>BACKGROUND</u>

3.      On the date of this Motion (the "***Petition Date***"), the Debtor commenced the Chapter 11 Case. The Debtor is operating its business and managing its property as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case, and no committees have been appointed or designated.

4.      A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declarations.

<u>REQUEST FOR EMERGENCY CONSIDERATION</u>

5.      Pursuant to Local Rule 9013-7, the Debtor requests emergency consideration of this Motion. As discussed in detail below and in the First Day Declaration, any delay in granting the relief requested could hinder the Debtor's ability to comply with the Bankruptcy Code,

Bankruptcy Rules, and Local Rules and cause immediate and irreparable harm. As such, the Debtor believes that emergency consideration is necessary and requests that this Motion be heard at the Debtor's first day hearing.

### THE CONFIDENTIAL INFORMATION

6.       Many of the unsecured creditors in this Chapter 11 Case are individuals whose claims against the Debtor are premised on allegations of childhood sexual abuse ("***Abuse Claimants***"). Historically, Abuse Claims have filed tort claims against the Debtor either in their individual capacities or as a class action lawsuit. Similarly, Abuse Claimants have variably elected to file tort claims against the Debtor pseudonymously, with their actual identity to be revealed to the defendants in the course of litigation and with the understanding that their identity would not be publicly disclosed. Further, through the course of the Debtor's voluntary mediation program and individual settlement discussions, the Debtor has entered into settlement agreements with Abuse Claimants, which require the Debtor to maintain the Abuse Claimant's confidentiality. In addition, while the Debtor is currently unaware of any Abuse Claimants who are minors, in other similar cases there have been instances in which minors asserted claims or otherwise had claims asserted on their behalf. The Debtor expects more individuals who are not currently known Abuse Claimants to come forward with claims of abuse that have not previously settled out of court in any manner.

7.       The pleadings in this Chapter 11 Case also will have personally identifiable information of individual creditors who are employees of the Debtor (the "***Employee Creditors***") who wish to remain anonymous for security purposes related to identity theft, but not for purposes related to concealment of any alleged perpetrator of abuse.

8.       In light of the delicate nature of the claims of the Abuse Claimants and others who may come forward with similar claims during the Chapter 11 Case, to avoid causing unnecessary

additional anguish or embarrassment, to encourage such individuals to feel safe and secure in advancing their claims without fear of retribution or reprisal, to guard against potential identity theft, and, with regard to minors, as required by Bankruptcy Rule 9037, the Debtor submits that it would be inappropriate and potentially harmful to require the public disclosure of: (a) identifying information relating to individuals who have notified or who will notify, either informally, formally, or through filing a proof of claim, the Debtor of allegations of abuse by clergy members or other persons employed by Catholic entities or otherwise subject to diocesan supervision; (b) information relating to the specific allegations of abuse asserted by any of the Abuse Claimants; (c) information relating to confidential settlements of abuse claims; or (d) other than the first and last initials and last four digits of any social security number of each Employee Creditor, any personal, identifying information of Employee Creditors (collectively, the "***Confidential Information***").

## RELIEF REQUESTED

9.      The Debtor seeks permission to protect the identities of past, current, and future Abuse Claimants and Employee Creditors, while providing them notice of this Chapter 11 Case and notice of such events and motions as is required by the Bankruptcy Code and applicable Bankruptcy Rules. The Debtor further seeks to share names and information for all current and future Abuse Claimants and Employee Creditors with the Court under seal. It is proposed that those Abuse Claimants currently or in the future represented by counsel be given notices in the Chapter 11 Case only through their respective counsel. The Debtor, through this motion, seeks leave of the Court to serve notice of this Chapter 11 Case, and other requisite notices, directly on current and potential Abuse Claimants and Employee Creditors who have advised the Debtor of potential claims but have not yet identified counsel, without disclosing those Abuse Claimants' or Employee Creditors' names or addresses to other parties. The Debtor has current contact

4

information for all Employee Creditors and believes that it has contact information for some, but not all, known Abuse Claimants. The Debtor anticipates no time at which the Debtor will unseal any sealed pleadings, reports, or documents or retrieve any sealed pleadings, reports, or documents at the conclusion of the Chapter 11 Case.

10.     By this Motion, the Debtor requests that the Court enter an order on an expedited basis:

(a)     authorizing the Debtor to file under seal certain portions of Schedule E/F, the Creditor Matrix, and the top twenty (20) unsecured creditors, and to seek approval to file under seal any other pleadings, reports or other documents that might be filed from time to time in this Chapter 11 Case, that, if made publicly available, would disclose Confidential Information;

(b)     authorizing the Debtor to publicly file redacted copies of Schedule E/F, the Creditor Matrix, and the top twenty (20) unsecured creditors so as to eliminate any Confidential Information from those documents;

(c)     authorizing the Debtor to identify, schedule, and notify any current or potential Abuse Claimants or Employee Creditors who are represented by counsel by and through their counsel on Schedule E/F, the Creditor Matrix, or in the top twenty (20) unsecured creditors;

(d)     authorizing the Debtor to provide copies of the sealed portions of any such pleadings, reports, or documents to the Office of the United States Trustee, as necessary, and authorizing the Office of the United States Trustee to use such documents in the discharge of its duties and obligations, including but not limited to solicitation and appointment of any committee under section 1102 of the Bankruptcy Code but as protected by section 107(c)(3) of the Bankruptcy Code;

(e)     authorizing the Debtor to provide sealed reports, documents, and pleadings to counsel for any committee appointed under section 1102 of the Bankruptcy Code which has been retained pursuant to Court approval, but only after confidentiality procedures are agreed upon between the Debtor and counsel for any such committee;

(f)     permitting any pleadings, reports, or documents to be sealed to remain sealed indefinitely at the Court's discretion;

(g)     providing that notwithstanding any applicable rule to the contrary, the relief granted under the order shall be immediately effective and enforceable upon entry; and

(h)   providing that any order granting the relief requested in this Motion is without prejudice to any future determined confidentiality protocol regarding filing proofs of claim and objections to proofs of claim.

## BASIS FOR RELIEF

11.    The relief sought in this Motion is designed to protect the confidential nature of sensitive information relating to Abuse Claimants, any confidential settlement terms, and any identifying information of Employee Creditors, while at the same time allowing the Debtor to file necessary pleadings with respect to the commencement of this Chapter 11 Case and comply with applicable requirements of disclosure required by the Bankruptcy Code and the Bankruptcy Rules.

12.    The Debtor respectfully submits that it should be authorized to file documents that contain Confidential Information under seal. The Debtor acknowledges that there is a strong presumption in favor of public access to bankruptcy proceedings and records. *See In re Alterra Healthcare Corp.*, 353 B.R. 66, 73 (Bankr. D. Del. 2006). However, the public's right of access to judicial records is not absolute and is subject to certain express statutory limitations set forth in section 107 of the Bankruptcy Code, which provides in part:

> (b)    On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may–
>
> . . .
>
> (2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c) (1)  The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

6

> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107; *see Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597–98 (1978). Similarly, Bankruptcy Rule 9037 provides for filings to be redacted or filed under seal where they contain the name or other identifying information of individuals, other than the debtor, known to be and identified as a minor, and provides for protective orders directing redaction or limitations on access to other information for cause. *See* Fed R. Bankr. P. 9037(a), (c)–(d). Additionally, in relation to any schedules and lists, Bankruptcy Rule 1007(j) provides:

> (j) IMPOUNDING OF LISTS. On motion of a party in interest and for cause shown the court may direct the impounding of lists filed under this rule, and may refuse to permit inspection by any entity. The court may permit inspection or use of lists, however, by any party in interest on terms prescribed by the court.

Fed. R. Bankr. P. 1007(j).

13.    Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . .

Fed. R. Bankr. P. 9018.

14.    In *Ashcraft v. Conoco*, the Fourth Circuit outlined the requirements for filing documents under seal: "[B]efore a district court may seal any court documents . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. These procedures "must be followed when a district court seals judicial records or

7

documents." 218 F.3d 288, 302 (4th Cir. 2000) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988) and citing *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984)).

15.     The Debtor has complied with these Fourth Circuit requirements. First, the Debtor is providing notice and an opportunity to object to the relief sough herein by and through this Motion. Second, the Debtor has considered alternatives, and has narrowed the amount of information sought to be sealed to the least amount possible to allow the protected public right to access files while protecting the identity of the Abuse Claimants and the threat of identity theft of the Employee Creditors. Third, as discussed above and further below, the Debtor has outlined the specific reasons supporting its request to seal the documents.

16.     At least one bankruptcy court in this circuit has proposed that the kinds of allegations set forth in the present case would fall within the ambit of allegations warranting sealing of documents under Section 107(b) of the Bankruptcy Code. *See In re Gordon Properties, LLC*, 536 B.R. 703, 711 (Bankr. E.D. Va. 2015) (noting that allegations of sexual misconduct against minors is "scandalous" and calls for protection (citing *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011)).

17.     Although there is no precedent in the Fourth Circuit as to what constitutes "scandalous" to elicit mandatory protection under the providence of section 107(b) of the Bankruptcy Code, the Debtor respectfully asks the Court to follow the lead provided by other courts granting the requested relief under similar circumstances. *See In re The Roman Catholic Diocese of Ogdensburg, New York*, No. 23-60507 (Bankr. N.D.N.Y. Aug. 29, 2023) [Dkt. No. 94]; *In re The Roman Catholic Diocese of Albany, New York*, No. 23-10244 (Bankr. N.D.N.Y. May 11, 2023) [Dkt. No. 195]; *In re Roman Catholic Diocese of Harrisburg*, No. 20-00599 (Bankr. M.D. Pa. Feb. 21, 2020) [Dkt. No. 42]; In *re Diocese of Rochester*, No. 19-20905 (Bankr. W.D.N.Y.,

Sept. 13, 2019) [Dkt. No. 29]; *In re Archbishop of Agaña*, No. 19-00010 (Bankr. D. Guam., January 18, 2019) [Dkt. No. 45]; *In re Roman Catholic Church of the Archdiocese of Santa Fe*, No. 18-13027 (Bankr. D.N.M., Dec. 4, 2018) [Dkt. No. 31]; *In re The Diocese of New Ulm*, No. 17-30601 (Bankr. D. Minn., March 7, 2017) [Dkt. No. 29]; *In re Diocese of Duluth*, No. 15-50792 (Bankr. D. Minn, Dec. 17, 2015) [Dkt. No. 24]; *In re The Archdiocese of Saint Paul and Minneapolis*, No. 15-30125 (Bankr. D. Minn., Jan. 1, 2015) [Dkt. No. 53]; *In re Roman Catholic Church of the Diocese of Gallup*, No. 13-13676 (Bankr. D.N.M., Nov. 25, 2013) [Dkt. No. 63]; *In re The Catholic Bishop of Spokane*, No. 04-08822 (Bankr. E.D. Wash., Dec. 6, 2004) [Dkt. No. 18]; *In re The Roman Catholic Church of the Diocese of Tucson*, No. 04-04721 (Bankr. D. Ariz., Sept. 27, 2004) [Dkt. No. 35].

18.     With respect to the Employee Creditors, section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A). The Debtor respectfully submits that cause exists to authorize the Debtor to redact all but the initials and last four digits of any social security number of the Employee Creditors from the creditor matrix, because such information could be used to perpetrate identity theft or otherwise put Employee Creditors at risk of harm due to the sensitive nature of liabilities in this Chapter 11 Case.

19.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtor has a duty to protect the identities of Abuse Claimants and Employee Creditors. Such individuals should not be forced to make their identities public in order

to participate in this Chapter 11 Case. The Debtor does not object to those individuals deciding on their own to make their identities known, but such a decision should not be forced upon them and such unwanted disclosure should not be required by the Debtor in this proceeding. Therefore, pursuant to the foregoing basis for relief and the equitable powers conferred upon this Court by section 105(a) of the Bankruptcy Court, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to file documents that contain Confidential Information under seal.

### DEBTOR'S RESERVATION OF RIGHTS

20.     Nothing contained in this Motion is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code, nor does the Debtor waive its rights under the Code of Canon Law, or any applicable State or Federal law.

### NOTICE

21.     The Debtor has provided notice of the filing of the Motion to: (a) the Debtor's secured creditors; (b) the Debtor's 20 largest unsecured creditors; (c) those persons filing a notice of appearance and request for service as of the filing of this Motion; (d) the Office of the United States Trustee for the District of Maryland; and (e) all required governmental agencies. Notice of this Motion and any order entered in connection with this Motion will be served on all parties required by Local Rule 2002-1. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtor respectfully submits that no further notice of this Motion is required.

### WAIVER OF MEMORANDUM OF LAW

22.     Pursuant to Local Bankruptcy Rule 9013-2, and because there are no novel issues of law presented in the motion and all applicable authority is set forth in this Motion, the Debtor

respectfully requests that the Court waive the requirement that a motion be accompanied by a separate written memorandum of fact and law.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that this Court enter an order, in substantially the form attached to this Motion as **Exhibit A**, authorizing the Debtor to file under seal portions of Schedule E/F and the Creditor Matrix, and requesting consideration on shortened notice for the filing under seal of any additional pleadings in this Chapter 11 Case that may contain Confidential Information, and granting such other and further relief as the Court deems just and proper.

Dated: September 29, 2023

Respectfully submitted,

_____/s/ Catherine K. Hopkin_____
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:     443.569.0788
Facsimile:     410.571.2798
Email: chopkin@yvslaw.com

*-and-*

Blake D. Roth (*pro hac vice* pending)
Tyler N. Layne (*pro hac vice* pending)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:     615.244.6380
Facsimile:     615.244.6804
Email: blake.roth@hklaw.com
           tyler.layne@hklaw.com

*-and-*

Philip T. Evans (Fed. Bar No. 11796)
**HOLLAND & KNIGHT LLP**
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone:     202.457.7043
Email: philip.evans@hklaw.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

## CERTIFICATE OF SERVICE

Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing to be served on all parties required to be served, with a certificate or affidavit of service to be filed subsequently, all in accordance with Local Rule 9013-4.


_____/s/ Catherine K. Hopkin_____
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:    443.569.0788
Facsimile:      410.571.2798
Email: chopkin@yvslaw.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

13