# EXHIBIT A
## PROPOSED INTERIM ORDER

#228738268_v5

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. [_____] |
| Debtor.[1] | |

**INTERIM ORDER: (I) AUTHORIZING THE DEBTOR TO (A) PAY CERTAIN PREPETITION WAGES, BENEFITS, AND OTHER COMPENSATION AND (B) CONTINUE EMPLOYEE COMPENSATION AND EMPLOYEE BENEFITS PROGRAMS; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "*Motion*")[2] for entry of an interim order (this "*Interim Order*") (i) authorizing, but not directing, the Debtor, in accordance with its ordinary business practices and in its sole discretion, to (a) pay certain prepetition wages, benefits, and other compensation and (b) continue employee compensation and employee benefits programs, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested in the Motion, pursuant to 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* from the United States District Court for the District of Maryland; and upon consideration of the First Day Informational Pleadings; and the Court

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms not otherwise defined in this Interim Order shall have the meanings given to them in the Motion.

#228738268_v5

having found that consideration of the Motion and the relief requested is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion is sufficient under the circumstances; and the Court having reviewed the Motion and the First Day Informational Pleadings and having considered the statements of counsel and the evidence adduced with respect to the Motion at the interim hearing; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Interim Order; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2. The Debtor is authorized to pay the Employee Wages and Benefits and/or honor the Debtor's wage and benefit obligations in accordance with the Debtor's stated policies and in the ordinary course of business, including amounts owing as of the Petition Date on account of: (a) Unpaid Compensation; (b) Deductions and Payroll Taxes; (c) the Employee Benefits; and (d) the Workers' Compensation Program, to the extent such payments do not violate the priority cap in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, as set forth in the Motion and as provided in this Interim Order.

3. Except as otherwise provided in this Interim Order, the Debtor is authorized to make payments on account of Employee Wages and Benefits, in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion.

4. The Debtor is authorized to make payments to applicable third parties from the Deductions and Payroll Taxes, in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion.

5. The Debtor is authorized to continue to honor Employee Benefits, make necessary contributions to such programs, and pay any unpaid premiums, claims, or amounts owed in connection with Employee Benefits as of the Petition Date, in accordance with the Debtor's ordinary course of business and stated policies as set forth in the Motion.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved in this Interim Order are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, including all checks issued prepetition and presented for payment postpetition, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

7. The Debtor is authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Interim Order and is not cleared by the applicable bank or other financial institution.

8. Nothing in the Motion or this Interim Order, including the Debtor's payment of any claims pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, or a waiver of the Debtor's right to dispute any claim, or an approval, assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

#228738268_v5

4

9. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Interim Order, in accordance with the Motion.

10. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

11. A final hearing (the "*Final Hearing*") to consider the relief requested in the Motion on a final basis shall be held on _____, 2023, at ___:___ __.m. (prevailing Eastern Time) and any objections to entry of such order shall be filed on or before _____, 2023.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**End of Order**