**EXHIBIT B**
**PROPOSED FINAL ORDER**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| In re: | Chapter 11 |
|---|---|
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. [_____] |
| Debtor.[1] | |

**FINAL ORDER (I) AUTHORIZING DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES UNDER SECTION 366 OF THE BANKRUPTCY CODE, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "***Motion***")[2] filed by the above-captioned Debtor for entry of a final order (this "***Final Order***") (i) authorizing Debtor's proposed form of adequate assurance of payment to utility companies under section 366 of the Bankruptcy Code, (ii) establishing procedures for resolving objections by utility companies, (iii) prohibiting utility companies from altering, refusing, or discontinuing service, and (iv) granting related relief; and the Court having found that it has jurisdiction to consider the Motion, pursuant to 28 U.S.C. §§ 157

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.
[2] Capitalized terms used but not otherwise defined in this Final Order shall have the meanings given to them in the Motion.

and 1334, and the *Standing Order 2012-05* from the United States District Court for the District of Maryland; and the Court having found that consideration of the Motion and the relief requested is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth in the Motion is sufficient under the circumstances; and the Court having reviewed the Motion and the First Day Informational Pleadings and having considered the statements of counsel and the evidence adduced with respect to the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Final Order; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED on an final basis as set forth in this Final Order.

2. The Debtor is authorized to pay on a timely basis, in accordance with its prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor on and after the Petition Date.

3. The Debtor shall provide an Adequate Assurance Deposit for all Utility Companies identified on **Exhibit C** to the Motion by depositing **$13,500**, an amount equal to the estimate amount of two (2) weeks of Utility Services (the "***Adequate Assurance Deposit***"), into a segregated bank account designated for the Adequate Assurance Deposit (the "***Adequate Assurance Deposit Account***"), within twenty (20) days of the Petition Date.

4. The Adequate Assurance Deposits, in conjunction with the Debtor's ability to pay for future Utility Services in the ordinary course of business (collectively, the "***Proposed Adequate Assurance***"), constitute sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

5. The Utility Companies are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Chapter 11 Case or on account of any unpaid prepetition charges; or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance as a condition of the Debtor receiving such Utility Services.

6. The following Adequate Assurance Procedures are approved:

   (a) Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "***Additional Assurance Request***") so that it is **received** by the Debtor and the Debtor's counsel, by no later than thirty (30) days after the Petition Date (the "***Request Deadline***") at the following address: Holland & Knight LLP, 511 Union Street, Suite 2700, Nashville, TN 37219 (Attn: Blake D. Roth).

   (b) Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtor prepays for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtor for the postpetition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   (c) Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the longer of (i) twenty (20) days from the receipt of such Additional Assurance Request or (ii) forty (40) days from the Petition Date (collectively, the "***Resolution Period***") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company without application to or approval of the Court.

(d) The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, other forms of security, or any combination of the above, if the Debtor believes such additional assurance is reasonable. If the Debtor and requesting Utility Company resolve the Additional Assurance Request, the Debtor may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

(e) If the Debtor determines that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtor will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "***Determination Hearing***"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f) Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g) Other than through the Objection Procedures set forth below, any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

7. The following Objection Procedures are approved:

(a) A Utility Company that desires to object to the Adequate Assurance Procedures must file an objection (a "***Procedures Objection***") with the Court and serve such Procedures Objection so that it is **received** by the Debtor and the Debtor's counsel within twenty-one (21) days of the Petition Date.

(b) Any Procedures Objection must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account

4

          number(s); (iii) describe any deposits or other security currently held by the objecting Utility Company; (iv) explain whether the Debtor prepays for the Utility Company's services or what payment terms presently apply to the Debtor; and (v) explain why the objecting Utility Company believes the proposed Adequate Assurance Procedures are inadequate.

(c)     The Debtor, in its discretion, may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in its discretion, provide a Utility Company with assurance of future payment, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such assurance of payment is reasonable. If the Debtor and objecting Utility Company resolve the Procedures Objection, the Debtor may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the objecting Utility Company's estimated two-week utility expense.

(d)     If the Debtor determines that a Procedures Objection is not reasonable and is not able to reach a prompt alternative resolution with the objecting Utility Company, the Debtor will promptly request a hearing before the Court to determine the Procedures Objection (a "***Procedures Objection Hearing***").

(e)     Pending the resolution of a Procedures Objection at a Procedures Objection Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Procedures.

(f)     Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

8.     The Debtor may supplement the Utility Companies List without further order of the Court if any Utility Company has been inadvertently omitted from the Utility Companies List (each, an "***Additional Utility Company***"), and the Debtor will as soon as reasonably practicable file with the Court an amendment to Exhibit C to the Motion adding the name of any Additional Utility Company (the "***Supplement***"). The Debtor will then serve by email or by facsimile transmission (or, where the Debtor does not have the email address or fax number of a Utility Company, by First Class Mail) a copy of the Motion and this Final Order on any Additional Utility

5

Company. The Debtor will increase the Adequate Assurance Deposit Account by an amount equal to 50% of the Debtor's average monthly utility consumption over the course of the twelve (12) months for any Utility Company added to the Utility Companies List.

9. Any Additional Utility Company is subject to the terms of this Final Order, including the Adequate Assurance Procedures and the Objection Procedures.

10. Any Additional Utility Company shall have thirty (30) days from the date of service of this Final Order to make an Additional Assurance Request as outlined above. The Additional Utility Company shall serve a Procedures Objection as outlined above.

11. Should any Additional Utility Company be added to the Utility Companies List, the Debtor will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

12. No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures or the Objection Procedures, (b) by mutual agreement of the Debtor and the applicable Utility Company, or (c) by further order of the Court. If the Debtor fails to pay for any legitimate postpetition Utility Services when due, a Utility Company may access only that portion of the Adequate Assurance Deposit owing to it in the Adequate Assurance Deposit Account.

13. The Debtor may amend the Utility Companies List to delete a Utility Company, or may seek to terminate a Utility Company, only if it has provided two (2) weeks advance notice to such Utility Company, and has not received a Procedures Objection from such Utility Company. If a Procedures Objection is received, the Debtor shall request a Procedures Objection Hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree. The Debtor shall not deduct from the Adequate Assurance Deposit the

amount set aside for any Utility Company that the Debtor seeks to terminate or delete unless and until the two (2) week notice period has passed and the Debtor has not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court.

14. The Debtor shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Final Order.

15. Notwithstanding the relief granted in this Final Order, nothing in the Motion or this Final Order, shall be deemed or construed as (i) an admission as to the validity or priority of any claim against the Debtor; (ii) a waiver of the Debtor's right to dispute any claim on any ground; (iii) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (iv) a promise or requirement to pay any prepetition claim or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (v) a waiver of the Debtor's rights under the Bankruptcy Code, the Code of Canon Law, or any other applicable law.

16. Nothing contained in this Final Order constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Companies List.

17. Within three (3) business days of the date of this Final Order, the Debtor shall serve a copy of this Final Order and the Motion on each Utility Company identified on the Utility Companies List, and within three (3) business days of filing the Supplement, the Debtor shall serve a copy of this Final Order and the Motion on any Additional Utility Company.

18. All funds held in the Adequate Assurance Deposit Account shall be returned to the Debtor at the conclusion of the Chapter 11 Case.

19. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

20. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and interpretation of this Final Order.

**END OF ORDER**