**EXHIBIT B**
**PROPOSED FINAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. [_____] |
| Debtor.[1] | |

**FINAL ORDER: (I) AUTHORIZING CONTINUED USE OF CASH COLLATERAL,**
**(II) SCHEDULING A FINAL HEARING ON THE USE OF CASH COLLATERAL,**
**AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "***Motion***")[2] for entry of an final order (this "***Final***

***Order***") (i) authorizing the Debtor's use of Cash Collateral and granting adequate protection,

(ii) scheduling a final hearing on the use of Cash Collateral, and (iii) granting related relief,

pursuant to sections 105, 361, 362, 363, 364, 506(a), 507(b), 552 and 553 of the Bankruptcy Code

and Rules 2002, 4001, 6003, 6004, 7062 and 9014 of the Bankruptcy Rules; and the Court having

found that it has jurisdiction to consider the Motion and the relief requested in the Motion, pursuant

to 28 U.S.C. §§ 157 and 1334; and upon consideration of the First Day Informational Pleadings;

and the Court having found that consideration of the Motion and the relief requested is a core

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.
[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and the First Day Informational Pleadings and having considered the statements of counsel and the evidence adduced with respect to the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Final Order; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on a final basis as set forth in this Final Order.

2.      The Debtor is authorized to use Cash Collateral through and including closing of this Chapter 11 Case to pay only (a) reasonable and necessary expenses to be incurred in the ordinary course in connection with the operation of its organization and fulfillment of its religious mission, (b) administrative expenses incurred in connection with this Chapter 11 Case, and (c) such other payments as may be authorized by separate order of this Court.

3.      PNC is entitled, pursuant to Bankruptcy Code sections 361, 362, 363(c)(2) and 363(e), to adequate protection of its interests in the Cash Collateral, solely to the extent of the postpetition diminution in value which is as a result of, or arises from, or is attributable to, the imposition of the automatic stay, or the use, sale or lease of such Cash Collateral, or the grant of a lien under Bankruptcy Code section 364 and applicable case law interpreting the same (any such

diminution, "***Diminution in Value***"). PNC shall receive the following (collectively, the "***Adequate***

***Protection Obligations***"):

a.      *Continued Payments.*  The Debtor shall continue making payments in the

ordinary course for those amounts owed under the Prepetition Obligations (including legal

fees and costs of PNC);

b.      *Adequate Protection Liens*. The Trustee, for the benefit of PNC, and PNC

(with respect to the PNC Obligations) are hereby granted, pursuant to Bankruptcy Code

sections 361 and 363(e), replacement security interests in and liens on the Debtor's

postpetition property (the "***Adequate Protection Liens***") which, but for the commencement

of the Chapter 11 Cases, would constitute Prepetition Collateral subject to validly

perfected, non-avoidable Prepetition Liens as of the Petition Date, and continuing in the

proceeds thereof (including sweep accounts of the Debtor or its affiliates to which funds

may be transferred) (the "***Adequate Protection Collateral***") in the same priority as the

Prepetition Liens, with such Adequate Protection Liens being deemed perfected as of the

Petition Date; and

c.      *507(b)  Claims*.  PNC  is  hereby  granted  an  allowed  superpriority

administrative expense claim (each a "***507(b)  Claim***" and, collectively, the "***507(b)***

***Claims***") as provided for in Bankruptcy Code section 507(b) against the Debtor. The

507(b) Claims shall have priority over any and all administrative expenses, adequate

protection claims and other claims against the Debtor, now existing or hereafter arising, of

any kind whatsoever, including without limitation, all administrative expenses of the kind

specified in Bankruptcy Code sections 503(b) and 507(b), and over any and all

administrative expenses or other claims arising under the Bankruptcy Code.

3

4.      In consideration of the Adequate Protection, PNC agrees that, so long as no Event of Default (as defined in this Final Order) has occurred, PNC will not accrue any default interest that may be chargeable with respect to the Bonds or the PNC Loan.

5.      Notwithstanding the foregoing, if an Event of Default (as defined in this Final Order) has occurred after the entry of this Final Order, PNC reserves the right to include in the computation of the Prepetition Obligations and in the allowance of its claim pursuant to section 506 of the Bankruptcy Code interest at the default rate (as applicable) from and after the occurrence of such Event of Default under this Final Order.

6.      The Debtor is authorized to continue its participation and performance in connection with the Swap Agreements and Swap Obligations, pursuant to section 364 of the Bankruptcy Code.

7.      For the avoidance of doubt, PNC's right to terminate the Swap Agreements and liquidate the Swap Obligations shall be unaffected by this Final Order, and all such rights are maintained and preserved in accordance with the Bankruptcy Code and applicable law.

8.      To the extent that PNC's mark-to-market exposure with respect to the Swap Obligations increases after the Petition Date (the "***Increased Postpetition Swap Exposure***"), and any portion of such Increased Swap Exposure becomes unsecured for any reason, PNC shall be granted: (a) liens on all other assets of the Debtor (other than the Adequate Protection Collateral), pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, to secure such shortfall; and (b) 507(b) Claims of the same nature and priority described in Section 3(c) of this Final Order in the amount of such shortfall.

9.      The occurrence and continuation of any one or more of the following shall constitute an Event of Default under this Final Order:

a.       any Event of Default under the PNC Loan Agreement, other than one caused by the commencement of this Chapter 11 Case;

b.       any Event of Default under the Trust Indenture or Bond Loan Agreement, other than one caused by the commencement of this Chapter 11 Case;

c.       any Event of Default under the Guaranty, other than one caused by the commencement of this Chapter 11 Case;

d.       the Debtor challenges the validity of the Prepetition Obligations;

e.       the Debtor challenges the validity or priority of the Prepetition Liens;

f.       any action by the Debtor in contravention of this Final Order, including, without limitation, the use of Cash Collateral in a manner not authorized by this Final Order;

g.       the appointment of a chapter 11 trustee;

h.       the conversion of this case to one under chapter 7 of the Bankruptcy Code;

i.       without the written consent of PNC, the dismissal of the Chapter 11 Case;

j.       the granting of relief from the automatic stay to permit any party to recover possession of, or foreclose upon, any property that either (i) is critical to the Debtor's operations or (ii) secures obligations to PNC (whether Prepetition Collateral, Adequate Protection Collateral, or otherwise);

k.       the Debtor's failure to maintain its primary operating account with PNC, at all times containing a 30-day moving average balance of at least **$10,000,000**;

l.       without the written consent of PNC, entry of an order pursuant to section 363 of the Bankruptcy Code approving the sale of substantially all assets of the Debtor;

m.      the effective date of any plan of reorganization or liquidation for the Debtor;

or

n.      without the written consent of PNC, entry of an order pursuant to section 364 of the Bankruptcy Code authorizing the Debtor to obtain credit.

10.     Unless otherwise agreed by PNC in writing, the Office of the United States Trustee for the District of Maryland and any statutory committee appointed in this case shall have until sixty (60) days from the formation of any statutory committee or, if no statutory committee is appointed, seventy-five (75) days from entry of the Interim Order to assert any challenges to the validity of the Prepetition Obligations or the validity or priority of the Prepetition Liens (such period, the "*Challenge Period*").

11.     Subject only to any challenge filed before the expiration of the Challenge Period or any extension of the Challenge Period: (a) the Prepetition Obligations are valid and enforceable; (b) the Prepetition Liens are valid, enforceable, perfected, and non-avoidable pursuant to the Bankruptcy Code or other applicable law; and (c) the Debtor does not possess any claim counterclaim, setoff or defense of any kind or nature that would affect the validity, enforceability, or non-avoidability of the Prepetition Obligations or Prepetition Liens.

12.     Neither the surcharge provisions of section 506(c) of the Bankruptcy Code, nor the enhancement of collateral provisions of section 552 of the Bankruptcy Code, shall be imposed upon PNC, any of the Prepetition Collateral, the collateral encumbered by the Adequate Protection Liens, or upon the proceeds thereof.

13.     Absent PNC's agreement in writing and further order of this Court, the Debtor shall not: (a) incur any debt for additional money, including any request under section 364 of the

6

Bankruptcy Code for a debtor in possession credit facility; or (b) grant or permit the creation of a

lien or security interest in any of the Debtor's property.

14.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

15.     Under the circumstances of these Chapter 11 Cases, notice of the Motion is

adequate under Bankruptcy Rule 6004(a).

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

Order shall be immediately effective and enforceable upon its entry.

17.     The Debtor is authorized to take all actions necessary to effectuate the relief granted

in this Final Order.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Final Order.

**End of Order**