**EXHIBIT B**
**PROPOSED FINAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. [_____] |
| Debtor.[1] | |

**FINAL ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ADMINISTRATION OF THE INSURANCE PROGRAMS, (II) CONTINUE THE DEBTOR'S PARTICIPATION IN THE INSURANCE PROGRAMS, AND (III) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE COVERAGE**

Upon consideration of the motion (the "***Motion***")[2] filed by the Debtor for entry of a final order (this "***Final Order***") authorizing, but not directing, the Debtor, in accordance with its ordinary business practices and in its sole discretion, to (i) continue administration of the Insurance Programs, (ii) continue the Debtor's participation in the Insurance Programs, and (iii) renew, amend, supplement, extend, or purchase insurance coverage; and the Court having found that it has jurisdiction to consider the Motion, pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order 2012-05* from the United States District Court for the District of Maryland; and the Court having found that consideration of the Motion and the relief requested is a core proceeding,

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and the First Day Informational Pleadings and having considered the statements of counsel and the evidence adduced with respect to the Motion at the interim hearing; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at the final hearing; and the Court having granted the interim relief requested in the Motion; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Final Order; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED on a final basis as set forth in this Final Order.

2. The Debtor is authorized, but not directed, to continue the Insurance Programs, and, in its sole discretion, pay and honor any prepetition amounts outstanding under, or postpetition obligations related to, the Insurance Programs in the ordinary course of business and to pay any prepetition amounts due in connection therewith.

3. The Debtor is authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance coverage, to the extent that the Debtor determines, in its sole discretion, that such action is in the best interest of its estate.

4. The Debtor is authorized, but not directed, to pay any Insurance Deductibles in the ordinary course of business without further Court order.

5. The Debtor is authorized, but not directed, to pay any Brokerage Fees in the ordinary course of business without further Court order.

6. Notwithstanding the relief granted in this Final Order, nothing in the Motion or this Final Order shall be deemed or construed as (a) an admission as to the validity or priority of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any ground; (c) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (d) a promise or requirement to pay any prepetition claim or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtor's rights under the Bankruptcy Code, the Code of Canon Law, or any other applicable law.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved in this Final Order are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order.

8. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Case with respect to prepetition amounts owed in connection with the Insurance Programs.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

10. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and interpretation of this Final Order.

**END OF ORDER**