UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF<br>BALTIMORE,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. [_____] |

**NOTICE:**

> MOVANT HAS ALSO FILED A MOTION TO SHORTEN THE TIME FOR RESPONSE AND/OR FOR AN EXPEDITED HEARING. IF THAT MOTION TO SHORTEN OR EXPEDITE IS GRANTED, THE TIME TO OBJECT AND/OR DATE FOR HEARING WILL BE CHANGED AS PROVIDED IN SUCH ORDER.

**DEBTOR'S EMERGENCY APPLICATION FOR
ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT
OF EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS AND
NOTICING AGENT; AND (II) GRANTING RELATED RELIEF**

The Roman Catholic Archbishop of Baltimore, the debtor and debtor in possession (the "***Debtor***"), by and through its undersigned proposed counsel, files this application (the "***Application***") for entry of an order, substantially in the form attached to this Application as **Exhibit A** (the "***Proposed Order***"), pursuant to section 156(c) of title 28 of the United States Code, sections 105(a) and 503(b) of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2002(f) and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 9013-4 the Local Bankruptcy Rules (the "***Local Rules***"), appointing Epiq Corporate Restructuring, LLC ("***Epiq***") as claims and noticing agent ("***Claims and Noticing Agent***") in the

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

Debtor's chapter 11 case effective as of the Petition Date (as defined below) and granting related relief. In support of the Application, the Debtor submits the *Declaration of Kathryn Tran in Support of Application of Debtor for Order Appointing Epiq Corporate Restructuring, LLC as Claims, Noticing, Solicitation, and Administrative Agent* (the "**Tran Declaration**"), attached to this motion as **Exhibit B**, and respectfully represents as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtor confirms its consent, pursuant to Bankruptcy Rules 7008 and 7012(b) and Local Rule 7012-1, to the entry of a final order by the Court in connection with this Application, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3.     On the date of this motion (the "**Petition Date**"), the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of the Bankruptcy Code, commencing this case (the "**Chapter 11 Case**").

4.     The Debtor continues to operate its business as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case, nor have any committees been appointed or designated.

6.     A description of the Debtor's business, the reasons for commencing this Chapter 11 Case, the relief sought from this Court, and the facts and circumstances supporting this

Application are set forth in the *Informational Brief of the Roman Archbishop of Baltimore* (the "**Informational Brief**") and the *Declaration of John Matera in Support of First Day Motions* (the "**Matera Declaration**" and, with the Informational Brief, collectively, the "**First Day Informational Pleadings**").

## REQUEST FOR EMERGENCY CONSIDERATION

7. Pursuant to Bankruptcy Rule 6003 and Local Rule 9013-7, the Debtor requests emergency consideration of this Motion. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. As discussed in detail below and in the First Day Informational Pleadings, any delay in granting the relief requested could hinder the Debtor's operations and cause immediate and irreparable harm. As such, the Debtor believes that emergency consideration is necessary and requests that this Motion be heard at the Debtor's first day hearing.

## REQUESTED RELIEF

8. The Debtor seeks entry of the Proposed Order: (a) appointing Epiq as the Claims and Noticing Agent in this Chapter 11 Case, effective as of the Petition Date, including the assumption of full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in this Chapter 11 Case; and (b) granting certain related relief.

9. At such time as this Chapter 11 Case will require Epiq to perform duties outside the scope of 28 U.S.C. § 156(c), the Debtor will seek authorizing to retain and employ Epiq as administrative advisor, pursuant to section 327(a) of the Bankruptcy Code.

10. A copy of the Epiq Agreement, dated as of September 15, 2023, between the Debtor and Epiq is attached as **Exhibit 1** to the Proposed Order.

3

### EPIQ'S QUALIFICATIONS

11. Epiq is one of the country's leading chapter 11 administrators, comprised of leading industry professionals with significant experience in the administrative aspects of large, chapter 11 cases.

12. Epiq and its professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of the similar size and complexity (and in similar industries) as this Chapter 11 Case. *See, e.g.*, *In re Roman Catholic Diocese of Harrisburg*, No. 20-00599 (Bankr. M.D. Pa. Mar. 24, 2020); *In re Roman Catholic Diocese of Rockville Centre, New York*, No. 20-12345 (Bankr. S.D.N.Y. Oct. 5, 2020). *See also In re Creative Hairdressers, Inc.*, No. 20-14583 (Bankr. D. Md. May 26, 2020); *In re TMST, Inc. f/k/a Thornburg Mortgage, Inc.*, No. 09-17787 (Bankr. D. Md. May 6, 2009); *In re Nat'l Energy & Gas Transmission*, No. 03-30459 (Bankr. D. Md. July 8, 2003); *In re Pegasus Home Fashions, Inc.*, No. 23-11235 (Bankr. D. Del. Aug. 25, 2023); *In re Yellow Corp.*, No. 23-11069 (Bankr. D. Del. Aug. 9, 2023); *In re Vyera Pharmaceuticals, LLC*, No. 23-10605 (Bankr. D. Del. May 18, 2023); *In re Heritage Power, LLC*, No. 23-90032 (Bankr. S.D. Tex. Jan. 25, 2003); *In re Serta Simmons Bedding, LLC*, No. 23-90020 (Bankr. S.D. Tex. Jan. 24, 203); *In re Pipeline Health System, LLC*, No. 22-90291 (Bankr. S.D. Tex. Oct. 3, 2022); *In re Armstrong Flooring In re ON Marine Servs. Co. LLC*, No. 20-20007 (Bankr. W.D. Pa. Jan. 2, 2020); *In re Vector Launch Inc.*, No. 19-12670 (Bankr. D. Del. Dec. 13, 2019); *In re Southern Foods Group, LLC*, No. 19-36313 (Bankr. S.D. Tex. Nov. 12, 2019); *In re Approach Resources Inc.,* No. 19-36444 (Bankr. S.D. Tex. Nov. 18 2019); *In re Walker Cnty. Hosp. Corp.*, No. 19-36300 (Bankr. S.D. Tex. Nov. 11, 2019); *In re Fred's Inc.*, No. 19-11984 (Bankr. D. Del. Sep. 9, 2019); *In re Ditech Holding Corp.*, No. 19-10412 (Bankr. S.D.N.Y. Feb. 11, 2019); *In re Trident Holding Co., LLC*, No. 19-10384 (Bankr. S.D.N.Y. Feb. 10, 2019).

13. The appointment of Epiq as Claims and Noticing Agent in this Chapter 11 Case will expedite the distribution of notices and the processing of claims, and the office of the Clerk of the Bankruptcy Court for the District of Maryland (the "*Clerk*") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

### SERVICES TO BE PROVIDED

14. This Application pertains only to the work to be performed by Epiq under the delegation of duties by the Clerk permitted by 28 U.S.C. § 156(c).

15. As stated above, to the extent the Debtor later determines services by Epiq outside of the scope of 28 U.S.C. § 156(c) are necessary, the Debtor will file a separate application to retain Epiq as a professional in this Chapter 11 Case.

16. Pursuant to the authority sought in this Application, Epiq will perform, to the extent the Debtor requests, the following services in its role as the Claims and Noticing Agent, as well as all quality control relating to the Claims and Noticing Services (collectively, the "*Claims and Noticing Services*"):[2]

    a. preparing and serving required notices and documents in this Chapter 11 Case in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in the form and manner directed by the Debtor and/or the Court, including, if applicable, (i) notice of the commencement of this Chapter 11 Case and the initial meeting of creditors (if any) under section 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's chapter 11 plan, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any chapter 11 plan, and (vii) all other notices, orders, pleadings, publications, and other documents as the Debtor or the Court may deem necessary or appropriate for the orderly administration of this Chapter 11 Case;

---

[2] The list of Claims and Noticing Services to be performed by Epiq is intended to be broad and certain services may not be necessary in this Chapter 11 Case. Only those services that are requested by the Debtor will be performed by Epiq.

5

b. for all notices, applications, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service, which includes (i) a copy of the notice served or the docket number(s) and title(s) of the filing(s) served, (ii) an alphabetical list of persons upon whom service was made along with the mailing or e-mail address to which service was directed (unless prohibited by order of this Court), (iii) the manner of service, and (iv) the date upon which service was made;

c. if necessary, maintaining an official copy of the Debtor's schedules of assets and liabilities and statement of financial affairs (collectively, the "*Schedules*"), listing the Debtor's known creditors and the amounts owed to same;

d. maintaining a (i) list of all potential creditors, equity holders, and other parties in interest and (ii) "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010;

e. if a claims bar date is established, furnishing a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notifying potential creditors of the existence, amount, and classification of its claims as set forth in the Schedules (if applicable), which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

f. maintaining a post office box or address for the purpose of receiving claims and returned mail, and processing all mail received;

g. providing an electronic interface for filing proofs of claim;

h. processing all proofs of claim received, if any, including those received by the Clerk, checking said processing for accuracy, and maintaining the original proofs of claim in a secure area;

i. (i) maintaining the official claims register for the Debtor (the "*Claims Register*") on behalf of the Clerk on a case specific website; (ii) upon the Clerk's request, providing the Clerk with certified, duplicate unofficial Claims Registers; and (iii) specifying in each of the Claims Registers the following information for each claim docketed (subject to any confidentiality orders entered by this Court): (A) the claim number assigned; (B) the date received; (C) the name and address of the claimant and agent, if applicable, who filed the claim; (D) the amount asserted; (E) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); and (F) any disposition of the claim;

j. implementing necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

k. recording all transfers of claims and providing any notices of such transfers as required by Bankruptcy Rule 3001(e);

   l. relocating, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Epiq, not less than weekly;

   m. upon completion of the docketing process for all claims received to date, turning over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

   n. monitoring the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed, making necessary notations on or changes to the Claims Register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

   o. identifying and correcting any incomplete or incorrect addresses in any mailing or service lists;

   p. assisting in the dissemination of information to the public and responding to requests for administrative information regarding the case, as directed by the Debtor or the Court, including through the use of a case website and call center;

   q. thirty (30) days prior to the close of this Chapter 11 Case, to the extent practicable, requesting that the Debtor submit to the Court a proposed order dismissing Epiq and terminating Epiq's services upon completion of its duties and responsibilities and upon the closing of this chapter 11 case;

   r. within seven (7) days' notice to Epiq of entry of an order closing this Chapter 11 Case, providing to the Court the final versions of the Claims Register as of the date immediately before the close of this Chapter 11 Case;

   s. at the close of this Chapter 11 Case, Epiq shall (a) forward to the Clerk an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF and (c) docket a Final Claims Register;

   t. coordinating publication of certain notices in periodicals and other media;

   u. to the extent necessary, distributing claim acknowledgement cards to creditors having filed a proof of claim or interest, as applicable; and

   v. providing such other claims processing, noticing, and related administrative services as may be requested from time to time by the Debtor.

17. The Claims Register shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Epiq.

**EPIQ'S COMPENSATION**

18. Upon receipt of reasonably detailed invoices setting forth the services provided by Epiq during the prior month and the rates charged for such services performed, the Debtor proposes to: (a) treat the undisputed fees and expenses incurred by Epiq in the performance of the above services as administrative expenses of the Debtor's estate, pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code; and (b) compensate Epiq in the ordinary course of business without further application to or order of the Court on substantially the terms and conditions set forth in the Epiq Agreement.

19. Epiq agrees to maintain records of all services performed, showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtor, the office of the United States Trustee for the District of Maryland (the "*U.S. Trustee*"), counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party in interest that specifically requests service of the monthly invoices.

20. If any dispute arises relating to the Epiq Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute.

21. If resolution is not achieved, the parties may seek resolution of the matter from the Court.

22. The Debtor seeks to provide Epiq a retainer in the amount of $25,000.00 (the "*Retainer*"). Epiq seeks to hold the Retainer under the Epiq Agreement during this Chapter 11 Case as security for the payment of fees and expenses incurred under the Epiq Agreement.

**EPIQ'S DISINTERESTEDNESS**

23. While the Debtor does not seek pursuant to this Application to retain Epiq pursuant to section 327 of the Bankruptcy Code, Epiq has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by

the Debtor and, to the best of Epiq's knowledge, information, and belief, and except as set forth in the Tran Declaration, Epiq does not hold or represent any interest materially adverse to the Debtor's estate in connection with any matter on which Epiq would be employed.

24. In connection with its retention as Claims and Noticing Agent, Epiq represents in the Tran Declaration, among other things, that:

    a. Epiq is not a creditor of the Debtor;

    b. Epiq will not consider itself employed by the United States government and will not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in the Chapter 11 Case;

    c. by accepting employment in the Chapter 11 Case, Epiq waives any rights to receive compensation from the United States government in connection with the Chapter 11 Case;

    d. in its capacity as the Claims and Noticing Agent in the Chapter 11 Case, Epiq will not be an agent of the United States and will not act on behalf of the United States;

    e. Epiq will not employ any past or present employees of the Debtor in connection with Epiq's work as the Claims and Noticing Agent in this Chapter 11 Case;

    f. Epiq is a "disinterested person" as that term is defined in Bankruptcy Code Section 101(14) with respect to the matters upon which it is to be engaged;

    g. Epiq shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

    h. Epiq will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

    i. None of the services provided by Epiq as Claims and Noticing Agent in this Chapter 11 Case shall be at the expense of the Clerk.

25. Epiq will supplement its disclosure to this Court, to the extent any facts or circumstances change or are otherwise discovered that would require such additional disclosure.

26. To the extent there is any inconsistency between this Application, any order approving this Application, and the Epiq Agreement, the order approving this Application shall govern.

### WAIVER OF DEBTOR'S COMPLIANCE WITH LOCAL RULES 7005-2 AND 9013-4

27. Local Rules 7005-2 and 9013-4 require the Debtor to affix a certificate of service to each filing in an adversary proceeding or bankruptcy proceeding, as applicable.

28. Because the Claims and Noticing Services contemplate Epiq undertaking the noticing of all filings in this Chapter 11 Case, with Epiq filing corresponding certificate or affidavits of service, the Debtor respectfully request that the Court deem the Debtor's retention of Epiq as the Claims and Noticing Agent to have satisfied the Debtor's obligations to comply with each of Local Rule 7005-2 and Local Rule 9013-4, as applicable.

### WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

29. To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested in this Application satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### RESERVATION OF RIGHTS

30. Nothing contained in this Application is intended or shall be construed as: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in this Application or any order granting the relief requested by this Application; (e) a request or authorization to assume any prepetition agreement, contract, or

lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

### NOTICE

31. The Debtor has provided notice of this Application by electronic mail, facsimile, or overnight mail to: (a) the Debtor's secured creditors; (b) the Debtor's 20 largest unsecured creditors; (c) those persons filing a notice of appearance and request for service as of the filing of this Motion; (d) the Office of the United States Trustee for the District of Maryland; (e) Epiq; and (f) all required governmental agencies.

### NO PRIOR REQUEST

32. No prior request for the relief sought in this Application has been made to this or any other court.

### WAIVER OF MEMORANDUM OF LAW

33. Pursuant to Local Bankruptcy Rule 9013-2, and because there are no novel issues of law presented in the motion and all applicable authority is set forth herein, the Debtor respectfully requests that the Court waive the requirement that a motion be accompanied by a separate written memorandum of fact and law.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, granting the relief requested in this motion and such other relief as the Court deems appropriate under the circumstances.

Dated: September 29, 2023

Respectfully submitted,

/s/ Catherine K. Hopkin
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:   443.569.0788
Facsimile:    410.571.2798
Email: chopkin@yvslaw.com

*-and-*

Blake D. Roth (*pro hac vice* pending)
Tyler N. Layne (*pro hac vice* pending)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:   615.244.6380
Facsimile:    615.244.6804
Email: blake.roth@hklaw.com
          tyler.layne@hklaw.com

*-and-*

Philip T. Evans (Fed. Bar No. 11796)
**HOLLAND & KNIGHT LLP**
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone:   202.457.7043
Email: philip.evans@hklaw.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

**CERTIFICATE OF SERVICE**

Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing to be served on all parties required to be served, with a certificate or affidavit of service to be filed subsequently, all in accordance with Local Rule 9013-4.

      /s/ Catherine K. Hopkin
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:     443.569.0788
Facsimile:     410.571.2798
Email: chopkin@yvslaw.com

*Proposed Attorneys for the Debtor and Debtor In Possession*