**EXHIBIT B**
**TRAN DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. [_____] |
| Debtor.[1] | |

**DECLARATION OF KATHRYN TRAN IN SUPPORT OF DEBTOR'S EMERGENCY APPLICATION FOR ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS AND NOTICING AGENT; AND (II) GRANTING RELATED RELIEF**

I, Kathryn Tran, declare as follows:

1.      I am a Consulting Director of Epiq Corporate Restructuring, LLC ("***Epiq***"), which maintains an office at 777 Third Avenue, Twelfth Floor, New York, New York, 10017.

2.      I am duly authorized to make this declaration on behalf of Epiq.

3.      I submit this declaration on behalf of Epiq in support of the *Debtor's Emergency Application for Order (I) Authorizing and Approving the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent; and (II) Granting Related Relief* (the "***Application***").[2]

4.      Unless stated otherwise, the facts set forth in this declaration are personally known to me and, if called as a witness, I could and would testify to such facts.

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms not otherwise defined in this declaration shall have the meanings ascribed to such terms in the Application.

5. Epiq is one of the country's leading chapter 11 administrators, comprised of leading industry professionals with significant experience in the administrative aspects of large, chapter 11 cases.

6. Epiq and its professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of the similar size and complexity (and in similar industries) as this Chapter 11 Case. *See, e.g.*, *In re Roman Catholic Diocese of Harrisburg*, No. 20-00599 (Bankr. M.D. Pa. Mar. 24, 2020); *In re Roman Catholic Diocese of Rockville Centre, New York*, No. 20-12345 (Bankr. S.D.N.Y. Oct. 5, 2020). *See also In re Creative Hairdressers, Inc.*, No. 20-14583 (Bankr. D. Md. May 26, 2020); *In re TMST, Inc. f/k/a Thornburg Mortgage, Inc.*, No. 09-17787 (Bankr. D. Md. May 6, 2009); *In re Nat'l Energy & Gas Transmission*, No. 03-30459 (Bankr. D. Md. July 8, 2003); *In re Pegasus Home Fashions, Inc.*, No. 23-11235 (Bankr. D. Del. Aug. 25, 2023); *In re Yellow Corp.*, No. 23-11069 (Bankr. D. Del. Aug. 9, 2023); *In re Vyera Pharmaceuticals, LLC*, No. 23-10605 (Bankr. D. Del. May 18, 2023); *In re Heritage Power, LLC*, No. 23-90032 (Bankr. S.D. Tex. Jan. 25, 2003); *In re Serta Simmons Bedding, LLC*, No. 23-90020 (Bankr. S.D. Tex. Jan. 24, 203);  *In re Pipeline Health System, LLC*, No. 22-90291 (Bankr. S.D. Tex. Oct. 3, 2022); *In re Armstrong Flooring In re ON Marine Servs. Co. LLC*, No. 20-20007 (Bankr. W.D. Pa. Jan. 2, 2020); *In re Vector Launch Inc.*, No. 19-12670 (Bankr. D. Del. Dec. 13, 2019); *In re Southern Foods Group, LLC*, No. 19-36313 (Bankr. S.D. Tex. Nov. 12, 2019); *In re Approach Resources Inc.,* No. 19-36444 (Bankr. S.D. Tex. Nov. 18 2019); *In re Walker Cnty. Hosp. Corp.*, No. 19-36300 (Bankr. S.D. Tex. Nov. 11, 2019); *In re Fred's Inc.*, No. 19-11984 (Bankr. D. Del. Sep. 9, 2019); *In re Ditech Holding Corp.*, No. 19-10412 (Bankr. S.D.N.Y. Feb. 11, 2019); *In re Trident Holding Co., LLC*, No. 19-10384 (Bankr. S.D.N.Y. Feb. 10, 2019).

7. As agent and custodian of records of this Court pursuant to 28 U.S.C. § 156(c), Epiq will perform: (a) at the request of the Clerk, the services specified in the Application and Epiq Agreement; and (b) at the request of the Debtor, any related administrative, technical, and support services as specified in the Application and Epiq Agreement.

8. In performing the Claims and Noticing Services, Epiq will charge the Debtor the rates set forth in the Epiq Agreement, a true and correct copy of which is attached as **Exhibit 1** to the Proposed Order.

9. The Debtor seeks to provide Epiq a retainer in the amount of $25,000.00 (the "***Retainer***"). Epiq seeks to hold the Retainer under the Epiq Agreement during this Chapter 11 Case as security for the payment of fees and expenses incurred under the Epiq Agreement.

10. Epiq represents among other things, that:

    a. Epiq is not a creditor of the Debtor;

    b. Epiq will not consider itself employed by the United States government and will not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in the Chapter 11 Case;

    c. by accepting employment in the Chapter 11 Case, Epiq waives any rights to receive compensation from the United States government in connection with the Chapter 11 Case;

    d. in its capacity as the Claims and Noticing Agent in the Chapter 11 Case, Epiq will not be an agent of the United States and will not act on behalf of the United States;

    e. Epiq will not employ any past or present employees of the Debtor in connection with Epiq's work as the Claims and Noticing Agent in this Chapter 11 Case;

   f. Epiq is a "disinterested person" as that term is defined in Bankruptcy Code Section 101(14) with respect to the matters upon which it is to be engaged;

   g. Epiq shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

   h. Epiq will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

   i. None of the services provided by Epiq as Claims and Noticing Agent in this Chapter 11 Case shall be at the expense of the Clerk.

11. Proposed counsel to the Debtor has provided me with a list of the Debtor's creditors and other parties in interest (the "**Conflict List**").

12. I have caused Epiq to undertake an examination of the Conflict List to determine which, if any of the parties on the Conflict List Epiq may have represented in the past or may be representing now in unrelated matters.

13. To the best of my knowledge and based solely upon information provided to me by the Debtor, neither Epiq nor any Epiq employee has any materially adverse connection to the Debtor, its creditors, or other relevant parties.

14. Epiq may have relationships with certain of the Debtor's creditors as a vendor o r in connection with cases in which Epiq serves or has served in a neutral capacity as noticing, claims, and balloting agent for another chapter 11 debtor.

15. Epiq may also have relationships with some of the Debtor's creditors or other parties in interest; however, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to this Chapter 11 Case.

16. Epiq has and will continue to represent clients in matters unrelated to this Chapter 11 Case.

17. In addition, Epiq has and will continue to have relationships in the ordinary course of its business in matters unrelated to this Chapter 11 Case with certain vendors, professionals, and other parties in interest that may be involved in this Chapter 11 Case.

18. Epiq may also provide professional services to entities or persons that may be creditors or parties in interest in this Chapter 11 Case, which services do not directly relate to, or have any direct connection with, this Chapter 11 Case or the Debtor.

19. To the best of my knowledge, neither Epiq nor any Epiq employees represent any interest materially adverse to the Debtor or the Debtor's estate with respect to any matter for which or upon which Epiq is to be engaged.

20. While the Debtor is not seeking to retain Epiq pursuant to section 327 of the Bankruptcy Code, Epiq has nonetheless reviewed its electronic database to determine whether it has any relationships with the entities identified on the Conflict List.

21. At this time, I am unaware of any relationship that would present a disqualifying conflict of interest.

22. In the event Epiq discovers any new relevant facts or relationship bearing on the matters described in this declaration or the Application during the period of Epiq's retention, Epiq will use reasonable efforts to file promptly a supplemental declaration.

23. Epiq will also comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

24. Neither Epiq nor its affiliates are party to any agreements where Epiq or its affiliates receive consideration in exchange for transferring to non-client third parties information derived from Epiq's role as Claims and Noticing Agent.

25. Based upon the foregoing, I believe Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 29, 2023

_____
Kathryn Tran
Consulting Director
Epiq Corporate Restructuring, LLC