**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. [_____] |

**NOTICE:**

> MOVANT HAS ALSO FILED A MOTION TO SHORTEN THE TIME FOR RESPONSE AND/OR FOR AN EXPEDITED HEARING. IF THAT MOTION TO SHORTEN OR EXPEDITE IS GRANTED, THE TIME TO OBJECT AND/OR DATE FOR HEARING WILL BE CHANGED AS PROVIDED IN SUCH ORDER.

**DEBTOR'S <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

The Roman Catholic Archbishop of Baltimore, the debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11 case (this "***Chapter 11 Case***"), by and through its undersigned counsel, files this motion (this "***Motion***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***"), and Rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for entry of an order, substantially in the form attached to this Motion as **<u>Exhibit A</u>** (the "***Proposed Order***"), (i) extending the deadline by which the Debtor must file its schedules of assets and liabilities and statements of financial affairs (collectively, the "***Schedules and Statements***") and (ii) granting related relief. In support of the Motion, the Debtor relies on and incorporates by reference the *Informational Brief of the Roman Catholic Archbishop of Baltimore* (the "***Informational Brief***") and the *Declaration of John Matera*

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

*in Support of First Day Motions* (the "**Matera Declaration**" and, with the Informational Brief, collectively, the "**First Day Informational Pleadings**") filed contemporaneously with this Motion, and respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "**Local Bankruptcy Rules**"), the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On the date of this Motion (the "**Petition Date**"), the Debtor commenced the Chapter 11 Case. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case, and no committees have been appointed or designated.

4. A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Informational Pleadings.

### REQUEST FOR EMERGENCY CONSIDERATION

5.    Pursuant to Local Bankruptcy Rule 9013-7, the Debtor requests emergency consideration of this Motion. As discussed in detail below and in the First Day Informational Pleadings, any delay in granting the relief requested could hinder the Debtor's operations and cause immediate and irreparable harm. As such, the Debtor believes that emergency consideration is necessary and requests that this Motion be heard at the Debtor's first day hearing.

### RELIEF REQUESTED

6.    By this Motion, the Debtor requests the entry of the Proposed Order (a) extending the deadline by which the Debtor must file its Schedules and Statements by sixteen (16) days, for a total of thirty (30) days from the Petition Date, without prejudice to the Debtor's rights to request additional time, and (b) granting such other and further relief as is just and proper.

### BASIS FOR RELIEF REQUESTED

7.    This Court has authority to grant the Debtor's requested extension under Bankruptcy Rule 1007(c) and section 1116(3) of the Bankruptcy Code. Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown . . . ." Fed. R. Bankr. P. 1007(c). Section 1116(3) provides that a debtor in possession shall "timely file all schedules and statements of financial affairs, unless the court, after notice and a hearing, grants an extension, which shall not extend such time period to a date later than 30 days after the date of the order for relief . . . ." 11 U.S.C. § 1116(3).

8.    The Debtor anticipates that there will be many more creditors and interested parties involved in this Chapter 11 Case, including a multitude of individuals whose claims relate to alleged instances of abuse and whose names and other identifying information will be filed under

seal to protect their privacy, pursuant to the relief sought in *Debtor's Emergency Motion for an Order Authorizing the Debtor to File Under Seal Portions of Schedule E/F, the Creditor Matrix, and Other Pleadings and Documents* filed contemporaneously with this Motion. Given the need for confidentiality, preparing the Schedules and Statements accurately and with sufficient detail and adherence to confidentiality requires significant attention from the Debtor's professionals and advisors.

9. In addition to the reasons set forth above, the Debtor respectfully submits that the size and complexity of its operations, the limited staff available to perform the required internal review of financial records and affairs, the numerous critical operational and mission stabilization matters that the Debtor's personnel must address in the early days of this Chapter 11 Case, and the pressure incident to the commencement of this Chapter 11 Case provide ample cause justifying the requested extension of the deadline to file the Schedules and Statements. Although the Debtor and its professionals have been working diligently on completing the Schedules and Statements, it would be extremely challenging to complete this undertaking prior to the expiration of the Initial Deadline.

10. The Debtor submits that focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of this Chapter 11 Case will help the Debtor make a smoother transition into bankruptcy and, therefore, will ultimately maximize the value of the Debtor's estate for the benefit of creditors and all parties in interest. Consequently, it is in the best interests of the Debtor and its creditors to obtain an extension of the filing deadline set forth under Bankruptcy Rule 1007(c), which would provide the Debtor with a total of thirty (30) days from the Petition Date to file the Schedules and Statements.

11. This Court has previously found cause to extend the filing deadline in other chapter 11 cases. *See, e.g.*, *In re Greenberg Gourmet, LLC,* Case No. 23-15301 MCR (Bankr. D. Md. Aug. 11, 2023) [Dkt. No. 34]; *In re Macro Concepts, LLC*, Case No. 17–26359–NVA (Bankr. D. Md. Dec. 19, 2017) [Dkt. No. 20]; *In re 207 Redwood LLC,* Case No. 10–27968–NVA (Bankr. D. Md. Aug. 25, 2010) [Dkt. No. 17].

12. The relief requested in this Motion will not prejudice any party in interest. The Debtor intends to work cooperatively with the U.S. Trustee and any other necessary parties in this Chapter 11 Case, to provide access to relevant information regarding the business and financial affairs of the Debtor.

13. Based on the foregoing, the Debtor submits the relief requested is necessary and appropriate, is in the best interests of the Debtor's estate and creditors, and should be granted.

## WAIVER OF MEMORANDUM OF LAW

14. Pursuant to Local Bankruptcy Rule 9013-2, and because there are no novel issues of law presented in the motion and all applicable authority is set forth in this Motion, the Debtor respectfully requests that the Court waive the requirement that a motion be accompanied by a separate written memorandum of fact and law.

## NOTICE

15. The Debtor has provided notice of the filing of the Motion to: (a) the Debtor's secured creditors; (b) the Debtor's 20 largest unsecured creditors; (c) those persons filing a notice of appearance and request for service as of the filing of this Motion; (d) the Office of the United States Trustee for the District of Maryland; and (e) all required governmental agencies. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtor respectfully submits that no further notice of this Motion is required.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached to this Motion as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as the Court deems just and proper.

Dated: September 29, 2023

Respectfully submitted,

/s/ Catherine K. Hopkin
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:    443.569.0788
Facsimile:    410.571.2798
Email: chopkin@yvslaw.com

*-and-*

Blake D. Roth (*pro hac vice* pending)
Tyler N. Layne (*pro hac vice* pending)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:    615.244.6380
Facsimile:    615.244.6804
Email: blake.roth@hklaw.com
          tyler.layne@hklaw.com

*-and-*

Philip T. Evans (Fed. Bar No. 11796)
**HOLLAND & KNIGHT LLP**
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone:    202.457.7043
Email: philip.evans@hklaw.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

<u>**CERTIFICATE OF SERVICE**</u>

Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing to be served on all parties required to be served, with a certificate or affidavit of service to be filed subsequently, all in accordance with Local Rule 9013-4.

          /s/ Catherine K. Hopkin
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:   443.569.0788
Facsimile:    410.571.2798
Email: chopkin@yvslaw.com

*Proposed Attorneys for the Debtor and Debtor In Possession*