**EXHIBIT B**
**PROPOSED FINAL ORDER**

4844-8876-9960.10
#228573319_v3

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969 |
| Debtor.[1] | |

**FINAL ORDER: (I) AUTHORIZING CONTINUED USE OF
EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS;
(II) EXTENDING THE TIME TO COMPLY WITH, OR SEEK A WAIVER OF,
CERTAIN UNITED STATES TRUSTEE REQUIREMENTS AND SECTION 345(b) OF
THE BANKRUPTCY CODE; (III) AUTHORIZING THE DEBTOR TO CONTINUE
EXISTING DEPOSIT PRACTICES; (IV) AUTHORIZING THE DEBTOR TO
MAINTAIN INVESTMENT PRACTICES; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "***Motion***")[2] for entry of a final order (this "***Final Order***") (i) authorizing the Debtor to continue to use its Cash Management System and Bank Accounts and Investment Accounts, (ii) extending the time to comply with, or seek a waiver of, certain bank account and related requirements of the Office of the U.S. Trustee and section 345(b) of the Bankruptcy Code, (iii) authorizing the Debtor to continue its existing deposit practices under the Cash Management System, (iv) authorizing the Debtor to maintain investment practices;

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.
[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

#228573319_v3

(v) authorizing the Debtor's continued use of credit cards, and (vi) granting other related relief, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested in the Motion, pursuant to 28 U.S.C. §§ 157 and 1334; and upon consideration of the First Day Informational Pleadings; and the Court having found that consideration of the Motion and the relief requested is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and the First Day Informational Pleadings and having considered the statements of counsel and the evidence adduced with respect to the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Final Order; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis as set forth in this Final Order.

2. The Debtor is authorized, but not required, to: (a) use in the ordinary course, subject to the terms of this Final Order, the Cash Management System described in the Motion, including the Bank Accounts and Investment Accounts; and (b) open new bank accounts or close existing bank accounts; <u>provided</u>, that such opening or closing of an account shall be timely indicated on the Debtor's monthly operating reports and notice of such opening shall be provided within five (5) business days to the U.S. Trustee, and counsel to any statutory committee appointed in these chapter 11 cases; <u>provided, further</u>, that the Debtor shall open any such new bank account at a

bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at such bank that is willing to immediately execute such agreement. Any bank accounts that are opened pursuant to this Final Order shall be deemed to be Bank Accounts for purposes of this Final Order.

3.  The Debtor is authorized to continue to use the Bank Accounts under existing account numbers without interruption; provided, however, that all Banks maintaining any of the Bank Accounts that are provided with notice of this Final Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

4.  [As to Banks that are not in compliance with the U.S. Trustee guidelines and section 345(b) of the Bankruptcy Code, the Debtor will be given an extension of forty-five (45) days from the Petition Date to adhere to such requirements.]

5.  All existing deposit agreements between the Debtor and the Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Banks and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Debtor and the Banks are authorized, without further order of this Court, to implement such changes to the Cash Management System and procedures in the ordinary course of business in accordance with the terms of the existing deposit and disbursement agreements. In the course of providing cash management services to the Debtor, the Banks are authorized without further order of this Court to deduct from the appropriate Bank Accounts its customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, which arise postpetition (the "**Bank Fees**"), and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from

returned checks or other returned items, including, without limitation, returned items that result from ACH transfers, wire transfers, or other electronic transfers of any kind (collectively, the "***Returned Items***") regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the Returned Items relate to prepetition or postpetition items or transfers.

6. Nothing contained in the Motion or this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

7. The Banks are authorized to continue to service and administer the Bank Accounts as accounts of each respective Debtor as a debtor in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof (to the extent of available funds), as the case may be, including with respect to checks or other items issued prior to the Petition Date to the extent authorized by this Final Order or a further order of this Court.

8. The Banks are authorized to continue to service and administer any bank accounts maintained by Related Entities under the Debtor's EIN as accounts of the Related Entities, without interruption and in the usual and ordinary course, and to receive, process, honor and pay any all checks, drafts, wires, or ACH transfers drawn on such bank accounts after the Petition Date by the holders or makers thereof, as the case may be, including with respect to checks or other items issued prior the Petition Date. Such Related Party bank accounts and the funds held therein shall not be treated as property of the estate.

9. Except for those checks, drafts, wires, or ACH transfers that may be honored and paid in accordance with any order(s) of this Court authorizing payment of certain prepetition claims, and except as otherwise set forth in this Final Order, no checks, drafts, wires, or ACH transfers issued on the existing Bank Accounts prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

10. The Banks are authorized to continue to honor any standing instructions of the Debtor with respect to daily or periodic wires, ACH transfers or other debits made to the Bank Accounts in accordance with the Debtor's prepetition instructions. The Banks are further authorized to debit the Bank Accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtor's accounts which were cashed at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

11. The requirement to establish separate accounts for tax payments is hereby waived.

12. The Debtor is authorized to continue to use its existing Business Forms without alteration, which Business Forms shall not be required to include the legend "Debtor in Possession" or the bankruptcy case number until such time that the Debtor exhausts its existing Business Forms, but no later than forty-five (45) days from the Petition Date. If the Debtor orders new check stock, such check stock shall be required to include the legend "Debtor in Possession" and the Debtor's bankruptcy case number.

13. Without prejudice to the Debtor's ability to seek an order from the Court determining that some or all of its investments are not property of the estate, the Debtor is authorized and empowered to continue its prepetition investment practices without the requirement

of a bond or investment exclusively in securities insured or guaranteed by the United States or backed by the full faith and credit of the United States.

14. The Debtor is authorized to continue to use the Credit Card in the ordinary course of business in accordance with the Credit Card Agreement.

15. Nothing herein (a) modifies or amends the Credit Card Agreement, or (b) affects the Debtor's or American Express' right to renew or not renew the Credit Card Agreement in accordance with its terms.

16. Nothing contained in the Motion or this Final Order, nor any payment made pursuant to the authority granted by this Final Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of any of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code.

17. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

18. To the extent that any Bank or any other party that has control over any Bank Account uses the Debtor's cash to satisfy any asserted prepetition or postpetition obligations of the Debtor (other than Bank Fees and amounts that the Debtor is authorized to pay pursuant to another order of the Court), the rights of the Debtor and any other party to challenge the validity of such payment are expressly reserved, including, without limitation, that such payment was in violation of the automatic stay.

19. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

20. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

22. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order.

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**End of Order**