UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. [_____] |
| Debtor.[1] | |

**DEBTOR'S EMERGENCY MOTION FOR
EXPEDITED CONSIDERATION OF FIRST DAY MATTERS**

The Roman Catholic Archbishop of Baltimore, the debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11 case (the "***Chapter 11 Case***"), by and through its undersigned counsel, files this emergency motion (this "***Motion***"), pursuant to section 105(a) of the Bankruptcy Code, Rules 6003, 9006 and 9013 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 9013-7(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "***Local Bankruptcy Rules***"), seeking entry of an order setting an expedited hearing on the First Day Motions (as defined below). In support of the Motion, the Debtor relies on and incorporates by reference the *Informational Brief of the Roman Catholic Archbishop of Baltimore* (the "***Informational Brief***") and the *Declaration of John Matera in Support of First Day Motions* (the "***Matera Declaration***" and, with the Informational Brief, collectively, the "***First Day Informational Pleadings***") and respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-6 of

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

1

#228500403_v5

the Local Bankruptcy Rules, the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On the date of this Motion (the "*Petition Date*"), the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of the Bankruptcy Code, commencing this case (the "*Chapter 11 Case*").

4. The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case, nor have any committees been appointed or designated.

6. A description of the Debtor's business, the reasons for commencing this Chapter 11 Case, the relief sought from this Court, and the facts and circumstances supporting this motion are set forth in the First Day Informational Pleadings.

## RELIEF REQUESTED

7. On the Petition Date, the Debtor filed certain motions seeking relief to provide for a seamless continuation of its business operations.

8. As set forth more fully in the First Day Informational Pleadings, a prompt hearing on the following motions (the "*First Day Motions*") is essential to the Debtor's transition into this Chapter 11 Case and to its continued business operations:

    a. *Debtor's Emergency Motion for Entry of Interim and Final Orders: (I) Authorizing the Debtor to (A) Pay Certain Prepetition Wages, Benefits, and Other Compensation and (B) Continue Employee Compensation and Benefits Programs; and (II) Granting Related Relief* (the "*Wage Motion*");

b. *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtor to (I) Continue Administration of Insurance Programs, (II) Continue Participation in Insurance Programs, and (III) Renew, Amend, Supplement, Extend, or Purchase Insurance Coverage* (the "**Insurance Motion**");

c. *Debtor's Emergency Motion for Entry of Interim and Final Orders: (I) Authorizing Continued Use of Existing Cash Management System and Bank Accounts; (II) Extending the Time to Comply With, or Seek a Waiver of, Certain United States Trustee Requirements and Section 345(b) of the Bankruptcy Code; (III) Authorizing the Debtor to Continue Existing Deposit Practices; (IV) Authorizing the Debtor to Maintain Investment Practices; (V) Authorizing the Debtor's Continued Use of Credit Cards; and (VI) Granting Related Relief* (the "**Cash Management Motion**");

d. *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Granting Adequate Protection, (II) Scheduling a Final Hearing on the Use of Cash Collateral, and (III) Granting Related Relief* (the "**Cash Collateral Motion**");

e. *Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtor's Proposed Form of Adequate Assurance of Payment to Utility Companies Under Section 366 of the Bankruptcy Code, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief* (the "**Utilities Motion**");

f. *Debtor's Emergency Motion for an Order Authorizing the Debtor to File Under Seal Portions of Schedule E/F, the Creditor Matrix, and Other Pleadings and Documents* (the "**Motion to Seal**");

g. *Debtor's Emergency Motion for Entry of an Order (I) Extending the time to File Schedules of Assets and Liabilities and Statements of Financial Affairs and (II) Granting Related Relief* (the "**Motion to Extend**");

h. *Debtor's Emergency Application for Order (I) Authorizing and Approving the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent; and (II) Granting Related Relief,* (the "**Claims Agent Retention Application**"); and

i. *Debtor's Motion for Entry of an Order, Pursuant to Sections 105(a) and 362 of the Bankruptcy Code, Extending the Automatic Stay* (the "**Stay Motion**").

9. The Debtor requests that the Court schedule a hearing on October 3, 2023 to consider the First Day Motions on an expedited basis and that all responses to the First Day Motions be filed with the Court by 5:00 p.m. (prevailing Eastern time) on October 2, 2023.

3

#228500403_v5

### I. Expedited consideration of the Wage Motion is necessary.

10. The relief sought in the Wage Motion is necessary so the Debtor can timely pay the Debtor's employees for prepetition wages and benefits. Many, if not all, of the Debtor's employees rely upon their wages and benefits as their sole or primary source of income. If the Debtor is unable to timely pay prepetition wages and benefit, the Debtor may be unable to retain employees. If the Debtor is unable to retain employees, significant immediate and irreparable harm will be suffered by the Debtor and the Debtor's estate.

### II. Expedited consideration of the Insurance Motion is necessary.

11. Continuation of the Debtor's Insurance Policies, and entry into new insurance policies, is essential to the preservation of the value of the Debtor's operations and property of the estate. Further, related non-debtor Catholic entities, such as Catholic schools and ministry outreach centers, are additional insureds under the Insurance Policies and contribute amounts to the Debtor for such coverage. If the Debtor's insurance coverage lapsed and the Debtor or a related non-debtor Catholic entity suffered a loss event, such loss would be detrimental to the Debtor, the Debtor's estate, and all parties in interest. Moreover, in many instances, insurance coverage is required by the regulations, laws, and contracts that govern the Debtor's activities, including the Office of the United States Trustee's (the "*U.S. Trustee*") requirement that a debtor maintain adequate coverage given the circumstances of its chapter 11 case. Accordingly, it is paramount that the Debtor maintain uninterrupted coverage.

### III. Expedited consideration of the Cash Management Motion is necessary.

12. Continuity of the Debtor's cash management system is critical, because the Debtor needs to continue using its bank accounts, cash management system, and business forms in order to operate its business and properly track its financial activities. Any interruption in the Debtor's ability to properly track its financial activities or otherwise operate its business could be

4

detrimental to the Debtor's transition into this Chapter 11 Case. Moreover, the administrative burden of immediate compliance with section 345(b) of the Bankruptcy Code and U.S. Trustee guidelines (and concomitant requirement to build from scratch a new cash management system) would unnecessarily divert attention of the Debtor's management and advisors at a critical juncture in the Debtor's reorganization efforts.

**IV.     Expedited consideration of the Cash Collateral Motion is necessary.**

13.     The Debtor cannot operate without access to Cash Collateral, and failure to obtain access now will cause immediate and irreparable harm to the Debtor, its followers, suppliers, employees, and other creditors and parties-in-interest, as well as the communities that the Debtor serves.

**V.     Expedited consideration of the Utilities Motion is necessary.**

14.     Uninterrupted utility services are essential to the continued operation of the Debtor and, consequently, to the success of the Chapter 11 Case. Expedited consideration of the Utilities Motion is necessary so utility services critical to the Debtor's operations will not be interrupted or terminated. Any termination of services to the Debtor would unquestionably disrupt the Debtor's operations to the detriment of the Debtor, the Debtor's estate, and all parties in interest. Moreover, the relief sought in the Utilities Motion provides procedural safeguards and an orderly process for utility service providers in the event of any dispute regarding the proposed adequate assurance.

**VI.     Expedited consideration of the Motion to Seal is necessary.**

15.     As set forth in the Motion to Seal, several filings required by the Bankruptcy Code and Bankruptcy Rules will require inclusion of confidential personal information. In light of the delicate nature of the Confidential Information, and given consideration to (a) the requirements imposed upon the Debtor by the Bankruptcy Code and Bankruptcy Rules and (b) due process rights of creditors and other parties in interest, the expedited consideration of the Motion to Seal is

#228500403_v5

warranted, to enable the Debtor to fulfill its obligations while protection individuals' personal and confidential information.

### VII. Expedited consideration of the Motion to Extend is necessary.

16. Rule 1007(c) of the Federal Rules requires the Debtor to file its schedules of assets and liabilities and statement of financial affairs within fourteen days of the Petition Date. Because of the complexity of the Debtor's operations, the Debtor will not be able to meet the fourteen day filing deadline.

### VIII. Expedited consideration of the Claims and Noticing Agent Motion is necessary.

17. Epiq Corporate Restructuring, LLC ("*Epiq*") will be performing significant noticing services during the initial stages of this Chapter 11 Case, which will entail the incurrence of significant out of pocket costs in the first days of the Chapter 11 Case.

18. For the above reasons and the reasons set forth in the First Day Informational Pleadings, and given consideration to the relief sought in the First Day Motions, the Debtor submits that emergency consideration is warranted to avoid immediate and irreparable harm to the Debtor and its estate.

### WAIVER OF MEMORANDUM OF LAW

19. Pursuant to Local Bankruptcy Rule 9013-2, and because there are no novel issues of law presented in the motion and all applicable authority is set forth in this Motion, the Debtor respectfully requests that the Court waive the requirement that a motion be accompanied by a separate written memorandum of fact and law.

### NOTICE

20. The Debtor provided advance notice of this Motion and the First Day Motions to the Office of the United States Trustee.

#228500403_v5

21. The Debtor has also provided notice of this Motion and the First Day Motions to: (a) the Debtor's secured creditors; (b) the Debtor's 20 largest unsecured creditors; (c) those persons filing a notice of appearance and request for service as of the filing of this Motion; (d) the Office of the United States Trustee for the District of Maryland; (e) the Debtor's cash management banks; (f) all required governmental agencies; (g) the Utility Companies; (h) Epiq Corporate Restructuring, LLC; and (i) any other parties in interest who received notice of the First Day Motions (collectively, the "***Notice Parties***").

22. The Debtor submits that, its estate, its creditors, nor any parties in interest will be prejudiced by shortening the time to respond to the First Day Motions.

23. Based upon the relief sought in the First Day Motions, the Debtor submits that no other or further notice is necessary or required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form attached to this motion as **Exhibit A**, setting the First Day Motions for expedited consideration on October 3, 2023 or the soonest subsequent date available on the Court's calendar, and granting such other and further relief as the Court deems just and proper.

Dated: September 29, 2023          Respectfully submitted,

        /s/ Catherine K. Hopkin
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone: 443.569.0788
Facsimile: 410.571.2798
Email: chopkin@yvslaw.com

*-and-*

Blake D. Roth (*pro hac vice* pending)
Tyler N. Layne (*pro hac vice* pending)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: 615.244.6380
Facsimile: 615.244.6804
Email: blake.roth@hklaw.com
      tyler.layne@hklaw.com

*-and-*

Philip T. Evans (Fed. Bar No. 11796)
**HOLLAND & KNIGHT LLP**
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone: 202.457.7043
Email: philip.evans@hklaw.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

8

#228500403_v5

<u>**CERTIFICATE OF SERVICE**</u>

Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing to be served on all parties required to be served, with a certificate or affidavit of service to be filed subsequently, all in accordance with Local Rule 9013-4.

           /s/ Catherine K. Hopkin
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:    443.569.0788
Facsimile:     410.571.2798
Email: chopkin@yvslaw.com

*Proposed Attorneys for the Debtor and Debtor In Possession*