Entered: October 4th, 2023
Signed: October 4th, 2023

**SO ORDERED**

The Debtor shall serve a copy of this Interim Order on all parties entitled to service under the applicable rules and shall include in that service a Notice of the Final Hearing and the relevant objection deadline (to be set not less than 21 days from the date of service).



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969 MMH |
| Debtor.[1] | |

### ORDER AUTHORIZING THE DEBTOR TO FILE UNDER SEAL PORTIONS OF SCHEDULE E/F, THE CREDITOR MATRIX, AND OTHER PLEADINGS AND DOCUMENTS

Upon consideration of the motion (the "*Motion*")[2] for entry of an order (this "*Order*") authorizing the Debtor to file under seal portions of Schedule E/F, the Creditor Matrix, and to seek approval to file under seal any additional pleadings in this Chapter 11 Case that may contain Confidential Information on an expedited basis, all as more fully set forth in the Motion; and upon finding the Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order 2012-05* from the United States District Court for the District of Maryland; and upon finding venue is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409; and upon finding this is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and no other or further notice is necessary or required; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted in this order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED as set forth in this order.

2. The Debtor is authorized to file under seal those portions of Schedule E/F, the Creditor Matrix, and the list of top twenty (20) unsecured creditors that disclose or contain any: (a) identifying information relating to individuals who have notified or who will notify, either informally, formally, or through filing a proof of claim, the Debtor of allegations of abuse by clergy members or other persons employed by Catholic entities or otherwise subject to diocesan supervision; (b) information relating to the specific allegations of abuse asserted by any of the Abuse Claimants; (c) information relating to confidential settlements of abuse claims; or (d) other than the first and last initials and last four digits of any social security number of each Employee Creditor, any personal, identifying information of Employee Creditors (collectively, the "***Confidential Information***").

3. The Debtor may file a Creditor Matrix redacted to the extent necessary to protect and prevent the disclosure of Confidential Information.

4. The Debtor may file a list of the top twenty (20) unsecured creditors redacted to the extent necessary to protect and prevent the disclosure of Confidential Information.

5. The Debtor may seek on an expedited basis approval to file under seal any additional pleadings in this Chapter 11 Case that may contain Confidential Information.

6. The Debtor is authorized to publicly file redacted copies of the Creditor Matrix, Schedule E/F, and the list of the top twenty (20) unsecured creditors so as to eliminate Confidential Information from those documents.

7. The Debtor is authorized to file a full and complete unredacted copy of the Creditor Matrix, Schedule E/F and the list of the top twenty (20) unsecured creditors with the Court, to be held under seal pending further order of the Court. The Debtor may provide an unredacted copy of the Creditor Matrix, Schedule E/F and the list of top twenty (20) unsecured creditors to any noticing agent retained by the Debtor in this chapter 11 case.

8. The Debtor is authorized to identify, schedule, and notify Abuse Claimants and Employee Creditors who have also identified counsel representing them by and through their counsel on the Creditor Matrix, Schedule E/F, and the list of the top twenty (20) unsecured creditors.

9. The Debtor is authorized to provide copies of the sealed portions of any such pleadings, reports, or documents to the Office of the United States Trustee, as necessary, and the Office of the United States Trustee is authorized to use such documents in the discharge of its duties and obligations, including but not limited to solicitation and appointment of any committee under section 1102 of the Bankruptcy Code but as protected by section 107(c)(3) of the Bankruptcy Code.

10. The Debtor is authorized to provide copies of any sealed reports, documents, and pleadings to counsel for any committee appointed under section 1102 of the Bankruptcy Code who has been, or will be, retained pursuant to Court approval, but only after confidentiality procedures are agreed upon between the Debtor and counsel for any such committee.

11. The clerk of court shall not provide any notices to those creditors on Schedule E/F, the Creditor Matrix, or the list of top twenty (20) unsecured creditors filed under seal. The Debtor's counsel, or a claims noticing agent retained by the Debtor shall provide such notices, under Bankruptcy Rule 2002 or otherwise, and file a certificate of service certifying that those individuals whose identifying information has been provided under seal have been served.

12. Any pleadings that are required to be sent to the parties on Schedule E/F, the Creditor Matrix and/or the list of top twenty (20) unsecured creditors will be sent by the party filing the pleading, *provided however*, that if such party does not have access to the sealed portion of the respective pleadings, the party may contact counsel for the Debtor and/or any noticing agent retained by the Debtor to coordinate service, and such party filing the pleading shall be responsible for any fees and costs associated with such service.

13. Any pleadings, reports, or documents to be sealed are to remain sealed indefinitely at the Court's discretion.

14. A final hearing (the "Final Hearing") to consider the relief requested in the Application on a final basis shall be held on November 6, 2023, at 10:00 a.m. (prevailing Eastern Time).

15. If no objections are filed on or before any applicable objection deadline, the Court may grant the Application on a final basis without conducting the Final Hearing.

16. This Order is without prejudice to any future determined confidentiality protocol regarding filing of proofs of claim and objections to proofs of claim.

17. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**END OF ORDER**