Entered: October 4th, 2023
Signed: October 4th, 2023

# SO ORDERED

The Debtor shall serve a copy of this Interim Order on all parties entitled to service under the applicable rules and shall include in that service a Notice of the Final Hearing and the relevant objection deadline (to be set not less than 21 days from the date of service).



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969-MMH |
| Debtor.[1] | |

### INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF CASH COLLATERAL, (II) SCHEDULING A FINAL HEARING ON THE USE OF CASH COLLATERAL, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "*Motion*")[2] for entry of an interim order (this "*Interim Order*") (i) authorizing the Debtor's use of Cash Collateral and granting adequate protection, (ii) scheduling a final hearing on the use of Cash Collateral, and (iii) granting related relief, pursuant to sections 105, 361, 362, 363, 364, 506(a), 507(b), 552 and 553 of the Bankruptcy Code and Rules 2002, 4001, 6003, 6004, 7062 and 9014 of the Bankruptcy Rules; and the Court having found that it has jurisdiction to consider the Motion and the relief requested in the Motion, pursuant to 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* from the United States District Court for the District of Maryland; and upon consideration of the First Day Informational Pleadings; and the Court having found that

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

consideration of the Motion and the relief requested in the Motion is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2. The Debtor is authorized to use Cash Collateral; <u>provided</u>, <u>however</u>, that such authority shall expire if a Final Order is not entered within forty-five (45) days of the date of entry of this Interim Order.

3. PNC is entitled, pursuant to Bankruptcy Code sections 361, 362, 363(c)(2) and 363(e), to adequate protection of its interests in the Cash Collateral, solely to the extent of the postpetition diminution in value which is as a result of, or arises from, or is attributable to, the imposition of the automatic stay, or the use, sale or lease of such Cash Collateral (any such diminution, "***Diminution in Value***"). PNC shall receive the following (collectively, the "***Adequate Protection***"):

a. *Continued Payments*. The Debtor shall continue making payments in the ordinary course for those amounts owed under the Prepetition Obligations (including legal fees and costs of PNC);

b. *Adequate Protection Liens*. The Trustee, for the benefit of PNC, and PNC (with respect to the PNC Obligations) are hereby granted, pursuant to Bankruptcy Code sections 361 and 363(e), replacement security interests in and liens on the Debtor's postpetition property (the "***Adequate Protection Liens***") which, but for the commencement of the Chapter 11 Cases, would constitute Prepetition Collateral subject to validly perfected, non-avoidable Prepetition Liens as of the Petition Date, and continuing in the proceeds thereof (including sweep accounts of the Debtor or its affiliates to which funds may be transferred) (the "***Adequate Protection Collateral***") in the same priority as the Prepetition Liens, with such Adequate Protection Liens being deemed perfected as of the Petition Date; and

c. *507(b) Claims*. PNC is hereby granted an allowed superpriority administrative expense claim (each a "***507(b) Claim***" and, collectively, the "***507(b) Claims***") as provided for in Bankruptcy Code section 507(b) against the Debtor. The 507(b) Claims shall have priority over any and all administrative expenses, adequate protection claims and other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, including without limitation, all administrative expenses of the kind specified in Bankruptcy Code sections 503(b) and 507(b), and over any and all administrative expenses or other claims arising under the Bankruptcy Code.

4. In consideration of the Adequate Protection, PNC agrees that: (a) during the effectiveness of this Interim Order, it will not accrue any default interest that may be chargeable with respect to the Bonds or the PNC Loan; and (b) subject to entry of a Final Order, provided that

3

no Event of Default (as defined in the Final Order) has occurred, it will not accrue any default interest that may be chargeable with respect to the Bonds or the PNC Loan.

5. Notwithstanding the foregoing, if a Final Order is not entered, or an Event of Default occurs after entry of a Final Order, PNC reserves the right to include in the computation of the Prepetition Obligations and in allowance of its claim pursuant to section 506 of the Bankruptcy Code interest at the default rate (as applicable) from and after the expiration of this Interim Order or the occurrence of an Event of Default under Final Order (as applicable).

6. The Debtor is authorized to continue its participation and performance in connection with the Swap Agreements and Swap Obligations, pursuant to section 364 of the Bankruptcy Code.

7. For the avoidance of doubt, PNC's right to terminate the Swap Agreements and liquidate the Swap Obligations shall be unaffected by this Interim Order, and all such rights are maintained and preserved in accordance with the Bankruptcy Code and other applicable law.

8. To the extent PNC's mark-to-market exposure with respect to the Swap Obligations increases after the Petition Date (the "***Increased Postpetition Swap Exposure***"), and any portion of such Increased Postpetition Swap Exposure becomes unsecured for any reason, PNC shall be granted: (a) liens on all other assets of the Debtor (other than the Adequate Protection Collateral), pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code to secure the shortfall; and (b) 507(b) Claims of the same nature and priority described in Section 3(c) of this Interim Order in the amount of such shortfall.

9. Except as expressly set forth in this Interim Order, nothing in this Interim Order shall alter, impair, prejudice, or waive PNC's right to include in the computation of the Prepetition Obligations and in the allowance of its claim(s) all amounts due under the documents evidencing, governing, and relating to the Prepetition Obligations.

10. Nothing contained in this Interim Order shall constitute a finding or ruling by the Court that any alleged lien or security interest is valid, senior, enforceable, prior, perfected, or non-avoidable. Moreover, nothing shall prejudice the rights of any party-in-interest to challenge the validity, priority, enforceability, seniority, avoidability, perfection, or extent of any lien or security interest.

11. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

12. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. The Debtor is authorized to take all actions necessary to implement the relief granted in this Order.

15. A final hearing (the "Final Hearing") to consider the relief requested in the Application on a final basis shall be held on November 6, 2023, at 10:00 a.m. (prevailing Eastern Time).

16. If no objections are filed on or before any applicable objection deadline, the Court may grant the Application on a final basis without conducting the Final Hearing.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**End of Order**