Entered: October 4th, 2023
Signed: October 4th, 2023

**SO ORDERED**

The Debtor shall serve a copy of this Interim Order on all parties entitled to service under the applicable rules and shall include in that service a Notice of the Final Hearing and the relevant objection deadline (to be set not less than 21 days from the date of service).



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969 MMH |
| Debtor.[1] | |

### INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ADMINISTRATION OF THE INSURANCE PROGRAMS, (II) CONTINUE THE DEBTOR'S PARTICIPATION IN THE INSURANCE PROGRAMS, AND (III) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE COVERAGE

Upon consideration of the motion (the "***Motion***")[2] filed by the Debtor for entry of an interim order (this "***Interim Order***") authorizing, but not directing, the Debtor, in accordance with its ordinary business practices and in its sole discretion, to (i) continue administration of the Insurance Programs, (ii) continue the Debtor's participation in the Insurance Programs, and (iii) renew, amend, supplement, extend, or purchase insurance coverage; and the Court having found that it has jurisdiction to consider the Motion, pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order 2012-05* from the United States District Court for the District of Maryland; and upon consideration of the First Day Informational Pleadings; and the Court having

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

found that consideration of the Motion and the relief requested is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper, pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested at a hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted in this order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing for the relief requested in the Motion,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2. The Debtor is authorized, but not directed, to continue administering the Insurance Programs in the ordinary course of business and, in its sole discretion, pay and honor any prepetition amounts outstanding under, or postpetition obligations related to, the Insurance Programs in the ordinary course of business and to pay any prepetition amounts due in connection with the Insurance Programs.

3. The Debtor is authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance coverage, to the extent that the Debtor determines, in its sole discretion, that such action is in the best interest of its estate.

4. The Debtor is authorized, but not directed, to pay any Insurance Deductibles in the ordinary course of business without further Court order.

5. The Debtor is authorized, but not directed, to pay any Brokerage Fees in the ordinary course of business without further Court order.

6. Notwithstanding the relief granted in this Interim Order, nothing in the Motion or this Interim Order shall be deemed or construed as (a) an admission as to the validity or priority of any claim against the Debtor, (b) a waiver of the Debtor's right to dispute any claim on any ground, (c) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion, (d) a promise or requirement to pay any prepetition claim or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (e) a waiver of the Debtor's rights under the Bankruptcy Code, the Code of Canon Law, or any other applicable law.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved in this Interim Order are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

8. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Case with respect to prepetition amounts owed in connection with the Insurance Programs.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

10. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

12. A final hearing (the "Final Hearing") to consider the relief requested in the Application on a final basis shall be held on November 6, 2023, at 10:00 a.m. (prevailing Eastern Time).

13. If no objections are filed on or before any applicable objection deadline, the Court may grant the Application on a final basis without conducting the Final Hearing.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and interpretation of this Interim Order.

**END OF ORDER**