Entered: October 4th, 2023
Signed: October 4th, 2023

**SO ORDERED**

The Debtor shall serve a copy of this Interim Order on all parties entitled to service under the applicable rules and shall include in that service a Notice of the Final Hearing and the relevant objection deadline (to be set not less than 21 days from the date of service).



MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969-MMH |
| Debtor.[1] | |

### INTERIM ORDER, PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE, CLARIFYING THE EXTENT OF THE AUTOMATIC STAY WITH RESPECT TO CERTAIN RELATED ENTITIES AND INSURANCE COVERAGE

Upon consideration of the motion (the "***Motion***")[2] for entry of an order (this "***Order***") extending the automatic stay imposed by section 362 of the Bankruptcy Code to the Covered Parties to stay any Abuse Actions against any Covered Party during this Chapter 11 Case, without prejudice to the Debtor's right to seek a further extension of the stay, all as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order 2012-05* from the United States District Court for the District of Maryland; venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED on an interim basis as set forth herein.

2. The Debtor's insurance policies are property of the Debtor's estate.

3. Pursuant to section 362(a)(3) of the Bankruptcy Code, the automatic stay operates as a stay, applicable to all entities, of any act to obtain possession of property of the Debtor's estate or of property from the Debtor's estate or to exercise control over property of the Debtor's estate.

4. Therefore, any action taken by a third party, including without limitation parties asserting Abuse Action(s), that could have an effect on property of the Debtor's estate, including without limitation any action that triggers or would otherwise diminish coverage under the Debtor's insurance policies, is hereby stayed by the automatic stay pursuant to sections 105(a) and 362(a)(3) of the Bankruptcy Code until the conclusion of the Final Hearing, as defined herein.

5. Any party seeking to file an Abuse Action against any entity or individual that is not the Debtor may provide the names of the intended defendant(s) to counsel for the Debtor. Within two (2) business days of receiving the identities of any intended defendant(s), counsel for

the Debtor will provide notice of whether the Debtor believes such intended defendant(s) are covered by the Debtor's insurance policies.

6. A final hearing (the "***Final Hearing***") to consider the Motion shall be conducted on November 6, 2023 at 10:00 a.m. (prevailing Eastern time).

7. If no objections are filed on or before any applicable objection deadline, the Court may grant the Motion on a final basis without conducting the Final Hearing.

8. Notwithstanding the foregoing, the relief granted herein, and the legal conclusions articulated herein and on the record of the hearing that occurred before the Court on the Motion on October 3, 2023, are without prejudice to the rights of creditors of the Debtor, and other persons that may be impacted by the entry of this Order, known and unknown, to contest the factual bases and legal justification for the relief sought in the Motion, and to seek any other appropriate relief.

9. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**End of Order**