**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>                            Debtor.[1] | Chapter 11<br><br>Case No. 23-16969-MMH |

**DEBTOR'S MOTION FOR ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING SEXUAL ABUSE PROOF OF CLAIM FORM; (III) APPROVING FORM AND MANNER OF NOTICE; AND (IV) APPROVING CONFIDENTIALITY PROCEDURES**

The Roman Catholic Archbishop of Baltimore, the debtor and debtor in possession (the "***Debtor***" or "***RCAB***"), by and through its undersigned proposed counsel, files this motion (this "***Motion***") pursuant to sections 105(a), 107, and 501 of title 11 of the United States Code (the "***Bankruptcy Code***"), rules 2002(a), 3003(c), 5005, 9009, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rules 2002-1(a), 3003-1, and 5005-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of Maryland (the "***Local Rules***"), for entry of an order, substantially in the form attached to this Motion as **Exhibit A** (the "***Proposed Order***"), (a) establishing deadlines for the filing of proofs of claims in this case, (b) approving additional forms for inclusion with proofs of claim filed by claimants asserting claims arising from sexual abuse (the "***Sexual Abuse Claim Form***"), (c) approving the form and manner of the proposed notices of the Claims Filing Deadline (as defined in this Motion) and Sexual Abuse Claim Form, and (d) approving procedures enabling claimants asserting a sexual abuse claim (the "***Sexual Abuse Claimants***") to file their claims confidentially. In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction to consider this Motion, pursuant to 28 U.S.C. §§ 157

and 1334, and the *Standing Order 2012-05* from the United States District Court for the District

of Maryland. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b), and the Debtor

consents to the entry of a final judgment or order with respect to this Motion, if it is determined

that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with

Article III of the United States Constitution.

2.      Venue is proper before this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**BACKGROUND**</u>

3.      On September 29, 2023 (the "***Petition Date***"), the Debtor commenced this chapter

11 case. The Debtor is operating its business and managing its property as a debtor in possession,

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of

a trustee or examiner has been made in this chapter 11 case. On October 11, 2023, an official

committee of unsecured creditors (the "***Committee***") was appointed in this case. (Dkt. No. 84).

4.      A description of the Debtor's history, business operations, operational structure,

and the reasons for commencing this chapter 11 case are set forth in the *Informational Brief of the*

*Roman Catholic Archbishop of Baltimore* (Dkt. No. 5) and the *Declaration of John Matera in*

*Support of First Day Motions* (Dkt. No. 6).

5.      The Debtor anticipates many of the unsecured creditors in this chapter 11 case will

be Sexual Abuse Claimants. In light of the delicate nature of the claims of the Sexual Abuse

Claimants and others who may come forward with similar claims during this chapter 11 case, to

avoid causing unnecessary additional anguish or embarrassment, to encourage such individuals to

feel safe and secure in advancing their claims without fear of retribution or reprisal, the Debtor

submits that it would be inappropriate and potentially harmful to require the public disclosure of:

(a) identifying information relating to individuals who have notified or who will notify, either informally, formally, or through filing a lawsuit, the Debtor of allegations of abuse by clergy members or other persons employed by Catholic entities or otherwise subject to Archdiocesan supervision; (b) information relating to the specific allegations of abuse asserted by any of the Sexual Abuse Claimants; (c) information relating to confidential settlements of abuse claims; or (d) any personal, identifying information of Sexual Abuse Claimants who wish to remain anonymous.

### DEADLINE FOR FILING TIMELY PROOF OF CLAIM

6.      In cases pending under chapter 11 of the Bankruptcy Code, Bankruptcy Rule 3003 requires all creditors whose claims are not scheduled or are scheduled as disputed, contingent, or unliquidated to file a proof of claim. Fed. R. Bankr. P. 3003(c)(2).

7.      Bankruptcy Rule 3003 further provides that "the court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Similarly, Local Rule 3003-1 provides that "a proof of claim is timely filed if it is filed not later than ninety (90) days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a), unless a different date is fixed by the court."

8.      The Debtor proposes to set the deadline for: (a) creditors that are not governmental units to proofs of claim for **February 26, 2024** (the "*Claims Filing Deadline*"); and (b) creditors that are governmental units to file proofs of claim for **March 27, 2024** (the "*Governmental Unit Claim Deadline*").

9.      The Debtor believes that the Claims Filing Deadline and Governmental Unit Claim Deadline set forth above provide sufficient time for all parties to file proofs of claims, including time for any currently known or unknown Sexual Abuse Claimants to file Sexual Abuse Claim

Forms. The Debtor further believes that the Claims Filing Deadline, Governmental Unit Claim Deadline, and the other claims procedures are fair and equitable for all interested parties.

### PROPOSED SEXUAL ABUSE CLAIM FORM

10.     Bankruptcy Rule 3001 requires a proof of claim to "conform substantially" to the appropriate Official Form. Fed. R. Bankr. P. 3001(a). However, Bankruptcy Rule 9009 permits minor changes consistent with the rules and the Bankruptcy Code. Fed. R. Bankr. P. 9009. Further, the equitable powers of section 105(a) of the Bankruptcy Code authorizes this Court to take any appropriate action to carry out the provisions of the Bankruptcy Code. Fed. R. Bankr. P. 105.

11.     The Debtor proposes to include the Sexual Abuse Claim Form, substantially in the form attached to this Motion as **Exhibit B**, in all notices disseminated in accordance with the notice procedures outlined in this Motion. Sexual Abuse Claimants will be asked to fill out the Sexual Abuse Claim Form and attach it to the Official Form for proofs of claim (*i.e.*, Form B 410). The proposed Sexual Abuse Claim Form requires detailed information from the Sexual Abuse Claimants, which will: (a) lessen any administrative burden suffered by Sexual Abuse Claimants by narrowing the universe of claim-related information into the exact points needed for the purposes of this Chapter 11 Case; (b) be necessary for the Debtor, the Debtor's insurance carriers, and the official committee of unsecured creditors (the "*Committee*") to effectively evaluate such claims; and (c) be necessary in negotiations between the Debtor, the Debtor's insurance carriers, and the Committee.

12.     The Debtor believes that the Sexual Abuse Claim Form and the other claims procedures are fair and equitable for all interested parties.

### PROPOSED SEXUAL ABUSE CLAIM NOTICE PROCEDURES

13.     The Debtor has prepared a proposed notice of the deadline by which to submit claims and the proposed procedures for submitting Sexual Abuse Claim Forms ("*Sexual Abuse*

*Claims Deadline Notice*"), which provides information concerning the deadline for filing claims and procedures for completing the Sexual Abuse Claim Form. A copy of the proposed Sexual Abuse Claims Deadline Notice is attached to this Motion as **Exhibit C**.

14.     The Debtor proposes to serve the Sexual Abuse Claims Deadline Notice and the Sexual Abuse Claim Form (collectively, the "*Sexual Abuse Claim Package*") by first class United States mail, postage prepaid, on all Sexual Abuse Claimants: (a) for whom the Debtor has current contact information; or (b) who are otherwise represented by counsel known to the Debtor.

15.     The Debtor further proposes to supplement the notice of the deadline for filing timely proof of claims by also giving notice by publication (the "*Publication Notice*") pursuant to Bankruptcy Rule 2002(l).

16.     The Publication Notice, substantially in the form attached to this Motion as **Exhibit D**, would be published as follows:

      a.      once, no later than sixty (60) days prior to the Claims Filing Deadline, in *USA Today* (national edition); and

      b.      three times prior to the Claims Filing Deadline in each of: (i) National Catholic Reporter (National Catholic Publication); (ii) The National Catholic Register (National Catholic Publication); (iii)  Catholic Review (Regional Catholic Publication); (iv) Cumberland Times-News (Allegany County Publication); (v) Annapolis Capital (Anne Arundel County Publication); (vi) The Baltimore Sun (Baltimore County and Baltimore City Publication); (vii) The Carroll County Times (Carroll County Publication); (viii) The Frederick News-Post (Frederick County Publication); (ix) Deep Creek Times (Garrett County Publication); (x) The Susquehanna Press (Harford County Publication); (xi) The Howard County Times (Howard County Publication); and (xii) The Herald-Mail Media (Washington County Publication).

17.     In addition to the Publication Notice, the Debtor will also send copies of the Sexual Abuse Claims Deadline Notice to the above-listed publications and to the following: (a) the Associated Press of Baltimore; (b) local broadcast radio stations: (i) WBAL 1090 AM, (ii) WBAL 101.5 FM, (iii) WIYY 97.9 FM, and (iv) WPOC 93.1 FM; (c) local broadcast television:

(i) WBAL-TV 11 (Baltimore) and (ii) WMAR-TV (Baltimore); and (d) those other (arch)dioceses directly bordering the Archdiocese.

18.     In addition to the foregoing, to provide further notice of the deadline to timely file proofs of claim, within five (5) business days of the entry of the order approving this Motion, the Debtor will also:

> a.     post the component parts of the Sexual Abuse Claim Package and the deadline for filing non-tort claims on its public website (https://www.archbalt.org/) and the website maintained on behalf of the Debtor by its claims and noticing agent, Epiq Corporate Restructuring, LLC ("*Epiq*") (https://dm.epiq11.com/RCABaltimore);

> b.     provide a copy of the Publication Notice and the component parts of the Sexual Abuse Claim Package to Survivors Network of those Abused by Priests and request that it post the same on its website (https://www.snapnetwork.org/);

> c.     provide a copy of the Publication Notice and the component parts of the Sexual Abuse Claim Package to all counsel known by the Debtor to represent Sexual Abuse Claimants and request that they post the same on any websites they maintain with respect to Sexual Abuse Claimants and sexual abuse claims; and

> d.     beginning not later than twenty (20) days after the entry of the Proposed Order and until the Claims Filing Deadline, the Debtor shall provide a one-click link to the general proof of claim form and Sexual Abuse Claims Package on: (i) any Facebook, Instagram, or X (formerly known as Twitter) account maintained by the Debtor in a pinned posting; and (ii) to the extent possible through the Debtor's reasonable best efforts, on a Facebook, Instagram, or X (formerly known as Twitter) account maintained by any parish within the geographic bounds of the Archdiocese of Baltimore in a pinned posting.

19.     Within two (2) weeks of the service of the Sexual Abuse Claim Package, the Debtor will provide a copy of the Publication Notice and the component parts of the Sexual Abuse Claim Package to the following offices and entities and request that each recipient publicly post such notice until the expiration of the Claims Filing Deadline: (a) the Maryland Attorney General; (b) the State's Attorney and sheriff's department for each of the counties within the Debtor's geographic area; (c) the Maryland Department of Health's primary county-wide locations within the Debtor's geographical area, and (d) each hospital in the Debtor's geographical area.

20.     The Debtor will send a letter, on the Debtor's letterhead and signed by an officer of the Debtor, to each parish located within the geographic bounds of the Archdiocese of Baltimore requesting: (a) such parish display the Publication Notice and the Sexual Abuse Claims Deadline Notice in a prominent location within every church or school within the parish, which location should at least include the location(s) in which each church or school currently displays information on how to report suspected abuse of minors in accordance with the Debtor's Child and Youth Protection Program; (b) notices be published once a month in the parishes' weekly bulletins until the Claims Filing Deadline; (c) each pastor, canonical administrator, or parochial vicar remind parishioners of the availability of information concerning the Claims Filing Deadline; (d) parishes disseminate the Publication Notice and the Sexual Abuse Claims Deadline Notice by e-mail to their respective distribution lists; and (e) confirmation as to whether the parish has complied with the publication request, including (i) the dates of publication of the notices in the parish's bulletin and (ii) a copy of the parish bulletin including such notice.

21.     The Debtor will send a letter, on the Debtor's letterhead and signed by an officer of the Debtor to each affiliated school within the geographic bounds of the Archdiocese of Baltimore requesting each school: (a) display the Publication Notice and the Sexual Abuse Claims Deadline Notice in a prominent location within each school, which location should at least include the location(s) in which each school currently displays information on how to report suspected abuse of minors in accordance with the Debtor's Child and Youth Protection Program; and (b) distribute through the school's electronic notification system the Publication Notice and Sexual Abuse Claims Deadline Notice.

22.     The Debtor will mail a copy of the Sexual Abuse Claims Deadline Notice to all licensed alcohol and addiction treatment centers in the State of Maryland, as identified on the Maryland Department of Health Behavioral Health Administration website

(https://health.maryland.gov/bha/Pages/local-jurisdiction.aspx), and to persons known to the Debtor as licensed therapists who provide services to Sexual Abuse Claimants.

23.     The Debtor will also request that each pastor, canonical administrator, or parochial vicar read during mass a letter from the Archbishop at least two times before the Claims Filing Deadline. The letter shall state that the Archbishop requested that the letter be read, provide the date of the Claims Filing Deadline, that the Archbishop requests that people inform their family members about the Claims Filing Deadline, and that the filing of a claim may be done confidentially.

24.     Finally, the Debtor will undertake a targeted digital advertising campaign regarding this Chapter 11 Case and the deadline for filing proofs of claim by creditors in this Chapter 11 Case, including Sexual Abuse Claimants. The proposed digital advertising campaign will include advertising through the Google Display Network, Facebook, Instagram, YouTube, and sponsored search listings through each of Google, Yahoo!, and Bing.

25.     Epiq will maintain a telephone number published on its website that may be used to ask questions and request copies of the Sexual Abuse Claim Package.

26.     The Debtor believes that the publication protocol described above and the other claims procedures are fair and equitable for all interested parties and are most likely to provide notice to creditors who may not otherwise have notice of this chapter 11 case.

**PROPOSED CONFIDENTIALITY PROCEDURES**

27.     Bankruptcy Rule 5005 dictates that any party represented by counsel must file documents electronically, while the default for individuals not represented by counsel is to not file electronically. Fed. R. Bankr. P. 5005. However, non-electronic filing in either situation must be

allowed for good cause. *Id*. Due to the nature of the information requested in the Sexual Abuse Claim Form, the Debtor seeks approval of the following confidentiality procedures:

      a.      Sexual Abuse Claimants shall mail or deliver the completed original Sexual Abuse Claim Form as an attachment to their proof of claim to Epiq, as follows:

| *If by First Class Mail*: | *If by Hand Delivery or Overnight Mail:* |
|---|---|
| Roman Catholic Archbishop of Baltimore, Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4420 Beaverton, OR 97076-4420 | Roman Catholic Archbishop of Baltimore, Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

      b.      Sexual Abuse Claim Forms maintained by Epiq will not be available for viewing or copying unless otherwise ordered by the Court. This confidentiality procedure is for the benefit of the Sexual Abuse Claimants. Accordingly, Sexual Abuse Claimants may elect to make any of the information contained in the Sexual Abuse Claim Form public, even if they elect to file the Sexual Abuse Claim Form confidentially. If a Sexual Abuse Claimant affirmatively indicates, by checking the box in Part 1 of the Sexual Abuse Claim Form, that the claim is to be made public, that claim will be added to the public claims register. If no box is checked or if both boxes are checked on a Sexual Abuse Claim Form, that Sexual Abuse Claim Form shall not be made public.

      c.      Sexual Abuse Claim Forms submitted by Sexual Abuse Claimants shall be held and treated as confidential by (i) the Debtor[2] and its counsel, (ii) the Permitted Parties (as defined below), subject to each Permitted Party executing and returning to the Debtor's counsel a confidentiality agreement agreed upon by the Debtor and the Committee or pursuant to further order of this Court, and (iii) to any additional party the Court determines should have access to the Sexual Abuse Claim Forms. All parties with access to the Sexual Abuse Claim Forms shall agree to keep the information provided in the Sexual Abuse Claim Forms confidential (unless the Sexual Abuse Claimant elects otherwise under Part 1 of the Sexual Abuse Claim Form). Permitted Parties may obtain copies of the Sexual Abuse Claim Forms, in accordance with the terms of an applicable confidentiality agreement only from counsel for the Debtor and shall not seek or obtain such documents from Epiq.

      d.      "*Permitted Parties*" means: (i) counsel or financial advisor for the Debtor; (ii) officers and employees of the Debtor who are necessary to assist the Debtor and its

---

[2] Notwithstanding the confidential treatment of any Sexual Abuse Claim Forms, as required by the Md. Family Law Code Ann. § § 5-701 et seq., and the Debtor's Child and Youth Protection policies, any Sexual Abuse Claim Form received by the Debtor involving a claim of childhood sexual abuse will be reported by the Debtor to appropriate law enforcement and civil authorities and the Archdiocese's Office of Child and Youth Protection as Sexual Abuse Claim Forms are received by the Debtor. The Debtor and its Office of Child and Youth Protection will also use information from the Sexual Abuse Claim Forms to comply with its policies to investigate and/or take appropriate personnel or other action in connection with allegations of child sexual abuse.

counsel address issues with respect to sexual abuse claims; (iii) counsel or financial advisor for the Committee; (iv) carriers that issued or allegedly issued insurance policies or certificates of coverage to the Debtor or their successors, reinsurers, retrocessionaires, and reinsurance intermediaries, claim administrators for such carriers, and their attorneys; (v) Epiq; (vi) any mediator, special arbitrator, or claims reviewer appointed by the Court to review and resolve sexual abuse claims; (vii) any trustee appointed to administer payments to Sexual Abuse Claimants; (viii) authorized representatives of a department of corrections with respect to a sexual abuse claim by a Sexual Abuse Claimant who is incarcerated, but only to the extent such disclosure is authorized under applicable non-bankruptcy law; (ix) members of the Committee and their personal counsel (but only after the Sexual Abuse Claim Form has been redacted to remove the Sexual Abuse Claimant's personal identification information identified in Parts 2(A) and 3 of the Sexual Abuse Claim Form and the signature block); (x) law enforcement in the city or county where the sexual abuse claim arose; (xi) auditors of the United States Conference of Catholic Bishops charged with preparing annual audits of diocesan compliance with the Charter for the Protection of Children and Young People; (xii) each parish identified in a Sexual Abuse Claim Form and the following personnel from each identified parish: (A) the pastor, (B) the parish's corporators, (C) the chairperson of the finance council, (D) the business administrator of the parish, and (E) attorneys serving as counsel for the parish; (xiii) each principal of a school identified in a Sexual Abuse Claim Form; and (xiv) upon a motion, any other person the Court determines should have information in order to evaluate sexual abuse claims.

e.    Permitted Parties and their attorneys shall be authorized to review the Sexual Abuse Claim Forms upon execution of a confidentiality agreement agreed upon by the Debtor and the Committee or pursuant to further order of the Court.

28.    In addition to the foregoing, counsel for the Debtor and the Committee are authorized to provide copies of an individual claimant's Sexual Abuse Claim Form and any other documents filed in connection with the individual claimant's Sexual Abuse Claim Form to counsel representing such Sexual Abuse Claimant.

29.    The Debtor believes that these confidentiality procedures are necessary and appropriate under the circumstances of this chapter 11 case. The Debtor understands the sensitive and private nature of the information requested in the Sexual Abuse Claim Forms. However, this information is necessary for the evaluation of claims. The Debtor intends for the confidentiality procedures to protect each Sexual Abuse Claimant's privacy while the Sexual Abuse Claim Form will function as a user-friendly method to obtain information and not discourage Sexual Abuse Claimants from coming forward to assert claims.

**BASIS FOR RELIEF**

**I.      The proposed deadlines for filing proofs of claim are appropriate.**

30.      Pursuant to Bankruptcy Rule 3003(c)(3), the Court must fix the time within which a claim must be filed under 11 U.S.C. § 501. Fed. R. Bankr. P. 3003(c)(3). Local Rule 3003-1 provides that claims must be filed "not later than ninety (90) days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a), unless a different date is fixed by the court." Local Rule 3003-1. Additionally, Bankruptcy Rule 2002(a)(7) requires at least 21 days' notice to creditors of the time fixed for filing proofs of claim. Fed. R. Bankr. P. 2002(a)(7). As a result, the time constraints placed upon the Debtor in choosing the deadline for creditors to file a proof of claim is that it be twenty-one (21) days after notice was given to such creditor and no later than ninety (90) days from the first date set for the meeting of creditors, unless this Court rules otherwise. *See In re Seaquest Diving, LP*, 2008 WL 243670 (Bankr. S.D. Tex. Jan. 28, 2008) (noting that the lack of any rule requiring an absolute deadline for bar dates sets the minimum length of time in accordance with notice procedures). The proposed Claims Filing Deadline satisfies this requirement, asking this Court to enter an order providing more time than is contemplated by the default rule in this jurisdiction.

31.      While the Debtor has asked this Court to provide a longer than typical claims period, the Debtor does not believe any time further than the proposed Claims Filing Deadline is necessary. With respect to Sexual Abuse Claimants for whom the Debtor has current contact information, such Sexual Abuse Claimants either (a) are represented by counsel who has been notified of this Chapter 11 Case or (b) have been directly notified of this Chapter 11 Case by the Debtor. Through extensive research into the universe of possible claims, the Debtor has identified additional Sexual Abuse Claimants the Debtor has been unable to locate, but the Debtor is confident that the proposed Claims Filing Deadline coupled with the proposed notice procedures

11

will provide sufficient time for any additional Sexual Abuse Claimants to timely file a claim with the Sexual Abuse Claim Form.

**II.     The proposed Sexual Abuse Claim Form is an appropriate addition to the normal proof of claim form.**

32.     Bankruptcy Rule 3001 requires a proof of claim to "conform substantially" to the appropriate Official Form. Fed. R. Bankr. P. 3001(a). However, Bankruptcy Rule 9009 permits minor changes consistent with the rules and the Bankruptcy Code. Fed. R. Bankr. P. 9009. Further, the equitable powers of section 105(a) of the Bankruptcy Code authorizes the court to take any appropriate action to carry out provision of the Bankruptcy Code. Fed. R. Bankr. P. 105; *see In re Final Analysis, Inc.*, 389 B.R. 449, 462 (Bankr. D. Md. 2008) (Section 105(a) "provides that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code").

33.     It is well settled that the Court's powers under section 105(a) of the Bankruptcy Code are broad. *Id*. This broad authority includes the power for a "court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case." *Id*. (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1242 (6th Cir. 1993)). Furthermore, section 105(a) "puts no facial restriction on the structure of relief that the courts can fashion under it, as long as they are furthering a principle identifiable in the applicable substantive law of bankruptcy." *Id*. The essence of the boundary of section 105(a) equity power is that the provision cannot provide the basis for requested relief that would either (a) create a new substantive right or (b) conflict with another provision of the Bankruptcy Code. *In re Walker*, 2010 Bankr. LEXIS 2279 (Bankr. N.D. W.Va. 2010).

34.     Using the Sexual Abuse Claim Form neither creates any new substantive right nor conflicts with another provision of the Bankruptcy Code. Attaching the form to the standard proof of claim form (*i.e.*, Official Form B 410) does not contravene any of the provisions of Bankruptcy

Rule 9009 or any section of the Bankruptcy Code, because none of the wording of the proof of claim form is altered in any way. Rather, the proposed addition of the Sexual Abuse Claim Form requests additional information necessary due to the unique circumstances of this Chapter 11 Case and claims that will be asserted by Sexual Abuse Claimants. The Sexual Abuse Claim Form provides appropriate and necessary modifications to the standard proof of claim form, soliciting information needed to allow the Debtor and other parties in interest, such as insurers, to evaluate sexual abuse claims. The addition of the Sexual Abuse Claim Form will lessen any administrative burden suffered by Sexual Abuse Claimants, by narrowing their universe of claim-related information into the exact points need for the purposes of this Chapter 11 Case. And this information is necessary for the Debtor, the Debtor's insurance carriers, and the Committee to effectively evaluate the claims and will play an important role in negotiations between the Debtor, the insurance carriers, and the Committee.[3]

35.    For the foregoing reasons, similar forms have been approved in other diocesan bankruptcy cases across the country. *See, e.g.*, Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Claim Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures, *In re Roman Catholic Diocese of Harrisburg*, No. 20-bk-00599 (Bankr. M.D. Penn. 2020); Order Establishing Deadlines for Filing Proofs of Claim; Approving Proof of Claim Forms; Approving Form and Manner of Notice; and Approving Confidentiality Procedure, *In re the Archdiocese of Saint Paul & Minneapolis*, No. 15-30125 (Bankr. D. Minn. Jan. 7, 2015) (Docket No. 188); Order Granting Motion for Expedited Relief; Establishing Deadlines for Filing Proofs of Claim; Approving Sexual Abuse Claim Form;

---

[3] Prior to amendments to Rule 9009 in 2017, in discussing making alterations pursuant to Rule 9009, courts have said that only those alterations which "confuse and confound" a "streamlined administrative process" or which frustrate a "quick and easy comprehension of the information presented" are not appropriate. *In re Jenkins*, 2017 WL 7069076, at *5 (Bankr. S.D. Ohio Sept. 26, 2017). The proposed addition of the Sexual Abuse Claim Form does neither. Instead, it works to ease administrative burdens of all parties involved.

Approving Form and Manner of Notice; and Approving Confidentiality Procedure, *In re Diocese of Duluth*, No. 15-50792 (Bankr. D. Minn. Jan. 7, 2016) (Docket No. 35). The Debtor respectfully requests that the Court similarly approve the Sexual Abuse Claim Form.

**III.    The Proposed Notice and Publication Protocol should be adopted and implemented in this Chapter 11 Case.**

36.    Bankruptcy Rule 2002(f) requires a debtor to provide notice of certain bankruptcy proceedings to all creditors by mail. Fed. R. Bankr. P. 2002(f). However, Bankruptcy Rule 2002(l) permits notice by publication if "notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Generally, courts have found that "known" creditors must receive actual, mail notice of bankruptcy proceedings. *In re RailWorks Corp.*, 613 B.R. 853, 868 (Bankr. D. Md. 2020). By contrast, courts consider notice by publication sufficient to satisfy the requirement of due process for "unknown" creditors. *See Id.*; *see also In re Energy Future Holdings Corp.*, 522 B.R. 520, 529 (Bankr. D. Del. 2015) ("Publication in national newspapers is regularly deemed sufficient notice to unknown creditors, especially where supplemented . . . with notice in papers of general circulation in locations where the debtor is conducting business.").

37.    A "known" creditor is one whose identity is either known or "reasonably ascertainable by the debtor." *See Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478 (1988). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to the knowledge" of a debtor. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Walters v. Hunt (In re Hunt)*, 146 B.R. 178, 182 (Bankr. N.D. Tex. 1992) ("Unknown creditors include those whose identifies or claims are not reasonably ascertainable . . ."). When determining who a debtor's "known" creditors are, a debtor must perform reasonable due diligence of its books and records, but is not required to engage in "impracticable and extended searches." *Mullane*, 339 U.S. at 317; *see also In re Thimson McKinnon Securities Inc.*, 130 B.R. 717, 720

(Bankr. S.D.N.Y. 1991) (noting that the debtor is not required to search out each conceivable or possible creditor).

38.      After carefully reviewing its books and records, the Debtor believes that it has identified all known creditors, including potential Sexual Abuse Claimants. All known creditors, including all Sexual Abuse Claimants made known to the Debtor through reasonable diligence and for whom the Debtor has current contact information, will receive actual, mailed notice of the Claims Filing Deadline and the Sexual Abuse Claims Package.

39.      The Debtor knows and understands that due to the unique circumstances of this Chapter 11 Case, certain other individuals who are currently unknown to the Debtor may come forward with sexual abuse claims after the Petition Date. Because of this possibility, the Debtor's proposed publication efforts are designed to reach the widest possible audience of creditors who may not otherwise have notice of this Chapter 11 Case. The Debtor proposes to reach this audience through far-reach dissemination of the Publication Notice and Claims Filing Deadline, including notice through (i) national print media, (ii) local and national Catholic publications, (iii) leading local publication in circulation in and beyond the geographical area serviced by the Debtor, (iv) claimant and diocesan websites, (v) the Maryland Attorney General, (vi) State's Attorney and sheriffs' departments, (vii) the Maryland Department of Health, (viii) each hospital located with the geographical area served by the Debtor, (ix) each of the parishes and schools located within the geographical area served by the Debtor, and (x) a national digital ad campaign. The proposed Publication Notice and the method of the publication shall provide wide-ranging notice of the Claims Filing Deadline and the procedures for filing a proof of claim in satisfaction of the due process requirement.

40.      The Debtor submits the proposed notice procedures satisfy the due process requirements and reasonably apprise known and unknown creditors of this Chapter 11 Case and

Claims Filing Deadline. For these reasons, the Debtor respectfully requests that the Court approve the proposed notice and publication protocol.

**IV.     This Court should authorize implementation of the proposed confidentiality procedures.**

41.    Section 107(b)(2) of the Bankruptcy Code requires a court to issue orders that will "protect a person with respect to scandalous or defamatory matter contained in paper filed in a case under this title." 11 U.S.C. § 107(b)(2); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code."). Additionally, in relation to any schedules and lists, Bankruptcy Rule 1007(j) provides:

> (j) IMPOUNDING OF LISTS. On motion of a party in interest and for cause shown the court may direct the impounding of lists filed under this rule, and may refuse to permit inspection by any entity. The court may permit inspection or use of lists, however, by any party in interest on terms prescribed by the court.

Fed. R. Bankr. P. 1007(j).

42.    At least one bankruptcy court has proposed that the language of section 107 of the Bankruptcy Code eliminates a court's discretion to keep confidential certain documents by making it mandatory for a court to protect those documents that fall into one of the enumerated exceptions of section 107. *See In re ACandS, Inc.*, 462 B.R. 88, 102 n.21 (Bankr. D. Del. 2011)*, rev'd on other grounds, sub nom, In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281 (D. Del. 2013)*, as corrected* (Mar. 15, 2013) (specifying "that the bankruptcy court *shall*" provide specified protections on "*request* of a party in interest*"* (emphasis added)). Because section 107(b) of the Bankruptcy Code imposes this mandatory requirement, it eliminates the balancing of public and private interests required by the common law rule, if a document is scandalous or defamatory. *Id*.

43.     Many of the Sexual Abuse Claimants have disclosed their identification information to the Debtor in confidence and through counsel. The Debtor believes that it has a duty to keep the identities of the Sexual Abuse Claimants confidential. The Sexual Abuse Claimants should not be forced to make their identities public in order to participate in this Chapter 11 Case. Through this Motion the Debtor is requesting to implement confidentiality procedures for the singular purpose of protecting those that may have been harmed by the Debtor in the past. The Debtor believes that, only through the confidentiality procedures, will Sexual Abuse Claimants be willing to fully participate in the process and provide the Debtor with the information necessary to evaluate the sexual abuse claims. Consequently, in order to protect the confidential information of the Sexual Abuse Claimants and to encourage the Sexual Abuse Claimants to participate and provide the necessary information, the Debtor respectfully requests that the Court authorize the implementation of the confidentiality procedures detailed in this Motion.[4]

### DEBTOR'S RESERVATION OF RIGHTS

44.     Nothing contained in this Motion is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code, nor does the Debtor waive its rights under the Code of Canon Law, or any applicable State or Federal law.

---

[4] Notwithstanding the confidential treatment of any Sexual Abuse Claim Forms, as required by the Md. Family Law Code Ann. § § 5-701 et seq., and the Debtor's Child and Youth Protection policies, any Sexual Abuse Claim Form received by the Debtor involving a claim of childhood sexual abuse will be reported by the Debtor to appropriate law enforcement and civil authorities and the Archdiocese's Office of Child and Youth Protection as Sexual Abuse Claim Forms are received by the Debtor. The Debtor and its Office of Child and Youth Protection will also use information from the Sexual Abuse Claim Forms to comply with its policies to investigate and/or take appropriate personnel or other action in connection with allegations of child sexual abuse.

### NOTICE

45.    The Debtor has provided notice of the filing of the Motion to: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) the Debtor's secured creditors; (iv) all governmental agencies having a regulatory or statutory interest in this Chapter 11 Case; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered in connection with this Motion will be served on all parties required by Local Rule 9013-1.

### WAIVER OF MEMORANDUM OF LAW

46.    Pursuant to Local Bankruptcy Rule 9013-2, and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in this Motion, the Debtor respectfully requests that the Court waive the requirement that a motion be accompanied by a separate written memorandum of fact and law.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that this Court enter an order, substantially in the form attached to this Motion as **Exhibit A**, (i) authorizing the Debtor to establish deadlines for the filing of proofs of claims in this case, (ii) approving the proposed Sexual Abuse Claim Form, (iii) approving the form and manner of the proposed notices of the deadlines to file timely claims, (iv) approving procedures that will allow Sexual Abuse Claimants to file their claims confidentially, and (v) granting such other and further relief as this Court deems proper.

Dated: October 30, 2023             Respectfully submitted,

/s/ Catherine K. Hopkin
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:    443.569.0788
Facsimile:    410.571.2798
Email: chopkin@yvslaw.com

*-and-*

Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:    615.244.6380
Email: blake.roth@hklaw.com
        tyler.layne@hklaw.com

*-and-*

Philip T. Evans (Fed. Bar No. 11796)
**HOLLAND & KNIGHT LLP**
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone:    202.457.7043
Email: philip.evans@hklaw.com

*Proposed Attorneys for the Debtor and Debtor In Possession*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of October 2023, notice of filing the Debtor's Motion for Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Proof of Claim Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures (the "Motion") was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list.  In addition, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the Motion to be served on all parties required to be served, with a certificate or affidavit of service to be filed subsequently, all in accordance with Local Rule 9013-4.

_____/s/ Catherine Keller Hopkin_____<br>
Catherine Keller Hopkin

**The following parties received
CM/ECF notice of the filing:**

Nathan D. Adler, Esquire
(nda@nqgrg.com)
Counsel for Luminace Solar MC, LLC
Neuberger Quinn Gielen Rubin & Gibber
1 South Street, 27th Floor
Baltimore, Maryland  21202

Hugh M. Bernstein, Esquire
(hugh.m.bernstein@usdoj.gov)
Office of the U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Diane C. Bristow, Esquire
(dcb@nqgrg.com)
Counsel for Luminace Solar MC, LLC
Neuberger Quinn Gielen Rubin & Gibber
1 South Street, 27th Floor
Baltimore, Maryland  21202

Richard L. Costella, Esquire
(rcostella@tydings.com)
Counsel for Committee
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202

Philip Tucker Evans, Esquire
(philip.evans@hklaw.com)
Counsel for Debtor
Holland and Knight
800 17th Street, Ste. 1100
Washington, D.C.  20006

Andrew Freeman, Esquire
(adf@browngold.com)
Counsel for Committee Chair
Brown Goldstein & Levy
120 East Baltimore Street, Suite 2500
Baltimore, Maryland  21202

Gary R. Greenblatt, Esquire
(grg@cooncolelaw.com)
Counsel for St. Mary's Seminary
Coon & Cole, LLC
305 West Chesapeake Avenue, Suite 510
Towson, Maryland  21204

Geoffrey Grivner, Esquire
(geoffrey.grivner@bipc.com)
Counsel for PNC Bank, N.A.
Buchanan Ingersoll & Rooney PC
500 Delaware Avenue, Suite 720
Wilmington, Delaware  19801

Alan M. Grochal, Esquire
(agrochal@tydings.com)
Counsel for Committee
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202

Megan Harmon, Esquire
(megan.harmon@bge.com)
Baltimore Gas & Electric Company
110 West Fayette Street, 12th Floor
Baltimore, Maryland  21201

Catherine Keller Hopkin, Esquire
(chopkin@yvslaw.com)
Local Counsel for Debtor
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401

Steven J. Kelly, Esquire
(skelly@gelaw.com)
Grant & Eisenhofer P.A.
3600 Clipper Mill Road, Suite 240
Baltimore, Maryland  21211

C. Scott Kunde, Jr., Esquire
(scott.kunde@hklaw.com)
Counsel for Debtor
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219

Gordon Z. Novod, Esquire
(gnovod@gelaw.com)
Grant & Eisenhofer PA
485 Lexington Avenue, 29th Floor
New York, New York  10017

Timothy P. Palmer, Esquire
(timothy.palmer@bipc.com)
Counsel for PNC Bank, N.A.
Buchanan Ingersoll & Rooney PC
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania  15219-4413

Annette Rolain, Esquire
(arolain@ruggerilaw.com)
Counsel for Hartford and Twin City
Ruggeri Parks Weinberg LLP
1875 K St NW, Suite 600
Washington, D.C.  20006

Blake D. Roth, Esquire
(blake.roth@hklaw.com)
Counsel for Debtor
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219

James P. Ruggeri, Esquire
(jruggeri@ruggerilaw.com)
Counsel for Hartford and Twin City
Ruggeri Parks Weinberg LLP
1875 K Street NW, Suite 600
Washington, D.C.  20006

U.S. Trustee – Baltimore
(ustpregion04.ba.ecf@usdoj.gov)
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Joshua D. Weinberg, Esquire
(jweinberg@ruggerilaw.com)
Counsel for Hartford and Twin City
Ruggeri Parks Weinberg LLP
1875 K Street NW, Suite 600
Washington, D.C.  20006