

MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969 |
| Debtor.[1] | |

### SECOND INTERIM ORDER, PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE, EXTENDING THE AUTOMATIC STAY TO CERTAIN RELATED ENTITIES

Upon consideration of the motion (the "*Motion*")[2] for entry of an order (this "*Second Interim Order*") extending the automatic stay imposed by section 362 of the Bankruptcy Code to the Covered Parties to stay any Abuse Actions any Covered Party during this Chapter 11 Case, without prejudice to the Debtor's right to seek a further extension of the stay, all as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order 2012-05* from the United States

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

District Court for the District of Maryland; venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court on October 3, 2023 (the "***Hearing***"); and the Debtor having served a copy of the *Interim Order, Pursuant to Sections 105(a) and 362 of the Bankruptcy Code, Clarifying the Extent of the Automatic Stay with Respect to Certain Related Entities and Insurance Coverage* (Dkt. No. 52) (the "***First Interim Order***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED on an interim basis as set forth herein.

2. The Debtor's insurance policies are property of the Debtor's estate.

3. Pursuant to section 362(a)(3) of the Bankruptcy Code, the automatic stay operates as a stay, applicable to all entities, of any act to obtain possession of property of the Debtor's estate or of property from the Debtor's estate or to exercise control over property of the Debtor's estate.

4. Therefore, any action taken by a third party, including without limitation parties asserting Abuse Action, that could have an effect on property of the Debtor's estate, including without limitation any action that triggers or would otherwise diminish coverage under the

Debtor's insurance policies, is hereby stayed by the automatic stay pursuant to sections 105(a) and 362(a)(3) of the Bankruptcy Code until the conclusion of the Final Hearing, as defined herein.

5. Any party seeking to file an Abuse Action against any entity that is not the Debtor may provide the names of the intended defendants to counsel for the Debtor. Within two (2) business days of receiving the identities of any intended defendant(s), counsel for the Debtor will provide notice of whether the Debtor believes such intended defendants are covered by the Debtor's insurance policies.

6. Notwithstanding the foregoing, the relief granted in this Second Interim Order, and the legal conclusions articulated in this Second Interim Order and on the record of the hearing that occurred before the Court on the Motion on October 3, 2023, as well as the record of the hearing on the Motion on November 6, 2023, are without prejudice to the rights of the Official Committee of Unsecured Creditors (the "*Committee*") in this case, creditor Eva Dittrich, or any other party in interest without notice of the Motion or First Interim Order, known or unknown, to contest the factual bases and legal justification for the relief sought in the Motion, and to seek any other appropriate relief.

7. This Second Interim Order and the relief granted in this Second Interim Order shall be without prejudice to any right of the Committee or creditor Eva Dittrich to object to entry of the Motion on a final basis; provided, however, that no further objection is required to be filed by the Committee or Eva Dittrich.

8. The final hearing (the "*Final Hearing*") to consider the relief requested in the Motion shall be held in abeyance until either (a) a request to schedule a Final Hearing is made by the Debtor, Committee, or Eva Dittrich or (b) this Court schedules the Final Hearing; provided,

<u>however</u>, the Final Hearing shall not be scheduled on less than twenty-one (21) days' notice to the Debtor, Committee, and Eva Dittrich.

9. Notwithstanding the foregoing, any party in interest other than the Committee or Eva Dittrich who had notice of the Motion or First Interim Order and did not timely file on or before October 30, 2023, an objection to the relief sought in the Motion shall be deemed to consent to the relief requested in the Motion.

10. The Debtor shall serve a copy of this Second Interim Order on all parties entitled to service under the applicable rules.

11. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Interim Order.

**End of Order**