Entered: November 6th, 2023
Signed: November 6th, 2023

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969-MMH |
| Debtor.[1] | |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
### AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon consideration of the *Debtor's Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "***Motion***");[2] and upon finding that this Court has jurisdiction over the Motion and venue for the Motion is proper in this Court; and upon finding that due and adequate notice of the Motion has been given and no other notice is necessary or required; and upon finding that the relief sought in the Motion is in the best interest of the Debtor, Debtor's estate, creditors, and other parties in interest; and upon due deliberation and finding sufficient cause for the relief sought in the Motion, it is hereby

1. **ORDERED** that the Motion is GRANTED as set forth in this order; and it is further

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.
[2] Capitalized terms used in this order and not otherwise defined shall have the meanings ascribed to them in the Motion.

2. **ORDERED** that any objections to the Motion that were not resolved or withdrawn prior to entry of this order are expressly OVERRULED; and it is further

3. **ORDERED** that all Professionals in this case may seek compensation in accordance with the following procedures (the "***Compensation Procedures***"):

   a. On or after the twenty-first (21st) day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (a "***Monthly Fee Statement***") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement by electronic mail on: (i) the Debtor, the Roman Catholic Archbishop of Baltimore, Attn: John Matera, 320 Cathedral Street, Baltimore, Maryland 21201, jmatera@archbalt.org; (ii) proposed counsel to the Debtor, (A) Holland & Knight LLP, Attn: Blake D. Roth, 511 Union Street, Suite 2700, Nashville, Tennessee 37219, blake.roth@hklaw.com and (B) YVS Law, LLC, Attn: Catherine Hopkin, 185 Admiral Cochrane Drive, Suite 130, Annapolis, Maryland 21401, chopkin@yvslaw.com; (iii) counsel to any statutory committee appointed in this chapter 11 case; and (iv) the Office of the United States Trustee, 101 West Lombard Street, Suite 2625, Baltimore, Maryland 21201 (collectively, the "***Application Recipients***").

   b. Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

   c. Each Application Recipient shall have until 5:00 p.m. (prevailing Eastern time) on the twenty-first (21st) day after service of the Monthly Fee Statement to object to the requested fees and expenses as follows:

      i. If an Application Recipient objects to a Monthly Fee Statement, such Application Recipient shall, within twenty-one (21) days of service of the Monthly Fee Statement, serve via electronic mail a written notice upon the respective Professional and each other Application Recipient (the "***Notice of Objection***") setting forth with particularity the precise nature of and basis for the objection and the amount at issue.

      ii. If the parties reach an agreement, the Debtor shall be entitled to pay eighty percent (80%) of the agreed fees and one hundred percent (100%) of the agreed expenses.

      iii. If, however, the parties are unable to reach a resolution of the objections set forth in the Notice of Objection within fourteen (14) days (or such longer period as mutually agreed to by the Professional and objecting Application Recipient) after service of the Notice of Objection, the objecting Application Recipient shall file its objection (the "***Objection***") with the

        Court within three (3) business days and serve such Objection on the respective Professional and each other Application Recipient.

    iv. Thereafter, such Professional may either: (A) file with the Court a response to the Objection, together with a request for the payment of the difference (the "*Incremental Amount*"), if any, between (I) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Statement (together, the "*Maximum Monthly Payment*") and (II) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to the Objection; or (B) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application or Final Fee Application (as defined below), at which time the applicable Professional and objecting Application Recipient may request the Court consider the Objection.

d. Upon the expiration of such twenty-one (21) day period, if no Notice of Objection or Objection has been served or filed, as applicable, the Debtor is authorized and directed to pay the Professional the Maximum Monthly Payment.

e. Each Professional may submit its first Monthly Fee Statement no earlier than November 21, 2023, covering the period from the Petition Date through October 31, 2020.

f. Beginning with the period ending on December 31, 2023, and at three-month intervals from then forward (each a "*Quarterly Fee Period*"), each Professional may file with the Court and serve on the Application Recipients an interim fee application (each, an "*Interim Fee Application*") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during the applicable Quarterly Fee Period. The Fee Periods and the dates for filing, or objecting to, an Interim Fee Application for that Fee Period are as follows:

| **Quarterly Fee Period** | **First Date to File Interim Fee Application** | **Deadline to File Objection to Interim Fee Application** |
|---|---|---|
| Sept. 29, 2023–Dec. 31, 2023 | January 20, 2024 | 21 days after filing of relevant Interim Fee Application |
| Jan. 1, 2024 – March 31, 2024 | April 20, 2024 | 21 days after filing of relevant Interim Fee Application |
| April 1, 2024 – June 30, 2024 | July 20, 2024 | 21 days after filing of relevant Interim Fee Application |
| [Continuing every three months until case is closed] | [Twenty days after close of respective Quarterly Fee Period] | 21 days after filing of relevant Interim Fee Application |

g. Each Interim Fee Application must include: (i) a narrative discussion; (ii) a summary of the Monthly Fee Statements subject of the applicable Interim Fee Application; (iii) the amount of fees and expenses paid to date or subject to an Objection; and (iv) the deadline for parties other than the Application Recipients to file objections.

    h. All parties shall have at least twenty-one (21) days from service of an Interim Fee Application to file an objection to such Interim Fee Application.

    i. The Debtor will request that this Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as this Court deems appropriate; provided, however, that this Court, in its discretion, may approve an uncontested Interim Fee Application, without need for a hearing.

    j. Upon allowance by this Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including the twenty percent (20%) holdback) and expenses not previously paid.

    k. No pending Objection to payment of compensation or reimbursement of expenses shall disqualify a Professional from future payment of compensation or reimbursement of expenses under these Compensation Procedures;

and it is further

    4. **ORDERED** that all retained law firms shall provide any and all monthly fee statements in "LEDES" format to the Office of the United States Trustee; provided, however, that the provision of monthly fee statements in "LEDES" format shall not waive the attorney-client privilege, and the Office of the United States Trustee shall not be authorized to disclose to any third parties the contents of any monthly fee statement(s) in "LEDES" format; and it is further

    5. **ORDERED** that neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses nor (b) the filing of or failure to file an Objection with this Court will bind any party in interest or this Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals, with all fees and expenses paid to Professionals under the Compensation Procedures remaining subject to challenge and disgorgement until final allowance by this Court; and it is further

    6. **ORDERED** that in each Interim Fee Application and Final Fee Application, all attorneys who have been or are later retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is retained in the ordinary course pursuant to another order of this Court (collectively, the "***Required Professionals***"), (a) shall apply for compensation for professional

services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any applicable orders of this Court and (b) intend to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in this Chapter 11 Case; and it is further

7. **ORDERED** that each member of any official committee formed by the United States Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures; and it is further

8. **ORDERED** that the Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Applications on the Application Recipients, and (b) notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in this Chapter 11 Case; and it is further

9. **ORDERED** that all notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and it is further

10. **ORDERED** that notice of the Motion as provided in this order shall be deemed good and sufficient notice of such Motion and the requirements of Rule 6004(a) of Bankruptcy Rules and all applicable Local Bankruptcy Rules are satisfied by such notice; and it is further

11. **ORDERED** that all time periods set forth in this order shall be calculated in accordance with Rule 9006(a) of the Bankruptcy Rules; and it is further

12. **ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion; and it is further

13. **ORDERED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this order.

**End of Order**