IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE<br><br>Debtor.[1] | Case No: 23-16969-MMH<br>Chapter 11 |

**HARTFORD ACCIDENT AND INDEMNITY COMPANY AND TWIN CITY FIRE INSURANCE COMPANY'S RESPONSE IN SUPPORT OF DEBTOR'S MOTION FOR ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING SEXUAL ABUSE PROOF OF CLAIM FORM; (III) APPROVING FORM AND MANNER OF NOTICE; AND <u>(IV) APPROVING CONFIDENTIALITY PROCEDURES</u>**

Hartford Accident and Indemnity Company ("Hartford A&I") and Twin City Fire Insurance Company ("Twin City") (collectively, "Hartford"), parties-in-interest in this chapter 11 case, respectfully submit this response in support of *Debtor's Motion for Order (I) Establishing Deadlines For Filing Proofs of Claim; (II) Approving Sexual Abuse Proof of Claim Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures* (the "Motion") [D.I. 139.].

Debtor previewed the Motion at the November 6 hearing, though it was not a topic on the agenda and is scheduled for hearing November 27. During that hearing, there was brief discussion of the claim and objection process and certain parties' desire to avoid it. Hartford believes it is premature to know whether that process will ultimately be needed but submits that a necessary step in figuring that out is to require the claimants to complete the Sexual Abuse Claim Form [D.I. 139-2] that the Debtor has submitted to this Court. Hartford's experience in other, similar cases has shown that the Sexual Abuse Claim Form provides basic information that is

---

[1] The last four digits of the Debtor's federal tax identification number are: 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

1

essential to provide all parties in interest with the information that is needed to evaluate Debtor's alleged liability for abuse claims and to reach an appropriate, consensual resolution of this chapter 11 case. The Court should enter a bar date order that is consistent with the Motion's request that claimants be required to complete the Sexual Abuse Claim Form. However, the Court should revise Section 7.c. of the Proposed Order [D.I. 139-1] to include interested insurers in discussions concerning an appropriate confidentiality agreement. Given that Debtor included insurers as Permitted Parties, Hartford assumes this was an unintentional oversight.

## ARGUMENT

A. **The Debtor's Sexual Abuse Claim Form is Appropriate and Necessary For This Case.**

1. During the November 6, 2023 hearing in this chapter 11 case, the Court indicated that it would move this case forward efficiently, but at a pace that is appropriate for all parties. Hartford is one of the Debtor's primary liability insurers, and anticipates working closely with the other parties in interest – Debtor, affiliated parties, abuse claimants and other creditors – towards resolution, as Hartford has done in similar cases in the past. It will not be possible for all parties to proceed towards an equitable plan that provides appropriate funding for abuse claims, however, until the parties have adequate information concerning the abuse claims. That information must be sufficient to allow all parties in interest, including Hartford, to evaluate the abuse claims and, hopefully, reach a consensual resolution through mediation, as has been the course of nearly two dozen other diocesan chapter 11 cases.

2. For the reasons set forth in the Motion, this Court has the discretion to modify the official proof of claim form (Form B 410) to include the additional questions reflected in the Sexual Abuse Claim Form. As one of the primary sources of information concerning abuse

claims that are asserted against the Debtor, the Sexual Abuse Claim Form information is critical to allow the parties to pursue a meaningful mediation.

3. Many bankruptcy courts, when faced with a similar bar date motion, have reached precisely this conclusion: in virtually every one of the more than thirty abuse chapter 11 cases filed to date, courts have endorsed use of a questionnaire either in lieu of, or as a supplement to, the basic proof of claim form, and the Court should do the same here. The Sexual Abuse Claim Form requests essential information regarding each abuse claim, such as the identity of a perpetrator and the time, location and nature of sexual abuse, and whether anyone else at the Debtor knew. *See* Motion, Ex. B at 6-8 of 11 [D.I. 139-2]. Nearly every diocesan chapter 11 case has requested that claimants provide this information concerning the incidents of abuse that give rise to an abuse claim.

4. This information concerning the nature of the sexual abuse, however, is not sufficient standing by itself. Parties in interest need to be able to assess whether, and the extent to which, sexual abuse claims that are asserted in this chapter 11 case would be compensable under state law. Whether the Debtor acted negligently in allowing abuse to occur, therefore, is a critical component of evaluating the abuse claims.

5. To be compensable under Maryland law, a tort claimant asserting damages whether for ordinary negligence, negligent hiring, retention or supervision must establish a duty of care to the plaintiff and a breach of that duty. *See, e.g.*, *Pendleton v. State*, 921 A.2d 196, 212-213 (Md. 2007) (explaining that no common law liability exists absent a relationship creating duty of care); *Perry v. Asphalt & Concrete Servs., Inc.*, 133 A.3d 1143, 1155-56 (Md. 2016) (holding that a plaintiff is required to show negligence by employer resulting in proximate injury to plaintiff).

6. Where plaintiffs have not demonstrated that the defendant "knew or should have known," of the perpetrator's predilections to commit acts of sexual abuse, courts have concluded that there is insufficient evidence of negligence and have dismissed those causes of action. *See, e.g.*, *Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x. 476, 483 (4th Cir. 2009). In *Baker*, the Fourth Circuit affirmed a district court decision dismissing a sexual assault claim brought on behalf of a minor against the perpetrator's employer. The Court acknowledged that the employee was known to have exhibited "explosive" behavior in the workplace. The Court nonetheless concluded that knowledge that the employee had "slapped" co-workers was insufficient to put the defendant on notice of a predilection to commit sexual abuse of a minor. *See id.* ("BAH could not reasonably anticipate that Davenport's behavior was the inevitable prelude to sexual assault . . . . Slapping a fellow employee simply does not inexorably lead to criminal sexual assault.").

7. Courts in this district repeatedly have looked to the absence of prior complaints or reasons to investigate as a basis to conclude that an employer was not liable for the actions of its employee. *See Jones v. Fam. Health Ctrs. of Baltimore, Inc.*, 135 F. Supp. 3d 372, 382 (D. Md. 2015) (finding employer not liable under Maryland law for negligent hiring, training or retention of male co-worker who allegedly sexually harassed female employees, absent notice of impropriety when he was hired or other prior employee complaints); *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 752 (D. Md. 1996) (finding no evidence that employer knew or should have known about employee's alleged batteries until plaintiff filed its administrative complaint). Consequently, whether the Debtor knew or had reason to know that clergy or an employee of the Debtor was predisposed to commit acts of abuse is critical.

8.  The Debtor's Sexual Abuse Claim Form is a reasonable means of obtaining information on this critical issue. In addition to questions concerning the nature of abuse, the Form asks for any information that the claimant has concerning the Debtor's knowledge of abuse:

> 8. Do you personally know or have reason to believe that the Debtor knew that your abuser was abusing you or others before or during the period when such abuse occurred? If "Yes", please provide all information that supports your conclusion, including the information requested in items 8(a) through 8€ below.
>
>> a. Who at the Debtor knew that your abuser was abusing you or others?
>>
>> b. How did such person or persons at the Debtor learn this information?
>>
>> c. When did such person or persons at the Debtor learn this information?
>>
>> d. What exactly was the person or persons from the Debtor told or what exactly did they observe?
>>
>> e. How did you come to have the information you provided in response to the questions above?

Motion, Ex. B.at 8-9 of 11 [Doc. 139-2]. Courts in numerous other bankruptcy cases have used these questions in nearly identical form, including in the Archdiocese of St. Paul and Minneapolis, the Diocese of Duluth, the Diocese of Harrisburg, the Diocese of Winona-Rochester and the Diocese of New Ulm. *See* Declaration of Annette P. Rolain at Exs. A-E (filed contemporaneously herewith).

9.  Moreover, whether there is evidence of the Debtor's negligence is particularly important to the extent that other parties in interest intend to look to insurance to fund a substantial portion of any trust. Liability policies, including policies that Hartford issued or allegedly issued to the Debtor, typically provide coverage only for loss that the insured becomes

"legally obligated to pay" due to liability for bodily injury or property damage. In the absence of information sufficient to establish legal liability, therefore, insurers will not have any obligations under their respective insurance contracts.

      **B.**      **The Court Should Require All Abuse Claimants to Complete the Sexual Abuse Claim Form.**

10.      It is equally important that the Court require all abuse claimants to complete the Sexual Abuse Claim Form, as Debtor's Motion requests, and that completion of the Form not be optional. If the Court does not adopt the proposed Form or makes it optional such that abuse claimants may opt not to complete it, parties in interest will not be able to evaluate whether the Debtor has liability for the abuse claims. In the absence of obtaining this information through the questionnaire, the parties will need to take additional time-consuming and potentially expensive discovery to get precisely the type of information that can be obtained at the outset through use of the Sexual Abuse Claim Form that the Debtor has proposed.

11.      In *In re: The Roman Catholic Diocese of Rockville Centre*, for example, Judge Glenn recognized that, under New York law (like Maryland law), the failure to require an abuse claim holder to provide specific facts regarding notice sufficient to support a claim for negligence (or other tortious conduct by the Debtor) will, at a minimum, result in significant delays and unnecessary claim objection litigation, and could be fatal to that assertion of an abuse claim. There, the Court specifically held that it was insufficient for claims "to include only conclusory allegations that the Debtor 'knew or should have known' about the abuser's propensity for abuse." *See In re: The Roman Catholic Diocese of Rockville Centre, N.Y.*, 651 B.R. 146, 153 (Bankr. S.D.N.Y. 2023).

12.      Because the claim form in *Rockville Centre* did not require claimants to provide detailed information on notice issues, the Court concluded that it was obligated to permit most

abuse claim holders to replead their claims, and also held that additional discovery relating to notice issues might be necessary.² *See id.* at 178. Such discovery – whether in that case or here – would undoubtedly exact a heavy toll on all parties in time, dollars and other resources.

13. The Sexual Abuse Claim Form does not provide answers to every question that may need to be answered in every case. In some cases, for example, it may be necessary to request additional information to resolve ambiguities about the identity of a perpetrator or their relationship, if any, to the Debtor. But requiring abuse claimants to provide this essential information now, rather than appending additional discovery procedures that would apply after the bar date passes, will streamline the information sharing process, reduce unnecessary delay and expense and allow the parties and the Court to move forward most efficiently.

14. Hartford agrees with the Court's statements that this is a difficult case that presents complex issues. Hartford is committed to working with the Debtor and other constituencies, including the Official Committee of Unsecured Creditors (as Hartford has done in other diocesan bankruptcies) to see whether a global resolution is achievable without engaging in the claims-objection process. However, this case presents unique challenges that may make a global resolution elusive in the immediate term. The Court has been clear that while it wants this case to move efficiently it needs to move at a pace that works for all parties. But that pace must afford all parties, including Hartford, adequate time to evaluate the issues in this case. Providing the parties with necessary information concerning the abuse claims through the Sexual Abuse Claim Form will promote that process.

---

² Similarly, in *In re The Diocese of Buffalo, N.Y.*, the court recognized that information regarding the basis for an abuse claim was critical to move the case forward. In that case, the court authorized a supplemental questionnaire that included questions on notice similar to those the Debtor has proposed here. The court cautioned claimants that, while it would not mandate responses, the failure to provide a completed questionnaire "may be a basis for an objection to such claim and/or request for discovery." *See* Rolain Decl., Ex. F, Order Establishing August 14, 2021 Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (Dec. 11, 2020) [D.I. 729] at 5, *In re The Diocese of Buffalo, N.Y.*, No. 1-20-10322-CLB (Bankr. W.D.N.Y.).

15. The Debtor's carriers are among those parties who need this information as the Debtor acknowledges by including insurers as Permitted Parties. Accordingly, the carriers, including Hartford, should be included in discussions concerning an appropriate confidentiality agreement that will govern access and use of this information. For the avoidance of doubt, Hartford requests the Court to add insurers to the parties to be included in discussions concerning and agreement on an appropriate confidentiality agreement.

## CONCLUSION

The Court should grant the Debtor's Motion regarding the required use of the Sexual Abuse Claim Form by holders of abuse claims and should direct the Debtor to engage with all parties in interest, including the Committee and interested insurers, to formulate an appropriate confidentiality agreement.

Dated: November 13, 2023

Respectfully submitted,

*/s/ James P. Ruggeri*
James P. Ruggeri (Fed. Bar No. 21926)
Joshua D. Weinberg (admitted *pro hac vice*)
Annette P. Rolain (admitted *pro hac vice*)
RUGGERI PARKS WEINBERG LLP
1875 K Street NW, Suite 600
Washington, DC  20006
Tel: (202) 984-1400
jruggeri@ruggerilaw.com
jweinberg@ruggerilaw.com
arolain@ruggerilaw.com

and

Philip D. Anker (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
Tel: (212) 230-8890
philip.anker@wilmerhale.com

*Counsel for Interested Parties Hartford Accident and Indemnity Company and Twin City Fire Insurance Company*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 13th day of November, 2023, a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF e-filing system on all parties of record. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, with a certificate or affidavit of service to be filed subsequently, in accordance with Local Rule 9013-4.

Blake D. Roth, Esquire: blake.roth@hklaw.com
Catherine Keller Hopkin, Esquire: chopkin@yvslaw.com
Hugh M. (UST) Bernstein, Esquire: hugh.m.bernstein@usdoj.gov
Gary R. Greenblatt, Esquire: grg@cooncolelaw.com
Marc E. Shach, Esquire: mes@cooncolelaw.com
Andrew D. Freeman, Esquire: adf@browngold.com
Anthony May, Esquire: AMay@browngold.com
Geoffrey Grivner, Esquire: geoffrey.grivner@bipc.com
Nathan D. Adler, Esquire: nda@nqgrg.com
Diane C. Bristow, Esquire: dcb@nqgrg.com
Tyler N. Layne, Esquire: Tyler.Layne@hklaw.com
Christopher Scott Kunde, Jr., Esquire: scott.kunde@hklaw.com
Steven J Kelly, Esquire: skelly@gelaw.com
Nicholas R. Miller, Esquire: nick.miller@hklaw.com
Timothy P. Palmer, Esquire: timothy.palmer@bipc.com
Gordon Z. Novod, Esquire: gnovod@gelaw.com
Philip Tucker Evans, Esquire: philip.evans@hklaw.com,
Megan Harmon, Esquire: megan.harmon@bge.com
Richard L. Costella, Esquire: rcostella@tydings.com
Alan M. Grochal, Esquire: agrochal@tydings.com
Robert T. Kugler, Esquire: robert.kugler@stinson.com
Edwin H. Caldie, Esquire: ed.caldie@stinson.com
Andrew J. Glasnovich, Esquire: drew.glasnovich@stinson.com
Nicole Khalouian, Esquire: nicole.khalouian@stinson.com
Hannah Berny, Esquire: Hannah.berny@hklaw.com
Monique Almy, Esquire: MAlmy@crowell.com
Miranda H. Turner, Esquire: MTurner@crowell.com
Mark D. Plevin, Esquire: MPlevin@crowell.com
Irving E. Walker, Esquire: iwalker@coleschotz.com
J. Michael Pardoe, Esquire: mpardoe@coleschotz.com
Robert K. Jenner, Esquire: rjenner@jennerlawfirm.com

                                              */s/ James P. Ruggeri*
                                                 James P. Ruggeri