**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| In re: | |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Chapter 11 |
| Debtor. | Case No. 23-16969-MMH |

**CERTAIN INSURERS' OBJECTION TO PROPOSED CONFIDENTIALITY
PROCEDURES IN DEBTOR'S MOTION FOR ORDER (I) ESTABLISHING
DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING SEXUAL ABUSE
PROOF OF CLAIM FORM; (III) APPROVING FORM AND MANNER OF SERVICE;
AND (IV) APPROVING CONFIDENTIALITY PROCEDURES**

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ........................................................................... 1

II.   FACTUAL BACKGROUND ............................................................................... 2

III.  ARGUMENT AND CITATION TO LEGAL AUTHORITY ............................................ 3

   A.   The Proposed Confidentiality Agreement in the Bar Date Order Should Be
        Replaced With an Acknowledgement of the Bar Date Order, Which Should Be
        Approved by the Court................................................................................... 3

        1.   Confidentiality Agreements Should Be Substituted With
             Acknowledgements of the Bar Date Order. ................................................ 3

        2.   The Confidentiality Agreement or Acknowledgment Form Should Be
             Approved By the Court either in Connection With Its Consideration of the
             Bar Date Motion or Upon Submission of a Separate Motion. ..................... 4

   B.   The Definition of "Permitted Parties" Should Include Experts and Consultants ... 5

        1.   Experts and Consultants Should Be Added to the List of Permitted Parties
             Entitled to Access the Sexual Abuse Claim Forms. ................................... 5

        2.   The Insurers' Experts and Consultants Should Not Have to Turn Over
             Executed Confidentiality Agreements to the Debtor. ................................. 7

   C.   The Confidentiality Procedures Should Be Modified So That Entities and Firms
        May Sign a Single Confidentiality Agreement on Behalf of All Employees. ........ 9

   D.   The Confidentiality Procedures Should Be Modified To Include Administrative
        Vendors of the Insurers. ............................................................................... 10

   E.   The Bar Date Order Should Include Carve Outs for Information Contained Within
        Sexual Abuse Claim Forms That Is Otherwise Accessible Pursuant to Section
        107.............................................................................................................. 11

IV.   RESERVATION OF RIGHTS ......................................................................... 12

V.    CONCLUSION ............................................................................................ 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Congoleum Corp. v. Ace Am. Ins. Co.*,
  No. 09M-01-084 (Del. Sup. Ct. Aug. 4, 2009) ...........................................................................6

*Fed. Mogul Prods. v. AIG Cas. Co.*,
  No. MRS-L-002535-06 (N.J. Super. Ct. July 20, 2011) ...........................................................6

*Nat'l Union Fire Ins. Co. v. Porter Hayden Co.*,
  No. CCB-03-3408, 2012 U.S. Dist. LEXIS 23716 (D. Md. Feb. 24, 2012)............................6

*Henessey Food Consulting LLC v. Prinova Sols., LLC*,
  No. 5:20-CV-806 (FJS/TWD), 2022 U.S. Dist. LEXIS 8854 (N.D.N.Y. Jan. 18, 2022)........10

*In re: The Diocese of Camden, New Jersey*,
  Case No. 20-21257 (Bankr. D.N.J. Feb. 11, 2021)...................................................................6

*In re: The Diocese of Rochester*,
  Case No. 2-19-20905-PRW (Bankr. W.D.N.Y. Apr. 27, 2022) ................................................6

*XP Glob., Inc. v. AVM, L.P.*,
  No. 16-cv-80905-BB, 2018 U.S. Dist. LEXIS 6002, (S.D. Fla. Jan. 10, 2018) .....................10

**Statutes**

11 U.S.C. § 502......................................................................................................................3

11 U.S.C. § 502(a)................................................................................................................12

**Rules**

Fed. R. Civ. P. 26(a)(2)(D)(i) ...............................................................................................8

Pacific Employers Insurance Company and Federal Insurance Co. (collectively, the "Insurers") hereby submit this limited objection and reservation of rights regarding Debtor Roman Catholic Archbishop of Baltimore's (the "Debtor") *Motion for Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Proof of Claim Form; (III) Approving Form and Manner of Service; and (IV) Approving Confidentiality Procedures* [Docket No. 139] (the "Bar Date Motion").

## I.    PRELIMINARY STATEMENT

The Insurers request that the Court modify the proposed confidentiality procedures set forth in paragraphs 7-9 of the proposed Bar Date Order [Dkt No. 139-1] to ensure that (1) a form requiring acknowledgement and agreement to be bound by the Bar Date Order replace an undisclosed two-party Confidentiality Agreement that it is proposed be added on top of the Confidentiality Procedures that are part of the proposed Bar Date Order; (2) that the definition of "Permitted Parties"[1] encompass the parties' experts and consultants consistent with Federal Rule 26; and (3) that the scope of confidentiality imposed by this Court under the Confidentiality Procedures exclude information that is publicly available consistent with the limitations imposed by the powers granted this Court under Section 107 of the Bankruptcy Code.

To be clear, the discrete set of modifications the Insurers seek would not disturb the confidentiality of the private information of Sexual Abuse Claimants set forth in their completed Sexual Abuse Claim Forms.  The Insurers only seek to ensure that our experts and consultants in

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Bar Date Order.  In addition, the Insurers reserve all rights, including the right to dispute, in the appropriate forum, the validity and amount of any claims (individually or in the aggregate) that are filed or allowed in this case and the reasonableness of any claimed loss and coverage for any such claimed loss.

this case are able to review the completed Sexual Abuse Claim Forms—subject to the same confidentiality requirements the Insurers are held to—so that the Insurers are able to fairly investigate the claims.

## II.     FACTUAL BACKGROUND

This bankruptcy case (the "Bankruptcy Case") commenced on September 29, 2023 with the filing of the Debtor's Chapter 11 bankruptcy petition [Docket No. 1].  The Bar Date Motion was filed on October 30, 2023 [Docket No. 139].

In relevant part, the Bar Date Motion and Bar Date Order provide that each Permitted Party and their attorneys must execute and return to Debtor's counsel a confidentiality agreement ("Confidentiality Agreement").  (Bar Date Motion, ¶ 27(c); Bar Date Order, ¶¶ 7(c), (e).)  The form of the Confidentiality Agreement is to be "agreed upon by the Debtor and the Committee or pursuant to further order of this Court."  (*Id.*)  Permitted Parties may only obtain copies of the Sexual Abuse Claim Forms from counsel for the Debtor.  (*Id.*)  With respect to the Certain Insurers, the list of "Permitted Parties" includes "carriers that issued or allegedly issued insurance policies or certificates of coverage to the Debtor or their successors, reinsurers, retrocessionaires, and reinsurance intermediaries, claim administrators for such carriers, and their attorneys."  (Bar Date Motion, ¶ 27(d); Bar Date Order, ¶ 7(d).)  Access to the Sexual Abuse Claim Forms extends only to the individual who executes the Confidentiality Agreement, and a separate Confidentiality Agreement must be signed by each individual who seeks access to the record on behalf of a Permitted Party.  (Bar Date Order, ¶ 9.)

For the reasons set forth herein, the Certain Insurers request several changes to the proposed Confidentiality Procedures contained within the Bar Date Order.

### III.   ARGUMENT AND CITATION TO LEGAL AUTHORITY

**A.   The Proposed Confidentiality Agreement in the Bar Date Order Should Be Replaced With an Acknowledgement of the Bar Date Order, Which Should Be Approved by the Court.**

> **1.   Confidentiality Agreements Should Be Substituted With Acknowledgements of the Bar Date Order.**

The Certain Insurers request that the Court replace the contemplated Confidentiality Agreements within the Bar Date Order with a separate "Acknowledgement of Bar Date Order" (an "Acknowledgement Form").  The use of two-party private confidentiality agreements is the subject of much criticism and legal challenges with regard to sexual abuse.  A bankruptcy court has the authority within the confines of the authority granted under Section 107 of the Bankruptcy Code to enter a protective order.  It is an entirely different matter for the Court to condition a party's access to court record by requiring a party to enter into a contract with another party limiting its rights under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or pre-petition contracts.

An Acknowledgement Form requires a Permitted Party to acknowledge their awareness of the Confidentiality Procedures contained within the Bar Date Order and states that they will abide by those procedures.  This is consistent with the Court's authority under Section 107 of the Bankruptcy Code and the statutory scheme implemented through Section 502 of the Bankruptcy Code, which contemplates that all parties in interest should have access to the claims register and the ability to challenge claims to ensure the integrity of the plan confirmation process.  *See* 11 U.S.C. § 502.

2.    **The Confidentiality Agreement or Acknowledgment Form Should Be Approved By the Court either in Connection With Its Consideration of the Bar Date Motion or Upon Submission of a Separate Motion.**

The proposed order improperly delegates to a private party the authority to set the terms of the Bar Date Order. This Court should, as part of its entry of the Bar Date Order, approve a form to be used to acknowledge and agree to be bound by the Bar Date Order.

Under the current language in the Bar Date Order, a form of Confidentiality Agreement will be drafted later and "agreed upon by the Debtor and the Committee or pursuant to further order of this Court." (Bar Date Order, ¶¶ 7(c), (e).) This Court should set the terms of its Bar Date Order and know what they are now before the Order is entered. This is simply unfair and inconsistent with the principles of the Bankruptcy Code.

Because principles of due process require that all parties in interest, including the Certain Insurers, have an opportunity to review the form before it becomes incorporated into the Bar Date Order, such form should be proposed before entry of the Bar Date Motion.

Consequently, the Certain Insurers propose the following changes to subparagraphs 7(c) and 7(e) of the Bar Date Order to address the concerns raised in Part III(A) of this brief (with removed language in red and added language in blue, and with portions relevant to this section of the brief highlighted):

> c.    Sexual Abuse Claim Forms submitted by Sexual Abuse Claimants shall be held and treated as confidential by . . . (ii) the Permitted Parties (as defined below), subject to each Permitted Party executing and returning to the Debtor's counsel ~~a confidentiality agreement agreed upon by the Debtor and the Committee or pursuant to further order of this Court~~ an acknowledgement of this Order (an "Acknowledgement Form") substantially in form of Exhibit A attached hereto, provided, however, that executed Acknowledgement Forms for experts or consultants retained by or on behalf of Permitted Parties shall be maintained by counsel to such Permitted Party and need not be provided to the Debtor's counsel absent Court approval upon a showing of good cause.

e.    Permitted Parties and their attorneys shall be authorized to review Sexual Abuse Claim Forms upon execution of ~~a confidentiality agreement agreed upon the Debtor and the Committee or pursuant to further order of the Court~~ an Acknowledgement Form substantially in the form of Exhibit A attached hereto.

## B.    The Definition of "Permitted Parties" Should Include Experts and Consultants

The Confidentiality Procedures also should be modified to allow the parties' experts and consultants to be included in the list of Permitted Parties.  Additionally, those experts and consultants should not be required to turn over executed Confidentiality Agreements or Acknowledgment Forms to the Debtor where their identities would not otherwise have to be disclosed under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

### 1.    Experts and Consultants Should Be Added to the List of Permitted Parties Entitled to Access the Sexual Abuse Claim Forms.

Experts and consultants should be added to the list of Permitted Parties so that they may access Sexual Abuse Claim Forms.  Paragraph 7(d) of the Bar Date Order defines "Permitted Parties" as falling within a list of 13 categories of individuals, entities, and a "catchall" category of "any other person the Court determines should have information in order to evaluate sexual abuse claims," upon motion and Court approval.  (*See* Bar Date Order, ¶ 7(d).)  However, none of those categories of Permitted Parties provide for experts or consultants of a Permitted Party, as is normally the case, with the exception of "the Debtor and the Committees "financial advisors." (*See id.* at ¶¶ 7(d)(i), (iii).)

The Insurers need the assistance and advice of experts and consultants for the same reasons as the Debtor and Committee in reviewing and analyzing the proofs of claim, especially given that there may be a high volume of claims.  It would be grossly prejudicial and contrary to fundamental

notions of due process to allow the Debtor and Committee's experts to have access to the Sexual Abuse Claim Forms without according that same access to the insurers' experts and consultants.

The change requested by the Certain Insurers is not only consistent with the Bankruptcy Code and the Bankruptcy Rules, but is also consistent with the approach other courts have taken in diocesan bankruptcy cases. *See, e.g.*, *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof*, *In re: The Diocese of Camden, New Jersey* [Docket No. 409], Case No. 20-21257 (Bankr. D.N.J. Feb. 11, 2021) (Section 15(iii).iv. provides Authorized Parties includes "Any insurance company . . . together with their respective successors, reinsurers, counsel, ***experts and consultants*** . . . .") (emphasis added); *Order Granting Continental Insurance Company's Motion for Access to Confidential Sexual Abuse Proofs of Claim*, *In re: The Diocese of Rochester* [Docket No. 1486], Case No. 2-19-20905-PRW (Bankr. W.D.N.Y. Apr. 27, 2022) (ordering that Continental insurer's ***expert***, NERA Economic Consulting, be granted access to sexual abuse proofs of claim).

Moreover, the right for parties to have access to the contents of proofs of claim in connection with litigation is long-standing and undisputed. *See cf. Nat'l Union Fire Ins. Co. v. Porter Hayden Co.*, No. CCB-03-3408, 2012 U.S. Dist. LEXIS 23716, at *8-9 (D. Md. Feb. 24, 2012) ("[t]here is no privilege for documents merely because they are subject to a confidentiality agreement, and confidentiality agreements do not necessarily bar discovery that is otherwise permissible and relevant"); *Fed. Mogul Prods. v. AIG Cas. Co.*, Report & Recommendation of the Special Discovery Master, No. MRS-L-002535-06 (N.J. Super. Ct. July 20, 2011), at 33-34 (reproduced at ECF No. 275, Exh. 1) (Special Master determined that information from asbestos trust claim forms was relevant to a dispute between an insurer and its insured); *Congoleum Corp. v. Ace Am. Ins. Co.*, No. 09M-01-084, memo op. at 15 (Del. Sup. Ct. Aug. 4, 2009) (reproduced at

ECF No. 233, Exh. 2) (finding the relevance of information from asbestos trust forms to be "beyond dispute" where the insurers issued subpoenas in order to determine if claims were inaccurate or fraudulent).

Accordingly, the Certain Insurers request that the Court modify paragraph 7(d) of the Bar Date Order in the following manner to allow access to the Sexual Abuse Claim Forms for all experts and consultants of Permitted Parties (with removed language in red and added language in blue):

> d.    ***"Permitted Parties"*** means: . . . (xiii) each principal of a school identified in a Sexual Abuse Claim Form; ~~and~~ (xiv) upon a motion, any other person the Court determines should have information in order to evaluate sexual abuse claims~~.~~; and (xv) any expert or consultant retained by any of the foregoing Permitted Parties.

Further, Permitted Parties should be permitted to use the Sexual Abuse Claims Forms for purposes of preparing, examining and cross-examining witnesses at depositions or in court where such witness is apprised of the strict confidentiality of the applicable document in compliance with the confidentiality procedures set forth in the Bar Date Order; provided that any such witness shall be strictly forbidden from retaining any such document once the relevant examination has concluded.  Anything else limiting such use would completely eliminate the Insurers' ability to develop evidence in accord with our rights under the Seventh Amendment of the United States Constitution.

### 2.    The Insurers' Experts and Consultants Should Not Have to Turn Over Executed Confidentiality Agreements to the Debtor.

The Court should also modify the Confidentiality Procedures so that the experts and consultants of the Insurers (or any other Permitted Party that is not otherwise required to disclose retained experts or consultants) may submit their executed Confidentiality Agreement or Acknowledgment Form to the Permitted Party that retained them to hold, rather than providing it

to the Debtor's counsel until they are required to be disclosed Federal Rule of Civil Procedure 26 ("Rule 26").

Under Rule 26, the identity of non-testifying consultants is the subject of attorney work and are not required to be disclosed, while testifying experts must be disclosed, absent a separate stipulation or court order, "at least 90 days before the date set for trial or for the case to be ready for trial."  FED. R. CIV. P. 26(a)(2)(D)(i).  However, the Confidentiality Procedures as currently drafted would require all experts and consultants to be disclosed *upon retention* regardless of when any trial was scheduled or whether any decision has been made about whether they will be offered for testimony in connection therewith.

Under the current Confidentiality Procedures, each Permitted Party must disclose the identity of their experts and non-testifying consultants immediately by sending a Confidentiality Agreement to the Debtor.  (*See* Bar Date Order, ¶ 7(c).)  However, for Insurers and other Permitted Parties that are not otherwise required to disclose their experts and consultants upon retention, this would impose an unfair disadvantage by forcing them to identify themselves to the Debtor's counsel long before any determination is made that they will be used for testimony in connection with any hearing or trial, which would subject them to the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2), incorporated by reference into this Bankruptcy Case pursuant Federal Rule of Bankruptcy Procedure 7026.

For the reasons set forth above, the Certain Insurers request the following changes to paragraph 7(c) of the Bar Date Order (with removed language in red and added language in blue, and with portions relevant to this section of the brief highlighted):

> c.    Sexual Abuse Claim Forms submitted by Sexual Abuse Claimants shall be held and treated as confidential by . . . (ii) the Permitted Parties (as defined below), subject to each Permitted Party executing and returning to the Debtor's counsel a confidentiality

8

~~agreement agreed upon by the Debtor and the Committee or pursuant to further order of this Court~~ an acknowledgement of this Order (an "Acknowledgement Form") substantially in form of Exhibit A attached hereto, provided, however, that executed Acknowledgement Forms for experts or consultants retained by or on behalf of Permitted Parties shall be maintained by counsel to such Permitted Party and need not be provided to the Debtor's counsel absent Court approval upon a showing of good cause.

Finally, the Certain Insurers have attached a proposed Acknowledgement Form, attached as Exhibit A hereto for the Court's consideration.

## C.   The Confidentiality Procedures Should Be Modified So That Entities and Firms May Sign a Single Confidentiality Agreement on Behalf of All Employees.

The Insurers also request that the Court modify the Bar Date Order to revise the proposed Confidentiality Procedures to clarify that a single Confidentiality Agreement may be signed by each firm or entity that will cover the firm or entity as well as its employees, counsel, and experts, as well as administrative vendors providing support services, to avoid placing an unnecessary administrative burden on Insurers and other parties-in-interest.

As currently drafted, the Bar Date Order provides that "[a]ccess to the Sexual Abuse Claim Forms extends only to the individual who executes the confidentiality agreement.  A separate confidentiality agreement must be signed by each individual who seeks access to the record on behalf of a Permitted Party."  (Bar Date Order, ¶ 9.)

As an initial matter, the requirement that every individual who seeks access to Sexual Abuse Claim Forms must sign a Confidentiality Agreement would be less effective and highly burdensome.  Such an onerous requirement is unnecessary to the extent a single person from each firm or entity can sign the Confidentiality Agreement and be required to instruct all employees of the firm or entity who may reasonably be expected to come in contact with a Sexual Abuse Claim Form of the Confidentiality Procedures.

Second, some insurers delegate their claim administration functions a separate entity as part of their ordinary course operations.  Therefore, to the extent the Confidentiality Procedures allow Insurers or their law firms to execute Confidentiality Agreements on behalf of their entity or firm, that authority should be extended to all "Permitted Parties" identified in paragraph 7 of the Bar Date Order, including all "carriers that issued or allegedly issued insurance policies or certificates of coverage to the Debtor" as well as their "successors," "reinsurers," "retrocessionaires," "reinsurance intermediaries," "claim administrators," and "attorneys" (collectively, the "Insurer Permitted Parties").  (*See* Bar Date Order, ¶ 7(d)(iv).)

**D.      The Confidentiality Procedures Should Be Modified To Include Administrative Vendors of the Insurers.**

Finally, the Insurer-related entities identified as "Permitted Parties" in paragraph 7(d)(iv) of the Bar Date Order (and identified as the Insurer Permitted Parties herein) should be expanded to include administrator vendors of the Insurers for, among other things, processing payments of claims, providing IT support services, and providing litigation support services.  It would be absurd to require *every single employee* of a Permitted Parties' copy service vendor who might see a claimant's name to individually sign a confidentiality agreement (including anyone who processes a payment for a claimant and anyone in IT who may have to fix a computer system).  The burdensome requirement (on Insurers and potentially other parties-in-interest) goes well beyond the intended scope of the Confidentiality Procedures and what is required by either the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

Allowing authorized parties to sign confidentiality agreements on behalf of the entities they represent is a common practice in federal courts.  *See e.g.*, *Henessey Food Consulting LLC v. Prinova Sols., LLC*, No. 5:20-CV-806 (FJS/TWD), 2022 U.S. Dist. LEXIS 8854, at *6 (N.D.N.Y. Jan. 18, 2022); *XP Glob., Inc. v. AVM, L.P.*, No. 16-cv-80905-BB, 2018 U.S. Dist. LEXIS 6002,

at *11 (S.D. Fla. Jan. 10, 2018) ("parties executed a 'Mutual Confidentiality Agreement' . . . with [defendant's general counsel] signing for Defendant and [the plaintiff's principal] signing for Plaintiff.").

Thus, to avoid unnecessary burdens, the Insurers propose that paragraph 7(d)(iv) be modified to read as follows (with removed language in red and added language in blue):

> (d)    ***"Permitted Parties"*** means . . . (iv) carriers that issued or allegedly issued insurance policies or certificates of coverage to the Debtor or their successors, reinsurers, retrocessionaires, and reinsurance intermediaries, claim administrators for such carriers, ~~and~~ their attorneys, and administrative vendors for, among other things, processing payments of claims, providing IT support services, and providing litigation support services;

Additionally, paragraph 9 should be modified to read as follows (with removed language in red and added language in blue):

> Access to Sexual Abuse Claim Forms extends only to (i) entities and firms who are Permitted Parties and have executed the Acknowledgement Form through an authorized representative; or to (ii) any ~~the~~ individual who executes the confidentiality agreement. Persons employed by Permitted Parties may access Sexual Abuse Claim Forms if an authorized representative of the Permitted Party has executed an Acknowledgement Form in which the Permitted Party agreed to inform all employees who might reasonably come in contact with Sexual Abuse Claim Forms of the Confidentiality Procedures. ~~A separate confidentiality agreement must be signed by each individual who seeks access to the record on behalf of a Permitted Party.~~

The proposed language strikes a delicate balance between protecting the privacy of abuse claimants while also avoiding an unnecessary administrative burden upon the Insurers and other parties-in-interest.

**E.    The Bar Date Order Should Include Carve Outs for Information Contained Within Sexual Abuse Claim Forms That Is Otherwise Accessible Pursuant to Section 107.**

Finally, the Certain Insurers request that the Court include text stating that information contained within Sexual Abuse Claim Forms that is otherwise publicly accessible shall not be

11

subject to any restrictions within the Confidentiality Procedures as is normally done in protective orders.

Such a carve out, which would exclude information contained within Sexual Abuse Claim Forms that was known to the Permitted Party prior to being disclosed in the Sexual Abuse Claim Form, is generally available to the public through no act or failure on the part of the Permitted Party, is obtained from a third party under no obligation to maintain its confidentiality, or is developed by the Permitted Party independently without reference to any Sexual Abuse Claim Form.  Under Section 107 of the Bankruptcy Code, the Court's power to deem information as confidential and seal court pleadings is limited to specific categories of information and does not include publicly available information.

For this reason, the Certain Insurers request the inclusion of a footnote at the conclusion of the first sentence of paragraph 7(c) of the Bar Date Order stated the following:

> For purposes of clarity, no information contained within a Sexual Abuse Claim Form shall be subject to the restrictions of these Confidentiality Procedures to the extent such information was known to the Permitted Party prior to being disclosed in the Sexual Abuse Claim Form, or became generally available to the public through no act or failure on the part of the Permitted Party, is obtained from a third party under no obligation to maintain its confidentiality, or developed by the Permitted Party independently without reference to any Sexual Abuse Claim Form.

## IV.   RESERVATION OF RIGHTS

In all events, the Certain Insurers reserve the rights to challenge the validity and amount of any claims (individually or in the aggregate) that are filed or allowed in this case (whether by deemed allowance, judicial determination, or agreement of the parties).  This includes the right to object to proofs of claim in this Court using the claims allowance process, *see* 11 U.S.C. § 502(a) (any party-in-interest may object to proofs of claim), and to dispute in coverage litigation the

Certain Insurers' liability for claims paid and the reasonableness of any settlement reached using claims that are filed or allowed in this case.

In a typical diocese chapter 11 case, the bar date is used to facilitate negotiation of a consensual chapter 11 plan, establishing a trust to pay all claimants pursuant to a Trust Distribution Plan or Allocation Protocol. The proofs of claim should have no collateral estoppel, waiver, estoppel, *res judicata*, or other effect on the Certain Insurers regarding any insurance coverage obligations under the terms and conditions of the relevant insurance contracts. Nor should any findings of fact or conclusions of law in the context of this chapter 11 case—based in whole or in part on such allowance—constitute or be deemed to constitute a trial or hearing on the merits or an adjudication, settlement, or judgment of any individual or group of claims, nor shall it bind, nor accelerate the obligations, if any, of, any insurer under its insurance policies or otherwise.

Pre-petition, the primary Insurers with duties to defend had been defending and indemnifying the Debtor under a reservation of rights. The Certain Insurers have no indemnity obligations under the policies unless there is an actual trial or settlement entered into in accordance with policy conditions requiring, among other things, that the insured cooperate, allow the Insurers to associate in the defense, and provide notice and claim information. To ensure that the policyholder bankruptcy does not alter the Insurers' state-law contract rights or obligations (which it could not do, as bankruptcy cannot modify the terms of existing contracts), chapter 11 plans in other cases have included "insurance neutrality" language making clear that allowance of claims is not binding on third-party insurers and that neither such claims nor other bankruptcy court orders alter or abridge any contractual rights or obligations.

The Insurers recognize that inclusion of similar insurance neutrality language could await the plan confirmation process but reserve all rights and defenses, and nothing contained herein should be construed as a waiver or admission as respects such rights and defenses.

## V.    <u>**CONCLUSION**</u>

For the reasons set forth herein, the Court should modify the proposed Confidentiality Procedures contained within the Bar Date Order as set forth herein.

*[Remainder of page intentionally left blank]*

Respectfully submitted, this 13th day of November, 2023.

By: _/s/ David K. Roberts_
**O'MELVENY & MYERS LLP**
Tancred Schiavoni, Esq. (*pro hac vice in process*)
Adam P. Haberkorn, Esq. (*pro hac vice in process*)
David K. Roberts
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: 212-326-2000
tschiavoni@omm.com
ahaberkorn@omm.com
droberts2@omm.com

*Counsel to Pacific Employers Insurance Company and Federal Insurance Co.*

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], am (    ) an authorized representative of _____ [print

or type name of Permitted Party] or (    ) am executing this agreement in my individual capacity,

and declare under penalty of perjury that I have read in its entirety and understand the

confidentiality procedures (the "Confidentiality Procedures") contained in paragraphs 7-9 of the

*Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Claim*

*Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality*

*Procedures* that was issued by the United States Bankruptcy Court for the District of Maryland on

[date] in the case of *In re: Roman Catholic Archbishop of Baltimore*, Chapter 11 Case No. 23-

16969-MMH (the "Protective Order"). I agree to comply with and to be bound by all the terms of

this Protective Order, and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. If I am agreeing to this Protective

Order in my capacity as the authorized representative of a Permitted Party, I agree that the

Permitted Party will comply with and be bound by all the terms of this Protective Order and will

inform all of its employees that it reasonably anticipates will come in contact with Sexual Abuse

Claim Forms of the Confidentiality Procedures. I further understand and acknowledge that failure

to so comply could expose the Permitted Party to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information or item that

is subject to this Order to any person or entity except in strict compliance with the provisions of

this Protective Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the

District of Maryland for the purpose of enforcing the terms of the Protective Order, even if such

enforcement proceedings occur after termination of this Chapter 11 Case.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of November 2023, a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF e-filing system on all parties of record:

Blake D. Roth, Esquire: blake.roth@hklaw.com
Catherine Keller Hopkin, Esquire: chopkin@yvslaw.com
Hugh M. (UST) Bernstein, Esquire: hugh.m.bernstein@usdoj.gov
Gary R. Greenblatt, Esquire: grg@cooncolelaw.com
Marc E. Shach, Esquire: mes@cooncolelaw.com
Andrew D. Freeman, Esquire: adf@browngold.com
Anthony May, Esquire: AMay@browngold.com
Geoffrey Grivner, Esquire: geoffrey.grivner@bipc.com
Nathan D. Adler, Esquire: nda@nqgrg.com
Diane C. Bristow, Esquire: dcb@nqgrg.com
Tyler N. Layne, Esquire: Tyler.Layne@hklaw.com
Christopher Scott Kunde, Jr., Esquire: scott.kunde@hklaw.com
Steven J Kelly, Esquire: skelly@gelaw.com
Nicholas R. Miller, Esquire: nick.miller@hklaw.com
Timothy P. Palmer, Esquire: timothy.palmer@bipc.com
Gordon Z. Novod, Esquire: gnovod@gelaw.com
Philip Tucker Evans, Esquire: philip.evans@hklaw.com
Megan Harmon, Esquire: megan.harmon@bge.com
Richard L. Costella, Esquire: rcostella@tydings.com
Alan M. Grochal, Esquire: agrochal@tydings.com
Robert T. Kugler, Esquire: robert.kugler@stinson.com
Edwin H. Caldie, Esquire: ed.caldie@stinson.com
Andrew J. Glasnovich, Esquire: drew.glasnovich@stinson.com
Nicole Khalouian, Esquire: nicole.khalouian@stinson.com
Hannah Berny, Esquire: Hannah.berny@hklaw.com
Monique Almy, Esquire: MAlmy@crowell.com
Miranda H. Turner, Esquire: MTurner@crowell.com
Mark D. Plevin, Esquire: MPlevin@crowell.com
Irving E. Walker, Esquire: iwalker@coleschotz.com
J. Michael Pardoe, Esquire: mpardoe@coleschotz.com
Robert K. Jenner, Esquire: rjenner@jennerlawfirm.com

/s/ *Adam P. Haberkorn*
Adam P. Haberkorn, Esq.

4866-4068-5200.3