IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:

**THE ROMAN CATHOLIC
ARCHBISHOP OF BALTIMORE**

Debtor.

Case No.: 23-16969-MMH

Chapter 11

**THE UNITED STATES TRUSTEE'S OBJECTION TO
WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b)
WITH RESPECT TO DEBTOR'S INVESTMENT ACCOUNTS**

David W. Asbach, Acting United States Trustee for Region 5 (the "United States Trustee"), pursuant to 11 U.S.C. § 345, files this Objection to Debtor, the Roman Catholic Archbishop of Baltimore's (the "Debtor") request for a waiver of 11 U.S.C. § 345(b)'s requirements with respect to its investment accounts, and as grounds therefor, states as follows:

**INTRODUCTION**

Debtor maintains substantial funds constituting property of the estate in various accounts which invest those funds in various mutual funds, stocks and bonds. This, of course, places those funds at risk of institutional failures and the volatility of the stock market. It is for this very reason that Section 345(b) of the Bankruptcy Code requires such investments be protected by the posting of a bond.

Here, however, Debtor seeks a waiver of that bonding requirement. Such a waiver

is unwarranted and puts estate funds, and creditors' potential recovery, at needless undue risk.

For reasons stated above, and discussed more fully below, the Court should deny that request and require Debtor to comply with Section 345(b).

## STATUTORY BACKGROUND

To protect estate funds against loss, Section 345(b) of the Bankruptcy Code places strict limitations upon how a debtor may invest funds constituting property of the estate.  11 U.S.C. § 345(b).  Pursuant to Section 345, unless the investments are insured or guaranteed by the United States or backed by the full faith and credit of the United States, then absent a waiver by the Court, the entity with whom the funds are invested must provide:

(a)    a bond in favor of the United States[1]; or

(b)    securities of the type specified in 31 U.S.C. § 9303.[2]

11 U.S.C. § 345(b).

## RELEVANT FACTS AND BACKGROUND

Debtor commenced this Chapter 11 case on September 29, 2023.  (*See* Doc. 1.)  At the time of filing, Debtor had 11 investment accounts maintained with PNC Bank or

---

[1] The bond must meet specific criteria set forth in Section 345(b).

[2] 31 U.S.C. § 9303 permits the provision of "eligible obligations" in lieu of a surety bond.  That statute requires any eligible obligation to be of equal or greater value than the amount of the required bond and must be deposited with the Secretary of the Treasury, the Federal Reserve Bank, or a depository designated by the Secretary of the Treasury.

affiliates of PNC Bank (the "Investment Accounts").   (*See* Ex. D to Debtor's Cash Management Motion,[3] Doc. 15-4; for the Court's convenience, a copy is attached hereto as Exhibit 1.)   The funds in the Investment Accounts are invested in various mutual funds, publicly traded stocks, non-publicly traded stocks, government bonds, corporate bonds and other negotiable and non-negotiable instruments.   (*See* Schedules, Doc. 146 at 19-21.)   On the petition date, the Investment Accounts contained approximately $350,000,000. (*See* Ex. 1.)   According to Debtor, approximately $291,000,000 of this is not estate funds, while $59,000,000 is.   (*See* Statement of Financial Affairs, Doc. 145, at 32.)

In the Cash Management Motion Debtor requested that the Court waive the requirements of Section 345(b) with respect to the Investment Accounts.   (*See* Doc. 15 at ¶¶ 37-42.)   The Court granted the requested waiver on an interim basis on October 3, 2023. (*See* Doc. 44 at ¶ 14.)   The Court granted the waiver on a final basis on November 6, 2023. (*See* Doc. 174 at ¶ 13.)   However, the Final Order reserved the United States Trustee's right to request compliance with Section 345(b) though December 4, 2023.   *Id.*

## **ARGUMENT**

As noted above, a Court may waive the requirements of Section 345(b) for "cause." In determining whether cause exists, courts have examined the totality of the circumstances.

---

[3] The full name of the Cash Management Motion is "Debtor's Emergency Motion For Entry Of Interim And Final Orders: (I) Authorizing Continued Use Of Existing Cash Management System And Bank Accounts; (II) Extending The Time To Comply With, Or Seek A Waiver Of, Certain United States Trustee Requirements And Section 345(b) Of The Bankruptcy Code; (III) Authorizing The Debtor To Continue Existing Deposit Practices; (IV) Authorizing The Debtor To Maintain Investment Practices; (V) Authorizing The Debtor's Continued Use Of Credit Cards; And (VI) Granting Related Relief."

*See In re Ditech Holding Corp.*, 605 B.R. 10, 17 (Bankr. S.D.N.Y. 2019); *In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999). As part of this analysis, courts have considered the following factors:

1. The sophistication of the debtor's business;

2. The size of the debtor's business operations;

3. The amount of investments involved;

4. The bank ratings (Moody's and Standard and Poor) of the financial institutions where debtor-in-possession funds are held;

5. The complexity of the case;

6. The safeguards in place within the debtor's own business of insuring the safety of the funds;

7. The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

8. The benefit to the debtor;

9. The harm, if any, to the estate; and

10. The reasonableness of the debtor's request for relief from § 345(b) requirements in light of the overall circumstances of the case.

*See In re Serv. Merch. Co., Inc.*, 240 B.R. at 896.

The Debtor has not addressed some of the factors identified by the *Serv. Merch.* court, including most importantly, Debtor's ability to reorganize if a financial institution holding the Debtor's funds fails or the stock market crashes. Indeed, within the past year, there have been substantial bank failures, including Silicon Valley Bank, Signature Bank and First Republic Bank. (*See https://www.fdic.gov/bank/historical/bank/bfb2023.html.*) Just last month, Citizens Bank failed. *Id.* Similarly, the stock market has been extremely

- 4 -

volatile in recent years.   For example, the S&P 500 index gained 20.56% in the first seven months of 2023, but by the end of October, had lost half of that.    (*See* https://www.usbank.com/investing/financial-perspectives/market-news/is-a-market-correction-coming.html.)  Indeed, 2022 was considered a "bear" market.  *Id.*  Additionally, the Federal Reserve has raised interest rates precipitously in the past year, negatively impacting the stock market and it is quite possible rates will continue to rise.  Given the size of the investments and the substantial unclarity in the current markets and banking world, there is a significant risk to the estate.

According to Debtor, in order to comply with Section 345(b), it "would need to (a) arrange for the withdrawal of its investments, (b) hire new personnel or a third-party investment manager to oversee such investments, and (c) establish multiple new accounts to trade the securities and associated controls and procedures."  (*See* Doc. 15 at ¶ 41.)  But, none of this is required.  All that is required is that a bond be posted to protect the funds in the Investment Accounts.[4]

Accordingly, the United States Trustee objects to the continued waiver of the requirements of Section 345 because the Debtor has failed to provide sufficient evidence that supports a finding that cause exists for this waiver and this waiver puts substantial estate property, and in turn, the creditors, in substantial risk of loss.  The bonding requirement of

---

[4] Section 345(b) requires that the entity with whom the funds are invested post the bond.  The United States Trustee is willing to allow for a waiver of that portion of Section 345(b) so as to allow for the Debtor to post the bond.

Section 345(b) would not unduly burden the Debtor. Rather it will protect estate funds as Congress envisioned.

## CONCLUSION

For the reasons stated above, the Court should deny Debtor's request to waive the requirements of 11 U.S.C. § 345(b) with respect to the Investment Accounts.

David W. Asbach
Acting United States Trustee for Region 5

Date: December 1, 2023                              By: /s/ *Hugh M. Bernstein*
Hugh M. Bernstein
(Fed. Bar No.: 23489)
United States Department of Justice
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201
(410) 962-4300
hugh.m.bernstein@usdoj.gov

Attorney for the United States Trustee

- 6 -

## CERTIFICATE OF SERVICE

**I HEREBY FURTHER CERTIFY** that according to the Court's ECF records,

electronic notice of this motion should be provided to the following persons:

- **Nathan D. Adler**    nda@nqgrg.com, terry@nqgrg.com
- **Monique D. Almy**    malmy@crowell.com, cbest@crowell.com
- **Monique Desiree Almy**    malmy@crowell.com, cbest@crowell.com;malmy@ecf.axosfs.com;monique-almy-7127@ecf.pacerpro.com
- **Philip D. Anker**    philip.anker@wilmerhale.com, Yolande.Thompson@wilmerhale.com
- **Gary Bahena**    garybahena@bahenalaw.com
- **Hugh M. (UST) Bernstein**    hugh.m.bernstein@usdoj.gov
- **Diane C. Bristow**    dcb@nqgrg.com, Phyllis@nqgrg.com
- **Edwin H Caldie**    ed.caldie@stinson.com, jess.rehbein@stinson.com
- **Richard L. Costella**    rcostella@tydings.com, jmurphy@tydings.com
- **Philip Tucker Evans**    philip.evans@hklaw.com, kimi.odonnell@hklaw.com;hapi@hklaw.com
- **Andrew Freeman**    adf@browngold.com, khill@browngold.com;ldyson@browngold.com
- **Andrew Glasnovich**    drew.glasnovich@stinson.com
- **Gary R. Greenblatt**    grg@cooncolelaw.com, cmhare@mehl-green.com;cmh@cooncolelaw.com;mes@cooncolelaw.com;grgreen@mehl-green.com
- **Geoffrey Grivner**    geoffrey.grivner@bipc.com, donna.curcio@bipc.com
- **Alan M. Grochal**    agrochal@tydingslaw.com, jmurphy@tydingslaw.com
- **Megan Harmon**    megan.harmon@bge.com
- **Catherine Keller Hopkin**    chopkin@yvslaw.com, pgomez@yvslaw.com;kreese@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@gmail.com;hopkincr39990@notify.bestcase.com;schroppjr39990@notify.bestcase.com
- **Robert Keith Jenner**    rjenner@jennerlawfirm.com
- **Steven J Kelly**    skelly@gelaw.com, vbeal@gelaw.com,gnovod@gelaw.com,4523903420@filings.docketbird.com
- **Nicole Khalouian**    nicole.khalouian@stinson.com
- **Robert T Kugler**    robert.kugler@stinson.com
- **Christopher Scott Kunde**    scott.kunde@hklaw.com
- **Anthony May**    amay@browngold.com
- **Gordon Z. Novod**    gnovod@gelaw.com
- **Timothy P. Palmer**    timothy.palmer@bipc.com

- **Mark David Plevin    mplevin@crowell.com**
- **David Kendall Roberts    droberts2@omm.com, dave-roberts-9007@ecf.pacerpro.com**
- **Annette Rolain    arolain@ruggerilaw.com**
- **Blake Daniel Roth    blake.roth@hklaw.com, annmarie.jezisek@hklaw.com**
- **James Pio Ruggeri    jruggeri@ruggerilaw.com**
- **US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV**
- **Irving Edward Walker    iwalker@coleschotz.com, jdonaghy@coleschotz.com;pratkowiak@coleschotz.com**
- **Joshua D Weinberg    jweinberg@ruggerilaw.com**

And that further notice is being provided to all required parties by Epiq Corporate Restructuring, LLC

/s/  *Hugh M. Bernstein*
Hugh M. Bernstein