Entered: January 16th, 2024
Signed: January 16th, 2024

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

In re:

ROMAN CATHOLIC ARCHBISHOP OF
BALTIMORE,

                Debtor.[1]

Chapter 11

Case No. 23-16969-MMH

### ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING SEXUAL ABUSE CLAIM SUPPLEMENT; (III) APPROVING FORM AND MANNER OF NOTICE; AND (IV) APPROVING CONFIDENTIALITY PROCEDURES

Upon consideration of the motion (the "***Motion***")[2] for entry of an order (this "***Order***")

(a) establishing deadlines for the filing of proofs of claim in this case, (b) approving a supplemental

form (the "***Sexual Abuse Claim Supplement***") for voluntary inclusion with proofs of claim filed

by claimants asserting claims arising from sexual abuse (such proofs of claim, a "***Sexual Abuse***

***Proof of Claim***"), (c) approving the form and manner of the proposed notices of the Claims Filing

Deadline and Sexual Abuse Claim Supplement, and (d) approving procedures enabling claimants

asserting a sexual abuse claim (the "***Survivors***") to file Sexual Abuse Proofs of Claim

confidentially, all as more fully set forth in the Motion; and upon finding the Court has jurisdiction

over this matter, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order 2012-05* from the

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

United States District Court for the District of Maryland; and upon finding venue is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409; and upon finding this is a core proceeding, pursuant to 28 U.S.C. § 157(b); and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and no other or further notice is necessary or required; and the Court having reviewed the Motion and having considered the parties' statements regarding the relief requested therein at the hearings on December 18, 2023, and January 12, 2024, before the Court (collectively, the "*Hearings*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted in this Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      **General**.[3] The Motion is hereby GRANTED as set forth herein.

2.      **Approval of Forms and Notices**. The Sexual Abuse Claim Supplement, the Sexual Abuse Claims Deadline Notice, and the Publication Notice, substantially in the forms attached to this Order as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3**, are approved. The confidentiality agreement attached to this Order as **Exhibit 4** is approved (the "*Confidentiality Agreement*"). All references to "proof of claim form" herein are to Official Bankruptcy Form 410.

3.      **Claims Filing Deadline**. The last day for any creditor that is not a governmental unit to file a timely proof of claim in this case is **May 31, 2024** (the "*Claims Filing Deadline*").

---

[3] The paragraph headings used in this Order are for reference purposes only and are not substantive in nature.

This deadline applies to all persons, including Survivors, and entities, other than governmental units.

4.     **<u>Governmental Unit Claims Filing Deadline</u>**. The last day for any governmental unit to file a timely proof of claim is **<u>June 28, 2024</u>**.

5.     **<u>Survivor Proofs of Claim</u>**. Persons asserting a claim (as defined in section 101(5) of the Bankruptcy Code) resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual offense as laid out in Subtitle 3 of Title 3 of the Maryland Statutes as well as any sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance, and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Debtor or any other person or entity for whose acts or failure to act the Debtor is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, volunteers, parishes, schools, or other entities related to the Debtor (such claims, "***Survivor Claims***") shall file a proof of claim form.

A proof of claim form submitted by a Survivor should include sufficient information to substantiate a Survivor Claim. **The failure to provide sufficient information to substantiate a Survivor Claim may be a basis for an objection to such Survivor Claim or otherwise result in a formal request for more information.** A Survivor may provide such information by

completing (and attaching to the proof of claim form) a Sexual Abuse Claim Supplement, substantially in the form attached to this Order as **Exhibit 1**. Alternatively, a Survivor may provide such information by including in the proof of claim form or an attachment thereto information substantially similar to the information requested by the Sexual Abuse Claim Supplement. A proof of claim form submitted by a Survivor with accompanying supplemental information is referred to herein as a "***Survivor Proof of Claim***."

For the avoidance of doubt, to be deemed timely filed, a Survivor need only submit a completed proof of claim form by the Claims Filing Deadline. **Nevertheless, each Survivor is encouraged also to provide sufficient information to substantiate a Survivor Claim, such as by including with the proof of claim form a Sexual Abuse Claim Supplement *or* information substantially similar to the information requested by the Sexual Abuse Claim Supplement.**

The filing of a timely proof of claim form with sufficient supporting information is the first step for all claims, including Survivor Claims, in a bankruptcy case. Any claim, including Survivor Claims (even those providing sufficient supporting information, whether through a Sexual Abuse Claim Supplement or otherwise) may be subject to objections or requests for discovery during the claims administration process.

6. **Maintenance of Survivor Proofs of Claim**. Epiq shall: (a) maintain a copy of each Survivor Proof of Claim, including any Sexual Abuse Claim Supplement or similar supplemental information, in electronic form in accordance with the confidentiality procedures outlined below; (b) assign each Survivor Proof of Claim a number; and (c) list that number on the public docket without any name or identifier and without a link to the Survivor Proof of Claim.

7. **Procedures for Submitting Survivor Proofs of Claim and Confidentiality**. All Survivor Proofs of Claim shall be submitted pursuant to the following confidentiality procedures:

a.      Survivors shall mail, hand deliver, or electronically submit to Epiq their completed Survivor Proof of Claim, as follows:

    i.  ***If by First Class Mail:***

       Roman Catholic Archbishop of Baltimore,
       Claims Processing Center
       c/o Epiq Corporate Restructuring, LLC
       P.O. Box 4420
       Beaverton, OR 97076-4420

    ii.  ***If by Hand Delivery or Overnight Mail:***

       Roman Catholic Archbishop of Baltimore,
       Claims Processing Center
       c/o Epiq Corporate Restructuring, LLC
       10300 SW Allen Blvd.
       Beaverton, OR 97005

    iii.  ***If Electronically:***

       By utilizing the website established by the Claims Agent, using the interface available on such website located at https://dm.epiq11.com/RCABaltimore (the "***Electronic Filing System***") and following the instructions provided.

Survivor Proofs of Claim will be deemed filed only when actually received at the addresses listed above or via the Electronic Filing System For Survivor Proofs of Claim submitted electronically, e-signatures and conformed signatures preceded by "/s/" will be deemed valid and considered the same as an original.

b.      Survivor Proofs of Claim maintained by Epiq will not be available for viewing or copying, except as permitted under paragraph 7.c. of this Order, unless otherwise ordered by the Court. This confidentiality procedure is for the benefit of the Survivors. Accordingly, Survivors may elect to make any of the information contained in a Survivor Proof of Claim public, even if they elected to file the Survivor Proof of Claim confidentially. If a Survivor affirmatively indicates that their Survivor Proof of Claim is to be made public by utilizing the Sexual Abuse Claim Supplement or otherwise, that Survivor Proof of Claim will be added to the public claims register. In all other circumstances, the applicable Survivor Proof of Claim shall not be made public. If a Survivor Proof of Claim provides in one instance that it is to remain confidential and in another instance it is to be made public, that Survivor Proof of Claim shall be kept confidential.

c.      Survivor Proofs of Claim submitted by Survivors shall be held and treated as confidential by (i) the Debtor[4] and its counsel and (ii) the Permitted Parties (as defined below), subject to each Permitted Party executing and returning to the Debtor's counsel a Confidentiality Agreement; provided, however, that executed Confidentiality Agreements for experts or consultants retained by or on behalf of Permitted Parties shall be maintained by counsel to such Permitted Party and need not be provided to the Debtor's counsel absent Court approval upon a showing of good cause; and provided further, however, that if an adverse witness who is a Permitted Party receives information that is treated as confidential under this Order and/or the Confidentiality Agreement and declines to execute a Confidentiality Agreement, that adverse witness shall nonetheless be bound by the terms of this Order and the Confidentiality Agreement and shall be so advised prior to receiving any confidential information. All parties with access to the Survivor Proofs of Claim shall agree to keep the information provided in the Survivor Proofs of Claim confidential (unless the Survivor elects otherwise). Permitted Parties may obtain copies of the Survivor Proofs of Claim, in accordance with the terms of the Confidentiality Agreement only from counsel for the Debtor and shall not seek or obtain such documents from Epiq.

d.      "*Permitted Parties*" means: (i) counsel or financial advisor for the Debtor; (ii) officers and employees of the Debtor who are necessary to assist the Debtor and its counsel address issues with respect to sexual abuse claims; (iii) counsel or financial advisor for the Committee; (iv) carriers that issued or allegedly issued insurance policies or certificates of coverage to the Debtor or their successors, reinsurers, retrocessionaires, and reinsurance intermediaries, claim administrators for such carriers, and their attorneys; (v) Epiq; (vi) any mediator, special arbitrator, or claims reviewer appointed by the Court to review and resolve sexual abuse claims; (vii) any trustee appointed to administer payments to Survivors; (viii) authorized representatives of a department of corrections with respect to a sexual abuse claim by a Survivor who is incarcerated, but only to the extent such disclosure is authorized under applicable non-bankruptcy law; (ix) members of the Committee and their personal counsel (but only after the Survivor Proof of Claim has been redacted to remove the Survivor's personal identification information); (x) law enforcement in the city or county where the sexual abuse claim arose; (xi) auditors of the United States Conference of Catholic Bishops charged with preparing annual audits of diocesan compliance with the Charter for the Protection of Children and Young People; (xii) each parish identified in a Survivor Proof of Claim and the following personnel from each identified parish: (A) the pastor, (B) the parish's corporators, (C) the chairperson of the finance council, (D) the business administrator of the parish, and (E) attorneys serving as counsel for the parish; (xiii) each principal of and counsel for any school identified in a Survivor Proof of Claim; (xiv) the Court and Court personnel; (xv) witnesses, in preparation for or in course of depositions, hearings, or any trial in connection with the claim or this chapter 11 case; (xvi) upon a motion, any other person the Court determines

---

[4] Notwithstanding the confidential treatment of any Survivor Proofs of Claim, as required by the Md. Family Law Code Ann. § § 5-701 et seq., and the Debtor's Child and Youth Protection policies, any Survivor Proof of Claim received by the Debtor involving a claim of childhood sexual abuse will be reported by the Debtor to appropriate law enforcement and civil authorities and the Archdiocese's Office of Child and Youth Protection as Survivor Proofs of Claim are received by the Debtor. The Debtor and its Office of Child and Youth Protection will also use information from the Survivor Proofs of Claim to comply with its policies to investigate and/or take appropriate personnel or other action in connection with allegations of child sexual abuse.

should have information in order to evaluate sexual abuse claims; and (xvii) any expert or consultant retained by any of the foregoing Permitted Parties.

e.      Permitted Parties and their attorneys shall be authorized to review Survivor Proofs of Claim only upon execution of a Confidentiality Agreement unless otherwise provided in paragraph 7.c. of this Order or other order of the Court, except that the Court and Court personnel shall not be required to execute a Confidentiality Agreement.

f.      For purposes of clarity, no information contained within a Survivor Proof of Claim shall be subject to the restrictions of these confidentiality procedures to the extent such information was known to the Permitted Party prior to being disclosed in the Survivor Proof of Claim, is or was generally available to the public through no act or failure on the part of the Permitted Party, is or was obtained from a third party under no obligation to maintain its confidentiality, or is or was developed by the Permitted Party independently without reference to any Survivor Proof of Claim.

g.      If a dispute arises concerning the scope of confidential information under this Order and/or the Confidentiality Agreement, the Permitted Party asserting that certain information is not or should not be covered by this Order and/or the Confidentiality Agreement may file a motion requesting appropriate relief with the Court on an expedited basis, but shall continue to hold such information in confidence unless and until otherwise ordered by the Court

8.      **Survivor Proofs of Claim and Survivor's Counsel**. In addition to the foregoing, counsel for the Debtor and the Committee are authorized to provide copies of an individual claimant's Survivor Proof of Claim and any other documents filed in connection with the individual claimant's Survivor Proof of Claim to counsel representing such Survivor.

9.      **Access to Survivor Proofs of Claim**. Access to the Survivor Proofs of Claim extends only to: (a) entities and firms who are Permitted Parties and have executed the Confidentiality Agreement through an authorized representative or would otherwise be bound by the terms of this Order and/or the Confidentiality Agreement under paragraph 7.c. of this Order; (b) any individual who executes the Confidentiality Agreement; and (c) the Court and Court personnel. For the avoidance of doubt, persons employed by Permitted Parties may access Survivor Proofs of Claim.

10.  **General Notice Procedures**. As soon as reasonably practicable after the entry of this order, the Debtor shall give notice by United States mail, first-class postage prepaid, or by electronic means, of the Claims Filing Deadline to (a) all known creditors, (b) the United States Trustee for the District of Maryland, (c) all persons and entities that have filed a notice of appearance in this case, and (d) all persons and entities that have previously filed proofs of claim in this Chapter 11 Case.

11.  **Additional Notice Procedures**. As soon as reasonably practicable, but in any event no later than five (5) business days after the entry of this order, the Debtor shall serve by United States mail, first-class postage prepaid, the Sexual Abuse Claims Deadline Notice and the Sexual Abuse Claim Supplement on the United States Trustee and on known Survivors who have:

   a.  filed pending lawsuits against the Debtor alleging that they were sexually abused by employees or agents of the Debtor or by clergy previously assigned to the Debtor or any others for whom the Debtor may be liable;

   b.  made the Debtor aware of any claim that they were sexually abused as a minor by employees or agents of the Debtor or by clergy previously assigned to the Debtor or any others for whom the Debtor may be held liable, including, but not limited to, teachers and volunteers; or

   c.  are otherwise known to the Debtor to be a Survivor through reasonably-ascertainable records and for whom the Debtor has current contact information.

12.  **Service on Survivors**. The service of the Sexual Abuse Claims Deadline Notice and Sexual Abuse Claim Supplement (together, the "***Sexual Abuse Claim Package***") on Survivors shall be accomplished through such Survivors' attorneys, if previously identified as counsel for such Survivor in connection with a sexual abuse claim, and directly on all other known potential Survivors that have been identified and located by the Debtor through reasonably diligent efforts.

13.  **Notice of Web Access**. The Publication Notice and Sexual Abuse Claims Deadline Notice shall include a reference to the website maintained by Epiq

(https://dm.epiq11.com/RCABaltimore) where all claim forms, including the Sexual Abuse Claim Supplement, shall be made available.

14.     **Service on Known and Unknown Creditors**. The service outlined above shall constitute service on all known creditors of the Debtor. All other creditors of the Debtor shall be deemed to be unknown for the purpose of service of notice of the Claims Filing Deadline.

15.     **Publication Notice**. The Publication Notice, substantially in the form attached to this Order as **Exhibit 3**, shall be published as follows:

   a.   once, no later than sixty (60) days prior to the Claims Filing Deadline, in *USA Today* (national edition); and

   b.   three times prior to the Claims Filing Deadline in each of: (i) National Catholic Reporter (National Catholic Publication); (ii) The National Catholic Register (National Catholic Publication); (iii) Catholic Review (Regional Catholic Publication); (iv) Cumberland Times-News (Allegany County Publication); (v) Annapolis Capital (Anne Arundel County Publication); (vi) The Baltimore Sun (Baltimore County and Baltimore City Publication); (vii) The Carroll County Times (Carroll County Publication); (viii) The Frederick News-Post (Frederick County Publication); (ix) Deep Creek Times (Garrett County Publication); (x) The Susquehanna Press (Harford County Publication); (xi) The Howard County Times (Howard County Publication); and (xii) The Herald-Mail Media (Washington County Publication).

16.     **Additional Notice of Sexual Abuse Claims Deadline Notice**. In addition to the Publication Notice, the Debtor shall send copies of the Sexual Abuse Claims Deadline Notice to the above-listed publications and: (a) the Associated Press of Baltimore; (b) local broadcast radio stations: (i) WBAL 1090 AM, (ii) WBAL 101.5 FM, (iii) WIYY 97.9 FM, and (iv) WPOC 93.1 FM; (c) local broadcast television: (i) WBAL-TV 11 (Baltimore) and (ii) WMAR-TV (Baltimore); and (d) each (arch)diocese that directly borders the Archdiocese.

17.     **Additional Posting and Access to Materials**. Within five (5) business days of the entry of the order approving this Motion, the Debtor shall also:

   a.     post the component parts of the Sexual Abuse Claim Package and the deadline for filing proofs of claim on its public website (https://www.archbalt.org/) and the

website maintained on behalf of the Debtor by Epiq (https://dm.epiq11.com/RCABaltimore);

      b.     provide a copy of the Publication Notice and the component parts of the Sexual Abuse Claim Package to Survivors Network of those Abused by Priests and request that it post the same on its website (https://www.snapnetwork.org/); and

      c.     provide a copy of the Publication Notice and the component parts of the Sexual Abuse Claim Package to all counsel known by the Debtor to represent Survivors and request that they post the same on any websites they maintain with respect to Survivors and sexual abuse claims.

18.    **One-Click Link to Certain Forms**. Beginning not later than twenty (20) days after the entry of the Proposed Order and continuing until the Claims Filing Deadline, the Debtor shall provide a one-click link to the general proof of claim form and Sexual Abuse Claims Package on: (a) any Facebook, Instagram, or X (formerly known as Twitter) account maintained by the Debtor in a pinned posting; and (b) to the extent possible through the Debtor's reasonable best efforts, on a Facebook, Instagram, or X (formerly known as Twitter) account maintained by any parish within the geographic bounds of the Archdiocese of Baltimore in a pinned posting.

19.    **Additional Distribution of Materials**. Within two (2) weeks of the service of the Sexual Abuse Claim Package, the Debtor shall provide a copy of the Publication Notice and the component parts of the Sexual Abuse Claim Package to the following offices/entities and request that each recipient publicly post such notice until the expiration of the Claims Filing Deadline: (a) the Maryland Attorney General; (b) the State's Attorney and sheriff's department for each of the counties within the Debtor's geographic area; (c) the Maryland Department of Health's locations within the Debtor's geographical area; and (d) each hospital in the Debtor's geographical area.

20.    **Letter to Parishes**. The Debtor shall send a letter, on the Debtor's letterhead and signed by an officer of the Debtor, to each parish located within the geographic bounds of the Archdiocese of Baltimore requesting: (a) such parish display the Publication Notice and the Sexual Abuse Claims Deadline Notice in a prominent location within every church or school within the

parish; (b) notices be published once a month in the parishes' weekly bulletins until the Claims Filing Deadline; (c) each pastor, canonical administrator, or parochial vicar remind parishioners of the availability of information concerning the Claims Filing Deadline; (d) parishes disseminate the Publication Notice and the Sexual Abuse Claims Deadline Notice by e-mail to their respective distribution lists; and (e) confirmation as to whether the parish has complied with the publication request, including (i) the dates of publication of the notices in the parish's bulletin and (ii) a copy of the parish bulletin including such notice.

21.    **Letter to Schools**. The Debtor will send a letter, on the Debtor's letterhead and signed by an officer of the Debtor to each affiliated school within the geographic bounds of the Archdiocese of Baltimore requesting each school: (a) display the Publication Notice and the Sexual Abuse Claims Deadline Notice in a prominent location within each school, which location should at least include the location(s) in which each school currently displays information on how to report suspected abuse of minors in accordance with the Debtor's Child and Youth Protection Program; and (b) distribute through the school's electronic notification system the Publication Notice and Sexual Abuse Claims Deadline Notice.

22.    **Additional Distributions**. The Debtor will mail a copy of the Sexual Abuse Claims Deadline Notice to all licensed alcohol and addiction treatment centers in the State of Maryland, as identified on the Maryland Department of Health Behavioral Health Administration website (https://health.maryland.gov/bha/Pages/local-jurisdiction.aspx), and to persons identified by counsel for the Committee as licensed therapists presently working with any of the Survivors.

23.    **Announcements Regarding Claims Filing Deadline**. The Debtor shall request that each pastor, canonical administrator, or parochial vicar read a letter from the Archbishop at least two times before the Claims Filing Deadline. The letter shall state that the Archbishop

requested that the letter be read, provide the date of the Claims Filing Deadline, that the Archbishop requests that people inform their family members about the Claims Filing Deadline, and that the filing of a claim may be done confidentially.

24.    **Telephone Number to Ask Questions and Request Information**. Epiq will maintain a telephone number published on its website that may be used to ask questions and request copies of the Sexual Abuse Claim Package.

25.    **Jurisdiction of Court**. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including, but not limited to, the Confidentiality Agreements and any and all disputes arising therefrom, as well as any potential revisions made thereto.

26.    **Conflicts**. In the event of any inconsistency between this Order and any Exhibit to this Order, the provisions of this Order shall govern.

**End of Order**

**EXHIBIT 1**
**SEXUAL ABUSE CLAIM SUPPLEMENT**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969-MMH |
| Debtor.[1] | |

## SEXUAL ABUSE CLAIM SUPPLEMENT

**This Sexual Abuse Claim Supplement is optional, but the Debtor strongly encourages any holder of a sexual abuse claim to complete it to the best of their ability. If you do not complete this Sexual Abuse Claim Supplement or otherwise provide sufficient information to substantiate your claim, your claim may be subject to objection.** Carefully read the instructions included with this Sexual Abuse Claim Supplement and complete ALL applicable questions. You may complete this form and the proof of claim form (Official Form 410) online by logging on to the following website: **https://dm.epiq11.com/RCABaltimore**, clicking on the "File a Claim" link in Case Actions and creating an account. If you do not want to submit this supplement and the proof of claim form electronically, please use blue or black ink, print clearly, and send the **original** to the Debtor's claims and noticing agent at the following address:

| *If by First Class Mail*: | *If by Hand Delivery or Overnight Mail:* |
|---|---|
| Roman Catholic Archbishop of Baltimore, Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4420 Beaverton, OR 97076-4420 | Roman Catholic Archbishop of Baltimore, Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

**THIS SUPPLEMENT IS FOR CLAIMANTS OF SEXUAL ABUSE ONLY.**
**YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

A sexual abuse claim includes, but is not limited to, any claim (as defined in section 101(5) of the Bankruptcy Code) resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual offense as laid out in Subtitle 3 of Title 3 of the Maryland Statutes as well as any sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance, and seeking monetary damages

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Roman Catholic Archbishop of Baltimore, also known as the Roman Catholic Archdiocese of Baltimore (the "**Debtor**"), or any other person or entity for whose acts or failure to act the Debtor is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, volunteers, parishes, schools, or other entities related to the Debtor.

While this Sexual Abuse Claim Supplement is optional, to increase the chances that you will meet your burden to establish your claim under the Bankruptcy Code, you are strongly encouraged to complete this Sexual Abuse Claim Supplement or to otherwise provide information that is substantially similar to the information requested in this supplement. However, the completion of the Sexual Abuse Claim Supplement does not foreclose the filing of objections or requests for discovery.

**THIS SUPPLEMENT SHOULD: (A) BE WRITTEN IN ENGLISH OR INCLUDE A TRANSLATION IF RESPONSES ARE IN A LANGUAGE OTHER THAN ENGLISH; (B) PROVIDE RESPONSES THAT ARE COMPLETE AND ACCURATE TO THE BEST OF YOUR KNOWLEDGE; AND (C) BE SIGNED BY THE SEXUAL ABUSE CLAIMANT, EXCEPT THAT IF THE SEXUAL ABUSE CLAIMANT IS A MINOR, INCAPACITATED, OR DECEASED, THIS SEXUAL ABUSE PROOF OF CLAIM MAY BE SIGNED BY THE SEXUAL ABUSE CLAIMANT'S PARENT, LEGAL GUARDIAN, OR EXECUTOR, AS APPLICABLE. IF THE SEXUAL ABUSE CLAIMANT DIES AFTER THE SUBMISSION OF THIS FORM, BUT BEFORE THE CLAIM IS RESOLVED, NOTIFICATION OF THE DEATH MUST BE PROVIDED AT THE ADDRESS LISTED ABOVE.**

The penalty for presenting a fraudulent claim: fine of up to $250,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152, 3571.

**UNLESS YOU INDICATE OTHERWISE IN PART I BELOW, YOUR IDENTITY WILL BE KEPT STRICTLY CONFIDENTIAL, UNDER SEAL, AND OUTSIDE THE PUBLIC RECORD. HOWEVER, INFORMATION IN THIS CLAIM WILL BE PROVIDED, PURSUANT TO COURT-APPROVED CONFIDENTIALITY GUIDELINES, TO COUNSEL FOR THE COMMITTEE AND OTHER COURT-APPROVED THIRD PARTIES IN ORDER TO EVALUATE THE CLAIM.**

**YOUR CLAIM MAY BE DISPUTED OR HONORED IN WHOLE OR IN PART. THE DEBTOR RESERVES THE RIGHT TO OBJECT OR TO ASSERT OFFSETS OR DEFENSES AGAINST ANY FILED PROOF OF CLAIM.**

## PART I: CONFIDENTIALITY

**THIS SEXUAL ABUSE CLAIM SUPPLEMENT (ALONG WITH ANY ACCOMPANYING EXHIBITS AND ATTACHMENTS) WILL BE MAINTAINED AS CONFIDENTIAL UNLESS YOU EXPRESSLY REQUEST THAT IT BE PUBLICLY**

**AVAILABLE BY CHECKING THE BOX AND SIGNING BELOW. NOTWITHSTANDING THE FOREGOING, AS REQUIRED BY THE MARYLAND FAMILY LAW CODE ANN. §§ 5-701 *ET SEQ.*, AND THE DEBTOR'S CHILD AND YOUTH PROTECTION POLICIES, ANY SEXUAL ABUSE CLAIM SUPPLEMENT RECEIVED BY THE DEBTOR INVOLVING A CLAIM OF CHILDHOOD SEXUAL ABUSE WILL BE REPORTED BY THE DEBTOR TO APPROPRIATE LAW ENFORCEMENT AND CIVIL AUTHORITIES AND THE DEBTOR'S OFFICE OF CHILD AND YOUTH PROTECTION, AND MAY BE USED FOR INVESTIGATION PURPOSES, AS SEXUAL ABUSE CLAIMS ARE RECEIVED BY THE DEBTOR.**

☐ I want my Proof of Claim (along with any accompanying exhibits and attachments) to be kept confidential.

☐ I want my Proof of Claim (along with any accompanying exhibits and attachments) to be made public.

Please verify this election by signing directly below:

Signature: _____

Print Name: _____

## PART II: IDENTIFYING INFORMATION

**A.    Sexual Abuse Claimant**

_____

First Name                M.I.                Last Name                Suffix

Mailing Address (if party is incapacitated, is a minor, or is deceased, please provide the address of the individual submitting the claim; if you are in jail or prison, your current address):

_____

Street Number        Street Name

_____

City                State/Prov.        Zip Code (Postal Code)        Country

Telephone Number:
Home: _____ Work: _____ Cell: _____

Email Address: _____

If you are in jail or prison, your identification number: _____

May we leave voicemails for you regarding your claim:        ☐ Yes        ☐ No

3

May we send confidential information to your email:    ☐ Yes        ☐ No

Birth Date: _____        ☐ Male        ☐ Female
           Month        Day        Year

Last four digits of your Social Security Number:    XXX-XX-_____

Any other name(s) or alias(es) by which you have been known:

**B.      Attorney Information (if applicable)**

_____
Law Firm Name

_____
Attorney's First Name                 Middle Initial                 Last Name

_____
Street Address

_____
City                    State/Prov.                    Zip Code (Postal Code)        County

_____
Telephone No.                    Fax No.                    Email Address

**PART 3: NATURE OF ABUSE**
**(Attach additional separate sheets if necessary)**

**NOTE: IF YOU HAVE PREVIOUSLY FILED A LAWSUIT AGAINST THE DEBTOR IN STATE OR FEDERAL COURT, YOU MAY ATTACH THE COMPLAINT. IF YOU DID NOT FILE A LAWSUIT OR IF THE COMPLAINT DOES NOT CONTAIN ALL OF THE INFORMATION REQUESTED BELOW, YOU MUST PROVIDE THE INFORMATION BELOW.**

1.      Who committed each act of sexual abuse?

_____
_____
_____

2.      What is the position, title, or relationship to you of the individual who committed these acts?

_____
_____
_____

3.      Where did the sexual abuse take place? Please be specific and detail all relevant information that you know, including the City and State, name of the parish or school (if applicable), and/or the names of any other location.

_____
_____
_____

4.      When did the sexual abuse take place?

       a.   Please be as specific as possible. If you can, please indicate the day, month, and year. If you cannot recall the month, please try to recall the season (winter, spring, summer, or fall).

_____

_____

_____

       b.   If you were sexually abused on more than one occasion, please state when the abuse started, when it stopped, and how many times it occurred.

_____

_____

_____

       c.   Please also state your age(s) and your grade(s) in school (if applicable) at the time the abuse took place.

_____

_____

_____

5.      Please describe in as much detail as possible the nature of the sexual abuse. What happened?

_____

_____

_____

_____

_____

_____

_____

6.      Did you tell anyone about the sexual abuse (this would include parents, relatives, friends, anybody affiliated with the Debtor, attorneys, counselors, law enforcement authorities)?

       a.   If "Yes," who did you tell? Please list the name(s) and any contact information you have.

_____

_____

_____

       b.   What did you say?

_____

_____

_____

c.  When did you tell this person or persons about the abuse?

_____

_____

_____

d.  If you know, what did the person or persons do in response?

_____

_____

_____

7.   Were there any witnesses to the sexual abuse described in question (5)? If so, please list their name(s) and any contact information you have, including addresses.

_____

_____

_____

8.   Do you personally know or have reason to believe that the Debtor knew that your abuser was abusing you or others before or during the period when such abuse occurred? If "Yes," please provide all information that supports your conclusion, including the information requested in items 8(a) through 8(e) below.

_____

_____

_____

a.  Who at the Debtor knew that your abuser was abusing you or others?

_____

_____

_____

b.  How did such person or persons at the Debtor learn this information?

_____

_____

_____

c.  When did such person or persons at the Debtor learn this information?

_____

_____

_____

d.  What exactly was the person or persons from the Debtor told or what exactly did they observe?

_____

_____

_____

e.  How did you come to have the information you provided in response to the questions above?

_____
_____
_____

### PART 4: ADDITIONAL INFORMATION

1.  Other than the incident(s) of sexual abuse described in Part 3 above, have you ever been sexually abused by anyone else? If "Yes," please describe this abuse, including the date(s) of the abuse, and identify the abuser (if not by name then by relationship to abuser).

_____
_____
_____
_____
_____

2.  Prior Non-Bankruptcy Claims: Have you previously filed any lawsuit seeking damages for the sexual abuse described in this claim?

     Yes    No (if "Yes," please answer the questions below)

     a.  Where and when did you file the lawsuit?

_____
_____
_____

     b.  Who were the parties to the lawsuit and what was the case number?

_____
_____
_____

     c.  What was the result of that lawsuit?

_____
_____
_____

3.  Prior Bankruptcy Claim: Have you filed any claims in any other bankruptcy case relating to the sexual abuse described in this claim?

     Yes    No (if "Yes," you are required to attach a copy of any completed claim form)

_____
_____
_____

4.      Any Settlements: Regardless of whether a complaint was ever filed against any party because of the sexual abuse, have you settled any claim or demand relating to the sexual abuse described in this claim?

        Yes    No (if "Yes," please describe, including parties to, the settlement and you are required to attach a copy of any settlement agreement)

_____
_____
_____

5.      Bankruptcy: Have you ever filed bankruptcy?

        Yes    No (if "Yes," please provide the following information)

Name of Case:_____        Court: _____

Date Filed:    _____        Case No: _____

Chapter:        7      11      12      13      Name of Trustee: _____


**Date:** _____

**Sign and print your name. If you are signing the claim on behalf of another person or an estate, print your title.**

**Under penalty of perjury, I declare the forgoing statements to be true and correct:**

**Signature:** _____

**Print Name:** _____

**Title:** _____

**EXHIBIT 2**
**SEXUAL ABUSE CLAIMS DEADLINE NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969-MMH |
| Debtor.[1] | |

**NOTICE OF THE DEADLINE FOR TIMELY FILING PROOFS OF CLAIM**
**RELATING TO, OR ARISING FROM, SEXUAL ABUSE**

---

**THIS IS AN IMPORTANT NOTICE.**
**YOUR RIGHTS MIGHT BE AFFECTED.**

**TO ALL PERSONS WITH CLAIMS ARISING FROM SEXUAL ABUSE FOR WHICH**
**THE ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE MAY BE LIABLE:**

**<u>MAY 31, 2024</u>**
**<u>IS THE LAST DATE TO TIMELY FILE</u>**
**<u>PROOFS OF CLAIM FOR SEXUAL ABUSE</u>**

On September 29, 2023, the Roman Catholic Archbishop of Baltimore, also known as the Roman Catholic Archdiocese of Baltimore (the "***Debtor***"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Maryland (the "***Court***"). The Debtor's address, the case number, proof of claim form, and other relevant information related to this chapter 11 case may be obtained at the website maintained by the Debtor's claims and noticing agent (https://dm.epiq11.com/RCABaltimore). Individuals have asserted sexual abuse claims against the Debtor, on account of alleged actions by people and entities associated or alleged to have been associated with the Debtor. Any person who believes that he or she has, or may have, a claim (as defined in section 101(5) of the Bankruptcy Code) resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual offense as laid out in Subtitle 3 of Title 3 of the Maryland Statutes as well as any sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance, and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Debtor or any other person or entity for whose acts or failure

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

to act the Debtor is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, volunteers, parishes, schools, or other entities related to the Debtor should carefully read this notice.

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

### LAST DATE FOR TIMELY FILING

The Court entered an order establishing <u>**May 31, 2024**</u> (the "Claims Filing Deadline") as the last date for each individual with a sexual abuse claim to timely file a proof of claim. All references to "proof of claim" or "proof of claim form" herein are to Official Bankruptcy Form 410. **The Claims Filing Deadline and the procedures set forth below for proofs of claim apply to all sexual abuse claims against the Debtor, based upon alleged acts of sexual abuse occurring prior to September 29, 2023**.

### WHO SHOULD FILE

If you believe that you have a sexual abuse claim against the Debtor or any other person or entity for whose acts or failure to act the Debtor is or was allegedly responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, volunteers, parishes, schools, or other entities related to the Debtor, **you must file a proof of claim form**. A proof of claim form should include sufficient information to substantiate the claim. To provide such information, a claimant wishing to assert a sexual abuse claim may, but is not required to, accompany the proof of claim form with the Sexual Abuse Claim Supplement, substantially in the form included herein, or otherwise provide information substantially similar to the information requested by the Sexual Abuse Claim Supplement (such proof of claim with any additional forms or information provided in support of same, a "***Survivor Proof of Claim***"). You must file a Survivor Proof of Claim to maintain and preserve any claims that you have against the Debtor. Even if you have already filed a lawsuit against the Debtor alleging sexual abuse prior to September 29, 2023, you are still required to file a Survivor Proof of Claim to maintain and preserve your rights in the Debtor's chapter 11 case.

### WHAT TO FILE

**FILE A PROOF OF CLAIM FORM. THE DEBTOR STRONGLY ENCOURAGES YOU TO ALSO FILE A SEXUAL ABUSE CLAIM SUPPLEMENT, A COPY OF WHICH IS ENCLOSED, OR OTHERWISE PROVIDE INFORMATION SUBSTANTIALLY SIMILAR TO THE INFORMATION REQUESTED BY THE SEXUAL ABUSE CLAIM SUPPLEMENT. IF YOU DO NOT PROVIDE SUFFICIENT INFORMATION TO SUBSTANTIATE THE CLAIM, YOUR CLAIM MAY BE SUBJECT TO OBJECTION. ALL INFORMATION PROVIDED IN RESPONSE TO THE SEXUAL ABUSE CLAIM SUPPLEMENT WILL BE KEPT STRICTLY CONFIDENTIAL UNLESS THE CLAIM HOLDER ADVISES OTHERWISE. YOU MAY ALSO OBTAIN A COPY OF THE SEXUAL ABUSE CLAIM SUPPLEMENT BY FOLLOWING THE INSTRUCTIONS BELOW. IN ADDITION, YOU MAY ELECTRONICALLY COMPLETE AND SUBMIT**

2

**A PROOF OF CLAIM AND/OR THE SEXUAL ABUSE CLAIM SUPPLEMENT AT https://dm.epiq11.com/rcabaltimore.**

<u>**PROCEDURES FOR FILING A SURVIVOR PROOF OF CLAIM**</u>

To file a Survivor Proof of Claim, take the following steps:

Fill out a proof of claim form in its entirety and fill out the Sexual Abuse Claim Supplement or otherwise provide information substantially similar to the information requested by the Sexual Abuse Claim Supplement.

For additional copies of the Sexual Abuse Claim Supplement: (a) photocopy the Sexual Abuse Claim Supplement; (b) contact the Debtor's claims and noticing agent at (in the United States) (877) 337-1944 or (outside the United States) +1 (503) 438-3079; (c) visit the Debtor's website at: https://www.archbalt.org/; or (d) visit the website of the Debtor's claims and noticing agent at https://dm.epiq11.com/RCABaltimore.

**Please note that neither the Debtor's staff nor the Debtor's claims and noticing agent is permitted to give legal advice. You should consult your own attorney for assistance regarding any such inquiries.**

Return the completed original proof of claim form and any supporting forms or information to the Debtor's claims and noticing agent via online submission or at the address set forth below by the Claims Filing Deadline. Survivor Proofs of Claim will be deemed timely filed only if they are **actually received** by the Debtor's claims and noticing agent by <u>**May 31, 2024**</u>.

If you are returning a Survivor Proof of Claim by mail, allow sufficient mailing time so that the Survivor Proof of Claim is **received** on or before <u>**May 31, 2024**</u>. Survivor Proofs of Claim that are postmarked before that date, *i.e.*, the Claims Filing Deadline, but which are received by the Debtor's claims and noticing agent after the Claims Filing Deadline, will be considered tardy, and may result in legal consequences.

The filing of a timely proof of claim form with sufficient supporting information is the first step for all claims in a bankruptcy case. Any claim (even those providing sufficient supporting information) may be subject to objections or requests for discovery during the claims administration process.

You may file a claim using the proof of claim form and Sexual Abuse Supplement approved by the court by logging on to the following website: **https://dm.epiq11.com/rcabaltimore**, clicking on the "File a Claim" link in Case Actions and creating an account.

If you do not want to submit your claim electronically, proofs of claim along with the Sexual Abuse Claim Supplement or other supporting information should be delivered to the following address such that they are actually received by May 31, 2024:

| *If by First Class Mail*: | *If by Hand Delivery or Overnight Mail:* |
|---|---|
| Roman Catholic Archbishop of Baltimore, Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4420 Beaverton, OR 97076-4420 | Roman Catholic Archbishop of Baltimore, Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

There may be consequences for failing to file a claim. Please consult your attorney.

## CONFIDENTIALITY

Filed Survivor Proofs of Claim and Sexual Abuse Claim Supplements will remain confidential in this chapter 11 case, unless you elect otherwise. Therefore, the Survivor Proof of Claim and Sexual Abuse Claim Supplement that you file will not be available to the general public, but will be kept confidential, except that information will be provided to the Debtor, the United States Trustee for the District of Maryland, the Debtor's insurers, attorneys for the Committee, any unknown claims representative appointed by the Court, any settlement trustee appointed to administer payments to Sexual Abuse Claimants, prison authorities for any incarcerated Sexual Abuse Claimants, and such other persons as the Court determines should have the information in order to evaluate the sexual abuse claim, all of whom will agree to keep the information provided by you confidential.

**Exhibit 3**
**Publication Notice**

# United States Bankruptcy Court for the District of Maryland

# In re: Roman Catholic Archbishop of Baltimore Case No. 23-16969

## Claims Notice for Victims of Sexual Abuse and Others with Claims Against the Roman Catholic Archbishop of Baltimore

If you were sexually abused by any person or entity connected with the Roman Catholic Archbishop of Baltimore, a Roman Catholic parish or Roman Catholic school within the geographical area of the Roman Catholic Archdiocese of Baltimore, or have any claim against the Roman Catholic Archbishop of Baltimore, you must file a claim by **May 31, 2024**. If you fail to file a timely claim, you may lose the right to assert a claim at a later date.



For more Diocesan information, visit: **https://www.archbalt.org/ or https://dm.epiq11.com/RCABaltimore**

For U.S. Bankruptcy Court for the District of Maryland information, visit: **http://www.mdb.uscourts.gov/**

**EXHIBIT 4**
**CONFIDENTIALITY AGREEMENT**

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("***Agreement***") is made this [_] of [_____] 202[_], by and among the Roman Catholic Archbishop of Baltimore ("***Debtor***"), which is a debtor and debtor in possession in a chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Maryland (the "***Bankruptcy Court***"), which is docketed as case number 23-16969 ("***Bankruptcy Case***"), and [____] (the "***Counterparty***," and with the Debtor each a "***Party***," and collectively the "***Parties***").

### RECITALS

WHEREAS, on September 29, 2023 ("***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("***Bankruptcy Code***") in the Bankruptcy Court, commencing the Bankruptcy Case;

WHEREAS, on October 11, 2023, the Office of the United States Trustee for the District of Maryland appointed the Official Committee of Unsecured Creditors (the "***Committee***");

WHEREAS, the Debtor continues to be in possession of its property and estate and manages its day-to-day business as a debtor in possession;

WHEREAS, this Agreement is intended to facilitate discovery and to eliminate, where possible, disputes between the Parties concerning discovery issues by providing protection for confidential, non-public information; provided, however, this Agreement is not intended to, and should not be construed to, diminish the rights of any Party to have information to which it is entitled, pursuant to any rule or Order of the Bankruptcy Court;

WHEREAS, the Parties desire to enter into this Confidentiality Agreement to set forth their understandings and agreements with respect to access of the Counterparty and the Counterparty's counsel or other professional advisers to the "***Confidential Information***" (as defined below).

### AGREEMENT

The Parties, in consideration of the mutual undertakings set forth expressly in this Agreement and for good and valuable consideration, the receipt and sufficiency of which are expressly acknowledged, agree as follows:

A.    **Definitions.**

For purposes of this Agreement, the following terms have the given definitions:

1.    "***ADR Proceeding***" means any mediation or arbitration proceeding relating to the Debtor's and related parties' insurance coverage for sexual abuse claims or otherwise arising in or out of the Bankruptcy Case.

2.    "***Agents***" means the past, present, and future affiliates, members, managers, agents, servants, employees, representatives, officers, directors, shareholders, partners, heirs, executors, and administrators of a specified Entity. For the purpose of interpreting this Agreement, none of the Parties is an Agent of any other Party.

3.    "***Authorized Recipient***" means: (i) the Parties, including legal counsel for each Party and the staff of said legal counsel; and (ii) the Entities (including their employees) listed in subsections a. through m. below; provided that, as to such Entities listed at subsections a., b., c., e., g., i., j., k., l, and m. of this Section 3, a single natural person who is an Agent of such Entity, shall have executed an Acknowledgement and Agreement to Protect Confidential Information in substantially the form attached to this Agreement as Exhibit A, on behalf of such Entity and its Agents. Each Party and Authorized Recipient shall be responsible for compliance by it and its Agents with this Agreement. For the avoidance of doubt, as to such Entities listed at subsections a., b., c., e., g., i., j., k., l., and m. of this Section 3, any person who is not listed as an Entity or the Agent thereof is not an Authorized Recipient.

a.    third-party administrators, claims administrators, and other representatives and agents of the Parties, to the extent any of the foregoing require access to Confidential Information in the ordinary course of business or for the purpose of assisting in connection with the Bankruptcy Case or any ADR Proceeding;[*]

b.    non-government regulatory agencies and financial institutions, for the purpose of complying with disclosure or reporting requirements of the Parties;

c.    accountants, financial advisors, and tax return preparers for the Parties, for the purpose of complying with disclosure or reporting requirements of the Parties;

d.    auditors, insurers, reinsurers, retrocessionaires, and reinsurance intermediaries of the Parties;

e.    Entities employed or retained by any Party or its attorneys solely for the purpose of the Bankruptcy Case or any ADR Proceeding, including, but not limited to, experts, consultants, their staff, and litigation support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

f.    the Court, Entities employed by the Court (including any court reporter or court reporting agency employed by or acting on behalf of the Court), the jury (if any), government regulatory agencies, and law enforcement,[*] so long as such disclosure complies with Section C of this Agreement;

g.    duly qualified court reporters and videographers hired by an Authorized Recipient for purposes related to the Bankruptcy Case (for the avoidance of doubt a court reporter hired by the Court does not qualify under this subsection (g)) participating in the Bankruptcy Case;

h.    Entities who were the authors or recipients of the documents in the ordinary course

---

[*] Notwithstanding the confidential treatment of any allegation of child sexual abuse contained in a Survivor Proof of Claim Form Supplement or otherwise, as required by the Md. Family Law Code Ann. § § 5-701 et seq., and the Debtor's Child and Youth Protection policies, information received by the Debtor involving a claim of childhood sexual abuse will be reported by the Debtor to appropriate law enforcement and civil authorities and the Archdiocese's Office of Child and Youth Protection as allegations are received by the Debtor. The Debtor and its Office of Child and Youth Protection will also use information to comply with its policies to investigate and/or take appropriate personnel or other action in connection with allegations of child sexual abuse.

of business;

i.    witnesses, in preparation for or in the course of depositions, hearings, or any trial in the Bankruptcy Case;

j.    any neutral mediator or arbitrator appointed by the Court or retained by agreement of the Parties in connection with the Bankruptcy Case or any ADR Proceeding, and such neutral mediator's or arbitrator's staff;

k.    Entities who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties has been given and a reasonable opportunity to object has been had;

l.    legal counsel for any member of the Committee and the staff of said legal counsel for any member of the Committee; and

m.    any Entity that the Parties, upon their mutual written agreement, designate as an Authorized Recipient.

4.    "***Confidential Information***" means all documents, proofs of claim, agreements, records, reports, data, forecasts, projections, business plans, interpretations, audit reports, and all other written, visual, or oral information, including but not limited to, profit and loss statements, balance sheets, comparative results of operations, and explanations related to the foregoing, regardless of the method of memorialization or transmission, concerning: (i) the Debtor and provided by or on behalf of the Debtor in connection with the Bankruptcy Case or any ADR Proceeding; and (ii) all other documents shared with an expectation of confidentiality as they relate to the Debtor or the Bankruptcy Case, including, but not limited to, information regarding survivors of alleged sexual abuse.  For the avoidance of doubt, at no time shall any Non-Confidential Information be deemed Confidential Information.

5.    "***Entity***" means any person, individual, corporation, partnership, association, limited liability company, joint stock company, joint venture, estate, trust, legal representative, unincorporated organization, federal, state, local or foreign government or any governmental or quasi-governmental body or political subdivision or any agency, department, board or instrumentality thereof of any federal, state, local or foreign government, and any successor in interest, heir, executor, administrator, trustee, trustee in bankruptcy, or receiver of any person or entity, or any other legal entity.

6.    "***Non-Confidential Information.***" Notwithstanding any other provision of this Agreement, none of the following shall be considered Confidential Information: (a) information that is or becomes publicly available, other than as a result of acts in breach of either this Agreement  or other confidentiality agreements by a Party or its Authorized Recipients; (b) information that is in the Authorized Recipient's possession prior to disclosure by the Producing Party but not obtained in violation of this Agreement or other confidentiality agreement; (c) information that the Producing Party knows, at the time of disclosure, is in the possession of any Entity who is not a Party to this Agreement and is not subject to any confidentiality or non- disclosure agreement or other legal restriction on disclosure with respect to such information; (d) information that is disclosed to an Authorized Recipient by, or acquired in the ordinary course of business and in good faith from, a third

party who is not, to an Authorized Recipient's knowledge, information or belief, in violation of any confidentiality agreement or this Agreement; (e) information that is independently developed, discovered, or arrived at by an Authorized Recipient without violating this Agreement; or (f) any information which the Court orders not be protected as Confidential Information or as "trade secret or confidential research, development, or commercial information" under section 107(b)(1) of the Bankruptcy Code.  For the avoidance of doubt, "publicly available" information includes, without limitation, any information that may be obtained through a request under the federal Freedom of Information Act, the Maryland Public Information Act, or any similar freedom of information or open records law of any state, territory, or municipality, as well as any information lodged in the publicly searchable or reviewable records of any court or other governmental agency.

7.      ***"Court"*** means the Bankruptcy Court, the United States District Court for the District of Maryland, and any other court that subsequently exercises or is requested to exercise original or appellate jurisdiction over the Bankruptcy Case, any ADR Proceeding, or any portion thereof.

**B.      Provision of Confidential Information.**

The Debtor and the Counterparty (in each such case, a "***Producing Party***") may, from time to time, provide Confidential Information to Authorized Recipients. Except as may otherwise be expressly agreed to in writing by the applicable Producing Party, all Confidential Information is being provided without any representation or warranty, express or implied, on the part of the applicable Producing Party. Neither the Debtor, Counterparty, nor the Authorized Recipients shall be under any obligation to another Party by virtue of this Agreement, except for the matters specifically agreed to in this Agreement.  Nothing in this Agreement shall be deemed to impose any obligation to provide Confidential Information upon the Debtor or the Counterparty, or to abridge, enlarge, or modify the rights of any Party under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.

**C.      Treatment of Confidential Information.**

1.      Except as otherwise provided in this Agreement or order of the Court, Confidential Information will not be disclosed or shown to anyone other than the Authorized Recipients.

2.      No Entity will disclose Confidential Information to any Entity not identified in Section A.3. above, except as provided by this Agreement, without prior written notice of the specific disclosures and Entities involved to the Producing Party.  Such disclosure shall not be made before either: (a) consent by the Producing Party has been obtained or waived in writing; or (b) judicial order, whichever is earlier.

3.      In the event a Party or an Authorized Recipient challenges the designation of any Confidential Information by seeking a Court order, the burden of establishing that such alleged Confidential Information is entitled to protection as Confidential Information shall be on the Party seeking to have the information designated as Confidential Information; provided, however, that such information shall be treated as Confidential Information pending a Court determination of its status.

**D.      Authorized Uses of Confidential Information.**

The Parties, the Authorized Recipients, and any other party in receipt of the Confidential

Information, may use Confidential Information in accordance with this Agreement solely in connection with the Bankruptcy Case and any ADR Proceeding and for disclosure to Authorized Recipients in the ordinary course of business of an Authorized Recipient, and Confidential Information will not be used or employed for the purpose of any other action, use, or proceeding, or for any commercial, business, or other purpose whatsoever. Nothing contained in this Agreement shall prevent a Party or Authorized Recipients from including Confidential Information in any pleading filed with the Court or in any hearing held before the Court; provided, however, that such inclusion of Confidential Information shall be done only if: (a) such Confidential Information is submitted to the Court's chambers marked "Confidential Information," and is filed with the Clerk of the Court under seal; (b) counsel for all Parties is notified in writing of the proposed use of such Confidential Information three (3) business days before such pleading is filed so that the applicable Producing Party may seek appropriate protective relief; and (c) there is no public disclosure unless the filing Party or Authorized Recipients obtains an order of the Court, after notice to all Parties and an *in camera* determination from the Court, on whether the Confidential Information may be publicly disclosed. Notwithstanding the foregoing, Confidential Information may be used if the applicable Producing Party agrees in writing to the proposed use of the Confidential Information.

E.    **Subpoena or Court Order.**

In the event that an Authorized Recipient receives a request to disclose all or any part of the Confidential Information under the terms of a subpoena or other order issued by a court of competent jurisdiction or by another governmental agency, the Authorized Recipient shall, unless prohibited by law, rule or regulation: (a) promptly notify the applicable Producing Party of the existence, terms and circumstances surrounding such a request; (b) consult with the applicable Producing Party on the advisability of taking steps to resist or narrow such request; (c) if disclosure of such Confidential Information is required, furnish only such portion of the Confidential Information as the Authorized Recipient is legally required to disclose; and (d) reasonably cooperate with the applicable Producing Party in its efforts to obtain an order or other reliable assurance that confidential treatment will be accorded to such portion of the Confidential Information that is required to be disclosed. However, Confidential Information may be disclosed without notice to a regulator or self-regulatory authority in the course of such regulator's general examination or inspection.

F.    **Compliance.**

The Parties shall employ reasonable measures to control, consistent with this Agreement, access to the Confidential Information. Consistent with that obligation, the Parties shall ensure that any Authorized Recipients given access to the Confidential Information are informed of the obligations set forth herein.

G.    **Least Restrictive Disclosure; Redaction.**

If a Producing Party discloses a document containing both Confidential Information and Non-Confidential Information, the Producing Party shall identify with reasonable specificity that portion of the document that constitutes Confidential Information, and only the Confidential Information so identified shall be protected from disclosure pursuant to this Agreement. Furnishing a second copy of the document with the Confidential Information redacted shall constitute a reasonable method of identifying Confidential Information.

**H.** **Protected Health Information.**

Notwithstanding any other provision of this Agreement, any information that constitutes Protected Health Information under the Health Insurance Portability and Accountability Act ("*HIPAA*") shall only be disclosed in compliance with applicable provisions of HIPAA.

**I.** **Continuing Obligations.**

The final termination of the Bankruptcy Case or proceedings regarding the Motion and Objection (including exhaustion of any appellate remedies) shall not relieve any person to whom Confidential Information was disclosed from the obligation of maintaining the confidentiality of such Confidential Information in accordance with the provisions of this Agreement.

**J.** **Return of Confidential Material Upon Conclusion of Motion and Objection.**

At the election of the Producing Party, the Parties shall assemble and shall either destroy or return, within the later of ninety (90) days following the closure of the chapter 11 case, the dismissal of the chapter 11 case, or the entry of a final order in all pending adversary proceedings, all items designated as Confidential Information except as provided below. Written verification of destruction shall be given immediately after such destruction, and receipt of material returned to the Producing Party shall be acknowledged in writing. Notwithstanding the foregoing, counsel of record shall be entitled to retain all court papers, deposition transcripts, trial transcripts, exhibits used in affidavits or declarations, at depositions, or at trial, and attorney work product, provided that any such materials containing Confidential Information are maintained in a manner consistent with this Agreement. Insofar as this Agreement restricts the communication or use of the documents or other things produced under this Agreement, this Agreement shall continue to be binding upon the Parties after the conclusion of the proceedings. The Authorized Recipient shall not be required to locate, isolate, and return or destroy e-mails (including attachments to e-mails) that may include Confidential Information. In addition, any Authorized Recipient may retain such Confidential Information as it reasonably believes is required in order to satisfy applicable legal, contractual, ethical, or professional obligations. Any retained Confidential Information shall continue to be protected under this Protective Order. The termination of proceedings does not relieve any Entity to whom Confidential Information was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the terms of this Agreement.

**K.** **Clawback Agreement.**

The Parties recognize that they may inadvertently produce or disclose privileged or protected material in the course of this matter. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production or disclosure of privileged or work-product protected material, including but not limited to documents, electronically stored information, or trial preparation materials, is inadvertent and shall not constitute a waiver of any privilege or protection whatsoever, whether in the Bankruptcy Case, any other federal or state proceeding, or otherwise. The Parties agree that the producing or disclosing Party is hereby deemed to have taken reasonable steps to prevent production or disclosure of privileged or protected material, regardless of any argument or circumstances suggesting otherwise. A Party receiving any such inadvertently produced or disclosed material shall promptly notify the producing or disclosing Party and promptly return such material (and all copies of such material) or certify its destruction, at the producing or disclosing Party's option. "*Destruction*" shall mean that

any paper versions are shredded, that active electronic versions are deleted permanently, and that no effort shall be made to recover versions that are not readily accessible, such as those only recoverable through forensic means.

**L.**     **Remedies.**

In the event of any breach of this Agreement, immediate, substantial, and irrevocable damage may result, and the applicable Producing Party may not be made whole by monetary damages alone. Accordingly, the applicable Producing Party, in addition to any other remedy to which the applicable Producing Party may be entitled, shall be entitled to seek an injunction to prevent breaches of this Agreement, and to seek an order compelling specific performance of this Agreement. Such remedy and any and all other remedies provided herein shall be cumulative and not exclusive and in addition to any other remedies which may exist under this Agreement or otherwise. No failure or delay by any Party in exercising any right, power, defense or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise or the exercise of any right, power, or privilege under this Agreement. The Parties to this Agreement agree to meet and attempt to resolve in good faith any dispute that arises hereunder.

**M.**     **Entire Agreement.**

This Agreement contains the entire agreement and understanding of the Parties with respect to the subject matter of this Agreement, and supersedes all prior agreements, negotiations, representations, and proposals, written and oral, relating to the subject matter of this Agreement. This Agreement may be amended or modified only in a writing executed by the Parties.

**N.**     **Successors.**

This Agreement shall inure to the benefit of, and shall be binding upon, the Parties, their respective successors, and permitted assigns.

**O.**     **Preservation of All Claims and Defenses.**

No action taken in accordance with this Agreement shall be construed to be a waiver of any claim or defense (including lack of jurisdiction) or of any position regarding the discoverability or admissibility of any document into evidence.

**P.**     **Waiver of Jury Trial.**

The Parties to this Agreement expressly agree to the waiver of a trial by jury in any suit, action, or other proceeding whatsoever relating to the enforcement or interpretation of this Agreement and/or the series of transactions contemplated by this Agreement.

**Q.**     **Parties to Bear Own Expenses.**

Except as expressly set forth in this Agreement, each Party shall bear its own costs, expenses, taxes, and other charges whatsoever incurred in connection with the execution and performance of this Agreement. Notwithstanding the foregoing, in the event of a willful breach of this Agreement, the non-breaching party shall be entitled to recover all reasonable costs, including reasonable attorneys' fees, incurred in enforcing the Agreement against such willfully breaching party.

**R.**     **Legal Enforceability.**

If for any reason any provision of this Agreement shall be deemed by a court of competent jurisdiction to be legally invalid or unenforceable, the validity, legality, and enforceability of the remainder of this Agreement shall not be affected and such provision shall be deemed modified to the minimum extent necessary to make such provision consistent with applicable law and, in its modified form, such provision shall then be enforceable and enforced.

**S.**     **Survival of Agreement.**

This Agreement shall survive the termination of the Bankruptcy Case and any ADR Proceeding.  The Court may exercise jurisdiction over any action for enforcement of the provisions of this Agreement, even following the final resolution of the Bankruptcy Case and each ADR Proceeding.

**T.**     **Maintenance of Information.**

The Parties, and Authorized Recipients, shall maintain and may dispose of all Confidential Information in a confidential manner—electronically or otherwise—in accordance with their standard document retention policies and practices.

**U.**     **Choice of Law.**

This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Maryland, without giving effect to the provisions, policies or principles of the laws of the State of Maryland relating to choice or conflict of laws.  Each Party expressly consents to the exclusive jurisdiction of the Bankruptcy Court, with respect to any dispute relating to or arising out of this Agreement.

**V.**     **Counterparts.**

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original.  In that event, in proving this Agreement, it shall only be necessary to produce or account for the counterpart signed by the Party against whom the proof is being presented. Additional Entities may execute this Agreement in the future and, as a result, become Authorized Recipients.

**W.**     **Authority of Signatories.**

Each signature below constitutes an acknowledgment that the signer is the designated and authorized representative of the designated Party.

*[Signature Pages Follow]*

**IN WITNESS WHEREOF,** the Parties have duly executed and delivered this Agreement as of the day and year first above written.

On Behalf of the Debtor

_____
By:
Title:

[Counterparty]

_____
By:
Title:

**EXHIBIT A**
**FORM ACKNOWLEDGMENT**

## ACKNOWLEDGMENT AND AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION

Name:

Address:

1.       I have read and received a copy of the Confidentiality Agreement.

2.       I understand the provisions of the Confidentiality Agreement and shall comply with and be bound by its provisions as an Authorized Recipient (as defined in the Confidentiality Agreement).

3.       If I am executing this Acknowledgement and Agreement on behalf of an Entity that is an Authorized Recipient, I am authorized to do so on its behalf, and I acknowledge that each and every Agent of such Entity is fully bound by the provisions of the Confidentiality Agreement applicable to such Authorized Recipient;

3.    I further agree to submit to the jurisdiction of the Bankruptcy Court for adjudication of any dispute regarding my compliance with the terms of this Confidentiality Agreement.

_____          Dated:_____

Printed Name:_____

Name of Authorized Recipient Entity: _____