Entered: January 25th, 2024
Signed: January 25th, 2024
SO ORDERED



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | |
| Debtor. | * | Chapter 11 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER GRANTING RELIEF REQUESTED BY LINE

This matter is before the Court on the Line Requesting the Court Conduct January 29, 2024 Hearing by Videoconference (the "Line"). ECF 336. By the Line, the above-captioned debtor (the "Debtor") requests that the Court conduct the hearing in this chapter 11 case currently scheduled for January 29, 2024 (the "Hearing") by videoconference. The Debtor indicates that only one matter will go forward at the Hearing, which is the Debtor's Emergency Motion for Entry of Interim and Final Orders; (I) Authorizing Continued Use of Existing Cash Management System and Bank Accounts; (II) Extending the Time to Comply with, or Seek a Waiver of, Certain United States Trustee Requirements and Section 345(b) of the Bankruptcy Code; (III) Authorizing the Debtor to Continue Existing Deposit Practices; (IV) Authorizing the Debtor to Maintain Investment Practices; (V) Authorizing the Debtor's Continued Use of Credit Cards; and (VI) Granting Related Relief (the "Cash Management Motion"). ECF 15. Pursuant to this Court's Order at ECF 174, the U.S. Trustee filed a limited objection to the Cash Management Motion. ECF 228. The Line advises that the U.S. Trustee has consented to the presentation of witness testimony through the Matera Declaration [ECF 333], and that no cross-examination will be

conducted. The Line further advises that the U.S. Trustee and the Official Committee of Unsecured Creditors consent to the Hearing being held by videoconference.

The Court has reviewed the docket in this case and the remaining matter set for the Hearing. The Court finds that the issues to be presented at the Hearing are very limited in nature and involve a dispute primarily between the Debtor and the U.S. Trustee. Moreover, no live witness testimony will be presented or contested. Based on these particular circumstances,[1] and appropriately balancing costs savings to the bankruptcy estate (which inure to the benefit of creditors), the Court's ability to provide a live audio feed to anyone who would like to listen to the Hearing, and other relevant factors, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Court will conduct the Hearing by videoconference with a live audio feed; and it is further

**ORDERED**, that the Court will file separately on the docket (i) the protocol for parties in this case to register for the Hearing and (ii) the dial-in information for the audio listen-only line for all other participants; and it is further

**ORDERED**, that, pursuant to Local Bankruptcy Rule 5070-1(a), *no party (other than the Court) may record or otherwise capture the audio or video of the Hearing in any manner*; the Court will create an official recording of the Hearing.

cc:   All parties

**END OF ORDER**

---

[1] The Court finds, based on the facts and circumstances of this matter, the relief granted by this Order (namely, conducting the Hearing by videoconference for the parties involved in the matter and providing a live audio feed for all other participants) complies with applicable law and rules and Judicial Conference policy (see Chapter 4, Guide to Judiciary Policy).