**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | Case No. 23-16969-MMH |
| THE ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Chapter 11 |
| Debtor. | Judge Michelle M. Harner |

**APPLICATION TO EMPLOY BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

TO: UNITED STATES BANKRUPTCY JUDGE AND THE UNITED STATES TRUSTEE:

The Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Archbishop of Baltimore (the "Debtor") respectfully submits this application ("Application") seeking entry of an order, substantially in the form of the proposed order attached hereto, pursuant to 11 U.S.C. §§ 328, 330, and 1103(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2016-1, authorizing the Committee to retain and employ the firm of Berkeley Research Group, LLC ("BRG") as a financial advisor to the Committee. In support of its Application, the Committee relies on the declaration of Matthew K. Babcock, attached hereto as **Exhibit A.** In addition, the Committee respectfully represents:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.  The Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code on September 29, 2023 (the "Petition Date"). The Debtor is operating as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.  The Office of the United States Trustee appointed the Committee on October 11, 2023, pursuant to 11 U.S.C. § 1102.

4.  On January 16, 2024, the Committee selected BRG to serve as its financial advisor, subject to this Court's approval. The Committee believes that it is necessary to employ a financial advisor to render the professional services described herein, and that without such professional assistance, neither the Committee's evaluation of the operations of the Debtor nor its meaningful participation in the negotiation, promulgation, and evaluation of any plan of reorganization would be possible. The Committee selected BRG because of its professionals' experience and knowledge in bankruptcy matters and experience in Catholic bankruptcy cases. The Committee believes that BRG is well qualified to render professional services to the Committee in this Chapter 11 Case.

**SERVICES TO BE RENDERED**

5.  The Committee desires to retain BRG, at the expense of the Debtor's estate, to render, among others, the following professional services:

> (a) assist the Committee in investigating the assets, liabilities, and financial condition of the Debtor or the Debtor's operations, including an independent analysis of any alleged donor restrictions on the Debtor's assets;
>
> (b) assist the Committee in the review of financial related disclosures required by the Court and/or Bankruptcy Code;
>
> (c) analyze the Debtor's accounting reports and financial statements;

(d) review transfers of the Debtor's assets;

(e) assist the Committee in evaluating the Debtor's ownership interests of property alleged to be held in trust by the Debtor for the benefit of third parties and/or property alleged to be owned by non-debtor entities;

(f) assist the Committee in reviewing and evaluating any proposed asset sales and/or and other asset dispositions;

(g) assist the Committee in evaluating the Debtor's cash management system, including unrestricted and restricted funds, deposit and loan programs, and pooled income or investment funds;

(h) assist the Committee in the review of financial information that the Debtor may distribute to the Committee and others, and analyze proposed transactions for which Court approval is sought;

(i) assist in the review and/or preparation of information and analyses necessary for the confirmation of a plan, or for the objection to any plan filed in this Case which the Committee opposes;

(j) assist the Committee with the evaluation and analysis of claims, and on any litigation matters, including, but not limited to, avoidance actions for fraudulent conveyances and preferential transfers, and declaratory relief actions concerning the property of the Debtor's estate; and

(k) analyze the flow of funds in and out of accounts the Debtor contends contain assets held in trust for others, to determine whether the funds were commingled with non-trust funds and lost their character as trust funds, under applicable legal and accounting principles.

In addition to services related to these areas, BRG understands that it may be requested to render other services and to participate in meetings and discussions with the Committee, the Debtor, and other parties-in-interest and their respective professionals.

## BRG'S QUALIFICATIONS

6. The Committee is familiar with the professional standing and reputation of BRG and understands and recognizes that BRG's professionals have a wealth of experience in providing financial advisory services in restructurings and reorganizations and have an excellent reputation for services they have rendered in Chapter 11 cases on behalf of debtors, creditors, trustees, examiners, and other parties in interest throughout the United States. Moreover, the Committee is aware that the principal BRG advisors who will be working on this Case have prior experience in other not-for-profit cases with similar complex issues (including a number of diocesan or religious order bankruptcy cases), including appointment as (i) consultants for the bankruptcy court's expert appointed pursuant to Federal Rule of Evidence 706 in *In re The Roman Catholic Bishop of San Diego* (Bankr. S.D. Cal., Case No. 07-00939) and (ii) financial advisor to the official committees of unsecured creditors in *In re Society of Jesus, Oregon Province* (Bankr. D. Or., Case No. 09-30938); *In re Catholic Diocese of Wilmington, Inc.* (Bankr. D. Del., Case No. 09-13560); *In re Archdiocese of Milwaukee* (Bankr. E.D. Wis., Case No 11-20059); *In re The Christian Brothers' Institute* (Bankr. S.D.N.Y., Case No. 11-22820); *In re The Roman Catholic Bishop of Stockton* (Bankr. E.D. Cal., Case No. 14-20371-C-11); *In re Roman Catholic Bishop of Great Falls – Billings* (Bankr D. Mon., Case No. 17-60271-11); *In re Diocese of Rochester* (Bankr. W.D.N.Y., Case No. 19-20905); *In re The Roman Catholic Church of the Archdiocese of New Orleans* (Bankr. E.D. Lou. Case No. 20-10846); *In re The Roman Catholic Diocese of Rockville Centre* (Bankr. S.D.N.Y., Case No. 20-12345); *In re The Roman Catholic Diocese of Camden* (Bankr. D. N.J.,

Case No. 20-21257); *In re The Roman Catholic Diocese of Syracuse, New York* (Bankr. N.D.N.Y., Case No. 20-30663); *In re The Roman Catholic Diocese of Santa Rosa* (Bankr. N.D. Cal., Case No. 23-10113); *In re The Roman Catholic Diocese of Albany* (Bankr. N.D.N.Y., Case No. 23-10244); *In re The Roman Catholic Bishop of Oakland* (Bankr. N.D Cal., Case No. 23-40523); *In re The Roman Catholic Diocese of Ogdensburg* (Bankr. N.D.N.Y., Case No. 23-60507); *In re The Roman Catholic Archbishop of San Francisco* (Bankr. N.D Cal., Case No. 23-30564); and *In re Boy Scouts of America and Delaware BSA, LLC* (Bankr. D. Del., Case No. 20-10343).

## **DISINTERESTEDNESS**

7. BRG is not a creditor or equity holder of the Debtor. BRG does not hold or assert a pre-petition claim against the Debtor, and BRG is not otherwise a creditor of the Debtor. BRG has undertaken a full and thorough review of its computer database, which contains the names of clients and other interested parties in particular matters. BRG requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through BRG's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.

8. BRG, to the best of its knowledge and except to the extent disclosed in the Babcock Declaration, BRG and its Managing Directors and Directors (a) is a "disinterested" person within the meaning of § 101(14) of the Bankruptcy Code, (b) does not hold or represent an interest adverse to the Debtor, or other parties in interest in the Chapter 11 Case. BRG may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of

the Debtor that are unrelated to this Case. However, the Committee does not believe those matters present a conflict in this Case.

9. BRG has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this Case wherein one or more of the firms representing the members of the Committee, sexual abuse claimants, or other parties in interest serve as or may serve as professionals to committee members.

10. Neither BRG nor any of its professionals, insofar as the Committee has been able to ascertain, represent any interest adverse to the Debtor's, its estate, its creditors, or the Committee in the matters upon which BRG is to be engaged.[1]

11. BRG has assessed, and will continue to monitor and assess, all of its client relationships to ensure that BRG is, and remains, disinterested. In addition, BRG will disclose on an ongoing basis any relationship that may reflect upon its disinterestedness.

## **TERMS OF RETENTION**

12. The Committee understands that BRG will seek compensation from the Debtor's estate and reimbursement of expenses incurred on the Committee's behalf, subject to Court approval after notice and a hearing. BRG has advised the Committee that it agreed to charge its standard hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by BRG. The professional fees will be calculated by multiplying the hours worked by the standard hourly billing rates in effect for specific personnel involved. The hourly rates charged by BRG for services provided by its personnel differ based on, among other things, each professional's level of experience and types of services being provided. In the ordinary

---

[1] The Committee notes that neither it nor its counsel have provided BRG with names of abuse claimants who have filed or may file claims in this Case (other than members of the Committee) in order to preserve those claimants' confidentiality. As such, BRG has not investigated whether it has a conflict with any claimant whose identity is confidential. However, the Committee believes that the prospect of any conflict existing is highly remote.

course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

13. BRG has advised the Committee that its fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly).

14. BRG has also advised the Committee that it intends to make application to this Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in this Case. BRG's compensation for services rendered on behalf of the Committee shall be fixed by the Court after due application.

15. For professional services, fees are based on BRG's hourly rates. The proposed rates of compensation, subject to final Court approval, are the hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Committee. The current standard hourly rates for BRG personnel that may work on this engagement are as follows:

| POSITION | 2024 HOURLY RATE |
|---|---|
| Managing Director | $755 - $1,150 |
| Director & Associate Director | $480 - $755 |
| Professional Staff | $225 - $480 |
| Support Staff | $160 - $225 |

16. These hourly rates are subject to periodic adjustment, which will be noted on the invoices for the first time period in which the revised dates become effective. The standard hourly

rates for BRG professionals anticipated to be lead this engagement are as follows: Matthew Babcock ($755), Ray Strong ($815) and Paul Shields ($850). BRG will use its best efforts to staff and supervise the engagement with appropriate personnel using rates at the lower-end of the hourly rate ranges stated above. There may be requirements and circumstances of the case that require specialized expertise or time sensitive assignments where certain personnel may be required at the higher-end of the stated range.

17. Consistent with BRG's policy with respect to its other clients, BRG will charge for all services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, legal counsel costs, applicable sales or excise taxes, and other direct expenses. Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged for separately. BRG has acknowledged that the Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses, or other amounts payable to BRG.

18. Notwithstanding anything in this Application to the contrary, BRG shall (i) to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in this Case, pass-through the costs of Contractors to the Debtor at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG; and (iv) file with the Court such disclosures as required by Bankruptcy Rule 2014.

19. In an abundance of caution, BRG hereby discloses that R. Todd Neilson, one of the potential BRG professionals that may have involvement in the case, is an exclusive independent contractor and Managing Director of BRG. BRG regards Mr. Neilson to qualify as a "member,

partner, or regular associate in a professional association, corporation, or partnership" under 11 U.S.C. § 504(b)(1), therefore meeting the standard for the exception regarding the sharing of compensation.

20.     As set forth in the Babcock Declaration, BRG acknowledges that all compensation is subject to Court approval after a hearing and upon notice to the United States Trustee and other interested parties. BRG may from time to time apply to the Court for interim compensation in conformity with Section 331 of the Bankruptcy Code. At the conclusion of their work, BRG will file an appropriate application seeking allowance of all fees and costs to date, regardless of whether interim compensation has been paid. The Committee and BRG understand and agree that the proposed compensation arrangement shall be subject to Section 330 of the Bankruptcy Code.

21.     Prior to seeking reimbursement for fees based on any increases in rates, BRG will file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit will explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Committee has consented to the rate increase.

22.     The Committee requests that fee applications for BRG be submitted for approval in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court, and be paid pursuant to said Code, Rules, and orders.

23.     At the conclusion of this Chapter 11 case, BRG will file an appropriate application seeking final allowance of its fees and costs, regardless of whether interim compensation has been paid to BRG. Upon allowance of such fees and costs, the Debtor's estates will pay to BRG the

difference between the amounts allowed to BRG and any interim compensation already distributed to BRG.

24. The Committee has assessed the Debtor's monthly financial reports and is therefore aware of the Debtor's financial resources. The Committee not only believes that BRG will bring considerable value into the estate through its efforts, but also believes that the estate has sufficient resources to pay for BRG's services.

25. <u>No Fee Sharing</u>. In accordance with Bankruptcy Rule 2016(b), BRG has not shared, or agreed to share, any compensation received in connection with these cases with any other entity.

26. <u>No Prior Request</u>. No previous request for the relief sought by the Application has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests entry of an order in the form of the proposed order attached hereto authorizing the Committee to retain BRG as its financial advisor and granting such further relief as may be just and proper.

Date: February 2, 2024                              Respectfully submitted,

/s/
_____
Paul Jan Zdunek
Committee Chair

PREPARED BY:                        /s/ Robert T. Kugler
                                    Robert T. Kugler (MN # 194116)
                                    Edwin H. Caldie (MN # 388930)
                                    **Stinson LLP**
                                    50 South Sixth Street, Suite 2600
                                    Minneapolis, MN 55402
                                    Main: 612-335-1500
                                    Facsimile: 612-335-1657
                                    Email:    robert.kugler@stinson.com
                                              ed.caldie@stinson.com

                                    And

                                    /s/ Richard L. Costella
                                    Richard L. Costella (MD # 14095)
                                    Alan M. Grochal (MD 01447)
                                    Tydings & Rosenberg LLP
                                    1 East Pratt Street, Suite 901
                                    Baltimore, MD 21202
                                    Main: 410-752-9700
                                    Email: rcostella@tydings.com
                                           agrochal@tydings.com

                                    *Counsel to the Official Committee of Unsecured Creditors*