

**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | |
| Debtor. | * | Chapter 11 |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER GRANTING COMMITTEE REQUEST TO RESERVE
### TIME FOR PRESENTATION OF SURVIVOR STATEMENTS

This matter is before the Court on the Notice of Presentation of Survivor Statements (the "Notice"), filed by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case. ECF 418. By the Notice, the Committee requests that the Court reserve two dates to permit Survivor Statements from certain members of the Committee and other Survivor claimants who have expressed a willingness and desire to address the Court. *Id*. Based on the Notice and the entirety of the docket in this case to date, the Court finds that the requested relief is in the best interest of this estate and may further the Debtor's reorganization efforts to the benefit of the Debtor, the Survivors, and other parties in interest.[1] Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the relief requested by the Notice is granted on the terms and subject to the conditions of this Order; and it is further

---

[1] Given the nature of the relief requested (including the informational nature of the relief), the proposed dates for the status conferences, and the status of this chapter 11 case, the Court finds good cause to grant the relief requested by the Notice without further notice or opportunity for hearing. 11 U.S.C. § 102(1)(B).

**ORDERED**, that the Court will hold two, two-hour status conferences on **April 8, 2024, and May 20, 2024, each beginning at 10:00 a.m., ET** (collectively, the "Conferences"), in person in Courtroom 9-C in Baltimore; and it is further

**ORDERED**, that the sole purpose of the Conferences is to increase engagement and understanding in this chapter 11 case; *no statements of any party at the Conferences will be considered as evidence in any matter or proceeding in this case or as part of the official record in this case*; and it is further

**ORDERED**, that the Conferences will not be transcribed by a court reporter;[2] and it is further

**ORDERED**, that, notwithstanding the immediately preceding decretal paragraph, the Court will record the audio of the Conferences, which is standard protocol for the Court and necessary for the Court to preside over the Conferences, *but the recordings of the Conferences will not be released or transcribed without further Order of the Court, after notice and hearing, and only if and to the extent mandated by law or consented to by the parties*; and it is further

**ORDERED**, that consistent with Local Rule 5070-1, no party or member of the public may photograph, video record, audio record, broadcast, televise, or otherwise transmit the Conferences; and it is further

**ORDERED**, that the Committee shall file an agenda for each Conference on or before April 4, 2024, and May 16, 2024, respectively; such agenda should identify only the number of Survivor Statements being presented and the estimated time allocated to each.

**END OF ORDER**

---

[2] The Court finds that the exceptional circumstances of this case and the factors set forth in the Notice support the relief granted herein. *See, e.g.,* 28 U.S.C. § 735; Notice ¶¶ 6–12, notes 5, 6.