**EXHIBIT A**
**PROPOSED ORDER**

Case 23-16969    Doc 564-1    Filed 05/23/24    Page 1 of 4

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969-MMH |
| Debtor.[1] | |

### ORDER ASSIGNING MATTER TO THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM AND APPOINTING MEDIATORS

Upon consideration of the *Joint Request for Mediation* (the "**Request**")[2] filed by Debtor and Committee; and upon consideration of the existing and likely disputes between the Committee and Debtor relating to the treatment and viability of Survivor Claims and the form of any plan of reorganization to be proposed and ultimately confirmed in this bankruptcy case (collectively, the "**Disputes**");[3] and the parties having requested in writing a referral of the Disputes to the BDRP; and this Court and the above-signed Judge having determined that the Disputes may properly and efficiently be submitted to the BDRP and that such referral is in the best interest of the Debtor, the

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms used in this order and not otherwise defined shall have the meanings set forth in the Request.

[3] By separate motion to be filed at a later date in the Insurance Adversary Proceeding, the Debtor anticipates filing a motion with the Committee and Insurers seeking to refer to mediation the claims set forth in the Insurance Adversary Proceeding.

Debtor's estate, and all parties in interest; it is by the United States Bankruptcy Court for the District of Maryland hereby

ORDERED, pursuant to Local Bankruptcy Rule 9019-2, that the Request is GRANTED as set forth in this order; and it is further

ORDERED that the Disputes are assigned to the BDRP; and it is further

ORDERED that the Hon. Robert J. Faris and Mr. Brian J. Nash are appointed co-mediators; and it is further

ORDERED that the parties to the mediation shall include: (a) the Debtor; (b) Ad Hoc Committee of Parishes, Schools, and Affiliates; (c) the Committee; (d) any additional entities or persons that, with the mediator's consent, choose to participate in the mediation; and (e) any person that by order are required to participate; and it is further

ORDERED there shall be absolute mediation privilege, and all communications during the mediation shall be confidential, protected from disclosure and shall not constitute a waiver of any existing privileges and immunities, shall not be disclosed to any third party for any reason, and shall not be used for any purpose other than mediation; and it is further

ORDERED submissions to the mediators shall not be delivered to anyone else without the consent of the submitting party; and it is further

ORDERED that any statements made by the mediators, any of the mediation parties, or other parties that participate in the mediation process shall not be divulged by any of the participants in the mediation (or their attorneys, representatives, or agents) or by the mediators to the Court or to any third party; and it is further

ORDERED that, except for an executed settlement agreement, all records, reports, or other documents received or made by the mediators while serving such capacity shall be confidential and shall not be provided to the Court; and it is further

ORDERED that the mediators and each participant or party to the mediation shall not be compelled to divulge any records, reports, or other documents shared in the mediation, and shall not be compelled to testify in regard to the mediation in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court; and it is further

ORDERED that, notwithstanding anything in Federal Rule of Evidence 408 to the contrary, no person may rely on or introduce as evidence in connection with any arbitral, judicial, or other proceeding, including any hearing held by this Court, any aspect of the mediation effort, including but not limited to: (a) views expressed or suggestions made by any of the mediation parties, or the mediators, with respect to a possible settlement of the matters submitted to mediation; (b) statements or admissions made by any of the mediation parties in the course of the meditation; and (c) proposals made or views expressed by the mediators, or any of the mediation parties; and it is further

ORDERED that nothing in this order, however, precludes a report to the Court of (i) whether a settlement was reached or (ii) any material failure on the part of one or more of the mediation parties to comply with the party's obligations under this order; and it is further

ORDERED that nothing in this order makes a document or other information confidential that was received or developed by a mediation party without an obligation of confidentiality that relates to the mediation; and it is further

ORDERED that the mediators and mediation parties may agree on confidentiality provisions in addition to those stated in this Order; and it is further,

ORDERED, that the mediation will proceed as set forth under Local Bankruptcy Rule 9019-2.

**End of Order**