Entered: July 29th, 2024
Signed: July 29th, 2024

**SO ORDERED**

In approving this Agreed Order, the Court finds and determines that Judge Faris, in his role as one of the Mediators under this Agreed Order, will be performing judicial duties and shall retain the same immunity as he has as a judge under federal law and the common law. As a result and notwithstanding paragraph 4 below, Judge Faris shall not seek compensation or reimbursement of expenses from any party or the estate. His appointment as Mediator is undergoing proper intercircuit approval.



MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>Debtor.[1]<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, A CORPORATION SOLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, *et al.*,<br><br>Defendants. | Chapter 11<br><br>Case No. 23-16969-MMH<br><br><br><br>Adversary Proceeding No. 24-00072 |

### AGREED ORDER DIRECTING MEDIATION, APPOINTING MEDIATORS, AND ORDERING MEDIATION DISCOVERY

Upon consideration of the *Joint Request for Mediation* filed by the Plaintiffs and the

Committee in the above-captioned adversary proceeding (the "***Adversary Proceeding***") at Docket

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

Number 89 (the "***Insurance Mediation Request***");[2] upon consideration of the *Joint Request for Mediation* filed in the above-captioned chapter 11 bankruptcy case (the "***Chapter 11 Case***") at Docket Number 564 (the "***Bankruptcy Mediation Request***"); upon consideration of the responses filed to the Insurance Mediation Request and Bankruptcy Mediation Request, all other papers filed in the Adversary Proceeding and the Chapter 11 Case, and the statements made in open court regarding a possible mediation; upon consideration of the existing and likely disputes between and among the plaintiffs in the Adversary Proceeding (the "***Plaintiffs***"), the defendants in the Adversary Proceeding (the "***Defendants***"), and the Committee (collectively, the "***Mediation Parties***"); the Plaintiffs and the Committee having requested in writing a referral to mediation, and each of the Defendants having agreed to such request pursuant to the terms of this Order and the Local Rules of this Court; and this Court having determined the Mediation Parties may properly be referred to mediation and that such referral is in the best interest of the Mediation Parties, the Debtor's estate, and all parties in interest;

It is hereby ORDERED by the United States Bankruptcy Court for the District of Maryland as follows:

## MEDIATION

1.   Pursuant to Local Bankruptcy Rule 9019-2, the Mediation Parties are ORDERED to participate in mediation (the "***Mediation***").

2.   The Hon. Robert J. Faris, Mr. Brian J. Nash, and a third mediator to be selected by the Defendants, are appointed as co-mediators (the "***Mediators***"). The Defendants shall file a notice with the Court within seven (7) days after entry of this Order identifying the third mediator.

---

[2] Capitalized terms used in this order and not otherwise defined shall have the meanings set forth in the Request.

2

3. The Mediation may involve, among other things, the resolution of any disputes among the Mediation Parties related to the Chapter 11 Case and/or subject matter of the Adversary Proceeding.

4. The Debtor's bankruptcy estate shall be responsible for the payment of any reasonable out-pocket costs that Judge Faris may incur as well as the reasonable fees and costs of Mr. Nash in the Mediation.

5. The Debtor's bankruptcy estate and the Defendants, collectively, shall each be responsible for the payment of fifty percent (50%) of the reasonable fees and costs of the third Mediator (the Mediator other than Judge Faris or Mr. Nash).

6. All Mediators shall make disclosures pursuant to Fed. R. Bankr. P. 2014 (each a "*2014 Disclosure*") setting forth the person's connections (if any) with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. Notwithstanding Paragraph 2 of this Order, the Mediation Parties reserve all rights to object to the appointment of any Mediator, provided such objection (i) is based on the Mediator's lack of disinterestedness and (ii) is filed within seven (7) days after the filing of the Mediator's 2014 Disclosure.

7. In addition to the Mediation Parties, the following shall be parties to the Mediation: (a) any additional entities or persons that, with the Mediators' consent, choose to participate in the Mediation; and (b) any person or entity that by order of this Court is required to participate.

### DISCLOSURE AND DISCOVERY

8. Provided that each Mediation Party receiving the production of documents or information pursuant to this Order has executed a confidentiality agreement or the acknowledgement of the confidentiality agreement in the form attached to the *Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Claim*

3

*Supplement, (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures* (Dkt. No. 316) and subject to the terms of this order, the Plaintiffs shall make a reasonable effort to produce or otherwise make available to each Defendant and the Committee, on the one hand, and, as to subsection (iv) below, each Defendant shall make a reasonable effort to produce or otherwise make available to the Debtor and the Committee, on the other hand, the following (collectively, the "***Discovery Materials***"), to the extent within such producing party's possession, custody, or control:

    i.    a list of the insurance policies or certificates under which the Plaintiffs seeks coverage for any proofs of claim for alleged sexual abuse ("***Survivor Claims***") in the Chapter 11 Case (the "***Allegedly Implicated Policies***");

    ii.    a list of the Survivor Claims that the Plaintiffs contends are covered, in whole or part, by any such Allegedly Implicated Policies ("***Potentially Covered Claims***");

    iii.    a list specifying for each such Potentially Covered Claim the Allegedly Implicated Policy or Policies that the Plaintiffs contends covers, in whole or part, the claim, which list may be revised, supplemented, amended, or otherwise modified from time to time;

    iv.    for each Allegedly Implicated Policy, a copy of the insurance policy or, in the event of a missing or incomplete insurance policy, a copy of any partial insurance policy or other evidence of the existence or terms and conditions of the Allegedly Implicated Policy;

    v.    all documents and data provided by the Plaintiffs to the Committee relating to any Allegedly Implicated Policies and Potentially Covered Claims;

vi. all proofs of claim, supplemental questionnaires, and any other information filed or otherwise provided by or on behalf of any holder of a Potentially Covered Claim;

vii. all personnel files for any alleged perpetrator(s) identified in a Potentially Covered Claim, including files maintained pursuant to Canon 489 of the Code of Canon Law for any priest implicated in any Potentially Covered Claim;

viii. all summaries presented to the Archdiocese of Baltimore Independent Review Board relating to any alleged perpetrator identified in a Potentially Covered Claim;

ix. all claims files for any Potentially Covered Claim;

x. all documents and information produced in response to governmental or other subpoenas concerning any Potentially Covered Claim; provided, however, nothing in this Order shall require the Debtor to produce any documents or other information subject to the prohibitions imposed by Md. Code Ann., Cts. & Jud. Proc. § 8-507, Md. Code Ann., Health-Gen., § 4-302, or other similar law; provided, further, however, nothing in this Order prevents Defendants or the Committee from challenging the applicability or effect of such law, and nothing in this Order is a determination, adjudication, finding of fact, or conclusion of law that Md. Code Ann., Cts. & Jud. Proc. § 8-507, Md. Code Ann., Health-Gen., § 4-302, or other similar applicable law protects or prohibits the Debtor from making any such production;

xi. all correspondence or other documents relating to any allegation of sexual abuse committed by any individual who is identified as a perpetrator in any Potentially Covered Claim;

5

xii. all records or other documents reflecting any Plaintiffs' payment for medical or mental health treatment for any victim or alleged perpetrator of sexual abuse asserted in a Potentially Covered Claim;

xiii. audited or certified financial statements (or, if no such audited or certified financial statements exist, unaudited and uncertified financial statements) for the last five (5) fiscal years;

xiv. documents sufficient to show all assets of the Plaintiffs, including without limitation, all records of Plaintiffs' accounting system(s) provided to the Mediation Parties in their respective, native file format(s);

xv. documents sufficient to show all transfers, out of the ordinary course of business, of any real property or other assets of the Plaintiffs made at any time on or after the date that was seven (7) years before the commencement of the Chapter 11 Case; and

xvi. a log of any documents withheld on the basis of attorney-client and/or work-product privilege, or any other claim of privilege or legal bar to disclosure including the invocation of Md. Code Ann., Cts. & Jud. Proc. § 8-507, Md. Code Ann., Health-Gen., § 4-302, which log shall include the nature of the document, the author(s) and recipient(s) of the document, the date of the document, and the basis for the claim of privilege, protection or legal bar to disclosure, as applicable.

9. Nothing in this Order shall preclude any Mediation Party from requesting additional documents or information or seeking additional discovery as permitted by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, or other applicable law.

10. Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall require any Mediation Party to produce any document or information that is

protected from disclosure pursuant to the attorney-client privilege, attorney work-product doctrine, or any other privilege, protection or bar to disclosure recognized by applicable law; provided that a log of any documents redacted or withheld on the basis of any such claim of privilege, protection or bar to disclosure shall be produced in accordance with clause xvi of Paragraph 8 above; and provided, further, both the Defendants and the Committee reserve all rights to challenge in this Court or any other court of competent jurisdiction any claim by any Plaintiff of privilege, protection or legal bar to disclosure of any document or information. To the extent that, as part of the Mediation or otherwise, the Debtor or any other Plaintiff discloses to the Committee, or any holder of a Potential Covered Claim, or counsel for any of the foregoing, any materials created for the defense or potential resolution of any such claim that are subject to the attorney-client privilege, the attorney work-product doctrine, any common interest privilege that the Plaintiff has with any Defendant, or any other privilege, protection or bar to disclosure, the Defendants reserve all rights, including all rights to assert that such disclosure is contrary to the terms of any Allegedly Implicated Policies and/or provides a defense to coverage, it being understood that no Defendants are agreeing pursuant to this Order or otherwise to any such disclosure.

## CONFIDENTIALITY

11.     As provided by this Court's Local Rules: (a) all written and oral communications made in connection with or during the Mediation, including any written submissions, are subject to Federal Rule of Evidence 408; and (b) no such communication may be used in any proceeding for any purpose and may only be disclosed upon written agreement of all parties to the mediation and the Mediators.

12. Written submissions to the Mediators shall not be delivered to anyone else without the consent of the submitting party.

13. The Mediators shall not be compelled to divulge any records, reports, or other documents shared with them in the Mediation, and shall not be compelled to testify in regard to the Mediation in connection with any arbitral, judicial, or other proceeding, including any hearing held by this Court; provided, however, nothing in this Order, however, precludes the Mediators from providing a report to the Court regarding (i) whether a settlement has been reached or (ii) any material failure on the part of a Mediation Party to comply with its obligations under this order.

14. Notwithstanding anything to the contrary contained in this Order (including Paragraph 11), if the Debtor, the Committee, or any other Mediation Party (a) seeks to rely on the fact of, content of, and/or outcome of the Mediation as evidence of its good faith in proposing a Plan, and/or as evidence of the reasonableness of any settlement or any claims allowance procedures under any Plan or trust distribution procedures proposed in connection with such a Plan; (b) puts at issue any finding of good faith based on the Mediation or relies on Mediation as evidence of the reasonableness of any settlement or claims allowance procedures in any subsequent actions concerning insurance coverage; or (c) otherwise seeks to use the fact of, content of, and/or outcome of the Mediation to establish or refute a claim or defense, then no Mediation Party may rely on this Order or other claim of mediation privilege to oppose discovery into the Mediation, and the rights of any Mediation Party to seek discovery into the Mediation, and to oppose such discovery efforts, otherwise will be fully preserved consistent with applicable law.

15. The Mediators and the Mediation Parties may mutually agree on confidentiality provisions in addition to those stated in this order; provided, however, no such agreement shall affect the confidentiality provisions of this Order.

## TIMING

16. The Mediation shall begin as soon as reasonably possible at the discretion of the Mediators.

17. The Mediation shall proceed until any of the Mediation Parties (a "*Requesting Party*") has requested to terminate Mediation as to any issue or issues (a "*Limited Mediation Dispute*") or all issues (the "*Global Mediation Disputes*") related to the Requesting Party's participation in Mediation, by service of a letter by email to the Mediators and other Mediation Parties and by filing a copy of the letter in the Chapter 11 Case, stating that an impasse has been reached as to the Requesting Party (a "*Notice of Impasse*"); provided, however, that no Mediation Party may declare an impasse for the first 120 days after entry of this Order. For the avoidance of doubt, in the event a Requesting Party declares an impasse, each remaining Mediation Party shall continue in Mediation until (i) it reaches a settlement; (ii) it has served its own Notice of Impasse with the Mediators and remaining Mediation Parties; or (iii) the Mediators have filed a Notice of Impasse with the Court declaring an impasse on the Global Mediation Disputes as to all Mediation Parties.

## DISMISSAL WITHOUT PREJUDICE

18. Within two (2) business days of the entry of this Order, the Plaintiffs shall file a notice of dismissal without prejudice of the Adversary Proceeding, dismissing the Adversary Proceeding without prejudice (the "*Dismissal*").

19. The Defendants that filed the motions to withdraw the reference shall, following the Dismissal of the Adversary Proceeding, file a notice with the District Court notifying it of the Dismissal of the Adversary Proceeding.

20. During the pendency of the Mediation, no Mediation Party shall file an adversary proceeding or other action asserting any claims, counterclaims, defenses, or affirmative defenses that were asserted or could have been asserted in the Adversary Proceeding or that otherwise relate to or arise out of the claims asserted in the Adversary Proceeding. Notwithstanding the foregoing, in the event:

    a. any Defendant files a Notice of Impasse: (i) the Plaintiffs may file a new adversary proceeding seeking declaratory or other relief as to each Defendant who has filed a Notice of Impasse (a "**New Adversary Proceeding**") within twenty-one (21) days of the filing of such Notice of Impasse; and (ii) the Defendant filing the Notice of Impasse shall not file its own action (an "**Insurance Adversary Proceeding**") seeking declaratory or other relief prior to the applicable twenty-one (21) days after the filing of a Notice of Impasse in the Chapter 11 Case, but may do so thereafter; and

    b. the Plaintiffs or Committee file a Notice of Impasse: (i) the Plaintiffs may file a New Adversary Proceeding within twenty-one (21) days of the filing of such Notice of Impasse; and (ii) no Defendant shall file an Insurance Adversary Proceeding prior to the applicable twenty-one (21) days after the filing of a Notice of Impasse in the Chapter 11 Case, but may do so thereafter.

21. The Mediation Parties have stipulated and agreed, pursuant to the terms of the stipulation attached hereto as **Exhibit 1** and incorporated into this Order as a material term (the

"***Stipulation***"), to the Committee's right to intervene, pursuant to Fed. R. Bankr. P. 7024 or other similar rule, in the New Adversary Proceeding should it be filed.

22. The Dismissal of the Adversary Proceeding as set forth in this Order shall be without prejudice to all Mediation Parties' rights, claims and defenses, including in the event a New Adversary Proceeding is filed (a) the rights of any and all Defendants to move to dismiss the New Adversary Proceeding and, if the New Adversary Proceeding or Insurance Adversary Proceeding is filed in this Court, to move to withdraw the reference, (b) the right of the Committee to move to intervene in the New Adversary Proceeding consistent with the Stipulation, should a New Adversary Proceeding be filed, and (c) the rights of any Mediation Parties to oppose any such motion.

23. Without limiting the foregoing, all rights of the Mediation Parties in connection with this Chapter 11 Case, any New Adversary Proceeding, and any Insurance Adversary Proceeding are preserved and shall not be prejudiced by the Dismissal or participation in the Mediation, including the right to: (a) seek withdrawal of the reference of any New Adversary Proceeding or any Insurance Adversary Proceeding, (b) contest the jurisdiction of this Court, (c) contest whether the New Adversary Proceeding or any Insurance Adversary Proceeding constitutes a core proceeding, (d) contest the ability of this Court to enter final orders or judgments, (e) demand a jury trial, (f) propose or object to any Plan, or (g) seek or oppose any other relief sought in the Chapter 11 Case, any New Adversary Proceeding, any Insurance Adversary Proceeding, or any other proceeding or action.

24. The Defendants have not and do not consent to the exercise of jurisdiction by this Court and shall not, by their participation in this court-ordered Mediation or by refraining from asking for any form of relief during the pendency of the Mediation, be deemed to consent to the

exercise of jurisdiction of this Court or otherwise waive any rights, argument, or otherwise available relief.

### **MISCELLANEOUS**

25.     Nothing contained in this Order shall impair, alter, supplement, change, expand, decrease or modify the rights of the Plaintiffs, the Defendants, or the Committee, in the Adversary Proceeding, the Chapter 11 Case, or under any Allegedly Implicated Policies.

26.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this order, and to consider any further relief that any Mediation Party may seek regarding the Mediation.

27.     Unless all Mediation Parties agree, no Mediator shall be eligible for employment by any trust or other entity that may be formed under any confirmed Plan in the Chapter 11 Case.

28.     Entry of this Order, and inclusion of the Defendants as Mediation Parties, is based on the Court's inherent authority to compel mediation and on its evaluation that the approach to mediation outlined within, and required by this Order is most likely to lead to a global resolution. Nothing in this Order shall be construed to make findings or conclusions on issues that the Defendants, the Committee, or the Debtor briefed in connection with this contested matter. In particular, the Committee and the Defendants expressed differing views on issues relating to insurer standing and the qualification of the Defendants as parties in interest under 1109(b) pursuant to the recent decision of the Supreme Court in *Kaiser-Gypsum v. Truck Insurance*, 602 U. S. ____, 144 S. Ct. 1414 (2024), and otherwise. At this time, the Court makes no findings or conclusions with respect to the differing views on any such issues briefed by the Committee and the Defendants.

**End of Order**

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>Roman Catholic Archbishop of Baltimore,<br><br>                                    Debtor. | Chapter 11<br><br>Case No. 23-16969-MMH |
| Roman Catholic Archbishop of Baltimore, et al.<br>                                    *Plaintiffs*<br><br>v.<br><br>American Casualty Company of Reading, Pennsylvania, et al.<br>                                    *Defendants*. | Adv. Pro. No. 24-072 |

### STIPULATION

**WHEREAS**, this Stipulation is entered into by the Plaintiffs and Defendants in the above-captioned adversary proceeding and the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case (collectively, the "Parties") for the purpose of reaching resolution on the Committee's pending *Motion to Intervene in Adversary Proceeding No. 24-00072* (Adv. Dkt. No. 76) (the "Motion").

**WHEREAS**, the Committee filed its Motion seeking to intervene in the Adversary Proceeding on May 28, 2024, attaching a proposed form of order (Adv. Dkt. Nos. 76, 76-1).

**WHEREAS**, Defendants Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford") objected to the Committee's Motion on June 11, 2024 (Adv. Dkt. No. 98).

1

**WHEREAS**, Defendants Federal Insurance Company, Indemnity Insurance Company of North America, Insurance Company of North America, Westchester Fire Insurance Company, Employers Insurance Company of Wausau and United States Fire Insurance Company filed objections on June 11, 2024 and June 14, 2024 (Adv. Dkt. Nos. 99, 100, and 116).

**WHEREAS**, the Committee filed its reply in support of its Motion on June 27, 2024 (Adv. Dkt. Nos. 149).

**WHEREAS,** the Committee on the one hand, and Defendants on the other, continue to disagree about whether and to what extent the Committee is permitted to intervene in the Adversary Proceeding;

**WHEREAS**, the Parties agree that, as part of the agreed order (the "Mediation Order") resolving the *Joint Request for Mediation* Docket Number and the *Joint Request for Mediation* filed in the above-captioned chapter 11 bankruptcy case at Docket Number 564 , Plaintiffs have agreed to dismiss the Adversary Proceeding, without prejudice, as further set forth in Paragraphs ___ through ___ of the Mediation Order;

**AND WHEREAS**, the parties, by their undersigned attorneys, hereby agree and stipulate as follows:

1. To the extent that Plaintiffs file a "New Adversary Proceeding," as that term is defined in Mediation Order at Paragraph ___, the Parties agree that the Committee will be permitted to intervene in the "New Adversary Proceeding" filed by Plaintiffs, pursuant to 11 U.S.C. §1109(b) and Fed. R. Civ. P. 24(a)(2), which intervention shall be subject to the following limitations:

    a. The Committee shall neither file nor be required to respond to any complaint, cross-claims, or counterclaims.

      b.      The Committee shall neither propound nor be required to respond to discovery, but shall be served with all documents filed in the "New Adversary Proceeding," subject to privileges and protections held by and between Plaintiffs and Defendants, or other objections to the Committee's receipt of discovery, which assertions or objections, if disputed, shall be resolved by the Court.

      c.      Nothing in this Stipulation shall limit any Party from seeking further relief from the Court regarding the scope of the Committee's intervention in the New Adversary Proceeding.

2.      This Stipulation constitutes a final and binding determination of the agreement of the Parties with respect to the statements set forth herein. This Stipulation, however, does not bind the Parties in connection with any other claim or litigation and shall not in any way limit or prejudice the Parties' respective rights, if any, or arguments that may be raised, in this Litigation,[1] the debtor's chapter 11 proceeding, or any other claim or litigation.

3.      Notwithstanding the foregoing, the Defendants have not and do not consent to the exercise of jurisdiction by this Court and shall not, by their agreement to this Stipulation, be deemed to consent to the exercise of jurisdiction of this Court or otherwise waive any rights, argument, or otherwise available relief, including the right to withdraw the reference for any "New Adversary Proceeding."

[INSERT SIGNATURE BLOCKS]

---

[1] "Litigation" shall be defined to include the cases captioned *In re Roman Catholic Archbishop of Baltimore*, Case No. 23-16969 and *Roman Catholic Archbishop of Baltimore v. American Casualty Company of Reading, Pennsylvania*, Adv. P. No. 24-072 or any "New Adversary Proceeding" as further defined in the Mediation Order.

3