**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

In re:

ROMAN CATHOLIC ARCHBISHOP OF
BALTIMORE,

Debtor.[1]

Chapter 11

Case No. 23-16969-MMH

**DEBTOR'S MOTION FOR AN ORDER EXTENDING ITS EXCLUSIVE PERIODS TO**
**FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT**
**TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

The above-captioned debtor and debtor-in-possession (the "***Debtor***") hereby files this

motion (the "***Motion***") pursuant to section 1121(d) of title 11 of the United States Code (the

"***Bankruptcy Code***") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the

"***Bankruptcy Rules***") for entry of an order substantially in the form attached hereto as **Exhibit A**

(the "***Proposed Order***") extending the Debtor's Exclusive Periods (as defined below) to file a

chapter 11 plan and to solicit acceptances of such plan for a period of 69 days up to and including

March 31, 2025 and May 30, 2025, respectively. In support thereof, the Debtor respectfully

represents:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion, pursuant to 28 U.S.C. §§ 157

and 1334 and the *Standing Order 2012-05* from the United States District Court for the District of

Maryland. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b), and the Debtor

consents to the entry of a final judgment or order with respect to this Motion, if it is determined

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.    Venue is proper before this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3.    On September 29, 2023 (the "***Petition Date***"), the Debtor commenced the above captioned chapter 11 case (the "***Chapter 11 Case***"). The Debtor is operating its business and managing its property as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Unsecured Creditors Committee (the "***Committee***") was appointed on October 11, 2023 (Dkt. No. 81). No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case.

4.    A description of the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Informational Brief of the Roman Catholic Archbishop of Baltimore* (Dkt. No. 5) and the *Declaration of John Matera in Support of First Day Motions* (Dkt. No. 6).

5.    Since the Petition Date, the Debtor has been actively engaged in the administration of this complex Chapter 11 Case, including: (a) finalizing and filing its schedules of assets and liabilities and statement of financial affairs; (b) arguing all of the Debtor's "first day" motions, and negotiating with the United States Trustee, the Committee, and various insurance companies involved by virtue of the Debtor's historical and current insurance policies (the "***Insurers***"), concerning the terms of certain interim and final orders; (c) extensive and ongoing communications with the United States Trustee, counsel to the Committee, and other stakeholders; (d) preparing and obtaining approval of its claims bar date motion to establish a deadline to file claims (the "***Claims Bar Date***"); (e) reviewing and assembling numerous documents in response

to requests from the United States Trustee, the Committee, and certain Insurers; (f) reviewing, assembling and creating a secure data room in order to share confidential information with the United States Trustee, the Committee, and the Insurers; (g) negotiating and finalizing nondisclosure agreements with the Committee and Insurers; (h) negotiating and coordinating with the Committee and the Insurers with respect to a global mediation of all issues between parties; (i) receipt, review, and analysis of all filed claims against the Debtor, including corroborating and vetting the claims arising from abuse; and (j) corresponding with various claimants' counsel regarding necessary supplemental information for the filed abuse claims.

6.    In addition to the above, on March 28, 2024, the Debtor commenced an adversary proceeding captioned *Roman Catholic Archbishop of Baltimore, et al. v. American Casualty Company of Reading, Pennsylvania, et al.*, Adv. Pro. No. 24-00072 (MMH) (the "***Adversary Proceeding***") against the Insurers to facilitate and, if necessary, litigate a global resolution of all of the Debtor's insurance coverage issues, the outcome of which will, in large part, guide the Debtor in the drafting of its ultimate plan of reorganization.

7.    The resolution of the Adversary Proceeding and corresponding mediation efforts are gating items to the proposal and confirmation of a consensual plan of reorganization, as the Debtor, Committee, and Insurers each hope to reach a consensual plan of reorganization through the mediation efforts.

### REQUESTED RELIEF

8.    By this Motion and pursuant to section 1121(d)(1) of the Bankruptcy Code, the Debtor seeks entry of an order extending the periods under section 1121(b) and (c) of the Bankruptcy Code in which the Debtor has the exclusive right to file a chapter 11 plan and to solicit acceptances of such plan by 69 days to March 31, 2025 and May 30, 2025, respectively, without prejudice to its right to seek additional and further extensions of these periods. The requested

extension is reasonable and necessary given the tasks to be completed and issues to be resolved before a confirmable chapter 11 plan can be negotiated and proposed.

**BASIS FOR RELIEF**

9.      Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor proposes a chapter 11 plan within the exclusive filing period, it has a period of 180 days after the commencement of the chapter 11 case to obtain acceptances of such chapter 11 plan. Absent an extension, the Debtor's initial exclusive filing period and exclusive solicitation period will expire on January 21, 2025 and March 22, 2025, respectively (the "*Exclusive Periods*"). Pursuant to section 1121(d)(1) of the Bankruptcy Code, the Court may, upon a demonstration of cause, extend the Debtor's Exclusive Periods. As described below, cause exists for extending the Debtor's Exclusive Periods.

10.      The paramount objectives of a chapter 11 case are the rehabilitation of a debtor's business and the negotiation, development, proposal, confirmation, and consummation of a chapter 11 plan. The periods for exclusively filing a chapter 11 plan and exclusively soliciting votes on such plan under section 1121 of the Bankruptcy Code are intended to afford a debtor a full and fair opportunity to achieve these objectives without the disruption of its business that might be caused by the filing of competing chapter 11 plans.

11.      Section 1121(d)(1) of the Bankruptcy Code provides in pertinent part:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

4

12.     Congress intended that the period during which only the debtor may file a chapter 11 plan be of adequate length for the debtor to formulate, negotiate and draft a consensual chapter 11 plan and solicit acceptances thereof. As reflected in the legislative history of section 1121 of the Bankruptcy Code, section 1121(d) strikes a balance between allowing a debtor "to remain in control to some degree," yet at the same time not "unduly delaying creditors." H.R. Rep. No. 95-595, at 231-32 (1977); *see In re Newark Airport/Hotel Ltd. P'Ship,* 156 B.R. 444, 451 (Bankr. D.N.J. 1993), *aff'd,* 155 B.R. 93 (D.N.J. 1993); *In re Pub. Serv. Co. of N.H.,* 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (explaining that "the legislative intent . . . [is] to promote maximum flexibility to suit various types of reorganization proceedings").

13.     In circumstances in which the initial period to exclusively file a chapter 11 plan proves inadequate for the debtor to negotiate and file a chapter 11 plan, the bankruptcy court has the discretion to extend the periods under section 1121 of the Bankruptcy Code for substantial periods of time. The moving party bears the burden of proving that cause exists. *In re Lichtin/Wade, L.L.C.*, 478 B.R. 204, 209 (Bankr. E.D. N.C. 2012).

14.     In determining whether "cause" exists to extend a debtor's exclusive periods, courts generally consider the following factors:

(i)     the size and complexity of the case;

(ii)    the necessity of sufficient time to negotiate a plan and prepare adequate information;

(iii)   the existence of good faith progress toward reorganization;

(iv)    whether the debtor is paying its debts as they become due;

(v)     whether the debtor has demonstrated reasonable prospects for filing a viable chapter 11 plan;

(vi)    whether the debtor has made progress in negotiating with creditors;

(vii)   the length of time a case has been pending;

(viii)   whether the debtor is seeking an extension to pressure creditors; and

(ix)   whether or not unresolved contingencies exist.

*Id.* at 210. *See also In re Borders Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011); *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007); *In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs.,* 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (and cases cited); *In re Service Merchandise Co., Inc.*, 256 B.R. at 751; *In re Express One Int'l, Inc.,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409–10 (E.D.N.Y. 1989); *see In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Not all factors are relevant to every case, and courts have relied on subsets of the above factors to hold that cause exists. *In re Lichtin/Wade, L.L.C.*, 478 B.R. at 214.

15.   The facts and circumstances of this Chapter 11 Case and the express terms of section 1121(d) fully support the extension of the Debtor's Exclusive Periods. *See Express One Int'l, Inc.,* 194 B.R. at 100 (large size of debtor and concomitant difficulty in formulating a chapter 11 plan are traditional grounds for extension); *In re Pine Run Trust, Inc.,* 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) ("[t]he traditional ground for cause [is] the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization . . . .").

16.   The Debtor believes that sufficient cause exists to support the requested extension of the Exclusive Periods, because: (a) the Chapter 11 Case is sufficiently complex with threshold contingencies remaining unresolved; (b) the Debtor has been making good faith progress towards reorganization; (c) the requested extension is necessary to resolve the contingencies necessary to proceed with a successful reorganization; and (d) the Debtor is paying all postpetition obligations in the ordinary course as they come due.

I.     **The Chapter 11 Case is sufficiently complex with threshold contingencies remaining <u>unresolved.</u>**

17.     Both Congress and the courts have recognized the size and complexity of a debtor's case alone may constitute cause for the extension of a debtor's exclusive period to file a chapter 11 plan and the period to solicit acceptances of such a plan. "[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 232 (1977).

18.     Although not as large as some cases, the Debtor's case is certainly complex. As noted above, to move forward with a confirmable plan of reorganization, certain complex issues must first be resolved, including, but not limited to, the issues at the center of the Adversary Proceeding. The Debtor hopes to resolve the Adversary Proceeding as expeditiously as possible, but a final resolution will not be reached before the current exclusivity period ends as the Debtor, Committee and Insurers continue to work through numerous global mediation issues. The outcome of the Adversary Proceeding will determine the scope of funds available to fund the Debtor's plan of reorganization.

19.     In addition to resolution of the Adversary Proceeding, the Debtor must finalize its review of each claim filed by creditors, primarily those claims arising from abuse, before it can formulate an adequate plan of reorganization. The review and vetting of the claims is an ongoing process as claim supplements and other information is provided by claimants' counsel.

20.     Additionally, with respect to claims arising from abuse, the Debtor correctly anticipated that many claims would be submitted without adequate information and the Debtor therefore has been actively coordinating with the counsel for the various claimants to request supplemental information to the proofs of claim. Although the Debtor has received some supplemental information from claimants' counsel, in the event the Debtor is unable to receive

all necessary supplemental information, the Debtor will be required to serve discovery on claimants whose responses were deficient. This discovery process will further delay the Debtor's ability to quantify the number and dollar amount of the claims against its estate.

21.     Until a proper determination of the scope of the insurance proceeds and abuse claims is made, it would be difficult, if not impossible, for the Debtor to formulate a confirmable plan of reorganization. Under the unique and complex circumstances of this Chapter 11 Case, the proposed extension of the Debtor's Exclusive Periods is appropriate.

**II.      The Debtor has been making good faith progress towards reorganization.**

22.     Since the inception of this Chapter 11 Case, the Debtor has progressed in good faith towards reorganization. The Debtor has already to date: (a) timely filed its schedules and statement of financial affairs; (b) successfully established the Claims Bar Date; (c) established a secure data room and populated it with numerous confidential documents to be shared with the Committee and Insurers in furtherance of resolving the Adversary Proceeding; (d) responded to numerous document requests from the United States Trustee, the Committee, and the Insurers; (e) negotiated and finalized nondisclosure agreements with the Committee and Insurers; (f) reviewed and analyzed hundreds of alleged abuse claims filed against the Debtor; and (g) began, and continues, to work with the Committee and Insurers in the global mediation efforts.

**III.     The requested extension is necessary to enable resolution of outstanding issues.**

23.     The Debtor is not seeking an extension of the Exclusive Periods for purposes of delaying recoveries to creditors or forcing them to accede to the Debtor's demands. On the contrary, the Debtor requests this extension so that it can resolve the above-described outstanding issues in a consensual manner and in an effort to ensure all parties are fairly compensated.

IV.      **The Debtor is paying postpetition obligations in the ordinary course as they come due.**

24.      A Debtor's payment of postpetition obligations as they come due supports a finding that the Debtor is not abusing its exclusivity period. *See In re McLean Indus., Inc.,* 87 B.R. at 834. The Debtor is current on all postpetition obligations and anticipates that this practice will continue. Thus, the requested extension of the Exclusive Periods will not prejudice any legitimate interests of its creditors.

### CONCLUSION

25.      For the foregoing reasons, the requested extension of the Exclusive Periods is warranted, necessary, and appropriate. Further, termination of the Debtor's Exclusive Periods would adversely impact the interests of the Debtor's estate and the progress that has been made in this Chapter 11 Case. Therefore, the Debtor respectfully submits that cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

### NOTICE

26.      The Debtor has provided notice of the filing of the Motion to: (i) the Office of the United States Trustee for the District of Maryland; (ii) counsel to the Committee; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002. Due to the circumstances surrounding this Motion and the nature of the relief in it, the Debtor respectfully submits that no further notice of this Motion is required.

### NO PRIOR REQUEST

27.      No prior request for the relief sought in this Motion has been made to this or any other court.

### WAIVER OF MEMORANDUM OF LAW

28.      Pursuant to Local Bankruptcy Rule 9013-2, and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in this Motion, the Debtor

respectfully requests that the Court waive the requirement that a motion be accompanied by a

separate written memorandum of fact and law.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form attached to this Motion as **Exhibit A**, granting the relief requested and providing for such other and further relief as the Court may deem just and proper.

Dated: January 9, 2025                         Respectfully submitted,


*/s/ Blake D. Roth*
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:     443.569.0788
Facsimile:     410.571.2798
Email: chopkin@yvslaw.com

*-and-*

Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:     615.244.6380
Facsimile:     615.244.6804
Email: blake.roth@hklaw.com
        tyler.layne@hklaw.com

*-and-*

Philip T. Evans (Fed. Bar No. 11796)
**HOLLAND & KNIGHT LLP**
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone:     202.457.7043
Email: philip.evans@hklaw.com

*Attorneys for the Debtor and Debtor In Possession*

11

**EXHIBIT A**
**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF<br>BALTIMORE,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-16969-MMH |

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER EXTENDING ITS**
**EXCLUSIVE PERIODS TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES**
**THERETO PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

Upon consideration of the motion (the "***Motion***")[2] for entry of an order (this "***Order***") filed

by the above-captioned Debtor requesting an extension of its Exclusive Periods pursuant to section

1121(d) of the Bankruptcy Code; and the Court having found that it has jurisdiction to consider

the Motion and the relief requested pursuant to 28 U.S.C. § 1334; and the Court having found that

consideration of the Motion and the relief requested is a core proceeding pursuant to 28 U.S.C. §

157(b); and the Court having found that venue of this proceeding in this District is proper pursuant

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.
[2] Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion is sufficient under the circumstances; and the Court having reviewed the Motion and having considered the record at the hearing held before this Court (the "***Hearing***"), if any; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted in this Order; and upon all the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS THEREFORE ORDERED:

1.      The Motion is granted as set forth in this Order.

2.      The Exclusive Period for filing a plan of reorganization is hereby extended up to and including March 31, 2025.

3.      The Exclusive Period for soliciting such plan of reorganization shall be extended up to and including May 30, 2025.

4.      The entry of this Order shall not prejudice the rights of the Debtor to request further extensions of the Exclusive Periods or to seek other appropriate relief.

5.      The Court expressly retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**End of Order**