# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re: | Case No. 23-16969 |
| Roman Catholic Archbishop of Baltimore, | Chapter 11 |
| Debtor. | Judge Michelle M. Harner |

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF PRESENTATION OF SURVIVOR STATEMENTS

The Official Committee of Unsecured Creditors (the "**Committee**") respectfully submits this notice (the "**Notice**") of its intent to facilitate the presentation of Survivor statements from 10:00 A.M. to 12:00 P.M. (Noon) on a date to be determined by and mutually agreeable to the Court, the Debtor, and the Committee. In support of its Notice, the Committee submits as follows:

1. This bankruptcy case was filed to redress the collective harm that Survivor claimants have experienced. The Debtor acknowledges in its Informational Brief that it filed this case to "fairly provide compensation for unresolved claims of survivors of abuse and preserve the ability of the [Debtor] to continue providing essential ministries and services within the Archdiocese." [ECF No. 5 at ¶ 170].

2. The Debtor's bankruptcy filing stayed the filing of Survivor lawsuits in other forums. These proceedings likely represent the sole opportunity for Baltimore Survivors to pursue recognition and accountability for their suffering and isolation. Without intervention, Survivors will simply be left with the right to file a proof of claim.

3. Based on past experiences of its counsel, as well as feedback received from the Survivors and their attorneys in this case, the Committee believes that, for many Survivors, the

opportunity to be heard is equally, if not more, important than any monetary compensation they may ultimately receive.

4. This Court, recognizing that unless a specific accommodation is made for Survivors, conducted two, two-hour sessions for survivor statements on April 8, 2024 and May 20, 2024 "from certain members of the Committee and other Survivor claimants who have expressed a willingness and desire to address the Court."[1] The conferences were ordered for "the sole purpose" of increasing "engagement and understanding in [the] chapter 11 case."[2]

5. The Court ruled that statements made during the hearing would not serve as evidence in any case matter or become part of the official case record; that no court reporter would transcribe the statements; and, that survivor-presenters, their attorneys, and the Committee would be permitted early access to the courtroom two hours before the scheduled presentation time.[3]

6. Following the hearings, Baltimore Archbishop William Lori stated that "it's important for me and for church leaders continually to hear from victim-survivors about what happened in their life and what that brought about in their lives."[4] Archbishop Lori further stated

---

[1] *Order Granting Committee Request to Reserve Time for Presentation of Survivor Statements*, Doc. 432, *In re Roman Catholic Archbishop of Baltimore*, Case No. 23-16969 (Bankr. D. Md.) (Mar. 21, 2024).

[2] *Id.*

[3] *Id.*

[4] Alex Mann, Catholic sex abuse: Baltimore Archbishop Lori commits 'to hear directly from the survivors in court, The Baltimore Sun, Mar. 20, 2024 available at https://www.baltimoresun.com/2024/03/20/baltimore-lori-proposed-victim-testimony/; See Archbishop William E. Lori, Archbishop Lori Joins Chairman of Court-Sanctioned Survivors' Committee to Outline Next Steps in Chapter 11 Mediation, Child & Youth Protection, From the Archbishop, Press Release, July 9, 2024, available at https://www.archbalt.org/archbishop-lori-joins-chairman-of-court-sanctionedsurvivors-committee-to-outline-next-steps-in-chapter-11-mediation/ (Archbishop Lori states "I also commend the Committee for their historic work already

2

"it's a moment when victim-survivors experience a moment of empowerment and justice. And, I think testimonies will have a big impact on my mind and heart and on the proceedings that are to follow."[5] He also stated that the "powerful testimony offered [] by courageous victim-survivors furthers our universal awareness and understanding of the devastating harm they endured as innocent children. Their stories help drive the Archdiocese of Baltimore's continuing commitment to be vigilant with strong child protection policies and effective action."[6]

7. Following the hearings, the Survivor Committee Chair emphasized the therapeutic value of public testimony, describing it as "a relief" and "a turning point" that enabled survivors to focus on their healing.[7] Another survivor characterized the experience as "a day of liberation" and "a phenomenal healing tool" in their recovery process.[8]

8. The Committee believes that pursuing this opportunity again would communicate clearly to Survivor claimants that their voices are valued, that their suffering was (and remains) real, and that their histories will no longer be silenced or overlooked in deference to transactional or institutional priorities.

---

in proposing and organizing an opportunity for numerous survivors to address the bankruptcy court directly, something we have not seen done in other bankruptcies.").

[5] *Id.*

[6] Rebecca Pryor, Clergy abuse survivors testify during Archdiocese of Baltimore bankruptcy hearing, Fox Baltimore, May 20, 2024, available at https://foxbaltimore.com/news/local/clergy-abuse-survivors-testifyduring-archdiocese-of-baltimore-bankruptcy-hearing.

[7] David Collins, Clergy sex abuse survivors recount torment through gut-wrenching testimony, WBALTV, May 20, 2024, available at https://www.wbaltv.com/article/clergy-sex-abuse-survivorstestimony-archdiocese-of-baltimore-bankruptcy/60847568.

[8] Steve Thompson, Baltimore archbishop hears accounts of abuse during bankruptcy hearing, The Washington Post, April 8, 2024, available at https://www.washingtonpost.com/dc-mdva/2024/04/08/archdiocese-baltimore-abuse-survivors-bankruptcy/.

9.      The Committee further believes that continuing to allow Survivors a meaningful voice in these proceedings will foster trust in the process and ultimately improve the likelihood of achieving a timely and fair global settlement that incorporates enhanced protocols for child protection within the Archdiocese moving forward.

10.     For the foregoing reasons, the Committee respectfully asks the Court to reserve a two-hour period, from 10:00 A.M. to 12:00 P.M. (Noon), on a date to be determined by and mutually agreeable to the Court, the Debtor, and the Committee,[9] to permit Survivor Statements from certain members of the Committee and other Survivor claimants who have expressed a willingness and desire to address the Court.[10]

11.     The Committee further respectfully asks the Court to clarify at the hearing that sole purpose of Survivor Statements shall be to increase engagement and understanding. Consistent with the Court's past practice, the Committee also respectfully requests that Survivor Statements be offered off to the Court without being transcribed by a court reporter.[11]

---

[9] The Committee reserves the right to offer additional Survivor statements at a later date. The Committee will file a similar notice in advance of any such hearing and provide parties with notice of its intention to present Survivor statements.

[10] The Court has inherent authority to manage its own docket and affairs to achieve orderly and expeditious disposition of cases. *See* 11 U.S.C. § 105(a); *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962); *Landis v. N. Am. Co.*, 299 U.S. 248, 254– (1936).

[11] *See* 28 U.S. Code § 753(b)(2) ("Proceedings to be recorded under this section include … (2) all proceedings in other cases had in open court **unless the parties with the approval of the judge shall agree specifically to the contrary** …") (emphasis added); *see also, e.g., U.S. v. Jeffers*, 570 F.3d 557, 564–65 (4th Cir. 2009) ("Pertinent to this issue, the Seventh Circuit has explained that the Court Reporter Act 'does not require the conference on jury instructions to be held in open court.'") (citing *United States v. Murphy*, 768 F.2d 1518, 1535 (7th Cir. 1985)).

**WHEREFORE**, the Committee respectfully requests that the Court reserve time for Survivors to present off-the-record statements to the Court from 10:00 A.M. to 12:00 P.M. (Noon) on a date to be determined by and mutually agreeable to the Court, the Debtor, and the Committee.

Dated: April 7, 2025               Respectfully Submitted,

/s/ _Alan M. Grochal_____
Alan M. Grochal (MD # 01447)
Richard L. Costella (MD # 14095)
**TYDINGS & ROSENBERG LLP**
1 East Pratt Street, Suite 901
Baltimore, MD 21202
Main: 410-752-9700
Email: agrochal@tydings.com
          rcostella@tydings.com

*Local Counsel to the Official Committee of Unsecured Creditors*

 And

Robert T. Kugler (MN # 194116)
Edwin H. Caldie (MN # 388930)
Andrew J. Glasnovich (MN # 398366)
Nicole Khalouian (NY # 5755681)
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Main: 612-335-1500
Facsimile: 612-335-1657
Email: robert.kugler@stinson.com
          ed.caldie@stinson.com
          drew.glasnovich@stinson.com
          nicole.khalouian@stinson.com

*Counsel to the Official Committee of Unsecured Creditors*

**The following parties received CM/ECF notice of the filing:**

Nathan D. Adler, Esquire: nda@nqgrg.com
Philip D. Anker, Esquire: philip.anker@wilmerhale.com
Sam Alberts, Esquire: sam.alberts@dentons.com
Monique D. Almy, Esquire: malmy@crowell.com
G. Calvin Awkward, III, Esquire: cawkward@goldbergsegalla.com
Gary Bahena, Esquire: garybahena@bahenalaw.com
Hugh M. Bernstein, Esquire: hugh.m.bernstein@usdoj.gov
Diane C. Bristow, Esquire: dcb@nqgrg.com
Edwin H. Caldie, Esquire: ed.caldie@stinson.com
Richard L. Costella, Esquire: rcostella@tydings.com
PhilipTucker Evans, Esquire: philip.evans@hklaw.com
Kevin Foreman, Esquire: kforeman@carltonfields.com
Andrew Freeman, Esquire: adf@browngold.com
Andrew Glasnovich, Esquire: drew.glasnovich@stinson.com
Gary R. Greenblatt, Esquire: grg@cooncolelaw.com
Geoffrey Grivner, Esquire: geoffrey.grivner@bipc.com
Alan M. Grochal, Esquire: agrochal@tydings.com
Megan Harmon, Esquire: megan.harmon@bge.com
Catherine Keller Hopkin, Esquire: chopkin@yvslaw.com
Robert Keith Jenner: rjenner@jennerlawfirm.com
Steven J. Kelly, Esquire: skelly@gelaw.com
Nicole Khalouian, Esquire: nicole.khalouian@stinson.com
Robert T. Kugler, Esquire: robert.kugler@stinson.com
C. Scott Kunde, Jr., Esquire: scott.kunde@hklaw.com
Anthony May, Esquire: amay@browngold.com
Gordon Z. Novod, Esquire: gnovod@gelaw.com
Timothy P. Palmer, Esquire: timothy.palmer@bipc.com
Mark David Plevin, Esquire: mplevin@crowell.com
David Kendall Roberts, Esquire: droberts2@omm.com
Annette Rolain, Esquire: arolain@ruggerilaw.com
Blake D. Roth, Esquire: blake.roth@hklaw.com
James P. Ruggeri, Esquire: jruggeri@ruggerilaw.com
Jonathan Schapp, Esquire: jschapp@goldbergsegalla.com
U.S. Trustee – Baltimore: ustpregion04.ba.ecf@usdoj.gov
Irving Edward Walker, Esquire: iwalker@coleschotz.com

6

Joshua D. Weinberg, Esquire: jweinberg@ruggerilaw.com
Adam R. Dunst, Esquire, adunst@goldbergsegalla.com
Samantha J. Hanson-Lenn, Esquire, Samantha.hansonlenn@stinson.com
Eric G. Korphage, Esquire, korphagee@whiteandwilliams.com
Robert H. Kline, Esquire, kliner@whiteandwilliams.com
Matthew M. Weiss, Esquire, mweiss@phrd.com
John E. Bucheit, Esquire, jbucheit@phrd.com
Matthew G. Roberts, Esquire, mroberts@phrd.com
John Grossbart, Esquire, john.grossbart@dentons.com
Siobhain P. Minarovich, Esquire, manarovics@whiteandwilliams.com
Justin P. Fasano, Esquire, jfasano@mhlawyers,com
Matthew C. Nelson, Esquire, matthew.nelson@kennedyslaw.com
Jillian G. Dennehy, Esquire, jillian.dennehy@kenedyslaw.com
James R. Murray, Esquire, jim.murray@blankrome.com
James D. Carter, Esquire, james.carter@blankrome.com
Robyn L. Michaelson, Esquire, robyn.michaelson@blankrome.com
Sara G. Klein, Esquire, sklein@manlystewart.com
Gary P. Seligman, Esquire, gseligman@wiley.law
Ezhan S. Hasan, Esquire, ahasan@wiley.com
Michael J. Belsky, Esquire, mbelsky@sbwdlaw.com
Catherine A. Dickinson, Esquire, cdickinson@sbwdlaw.com
Isabella R. Sayyah, Esquire, isayyah@gibsondunn.com
Matthew A. Hoffman, Esquire, mhoffman@gibsondunn.com
Ryan S. Appleby, Esquire, rappleby@gibsondunn.com
Michael A. Rosenthal, Esquire, mrosenthal@gibsondunn.com
Todd C. Jacobs, Esquire, tjacobs@phrd.com
Jesse J. Bair, Esquire, jbair@burnsbair.com
Timothy W. Burns, Esquire, tburns@burnsbair.com
Jared Zola, Esquire, jared.zola@blankrome.com
Anthony J.M. Kikendall, Esquire, kikendalla@whiteandWilliams.com
Eileen King Bower, Esquire,  Eileen.kingbower@clydeco.us
Robert M. Westra, Esquire, rwestra@ppsrlaw.com
Kevin A. Clasing, Esquire, kclasing@ppsrlaw.com
Morgan K. Stippel, Esquire, mstippel@burnsbair.com