**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

In re:

ROMAN CATHOLIC ARCHBISHOP OF
BALTIMORE

                      Debtor.[1]

Case No:  23-16969-MMH
Chapter 11

**Objection Deadline:** April 30,
2025, 12:00 p.m. ET
**Hearing:**  May 1, 2025, 10:00 a.m.
ET

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD CASUALTY
INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, AND TWIN
CITY FIRE INSURANCE COMPANY'S RESPONSE TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS' EXPEDITED MOTION FOR (I)
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND
(II) AN ORDER ESTABLISHING THE DATE ON WHICH PROOFS OF CLAIM
<u>INITIATED OR COMMENCED A PROCEEDING UNDER MARYLAND'S CVA</u>**

Hartford Accident and Indemnity Company ("Hartford A&I"), Hartford Casualty

Insurance Company ("Hartford Casualty"), Hartford Fire Insurance Company ("Hartford Fire")

and Twin City Fire Insurance Company ("Twin City") (collectively, "Hartford") respectfully

submit this response to *The Official Committee of Unsecured Creditors' Expedited Motion for (I)*

*Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) and (II) An Order Establishing*

*the Date on Which Proofs of Claim Initiated or Commenced a Proceeding under Maryland's*

*CVA* [Dkt. No. 1043] ("Motion").

Hartford does not dispute that the proofs of claim filed by creditors in this bankruptcy

case are the legal equivalent of "actions" filed against the Debtor.  But Hartford does not believe

those proofs of claim are the legal equivalent of "actions" filed against non-debtor entities,

including what the Committee defines in its Motion as the "Catholic Affiliates," "Additional

---

[1]      The last four digits of the Debtor's federal tax identification number are: 1535.  The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

Catholic Defendants," "Other Catholic Affiliates" and "Non-AOB Defendants."[2]  After all, while the filing of a proper, timely proof of claim may be sufficient to assert a right to payment from the debtor in bankruptcy, it is not sufficient as a matter of law to assert a right to payment from a non-debtor not in bankruptcy.  As a result, Hartford does not object to the Court's lifting the stay, to the extent required, for the limited purpose of allowing creditors that timely filed proofs of claim in this bankruptcy case to commence actions in an appropriate, non-bankruptcy court with jurisdiction under Md. Code, Cts. & Jud. Proc. §5-117 ("CVA") against any non-debtor entity before June 1, 2025, so long as those actions are then immediately deemed stayed in accord with the Court's *Second Interim Order, Pursuant to Sections 105(a) and 362 of the Bankruptcy Code, Extending the Automatic Stay to Certain Related Entities* [Dkt. No. 173] ("Stay Order"), if filed against a "covered party."

Hartford expects the parties may be in agreement on these basic points, though there is uncertainty over who qualifies as a "covered party," which could make execution of these basic points difficult.  Hartford submits that difficulty could be eased if Debtor would share its list(s) by policy of entities it believes are "covered party(ies)."  Once Debtor shares its list, then other parties, including Hartford and other insurers, could advise Debtor of any disagreements, which in turn could make it easier for everyone, including the Committee and courts where the actions are filed, to know whether that action is stayed per this Court's Stay Order.  Right now, the system, per the Stay Order, is for claimants to notify the Debtor of their intended defendants and within two (2) business days, counsel for the Debtor will provide notice of whether the Debtor believes such intended defendants are covered by the Debtor's insurance policies.  *See* Stay Order ¶5.  Respectfully, that system is inefficient, particularly given the issues presented by the

---

[2]       *See* Motion at 3, 4, 5, 13-14 and 16.

2

amendments to the CVA.  No doubt Debtor has prepared a list of entities it believes are "covered parties"; indeed, it must have had to respond to inquiries since the Stay Order was first entered in October 2023.  Hartford submits Debtor should share that list, even if it needs to do so with a proviso that it is subject to change.

This issue is real, not academic.  For example, Hartford issued liability insurance policies to the Debtor for the period August 1, 1977 to June 30, 1988.  The current automatic stay order applies to a principally unknown set of non-debtor entities, defined without a temporal scope as "one hundred fifty-three (153) parishes, each of the schools within the Archdiocese covered under the Debtor's insurance program, Catholic Community School Land, Inc., Inter-Parish Loan Fund, Inc., Catholic Community Foundation of the Archdiocese of Baltimore, Inc., Roman Catholic Foundation in the Archdiocese of Baltimore, Inc., John Carroll Foundation of the Roman Catholic Archdiocese of Baltimore, Inc., Associated Catholic Charities, Inc. and Maryland Catholic Conference, LLC (collectively with all other related entities covered under the Debtor's current and legacy insurance programs . . .)."[3]  Some of those entities were incorporated well after Hartford's applicable policies expired and some may not have been understood by the parties at the time of contracting (nearly 50 years ago) to be insureds.  Unless and until Hartford knows who Debtor believes are the "covered parties" under the Hartford policies, neither Hartford nor anyone else can know whether there is agreement or disagreement, an important issue not just for understanding the scope of the Court's stay order but also an important issue for purposes of trying to resolve this case, consensually or otherwise.

---

[3]     *See Debtor's Motion for Entry of an Order, Pursuant to Sections 105(a) and 362 of the Bankruptcy Code, Extending the Automatic Stay* at 1 [Dkt. No. 12]; *see also Second Interim Order, Pursuant to Sections 105(a) and 362 of the Bankruptcy Code, Extending the Automatic Stay to Certain Related Entities* [Dkt. No. 173].

After Hartford receives Debtor's list, Hartford will need to investigate the Debtor's assertions and determine whether it agrees or disagrees with the Debtor that the non-debtor entities are insured under policies Hartford issued to the Debtor.  Hartford submits that this is the only way that all parties can obtain clarity about which non-debtor entities are subject to the automatic stay.

Hartford reserves all of its rights, including with respect to any later determination about which entities are "covered parties" under the policies it issued to the Debtor.  Nothing in this response is intended to waive Hartford's contractual rights, defenses, limitations and exclusions under applicable law, including its right to assert such rights, defenses, limitations and exclusions in an appropriate manner and forum (including, without limitation, the right to have any non-core matter relating to the interpretation of Hartford's policies adjudicated by the district court). Hartford further reserves the right to object to any claim for coverage under any Hartford policy, or to seek declaratory and/or injunctive relief as Hartford deems appropriate.

## **CONCLUSION**

For the foregoing reasons, Hartford does not object to the Motion, to the extent that it requests that the Court lift the stay for the limited purpose of permitting creditors that have filed timely proofs of claim in the bankruptcy to file CVA actions in an appropriate, non-bankruptcy court with jurisdiction, against non-debtor entities prior to June 1, 2025, and provided that (1) those actions, once filed, are immediately, without requiring further action of this Court, stayed as to all "covered parties"; and (2) the Court directs the Debtor to provide the parties with a policy-by-policy list of who Debtor alleges is a "covered party" under each policy.

4

Dated:  April 30, 2025

Respectfully submitted,

*/s/ James P. Ruggeri*

James P. Ruggeri (Fed. Bar No. 21926)
Joshua D. Weinberg (admitted *pro hac vice*)
Annette P. Rolain (admitted *pro hac vice*)
RUGGERI PARKS WEINBERG LLP
1875 K Street NW, Suite 800
Washington, DC  20006
Tel: (202) 984-1400
jruggeri@ruggerilaw.com
jweinberg@ruggerilaw.com
arolain@ruggerilaw.com

and

Philip D. Anker (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
Tel: (212) 230-8890
philip.anker@wilmerhale.com

*Counsel for Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company and Twin City Fire Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2025, a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF e-filing system on all parties of record. Additionally, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing document to be served on all parties required to be served, with a certificate or affidavit of service to be filed subsequently, in accordance with Local Rule 9013-4.

Blake D. Roth, Esquire: blake.roth@hklaw.com
Catherine Keller Hopkin, Esquire: chopkin@yvslaw.com
Hugh M. (UST) Bernstein, Esquire: hugh.m.bernstein@usdoj.gov
Gary R. Greenblatt, Esquire: grg@cooncolelaw.com
Marc E. Shach, Esquire: mes@cooncolelaw.com
Andrew D. Freeman, Esquire: adf@browngold.com
Anthony May, Esquire: AMay@browngold.com
Geoffrey Grivner, Esquire: geoffrey.grivner@bipc.com
Nathan D. Adler, Esquire: nda@nqgrg.com
Diane C. Bristow, Esquire: dcb@nqgrg.com
Tyler N. Layne, Esquire: Tyler.Layne@hklaw.com
Christopher Scott Kunde, Jr., Esquire: scott.kunde@hklaw.com
Steven J Kelly, Esquire: skelly@gelaw.com
Nicholas R. Miller, Esquire: nick.miller@hklaw.com
Timothy P. Palmer, Esquire: timothy.palmer@bipc.com
Gordon Z. Novod, Esquire: gnovod@gelaw.com
Philip Tucker Evans, Esquire: philip.evans@hklaw.com,
Megan Harmon, Esquire: megan.harmon@bge.com
Richard L. Costella, Esquire: rcostella@tydings.com
Alan M. Grochal, Esquire: agrochal@tydings.com
Robert T. Kugler, Esquire: robert.kugler@stinson.com
Edwin H. Caldie, Esquire: ed.caldie@stinson.com
Andrew J. Glasnovich, Esquire: drew.glasnovich@stinson.com
Nicole Khalouian, Esquire: nicole.khalouian@stinson.com
Hannah Berny, Esquire: Hannah.berny@hklaw.com
Monique D. Almy, Esquire: MAlmy@crowell.com
Miranda H. Turner, Esquire: MTurner@plevinturner.com
Mark D. Plevin, Esquire: MPlevin@plevinturner.com
Irving E. Walker, Esquire: iwalker@coleschotz.com
J. Michael Pardoe, Esquire: mpardoe@coleschotz.com
Robert K. Jenner, Esquire: rjenner@jennerlawfirm.com
David K. Roberts: droberts2@omm.com
Bruce A. Anderson, Esquire: banderson@eaidaho.com
Ford Elsaesser, Esquire: felsaesser@eaidaho.com
Mark Pfeiffer, Esquire: mark.pfeiffer@bipc.com
Jonathan Schapp, Esquire: jschapp@goldbergsegalla.com
Sam J. Alberts, Esquire: sam.alberts@dentons.com
David F. Cook, Esquire: david.f.cook@dentons.com

6

G. Calvin Awkward, Esquire: cawkward@goldbergsegalla.com
Kevin Foreman, Esquire: kforeman@carltonfields.com
U.S. Trustee – Baltimore: ustpregion04.ba.ecf@usdoj.gov
Adam R. Durst, Esquire, adurst@goldbergsegalla.com
Samantha J. Hanson-Lenn, Esquire, Samantha.hansonlenn@stinson.com
Eric G. Korphage, Esquire, korphagee@whiteandwilliams.com
Matthew M. Weiss, Esquire, mweiss@phrd.com
John E. Bucheit, Esquire, jbucheit@phrd.com
Matthew G. Roberts, Esquire, mroberts@phrd.com
John Grossbart, Esquire, john.grossbart@dentons.com
Harris B. Winsberg, Esquire, hwinsberg@phrd.com
R. David Gallo, Esquire, dgallo@phrd.com
Todd C. Jacobs, Esquire, tjacobs@phrd.com
Patrick C. Maxcy, Esquire, patrick.maxcy@dentons.com
M. Keith Moskowitz, Esquire, keith.moskowitz@dentons.com
Siobhain P. Minarovich, Esquire, Minarovichs@whiteandwilliams.com
Robert H. Kline, Esquire, kliner@whiteandwilliams.com
Robert W. DiUbaldo, Esquire, rdiubaldo@carltonfields.com
Alex B. Silverman, Esquire, asilverman@carltonfields.com
Nora A. Valenza-Frost, Esquire, nvalenza-frost@carltonfields.com
Adam P. Haberkorn, Esquire, ahaberkorn@omm.com
Tancred V. Schiavoni, Esquire, tschiavoni@omm.com
Justin P. Fasano, Esquire, jfasano@mhlawyers.com
Matthew C. Nelson, Esquire, matthew.nelson@kennedyslaw.com
Michael J. Belsky, Esquire, mbelsky@sbwdlaw.com
Jillian G. Dennehy, Esquire, jillian.dennehy@kennedyslaw.com
Ezhan S. Hasan, Esquire, ahasan@wiley.law
Gary P. Seligman, Esquire, gseligman@wiley.law
Ryan S. Appleby, Esquire, rappleby@gibsondunn.com
Isabella R. Sayyah, Esquire, isayyah@gibsondunn.com
Matthew A. Hoffman, Esquire, mhoffman@gibsondunn.com
Jesse J. Bair, Esquire, Esquire, jbair@burnsbair.com
Timothy W. Burns, Esquire, tburns@burnsbair.com
Michael A. Rosenthal, Esquire, Mrosenthal@gibsondunn.com
Sarah G. Klein, Esquire, sklein@manlystewart.com
Robyn L. Michaelson, Esquire, robyn.michaelson@blankrome.com
James S. Carter, Esquire, james.carter@blankrome.com
James R. Murray, Esquire, jim.murray@blankrome.com
Jared Zola, Esquire, jared.zola@blankrome.com
Jordan A. Hess, Esquire: jhess@plevinturner.com
Vincent S. Weisband, Esquire: vweisband@omm.com
Anthony J. M. Kikendall, Esquire: kikendalla@whiteandwilliams.com
Stephen Boyd, Esquire: sboyd@steveboyd.com
Jodie E. Bekman, Esquire: jbekman@gfrlaw.com
Ryan S. Perlin, Esquire: perlin@mdtrialfirm.com
Emily C. Malarkey, Esquire: malarkey@mdtrialfirm.com

7

Morgan K. Stippel, Esquire: mstippel@burnsbair.com
Robert M. Westra, Esquire: rwestra@ppsrlaw.com
Kevin A. Clasing, Esquire: kclasing@ppsrlaw.com
Eileen King Bower, Esquire: Eileen.kingbower@clydeco.us


                              */s/ James P. Ruggeri*