Entered: May 2nd, 2025
Signed: May 2nd, 2025

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | |
| Debtor. | * | Chapter 11 |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER MODIFYING AUTOMATIC STAY SOLELY**
**FOR PURPOSES OF FILING AND SERVING CERTAIN CIVIL**
**COMPLAINTS UNDER MARYLAND LAW ON OR BEFORE MAY 31, 2025**

A chapter 11 petition is a powerful tool. The mere filing of the petition triggers an automatic stay of most all actions concerning a debtor's prepetition financial affairs, including litigation seeking to impose liability on the debtor or otherwise affect its assets. The automatic stay necessarily affects the rights of the debtor's creditors and others whose lives have been impacted by, or intersected with, the debtor. The Court is thus mindful of the consequences of any determination that the stay applies to particular actions or property and the need to proceed carefully to ensure that all parties' rights are preserved and addressed in accordance with the Bankruptcy Code and, to the extent possible, applicable nonbankruptcy law.

The debtor in this case filed its chapter 11 petition in anticipation of the filing of hundreds, if not thousands, of lawsuits relating to claims of child sexual abuse by individuals and entities related to the debtor. The imposition of the automatic stay in this case was notable for at least two reasons. First, the case was filed immediately before a change in state law eliminating the statute

of limitations on claims asserted by the survivors of child sexual abuse. Second, the Court determined that the stay extended to protect not only the debtor in this case but also property of the debtor and the debtor's estate, namely prepetition insurance policies. The pending matter asks the Court to clarify its prior order concerning the scope of the automatic stay in this case, as another change to state law is imminent and could again affect the rights of the survivors of child sexual abuse.

The Court has considered the parties' respective arguments. The Court is concerned with several issues in this matter, including notice and due process, preserving all parties' rights to the greatest extent possible, and balancing the arguably competing objectives of bankruptcy and applicable state law. Based on the record before it and the uncertainty surrounding the impact of applicable state law, the Court finds cause to modify the automatic stay under section 362(d)(1) of the Bankruptcy Code solely to permit the filing and service of civil complaints for child sexual abuse claims under Maryland law in the appropriate state or other nonbankruptcy court, subject to the terms and conditions of this Order.

## I.    Relevant Background

The Roman Catholic Archbishop of Baltimore (the "Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code[1] on September 29, 2023.[2] ECF 1. On that same date, the Debtor filed a Motion to Extend the Automatic Stay (the "Stay Motion") to certain related entities included as additional insureds under the Debtor's various current and legacy insurance programs. ECF 12. The Court entered an interim order granting certain of the relief requested by the Stay Motion, which was then continued under the Second Interim Order, Pursuant to Sections 105(a)

---

[1] 11 U.S.C. §§ 101 et seq. (the "Code").
[2] The Debtor is operating as a debtor in possession under section 1107 of the Code. 11 U.S.C. § 1107. All references to the Debtor herein include its role as a debtor in possession in this case.

and 362 of the Bankruptcy Code, Extending the Automatic Stay to Certain Related Entities (the "Stay Order").[3] ECF 52, 173.

The Stay Order was grounded, in part, on the finding that the Debtor's prepetition insurance policies are property of the Debtor's bankruptcy estate under section 541 of the Code. 11 U.S.C. § 541(a). The insurance policies name the Debtor as an insured and may be available to pay covered claims asserted against the Debtor in this case. The Stay Order is intended to preserve the value of estate assets for the benefit of all claimants and remains in effect to prevent parties from commencing or continuing litigation against the Debtor and certain of the Debtor's related entities that are also covered by the Debtor's insurance policies.

The Debtor has acknowledged that the filing of this case and the need for the Stay Order resulted from the Maryland Child Victims Act (the "CVA"), passed by the Maryland General Assembly in April 2023. The CVA eliminated the statute of limitations on civil lawsuits involving child sexual abuse. The CVA became effective on October 1, 2023, immediately after the filing of this case.

Since that time, the Debtor, the Official Committee of Unsecured Creditors (the "UCC"), and the Debtor's insurance carriers (the "Insurers") have been engaged in this case, participating in mediation, and working towards a plan of reorganization. The primary creditors in this case are the survivors of child sexual abuse ("Survivors"), and the members of the UCC are in fact Survivors themselves.

The UCC filed the pending motion to clarify the scope of the Stay Order (the "Motion"). ECF 1043. Specifically, the Motion seeks, among other things, to identify the entities subject to the Court's Stay Order and the automatic stay of section 362(a) of the Code and to determine the

---

[3] The Stay Order is grounded in the Court's authority under sections 105 and 362 of the Code.

effect of proofs of claim filed by Survivors in the chapter 11 case. *Id*. The Motion addresses important and time-sensitive issues facing Survivors, the Debtor, the Debtor's nondebtor affiliates, and the Insurers, relating to an amendment to the CVA adopted by the Maryland General Assembly in April 2025 (the "CVA Amendment"). The CVA Amendment reduces the amount of noneconomic damages a Survivor may recover. H.B. 1378, 2025 Leg., 447 Sess. (Md. 2025).[4]

The Debtor, certain of the Insurers, and counsel representing certain survivors filed papers in response to the Motion. ECF 1089, 1093, 1104, 1110, 1111, 1112, 1113, 1116, 1118, 1119.[5]

The Court held a hearing on the Motion and all related papers on May 1, 2025 (the "Hearing"). This matter is now ripe for resolution.[6]

## II.    Key Findings and Circumstances

At prior hearings in this case, the Debtor has explained its organizational structure, and the various resources and assets shared by it and certain of its nondebtor affiliates. ECF 5, 91, 212. The potential use of estate assets by entities other than the Debtor during this bankruptcy case is concerning. Indeed, to the extent that a nondebtor entity can use an estate asset for its benefit, such use necessarily depletes the value of the asset that otherwise would be available for the estate and the Debtor's creditors. It also may create unnecessary distractions that delay further progress in this case.

Here, the Debtor has historically maintained and currently maintains a centralized insurance program, which is administered by the Debtor and arranges for or provides risk

---

[4] The CVA Amendment appears to make multiple changes to the CVA, including 1) a reduction of the statutory cap for the amount of noneconomic damages that may be awarded from a private institution from $1,500,000 to $700,000; 2) a reduction of the statutory cap for the amount of liability of the State from $890,000 to $400,000; and 3) a reduction in the statutory cap for the amount of counsel fees that may be charged to 20% of a settlement, and 25% of a judgment.
[5] The Court also invited parties to submit additional papers after the May 1, 2025, hearing, which are found at ECF 1122, 1123, 1124, 1125.
[6] The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. The District Court has referred this case and this matter to this Court under 28 U.S.C. § 157(a) and Local Rule 402 of the United States District Court for the District of Maryland. This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2).

4

protection and risk management services for the Debtor and all Covered Parties (the "General Insurance Program"). ECF 6 at ¶¶ 50–57. *See also* ECF 5, 10. The legacy portion of the General Insurance Program has historically provided general liability insurance for the Debtor and certain of its nondebtor affiliates (the "Covered Parties"), including coverage for liability arising from child sexual abuse claims. Under the General Insurance Program, child sexual abuse actions may be asserted against a finite group of insurance policies that provides coverage for the Debtor and the Covered Parties, regardless of whether such claims are brought against the Debtor or a Covered Party.[7]

### III.    Analysis

A chapter 11 case is intended to serve the dual goals of rehabilitating debtors and maximizing value for creditors. In some cases, these goals converge, in that aggregating all the debtor's assets and debts in one forum might facilitate a more timely and fair resolution for all creditors. Indeed, a bankruptcy stops the race to the courthouse and the dissipation of a debtor's assets by those who are first in line to file actions and obtain judgments.

Although equality of treatment among similarly situated creditors is laudable, the Bankruptcy Code does not permit pursuit of that goal at all costs. There are limits. The Debtor cannot use the Code as a sword *and* a shield;[8] it must use the bankruptcy tools in a fair and consistent manner. Here, if the Debtor wants the continued protection of the Code, it must use the Code in a manner that aligns with the Code's objectives and respects, to the extent possible, applicable state law.

---

[7] To date in this case, the parties have discussed only the existence of the General Insurance Program. The Court makes no findings concerning the scope, coverage, parties' rights, or any other such matters at this time. All parties' rights are reserved.

[8] *In re Waldron*, 785 F.2d 936, 940 (11th Cir. 1986) ("'The bankruptcy laws are intended as a shield, not as a sword.' *In re Penn Central Transportation Co.,* 458 F.Supp. 1346, 1356 (E.D.Pa.1978)."); *see also In re Mallinckrodt PLC*, 99 F.4th 617, 621 (3d Cir. 2024) ("Or we might worry if a debtor games bankruptcy, wielding it as both a sword and a shield. . . . In [such] circumstances, fairness might compel special treatment.").

As discussed above, the Maryland General Assembly has passed the CVA Amendment, an amendment that reduces the amount of noneconomic damages available to survivors of child sexual abuse for actions filed on or after June 1, 2025. This amendment poses a dilemma for individuals who might have claims under the CVA but have been, and continue to be, unable to file the appropriate nonbankruptcy action because of the Debtor's bankruptcy case. Indeed, the Stay Order states that "any action taken by a third party, including without limitation parties asserting Abuse Action, that could have an effect on property of the Debtor's estate, including without limitation any action that triggers or would otherwise diminish coverage under the Debtor's insurance policies, is hereby stayed by the automatic stay pursuant to sections 105(a) and 362(a)(3) of the Bankruptcy Code until the conclusion of the Final Hearing, as defined herein." ECF 173.

The CVA Amendment and the Motion require the Court to: (i) consider the scope of the Stay Order and the language of the Code; (ii) review the potential parties subject to the Stay Order and the potential impact on the parties' rights under state law; and (iii) determine the appropriate balance between the Debtor's rights under the Code and the parties' rights under state law. The Court evaluates these issues in turn below.

A.    The Scope of the Stay Order

The Stay Order was entered after two separate hearings in this case and on largely a consensual basis. The objective of the Court—and likely the parties—at the time was to protect property of the Debtor's bankruptcy estate while the Debtor, the UCC, and the Insurers discussed a possible global resolution (or at least a path to a resolution) in this case. The protection afforded by the Stay Order is grounded in the General Insurance Program being property of the estate. Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from

the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Moreover, section 105(a) of the Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Code. *Id*. at § 105(a). Although section 105(a) does not allow the Court to defy another provision of the Code, the section does permit directives in furtherance of the Code and the Code's objectives. *See, e.g., Law v. Siegel*, 571 U.S. 415, 421 (2014).[9] The Stay Order thus pauses, on a temporary basis, all actions that impact or potentially impact the General Insurance Program.

The Stay Order also included procedures to protect Survivors and other parties potentially subject to its provisions. For example, any party could ask the Debtor's counsel to quickly identify whether a nondebtor entity was a Covered Party, thus bringing any actions against it within the scope of the Stay Order. Indeed, the Debtor's counsel emphasized the availability of this tool as a means to help mitigate any uncertainty arising under the Stay Order. *See* Hrg. Tr., ECF 1090 at p. 25; Order Setting Deadlines and Scheduling May 1, 2025, Hearing, ECF 1044 (ordering that a Notice shall be posted by the UCC including, among other things, an explanation of "the process established by paragraph 5 of the Second Interim Order at ECF 173 for parties to provide the names of entities to the Debtor to determine whether the Debtor believes such entities are covered by the Debtor's insurance policies and the terms of that Second Interim Order at ECF 173[.]"); Notice of Compliance with Order Setting Deadlines and Scheduling May 1, 2025 Hearing, ECF 1075.

---

[9] As the Supreme Court explained,

It is hornbook law that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 Collier on Bankruptcy ¶ 105.01[2], p. 105–6 (16th ed. 2013). Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere.

*Siegel*, 571 U.S. at 421.

Based on the papers and the parties' statements at the Hearing, the Court determines that the Stay Order applies only to actions against the Debtor and the Covered Parties that are covered by an asset of this estate, namely the General Insurance Program. Schedule A hereto lists those entities that the Debtor has identified as being covered by the General Insurance Program as of the date of this Order. The Court is not making any factual findings regarding the accuracy of Schedule A at this time but relies on the representation of the Debtor's counsel and the ability of parties (including the Debtor) to seek a modification of such list of Covered Parties.[10]

B.    <u>Limited Modification of the Stay</u>

Notably, clarifying the scope of the Stay Order does not necessarily resolve the issues raised by the Motion. The Court must still determine how the Stay Order and the Code interact with the CVA Amendment and Maryland law. The Court strives to implement the provisions and the purpose of the Code and Maryland law to the greatest extent possible.

Having considered the parties' statements at the Hearing and the entirety of the record, the Court determines that cause exists to modify the automatic stay of section 362(a) of the Code and the Stay Order *solely* to permit Survivors to file and serve a complaint relating to child sexual abuse claims against the Debtor and the Covered Parties under Maryland law in the appropriate nonbankruptcy court. Although the Debtor and Covered Parties will need to file a Suggestion of Bankruptcy and a copy of this Court's Order in each such action, that burden is significantly outweighed by the potential harm to Survivors if the stay remains unaltered. Moreover, the Court will—at this time—continue to mitigate any such burden by maintaining the automatic stay of

---

[10] The Court notes that the Debtor filed the list of Covered Parties as requested by the Court at ECF 1123. The Court also acknowledges the effort by counsel to certain of the Covered Parties to have those Covered Parties consent to counsel accepting service of the nonbankruptcy complaints for limited purposes. *See* ECF 1124. The Court appreciates the efforts of counsel to implement the terms of this Order. This Order does not address what constitutes appropriate service under applicable nonbankruptcy law but leaves those issues to state or other nonbankruptcy law and the parties.

section 362(a) of the Code as to those actions filed after the entry of this Order and involving the Debtor and the Covered Parties and affecting estate property (i.e., the General Insurance Program).

The Court reaches this determination under the factors set forth by the United States Court of Appeals for the Fourth Circuit in *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992), *as amended* (May 27, 1992). Specifically, the Court considers "(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court." *Id*.

Here, it is undisputed that the Survivors' claims are governed by Maryland law; in addition, if trial is needed on those claims, the state court or the federal district court is likely the appropriate forum. Although these facts support the first element of the *Robbins* analysis, the second and third factors strongly support some maintenance of the automatic stay as to the Debtor and its property and/or property of the estate on a temporary basis. The Debtor simply cannot dedicate the time and resources needed to participate in the Court-ordered mediation process in this case and confirm a chapter 11 plan if it is also litigating hundreds of lawsuits in nonbankruptcy courts. The Debtor and others involved in this case have recognized the Debtor's objective of achieving a global resolution of all claims for the benefit of all parties, which is still a viable objective at this time. Moreover, and as concerning to the Court, that litigation may significantly deplete the Debtor's General Insurance Program and the assets otherwise available to pay *all* Survivors, as opposed to only those who reach the assets first.[11]

---

[11] *See, e.g.*, *In re Joyner*, 416 B.R. 190 (Bankr. M.D.N.C. 2009) (tailoring modification of the automatic stay to protect the rights of creditors, the estate, and judicial economy).

Accordingly, and on balance, the Court finds a limited modification of the automatic stay and the Stay Order warranted at this time.

That said, the Court wants to note what it is not deciding in this Order. The UCC argues in its papers that proofs of claim filed in this case by Survivors constitute "actions" as that term is used in the CVA Amendment. The UCC thus posits that no further filings are needed by Survivors who have timely filed proofs of claim. The Court acknowledges but does not address the merits of that legal position at this time.

Similarly, the Court notes that section 108(c) of the Code tolls the statute of limitations for certain kinds of actions. The Court is not resolving whether section 108(c) tolls the filing deadline set forth in the CVA Amendment with respect to the Debtor or any Covered Party; that issue remains for another day.

Moreover, the Court is not by this Order imposing a permanent stay on any nonbankruptcy court litigation commenced as a result of this Order. Rather, the Court is continuing a temporary stay of such litigation against the Debtor and the Covered Parties, which the Court will continue to monitor. As the Court has suggested at prior hearings, this chapter 11 case has now been pending for almost two years and the Debtor needs to develop its plan of reorganization and provide Survivors and others a clear understanding of its exit strategy in the near term. Without such progress, the Court's ability to maintain the current status quo weakens and alternative approaches may be needed.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the automatic stay of section 362(a) of the Code and the Stay Order are modified solely to the extent necessary to allow individuals to commence an action against the

Debtor and/or any Covered Party by filing and serving a complaint for child sexual abuse claims under Maryland law on or before May 31, 2025; and it is further

**ORDERED**, that the Debtor and/or any Covered Party named as a defendant in any litigation commenced under the immediately preceding decretal paragraph shall file a Suggestion of Bankruptcy and a copy of this Order notifying the state court or other nonbankruptcy court of the temporary stay on any further filings or proceedings in that action, pending the dismissal or conversion of this chapter 11 case or further Order of the Court; and it is further

**ORDERED**, that the terms of this Order are effective regardless of whether the Debtor, a Covered Party, or any other party files a Suggestion of Bankruptcy in any nonbankruptcy court action, provided, however, that the Debtor and/or the Covered Parties shall use their best efforts to file Suggestions of Bankruptcy and copies of this Order in all relevant nonbankruptcy actions; and it is further

**ORDERED**, that any party seeking to file an action based on child sexual abuse claims against any entity that is not the Debtor and/or is not listed as a Covered Party may provide the names of the intended defendants to counsel for the Debtor; within two (2) business days of receiving the identities of any intended defendant(s), counsel for the Debtor will provide notice of whether the Debtor believes such intended defendants are covered by the Debtor's insurance policies; and it is further

**ORDERED**, that the term "Covered Parties" as used in this Order and the Stay Order means those entities listed on Schedule A attached hereto, provided, however, that any party may file an appropriate motion with the Court to add, remove, or clarify the entities identified on Schedule A; and it is further

**ORDERED**, that except to the extent set forth herein, pursuant to sections 105(a) and 362(a) of the Code, the Stay Order [ECF 173] remains in full force and effect; and it is further

**ORDERED**, that nothing in this Order affects the parties' respective rights and remedies concerning the treatment of a proof of claim for purposes of the CVA and the CVA Amendment, the tolling of any relevant deadlines under section 108(c) of the Code, or the merits of any claims under applicable nonbankruptcy law; and it is further

**ORDERED**, that the 14–day stay imposed by Fed. R. Bankr. P. 4001(a)(3) does not apply to this Order, and the Order is effective upon entry.

cc:     All Parties in Interest

**END OF ORDER**

## SCHEDULE A
## COVERED PARTIES[1]

1.  Roman Catholic Archbishop of Baltimore
2.  Archbishop of Baltimore Annual Appeal Trust
3.  Route 175 East, LLC
4.  Catholic Community School Land, Inc.
5.  Inter-Parish Loan Fund, Inc.
6.  The Catholic Community Foundation of the Archdiocese of Baltimore, Inc.
7.  Roman Catholic Foundation in the Archdiocese of Baltimore, Inc.
8.  The John Carroll Foundation of the Roman Catholic Archdiocese of Baltimore, Inc.
9.  Mother Mary Lange Support Corporation
10. Associated Catholic Charities, Inc.
    a.  Villa Maria, Inc.
    b.  Jenkins Memorial Nursing Home, Inc.
    c.  DePaul House, Inc.
    d.  Cherry Hill Town Center, Inc.
    e.  Our Daily Bread Employment Center Fund, Inc.
    f.  Sarah's House Fund, Inc.
    g.  My Sister's Place Women's Center Fund, Inc.
    h.  Catholic Charities Nursing, Inc.
    i.  Esperanza Center Health Services, Inc.
    j.  Irvington My Brother's Keeper, Inc.
    k.  Aberdeen Senior Housing, Inc.
    l.  Abingdon Senior Housing, Inc.
    m.  Backbone Housing, Inc.
    n.  The Bethany Community, Inc.
    o.  The Catholic Charities Housing, Inc.
    p.  Courcey Station Apartments, Inc.
    q.  Glen Burnie Senior Housing, Inc.
    r.  Odenton Senior Housing, Inc.
    s.  Odenton Senior Housing II, Inc.
    t.  OLF Senior Housing, Inc.
    u.  OLF Senior Housing II, Inc.
    v.  Owings Mills Senior Housing, Inc.
    w.  Reisterstown Gardens Senior Housing, Inc.

---

[1] The Debtor and Ad Hoc Committee have endeavored to make this schedule as comprehensive as possible under the circumstances; however, each of the Debtor and Ad Hoc Committee reserve and preserve all rights to amend this schedule or otherwise assert other or additional entities are covered by or otherwise participated in the Debtor's insurance program or otherwise shared insurance coverage with the Debtor.

x.      Reisterstown Village Senior Housing, Inc.

y.      St. Charles House, Inc.

z.      St. Joachim House, Inc.

aa.      St. Luke's Apartments, Inc.

bb.      Trinity House Apartments, Inc.

cc.      Village Crossroads Senior Housing II, Inc.

dd.      Woodlawn Senior Housing, Inc.

ee.      Belair Senior Housing, Inc.

ff.      Belair Limited Partnership

gg.      Hollins Ferry Road Apartments, Inc.

hh.      Hollins Ferry Senior Housing Limited Partnership

ii.      St. Mark's Housing, Inc.

jj.      St. Mark's Limited Partnership

kk.      BPL, Inc.

ll.      Basilica Place Limited Partnership

mm.      Village Crossroads Senior Housing, Inc.

nn.      Village Crossroads Senior Housing Limited Partnership

11.      Maryland Catholic Conference, LLC

12.      The New Cathedral Cemetery Corporation

13.      Monsignor O'Dwyer Retreat House, Inc.

14.      The St. Leo's Italian Orphan Asylum of the State of Maryland, Incorporated

15.      Archdiocese of Baltimore Priests' Pension Plan

16.      Archdiocese of Baltimore Post Retirement Health and Auto Plans for Priests

17.      Retirement Plan for Lay Employees of the Archdiocese of Baltimore

18.      Marion Burk Knott Scholarship Fund, LLC

19.      Archdiocesan Health Benefits Program Trust

20.      Archdiocesan General Insurance Program Trust

21.      Archdiocesan Sexual Misconduct Self-Insurance Program Trust

22.      Radio Mass of Baltimore, Inc.

23.      Saint Peter's Cemetery

24.      Catholic Cemeteries of the Archdiocese of Baltimore, LLC

25.      The League of the Little Flower of the Archdiocese of Baltimore, Inc.

26.      Campaign for Human Development in the Archdiocese of Baltimore, Inc.

27.      The National Black Catholic Congress, Inc.


**Parishes / Parish Corporations**

1.      Trustees of the Catholic Cathedral Church of Baltimore (The Basilica)

2.      St. Alphonsus' Roman Catholic Congregation, Incorporated

3.      Corpus Christi Roman Catholic Congregation, Incorporated

4.      St. Peter Claver's Roman Catholic Congregation, Incorporated

5.      St. Veronica's Roman Catholic Congregation, Incorporated
6.      St. Francis of Assisi Roman Catholic Congregation, Incorporated
7.      The Shrine of the Little Flower Roman Catholic Congregation, Incorporated
8.      Our Lady of Pompei Roman Catholic Congregation, Incorporated
9.      Sacred Heart of Jesus Roman Catholic Congregation, Incorporated
10.     St. Rose of Lima Roman Catholic Congregation, Incorporated
11.     St. Vincent De Paul Roman Catholic Congregation, Incorporated
12.     St. Leo's Roman Catholic Congregation, Incorporated
13.     St. Patrick's Roman Catholic Congregation, Incorporated
14.     Holy Rosary Roman Catholic Congregation, Incorporated
15.     St. Wenceslaus' Roman Catholic Congregation, Incorporated
16.     St. James and St. John Roman Catholic Congregation Incorporated (closed)
17.     St. Katharine of Siena Roman Catholic Congregation, Incorporated (closed)
18.     St. James the Less Roman Catholic Congregation, Incorporated (closed)
19.     St. John the Evangelist Roman Catholic Congregation, Incorporated (closed)
20.     St. Francis Xavier's Roman Catholic Congregation, Incorporated
21.     St. Paul (closed)
22.     St. Ignatius, Roman Catholic Congregation, Incorporated
23.     St. Clement's, Lansdowne, Roman Catholic Congregation, Incorporated
24.     St. Mark's Roman Catholic Congregation, Incorporated
25.     St. Agnes Roman Catholic Congregation, Incorporated
26.     St. Alphonsus Rodriguez, Woodstock, Roman Catholic Congregation, Incorporated
27.     Holy Family Roman Catholic Congregation, Incorporated
28.     St. Charles Borromeo's Roman Catholic Congregation, Incorporated
29.     Our Lady of the Angels Catholic Community, Inc.
30.     Holy Korean Martyrs Roman Catholic Congregation, Inc.
31.     Korean Roman Catholic Congregation of Baltimore, Incorporated (closed)
32.     Church of the Nativity of Our Lord Jesus Christ Roman Catholic Congregation, Incorporated
33.     Sacred Heart Roman Catholic Congregation, Incorporated
34.     St. Joseph's, Texas, Roman Catholic Congregation, Incorporated
35.     Immaculate Heart of Mary, Baynesville, Roman Catholic Congregation, Incorporated
36.     St. Ursula's Roman Catholic Congregation, Incorporated
37.     St. Michael the Archangel, Overlea, Roman Catholic Congregation, Incorporated
38.     St. Joseph's, Fullerton, Roman Catholic Congregation, Incorporated
39.     Our Lady, Queen of Peace, Middle River, Roman Catholic Congregation, Incorporated
40.     St. Clare's Roman Catholic Congregation, Incorporated
41.     Sacred Heart of Mary Roman Catholic Congregation, Incorporated
42.     Our Lady of Hope Roman Catholic Congregation, Incorporated
43.     St. Rita's Roman Catholic Congregation, Incorporated
44.     St. Luke's Roman Catholic Congregation, Incorporated

45. Our Lady of LaVang Roman Catholic Congregation, Inc.
46. St. Mark's Fallston, Roman Catholic Congregation, Incorporated
47. St. Margaret's Roman Catholic Congregation, Incorporated
48. St. Mary Magdalen, Bel Air, as a mission of St. Margaret's Roman Catholic Congregation, Incorporated
49. St. Ignatius', Hickory, Roman Catholic Congregation, Incorporated
50. St. Mary's Pylesville, Roman Catholic Congregation, Incorporated
51. St. Paul's, Cardiff, Roman Catholic Congregation, Incorporated
52. Church of the Holy Spirit Roman Catholic Congregation Incorporated
53. Prince of Peace Roman Catholic Congregation, Incorporated
54. St. Francis De Sales, Abingdon, Roman Catholic Congregation, Incorporated
55. St. Joan of Arc Roman Catholic Congregation, Incorporated
56. St. Patrick's, Havre De Grace, Roman Catholic Congregation, Incorporated
57. Saint Dominic's Roman Catholic Congregation, Incorporated
58. St. Thomas More Roman Catholic Congregation, Incorporated
59. Blessed Sacrament Roman Catholic Congregation, Incorporated
60. The Cathedral of Mary Our Queen Roman Catholic Congregation, Incorporated
61. The Shrine of the Sacred Heart Roman Catholic Congregation Incorporated
62. St. Thomas Aquinas Roman Catholic Congregation, Incorporated
63. St. Ambrose Roman Catholic Congregation, Incorporated
64. The Resurrection of Our Lord, Roman Catholic Congregation, Incorporated
65. Our Lady of the Fields, Millersville, Roman Catholic Congregation, Incorporated
66. St. Elizabeth Ann Seton Roman Catholic Congregation, Incorporated
67. Our Lady of the Chesapeake Roman Catholic Congregation, Incorporated
68. St. John the Evangelist, Severna Park, Roman Catholic Congregation, Incorporated
69. St. Andrew by the Bay Roman Catholic Congregation, Incorporated
70. St. Mary's, Annapolis Roman Catholic Congregation, Incorporated
71. St. John Neuman Church, a mission of St. Mary's, Annapolis Roman Catholic Congregation, Incorporated
72. Our Lady of Perpetual Help, Edgewater Roman Catholic Congregation
73. Holy Family, Davidsonville, Roman Catholic Congregation Incorporated
74. Our Lady of Sorrows' Roman Catholic Congregation, Incorporated
75. St. Peter's Hancock, Roman Catholic Congregation, Incorporated
76. St. Michael's, Clear Spring, Roman Catholic Congregation, Incorporated
77. St. Augustine's Williamsport, Roman Catholic Congregation, Incorporated
78. St. Mary's, Hagerstown, Roman Catholic Congregation, Incorporated
79. St. Ann, Hagerstown, Roman Catholic Congregation, Incorporated
80. St. James', Boonsboro, Roman Catholic Congregation, Incorporated
81. St. Joseph's-On-Carrollton Manor Roman Catholic Congregation, Incorporated
82. St. John the Evangelist's, Frederick, Roman Catholic Congregation, Incorporated
83. St. Peter's Libertytown, Roman Catholic Congregation, Incorporated

84.  St. Anthony's Shrine, Emmitsburg, Roman Catholic Congregation, Incorporated
85.  St. Joseph's Roman Catholic Congregation, Incorporated
86.  Holy Family Catholic Community Of Middletown, Roman Catholic Congregation, Inc.
87.  St. Katharine Drexel Roman Catholic Congregation, Inc.
88.  St. Joseph's, Taneytown, Roman Catholic Congregation, Incorporated
89.  St. Bartholomew's, Manchester, Roman Catholic Congregation, Incorporated
90.  St. John's, Westminster, Roman Catholic Congregation, Incorporated
91.  St. Michael's Poplar Springs, Roman Catholic Congregation, Incorporated
92.  St. Louis' Roman Catholic Congregation, Incorporated
93.  St. John the Evangelist, Columbia, Roman Catholic Congregation, Incorporated
94.  Church of the Resurrection Roman Catholic Congregation, Incorporated
95.  Our Lady of Perpetual Help Roman Catholic Congregation, Incorporated
96.  Our Lady of Grace Roman Catholic Congregation, Incorporated
97.  Our Lady of the Mountains Roman Catholic Congregation, Incorporated
98.  St. Ambrose Cresaptown Roman Catholic Congregation Incorporated
99.  St. Patrick's, Mt. Savage, Roman Catholic Congregation, Incorporated
100. St. Patrick's, Cumberland, Roman Catholic Congregation, Incorporated
101. St. Peter and Paul's Roman Catholic Congregation, Incorporated
102. St. Mary's, Cumberland, Roman Catholic Congregation, Incorporated
103. Our Lady of Victory Roman Catholic Congregation, Incorporated
104. St. Francis of Assisi, Brunswick, Roman Catholic Congregation, Incorporated
105. St. Mary Mission, a mission by St. Francis of Assisi, Brunswick, Roman Catholic
     Congregation, Incorporated
106. St. Gabriel Roman Catholic Congregation, Inc.
107. St. Lawrence Roman Catholic Congregation, Incorporated
108. Shrine of Our Lady of Perpetual Help, Woodlawn, Roman Catholic Congregation
109. St. Jane Frances De Chantal, Riviera Beach, Roman Catholic Congregation, Incorporated
110. St. Joseph's, Odenton, Roman Catholic Congregation, Incorporated
111. Church of the Holy Apostles Roman Catholic Congregation Incorporated
112. Church of St. Peter the Apostle, Oakland Roman Catholic Congregation, Incorporated
113. Immaculate Conception St. Peter Mission, a mission by Church of St. Peter the Apostle,
     Oakland Roman Catholic Congregation, Incorporated
114. St. Pius X Roman Catholic Congregation, Incorporated
115. St. Thomas Aquinas Roman Catholic Congregation, Incorporated
116. Divine Mercy Roman Catholic Congregation, Incorporated
117. St. Ann's Northern Garrett County, Roman Catholic Congregation, Incorporated
118. St. Peter's, Westernport, Roman Catholic Congregation, Incorporated
119. St. Gabriel's, Barton, Roman Catholic Congregation, Incorporated
120. St. Mary of the Annunciation, Lonaconing, Roman Catholic Congregation, Incorporated
121. Church of St. Michael, Frostburg, Roman Catholic Congregation, Incorporated
122. St. Joseph's Midland, Roman Catholic Congregation, Incorporated

123. Christ the King, Glen Burnie, Roman Catholic Congregation, Incorporated
124. Church of the Good Shepherd Roman Catholic Congregation, Incorporated
125. Holy Trinity Roman Catholic Congregation, Incorporated
126. Church of the Crucifixion Roman Catholic Congregation, Incorporated
127. Catholic Community of Ascension and St. Augustine Roman Catholic Congregation, Incorporated
128. Church of the Ascension Roman Catholic Congregation, Incorporated
129. St. Augustine's Roman Catholic Congregation, Incorporated
130. Catholic Community of South Baltimore Roman Catholic Congregation, Incorporated
131. Holy Cross Roman Catholic Congregation, Incorporated
132. Our Lady of Good Counsel Roman Catholic Congregation, Incorporated
133. St. Mary, Star of the Sea, Roman Catholic Congregation, Incorporated
134. Church of the Immaculate Conception Roman Catholic Congregation, Incorporated
135. St. Gregory the Great, Roman Catholic Congregation, Incorporated
136. St. Pius V Roman Catholic Congregation, Incorporated
137. Transfiguration Roman Catholic Congregation, Incorporated
138. St. Jerome's Roman Catholic Congregation, Incorporated
139. St. Martin's Roman Catholic Congregation, Incorporated
140. St. Peter The Apostle Roman Catholic Congregation, Incorporated
141. St. Joseph's Passionist Monastery Parish Roman Catholic Congregation
142. St. William of York Roman Catholic Congregation, Incorporated
143. Saint Bernardine's Roman Catholic Congregation, Incorporated
144. Saint Edward's Roman Catholic Congregation, Incorporated
145. Saint Cecilia's Roman Catholic Congregation, Incorporated
146. All Saints Roman Catholic Congregation, Incorporated
147. Our Lady of Lourdes, Roman Catholic Congregation Incorporated
148. St. Philip and James' Roman Catholic Congregation, Incorporated
149. St. Mary's Roman Catholic Congregation, Incorporated
150. St. Matthew's Roman Catholic Church Congregation, Incorporated
151. Saint Anthony of Padua Roman Catholic Congregation, Incorporated
152. The Most Precious Blood Roman Catholic Congregation, Incorporated
153. Our Lady of Fatima Roman Catholic Congregation, Incorporated
154. Saint Athanasius Roman Catholic Congregation, Incorporated
155. Saint Casimir's Roman Catholic Congregation, Incorporated
156. Saint Brigid's Roman Catholic Congregation, Incorporated
157. Saint Elizabeth's Roman Catholic Congregation, Incorporated
158. Saint Ann's Roman Catholic Congregation, Incorporated
159. Church of the Immaculate Conception, Towson, Roman Catholic Congregation, Incorporated
160. Saint Isaac Jogues Roman Catholic Congregation, Incorporated
161. The Catholic Community of St. Francis Xavier Roman Catholic Congregation, Inc.

162.    Church of the Annunciation Roman Catholic Congregation, Incorporated
163.    St. Clement's Roman Catholic Congregation, Incorporated
164.    Our Lady of Mt. Carmel Roman Catholic Congregation, Incorporated
165.    St. John the Evangelist's, Long Green Valley, Roman Catholic Congregation Incorporated
166.    St. Stephen Roman Catholic Congregation, Incorporated
167.    St. Bernadette Roman Catholic Congregation, Incorporated
168.    Saint Philip Neri Roman Catholic Congregation, Incorporated
169.    St. Joseph Halfway Roman Catholic Congregation, Incorporated
170.    St. Ignatius Loyola, Urbana, Roman Catholic Congregation, Incorporated
171.    St. Timothy Roman Catholic Congregation, Inc.
172.    Our Lady of Mount Carmel, Thurmont, Roman Catholic Congregation, Incorporated
173.    St. Joseph's, Sykesville, Roman Catholic Congregation, Incorporated
174.    St. Paul the Apostle Roman Catholic Congregation, Inc.
175.    Saint Francis of Assisi, Howard County, Roman Catholic Congregation, Incorporated
176.    Fourteen Holy Martyrs Roman Catholic Church
177.    St. Alphonsus Roman Catholic Congregation, Incorporated
178.    St. Mary's Petersville, Roman Catholic Congregation, Incorporated
179.    St. John Neumann Mission Church, Annapolis, a mission by St. Mary's, Annapolis Roman Catholic Church, Incorporated
180.    Church Of The Immaculate Conception, Roman Catholic Congregation, Incorporated
181.    St. Lawrence's, Jessup, Roman Catholic Congregation, Incorporated
182.    St. Patrick, Little Orleans, Roman Catholic Congregation, Incorporated
183.    St. Peter's, Hancock, Roman Catholic Congregation, Incorporated
184.    St. Andrew's Roman Catholic Congregation, Incorporated
185.    Christ The King Roman Catholic Congregation, Incorporated
186.    St. Gerard's Chapel, Highlandtown
187.    Holy Redeemer Chapel, Highlandtown
188.    St. Stanislaus Kostka Roman Catholic Congregation, Incorporated
189.    St. Augustine's Hall
190.    St. James' Point of Rocks Roman Catholic Congregation, Incorporated
191.    St. Paul's Roman Catholic Congregation, Incorporated
192.    St. Adalbert, Wagners Point
193.    St. Adrian, Inverness
194.    St. Barnabas
195.    St. Mildred, Gray Manor
196.    Church of the Anunciation Roman Catholic Congregation, Incorporated
197.    Our Lady of Mt. Carmel, Thurmont, Roman Catholic Congregation, Incorporated
198.    St. Adalberts Roman Catholic Congregation, Incorporated

**Schools / School Corporations**

1.    Cardinal Shehan School, Inc.
2.    Archbishop Borders School, Inc.
3.    Mother Mary Lange Catholic School, Inc.
4.    Archbishop Curley High School, Inc.
5.    St. Agnes Catholic School, Inc.
6.    Monsignor Slade Catholic School, Inc.
7.    Rosa Park School, Inc.
8.    St. John the Evangelist, Long Green Valley, Catholic School, Inc.
9.    Our Lady of Hope/St. Luke School, Inc.
10.   St. Philip Neri School, Inc.
11.   Sacred Heart, Glyndon, Inter-Parish School, Inc.
12.   St. Ursula School, Inc.
13.   The School of the Incarnation, Inc.
14.   Archbishop Spalding High School, Inc.
15.   The John Carroll School, Inc.
16.   Our Lady of Mount Carmel School, Inc.
17.   St. Augustine School, Inc.
18.   St. John, Westminster, Catholic School, Inc.
19.   St. John Regional Catholic School, Inc.
20.   Resurrection/St. Paul School, Inc.
21.   Bishop Walsh School, Inc.
22.   St. Maria Goretti High School, Inc.
23.   Father Charles A. Hall, SSJ Catholic School, Inc. (closed)
24.   Mother Mary Lange School, Inc.
25.   Neumann Early Childhood Center, Inc. (closed)
26.   St. Thomas Aquinas School, Inc. (closed)
27.   John Paul Regional Catholic School, Inc. (closed)
28.   The Archdiocesan Day Camp, Incorporated (closed)
29.   Our Lady of Grace School, Inc. (closed)
30.   Our Lady of Victory School, Inc. (closed)
31.   St. Jane Frances School, Inc. (closed)
32.   St. Michael-St. Clement School, Inc.
33.   St. Clement Mary Hofbauer School, Inc. (closed)
34.   St. Michael the Archangel School, Inc. (closed)
35.   St. Thomas Aquinas School, Inc.
36.   SS. James and John Catholic School, Inc. (closed)
37.   Holy Angels Catholic School, Inc. (closed)
38.   Seton Keough High School, Inc. (closed)
39.   Saint John Neumann School, Inc. (closed)

40.    Cardinal Gibbons School, Inc. (closed)
41.    Immaculate Conception School
42.    Immaculate Heart of Mary School
43.    St. Casimir School
44.    St. Francis of Assisi School
45.    St. Joan of Arc School
46.    St. John the Evangelist School, Severna
47.    St. Joseph School, Fullerton
48.    St. Joseph School, Cockeysville
49.    St. Louis School (Clarksville)
50.    St. Margaret School, Bel Air
51.    St. Mark School, Catonsville
52.    St. Mary's Elementary School
53.    St. Mary's High School
54.    St. Mary School (Hagerstown)
55.    St. Stephen School, Bradshaw
56.    School of the Cathedral of MOQ
57.    Our Lady of Perpetual Help