# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>                                      Debtor. | Chapter 11<br><br>Case No. 23-16969-MMH<br><br>**CENTURY'S OBJECTION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF PRESENTATION OF SURVIVOR STATEMENTS** |

David K. Roberts (D. Md. Bar No. 18776)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20006
Telephone: 202-383-5300
droberts2@omm.com

- and -

Tancred Schiavoni, Esq. (admitted *pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas
17th Floor
New York, NY 10019
Telephone: 212-326-2000
tschiavoni@omm.com

*Counsel to Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    The Committee's Request is Procedurally and Substantively Improper. .............. 2

    II.    Section 105 Does Not Authorize the Requested Relief. ....................................... 4

    III.    Under New Orleans and Purdue, This Court Should Deny the Notice. ................ 6

    IV.    The Committee Offers No Evidence to Carry its Burden of Proof. ...................... 9

    V.    The Committee Obscures and Misdirects Claimants from Other Proper Venues ................................................................................................................. 10

CONCLUSION ............................................................................................................................. 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dietz v. Bouldin*,
   579 U.S. 40 (2016) .................................................................................................... 5

*Harrington v. Purdue Pharma L.P.*,
   603 U.S. 204 (2024) .................................................................................................. 9

*In re Archbishop of Agaña*,
   Case No. 19-00010 (Bankr. D. Guam Oct. 4, 2022) ................................................. 8

*In re California-Nevada Methodist Homes*,
   2023 WL 2903340 (N.D. Cal. Apr. 11, 2023) ........................................................... 5

*In re Diocese of Harrisburg*,
   Case No. 1:20-bk-00599 (Bankr. M.D.P.A. Feb. 24, 2023) ...................................... 8

*In re The Roman Catholic Archbishop of San Francisco*,
   Case No. 23-30564 (N.D. Cal. July 18, 2024) .......................................................... 8

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) .................................................................................................. 6

*Law v. Siegel*,
   571 U.S. 415 (2014) .................................................................................................. 4

*Link v. Wabash R. Co.*,
   370 U.S. 626 (1962) .................................................................................................. 5

*Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*,
   602 U.S. 268 (2024) .................................................................................................. 9

**Statutes**

11 U.S.C. app. ................................................................................................................... 5

18 U.S.C. § 3771(a)(4) ..................................................................................................... 8

**Other Authorities**

*Catholic Church Sexual Abuse Victims Call on Maryland AG to Complete Probe into All Maryland Churches*, WJZ News (Sept. 4, 2024) ..................................................... 11

Deborah Ross, *Ross, Tenney Introduce Legislation to Support Survivors of Child Sex Abuse Through Bankruptcy Reform* (Apr. 18, 2024) ............................................................ 6

New York State Attorney General, *Attorney General James Announces Agreement with Brooklyn Catholic Diocese for Mishandling of Clergy Sexual Abuse Cases* (Apr. 16, 2024) ................. 10

New York State Attorney General, *Attorney General James Reaches Landmark Settlement with Catholic Diocese of Buffalo for Mishandling Child Sexual Abuse Cases* (Oct. 25, 2022) ........ 11

*Senate Panel Holds Hearing on Bill to Limit State's Exposure to Sex Abuse Claims*, Maryland Matters (Apr. 5, 2025) ............................................................................................ 11

United States Conference of Catholic Bishops, *Charter for the Protection of Children and Young People* (the "*Dallas Charter*") (Rev. June 2018) ....................................................... 10

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Rules**

Fed. R. Bankr. Proc. 9014(d) ................................................................................................. 4

Fed. R. Bankr. Proc. 9017 ..................................................................................................... 4

Fed. R. Evid. 1101(a) ............................................................................................................ 3

Fed. R. Evid. 611(b) .............................................................................................................. 4

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century") objects to the Official Committee of Unsecured Creditors' (the "Committee") *Notice of Presentation of Survivor Statements* [ECF No. 1036] (the "Notice").

## PRELIMINARY STATEMENT

Victim statements are a creature of criminal procedure, where they are given only after the adjudication of guilt and during or after the penalty phase of a criminal case. The Bankruptcy Rules of Procedure and the Federal Rules of Evidence govern the presentation of witnesses to a court and, together with the codes of ethics, build in protections adopted by Congress consistent with the due process requirements of the Constitution.

In acknowledgement that the Bankruptcy Code does not permit the Bankruptcy Rules of Procedure or Federal Rules of Evidence to be overridden by Section 105 to allow unsworn statements prior to a confirmation of a plan, a bill has been introduced in Congress to change the Bankruptcy Code to permit victim statements. This bill has not passed and is not law.

On April 7, 2025, the Committee filed a request to present unsworn statements about the facts of their cases to the Court. Notice at ¶ 1-2. This testimony is to be given without a transcript, disclosure of the identity of the person giving the statement, or an opportunity to cross. While counsel for the parties will sometimes refer during a case conference to what they contend the facts will show, a case conference does not feature testimony from fact witnesses themselves about the facts.

This Court may be charged with making findings of fact at confirmation and handling claims objections and other issues in other aspects of this proceeding. Allowing testimony on

1

issues of fact without abiding by any of the procedural protections provided by the Code could taint future proceedings.

If the intent of the statements is not to influence the Court, everything the Committee says it wants to achieve could be achieved by the Court requesting another bankruptcy judge in this district to hear the statements. If, on the other hand, the intent is to influence the Court as potential future fact finder, this is not the proper procedure for such testimony.

In *Purdue*, Judge Drain found that the appropriate time for victim statements was after he issued his plan confirmation decision. The decision by Judge Grabill in the *Archdiocese of New Orleans* case is consistent with Judge Drain's decision in *Purdue*. In the *Archdiocese of New Orleans* bankruptcy, Judge Grabill likewise denied a motion to allow "victim statements" after briefing and argument on the issue, finding that it was procedurally improper to offer unsworn statements and that such testimony could taint the court as the finder of fact. While the motion was brought by plaintiffs representing large groups of plaintiffs rather than the Committee, the identity of the movant was not the reason the motion was denied. Judge Grabill held that: "*I'm more concerned with . . . the intent to persuade the factfinder, to persuade me . . . .*").[1]

This Court should deny the Committee's Notice for this same reason. Alternatively, another bankruptcy judge in this district could be designated to hear the statements.

No one is seeking to silence a claimant from being heard. The issue here is when and how.

## ARGUMENT

I. **The Committee's Request is Procedurally and Substantively Improper.**

While styled as a "notice," the Committee is actually requesting relief from the Court—it is requesting permission to put on live testimony in open court. But they do not cite a procedural

---

[1] Schiavoni Decl. Ex. 2, at Tr. 56:25-57:4.

2

mechanism in the Federal Rules of Bankruptcy Procedure, the local rules, or this Court's evidentiary protocols that permits them to make this request without satisfying other requirements. The only supporting authorities that the Committee cites to support its Notice are citations to general statements about a "court['s]… inherent authority to manage its own docket[.]" Notice at ¶ 10 n.10.

The procedures applicable to the presentation of witness testimony are set out in Rules 9014 and 9017 of the Federal Rules of Bankruptcy Procedure. Rule 9014(a) provides that any testimony offered must be in furtherance of relief requested by motion, and that the parties must be afforded reasonable notice of the relief requested and an opportunity to be heard. Rule 9014(d) states that "a witness's testimony on a disputed material factual issue must be taken in the same manner as testimony in an adversary proceeding." Under Rule 9017, the use of witness statements is governed by the Federal Rules of Evidence. See also Fed. R. Evid. 1101(a) (providing that the Federal Rules of Evidence apply to proceedings before U.S. bankruptcy judges).

None of these requirements are met here. The Committee has no substantive relief pending before the Court that the claimant statements would be in furtherance of, and it has not given reasonable notice of any such relief it may seek in the future. The Committee has not offered any information on the content or scope of the testimony or the identities of those who plan to appear as witnesses. Instead, the Committee identifies them as "certain members of the Committee and other Survivor claimants who have expressed a willingness and desire to address the Court." Notice at ¶ 10. Further, the Committee fails to identify "disputed material factual issue[s]" in connection with its Notice. See Fed. R. Bankr. Proc. 9014(d). Indeed, the Committee has conceded that these statements have "nothing to do with the value of claims . . ." June 2 Hr'g Tr. 31:15-16.

3

The Committee recognizes that the presentation of statements will not comply with the Federal Rules of Evidence requirements for witness testimony, including cross-examination. See Fed. R. Evid. 611(b). Rather, the statements would be made off the record, and the witnesses would be excused from questioning from any party. See Notice at ¶ 11; June 2 Hr'g Tr. 46:17-24 (Committee suggesting that if attorneys can speak about factual recitations without cross-examination at status conferences, then survivors, whose voices are not less important than attorneys, should be able to do so as well).

## II.    Section 105 Does Not Authorize the Requested Relief.

The Committee asserts that the basis for granting the relief requested is the Court's "inherent authority to manage its own docket and affairs to achieve orderly and expeditious disposition of cases." Notice at ¶ 10 n.10. But section 105 does not authorize the relief that the Committee seeks.

Section 105(a) does not empower the Court to override the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence, or other federal law. *See Law v. Siegel*, 571 U.S. 415, 420-21 (2014) (cleaned up) ("It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.").2 Nor does section 105(a) "authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under" the Code. *Molloy v. Primus Auto. Fin. Servs.*, 247 B.R. 804, 818 n.12 (cleaned up). The relief that the Committee seeks would defy the Federal Rules of Bankruptcy Procedure and Evidence and occur in the absence of a substantive right to present testimony to the Court.

---

[2] The Federal Rules of Bankruptcy Procedure, which incorporate the Federal Rules of Evidence, *see* Fed. R. Bankr. Proc. 9017, are part of the Bankruptcy Code. *See* 11 U.S.C. app. (Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms).

4

Nor do section 105's other subsections support granting the relief requested at this time. For example, section 105(d) empowers the Court to "hold such status conferences as are necessary to further the expeditious and economical resolution of the case." A status conference is a forum for counsel for the parties to address the Court on developments in the case and to discuss contested issues.3  The Committee is not asking this Court to schedule a status conference where counsel for the parties in interest will address the Court. Rather, the Committee is requesting that the Court calendar something entirely different, namely, a proceeding where fact witnesses will deliver statements off the record about facts, and no party in interest may examine the witnesses.

The Committee cites three cases to argue that the Court "has inherent authority to manage its own docket and affairs to achieve orderly and expeditious disposition of cases." Notice at ¶ 10 n.10.  But those cases are inapposite. They involve district court proceedings rather than bankruptcy-court matters, deal with case management procedures completely different from claimant hearings, and do not invoke section 105, let alone subsection (a). *See Dietz v. Bouldin*, 579 U.S. 40, 54 (2016) (holding that "[f]ederal district courts have a limited inherent power to rescind a discharge order and recall a jury in a civil case"); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (discussing the inherent "authority of a court to dismiss sua sponte for lack of prosecution"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that the court has "the power to stay proceedings").

As the decades of case law discussed above make clear, section 105 provides no basis for granting the Notice, and nothing in the Committee's cases indicates otherwise.4

---

3 *See, e.g.*, *In re California-Nevada Methodist Homes*, 2023 WL 2903340, at *5 (N.D. Cal. Apr. 11, 2023) (order from Judge Novack setting a status conference regarding a creditor-debtor dispute related to payment of an administrative expense).

4 More broadly, sexual abuse advocates and members of Congress have acknowledged that the Bankruptcy Code does not contemplate claimant statements by introducing a bill to change the Bankruptcy Code to adopt special provisions for sexual abuse bankruptcies, including claimant

5

### III.  Under *New Orleans* and *Purdue*, This Court Should Deny the Notice.

This Court should follow the example of Judge Meredith Grabill in the *Archdiocese of New Orleans* bankruptcy case.

On May 16, 2024, Judge Grabill denied a motion to allow "victim statements" after briefing and argument on the issue, finding that it was procedurally improper to offer unsworn statements and that such testimony could taint the court as the finder of fact.[5] While the motion to allow victim statements was brought by a large group of claimants with the written support of the committee in that case rather than the committee as the initial movant, the identity of the movant was not the reason the motion was denied.[6] Judge Grabill held that: "***I'm more concerned with . . . the intent to persuade the factfinder, to persuade me . . . .***").[7]

Judge Grabill further held that she would reconsider allowing testimony from claimants when a motion to confirm a Chapter 11 plan was before her, noting that the plan-confirmation stage was "the appropriate time [that is] procedurally proper" to consider the request.[8] This Court should deny the Notice for these same reasons.

---

statements. *See* Declaration of Tancred Schiavoni in Support of Century's Objection to the Official Committee of Unsecured Creditors' Notice of Presentation of Survivor Statements ("Schiavoni Decl.") Exhibit ("Ex.") 1, Deborah Ross, *Ross, Tenney Introduce Legislation to Support Survivors of Child Sex Abuse Through Bankruptcy Reform* (Apr. 18. 2024).

[5] Schiavoni Decl. Ex. 2, at Tr. 56:25-57:4.

[6] Although the motion to allow claimant statements in the *New Orleans* case was filed by plaintiffs' counsel representing a large group of claimants rather than by the committee, the committee expressly did not oppose the motion. *See* Schiavoni Decl., Ex. 3, Dkt. No. 3012, at 1, *The Official Committee of Unsecured Creditors' Comment on Certain Sexual Abuse Survivors' Motion for Presentation of Survivor Statements*, Case No. 20-10846 (E.D. La. May 9, 2024) ("[T]he Committee is **NOT** objecting to the relief requested in the Motion.") (emphasis in original).

[7] Schiavoni Decl. Ex. 2, at Tr. 56:25-57:4.

[8] *Id.* at Tr. 58:2-6.

The decision by Judge Drain in *Purdue* is consistent with Judge Grabill's decision in the *Archdiocese of New Orleans*. In *Purdue,* Judge Drain conducted a claimant statement hearing only **after** confirming the plan of reorganization. *Compare* Dkt. No. 3787, *Findings of Fact, Conclusions Of Law, And Order Confirming The Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. And Its Affiliated Debtors*, Case No. 19-23649 (Bankr. S.D.N.Y. Sept. 17, 2021) (confirming Purdue Pharma L.P.'s Chapter 11 plan on September 17, 2021), *with* Dkt. No. 4430, *Notice of Hearing*, Case No. 19-23649 (Bankr. S.D.N.Y. Mar. 7, 2022) (noticing "Victim Statement Portion of the Settlement Hearing" for March 10, 2022). Here, the Committee requests a conference to present claimant statements without any mention that such hearing would occur after a plan of reorganization is confirmed. *See* Notice at ¶ 10 ("[T]he Committee respectfully asks the Court to reserve a two-hour period . . . on a date to be determined by and mutually agreeable to the Court, the Debtor, and the Committee . . . .")[9]

Other aspects of the *Purdue* hearing further differentiate it from the relief requested here. The *Purdue* hearing was transcribed, and the transcript is publicly available. Dkt. No. 4539, *Transcript Regarding Hearing Held on 3/10/2022*, Case No. 19-23649 (Bankr. S.D.N.Y. Mar. 17, 2022). Judge Drain identified each witness on the record by name. *Id.* 8:4-5 ("It's fine, Your Honor, for you to call their names as they go."). The speakers were selected with input from a variety of stakeholders. *Id.* 9:23-10:8.

---

[9] In criminal proceedings, a victim's right to be heard activates only at the end of a case, after guilt is established. *See* 18 U.S.C. § 3771(a)(4) ("A crime victim has . . . [t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding."); *see* Schiavoni Decl. Ex. 4, Your Rights as a Victim in the Criminal and Juvenile Justice Process, Maryland State Board of Victim Services ("If the defendant in your case is found or pleads guilty, you have certain rights that may include the right to . . . be notified when the defendant is considered for parole, attend and speak at parole hearings and submit a written Victim Impact Statement . . . .").

Likewise, the bankruptcy courts in *Diocese of Harrisburg* and *Archbishop of Agaña*, heard claimants only during the Chapter 11 plan confirmation hearings and after substantially all objections were resolved.[10] *See* Dkt. No. 1537, at 18:18-26:17, *Transcript of Confirmation Hearing and Joint Amended Plan of Reorganization*, *In re Diocese of Harrisburg*, Case No. 1:20-bk-00599 (Bankr. M.D.P.A. Feb. 24, 2023) (statement of survivor following Findings of Fact and Conclusions of Law by the Court); Dkt. No. 1092, at 23:3-25:17, *Transcript of Proceedings: Continued Confirmation on Fifth Amended Joint Plan of Reorganization*, *In re Archbishop of Agaña*, Case No. 19-00010 (Bankr. D. Guam Oct. 4, 2022) (sworn testimony of committee chairman). Here, the statements would happen without any motion for relief before the Court and well before any confirmation hearing, and unlike the testimony in *Agaña*, would be unsworn.

In *San Francisco*, Judge Montali's order permitting claimant statements was issued without substantive objections before him or the benefit of briefing.[11] Dkt. No. 829, Case No. 23-30564 (Bankr. N.D. Cal. Aug. 28, 2024).

The few instances where bankruptcy courts have allowed unsworn claimant statements illustrate why it is improper to grant the relief that the Committee seeks in its Notice. For example, in *In re The Roman Catholic Bishop of Oakland* case, Judge Lafferty acknowledged that courts "bend [the Bankruptcy Code] with some frequency" and permitted the presentation of claimant statements on this basis.[12] But this bending contravenes the Supreme Court's clear instruction: the

---

[10] Our research could not identify any instance where victim statements were permitted in any of the 100+ 524(g) asbestos bankruptcy cases.

[11] In the *San Francisco* case, Certain Underwriters at Lloyd's London and Certain London Market Companies ("LMI") filed only a limited reservation of rights requesting that if the court granted the relief that none of the statements be considered as evidence or used in any proceeding. Schiavoni Decl. Ex. 5, Dkt. No. 750, *In re The Roman Catholic Archbishop of San Francisco*, Case No. 23-30564 (N.D. Cal. July 18, 2024).

[12] Schiavoni Decl. Ex. 6, at Tr. 39:6-8.

8

Code must be applied as written in mass tort bankruptcies. *See, e.g.*, *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 217-18 (2024) (rejecting an interpretation of § 1123(b)(6) that "endow[s] a bankruptcy court with . . . 'radically different' power"); *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 284 (2024) (declining to accept arguments that "'surmount the plain language of the [Code]'").

Notably, none of the handful of cases that have permitted unsown victim statements have been the subject of appellate review.

### IV. The Committee Offers No Evidence to Carry its Burden of Proof.

The Committee argues that holding a two-hour conference for "certain members of the Committee and other Survivor[s]" to present unsworn statements not subject to cross and immunized from use will "ultimately improve the likelihood of achieving a timely and fair global settlement," Notice at ¶¶ 9-10, but provides zero support for this statement. There is no declaration or any other evidentiary support lending credence to the Committee's position—only the Committee's say-so. Indeed, the Committee cannot assess or attest to claimants' support for a plan that, as far as the insurers are aware, does not exist.

Even if the Court is inclined to permit statements, the Committee offers no support for the notion that the statements by claimants cannot wait until after confirmation, as in *Purdue,* or at the confirmation hearing, as in *Harrisburg* or *Agaña*. There is no evidence to suggest that a claimant would be more likely to support a plan if the Court offers the opportunity to speak now as compared to speaking after plan confirmation. Moreover, hearing the statements now implies that claimants' statements will affect the outcome of the proceedings. Speaking after confirmation eliminates inevitable confusion, and the Committee provides no evidence to the contrary.

V. **The Committee Obscures and Misdirects Claimants from Other Proper Venues.**

The Committee claims that "[t]hese proceedings likely represent the sole opportunity for Baltimore Survivors to pursue recognition and accountability for their suffering and isolation." Notice at 2. This claim is wrong for many reasons.

First, under the Bankruptcy Code, every claimant has the right to have his or her case adjudicated in the tort system.

Second, claimants can report their cases to the criminal authorities. The State's Attorneys where the Archdiocese operated and the Maryland Attorney General have jurisdiction, sexual-abuse specialists, and the statutory mandate to address sexual-abuse claims. Maryland's reporting requirements and the promulgations of the National Council of Bishops call for the reporting of abuse to these state authorities.[13] These are the appropriate forums to present complaints of abuse and to advocate for measures to prevent, and facilitate reporting of, abuse.[14]

Third, claimants had an extensive opportunity to present statements during the grand jury proceeding the resulted in a lengthy written report that was released to the public. As is evident from the content of that report, many claimants availed themselves of that opportunity. The

---

[13] *See* Schiavoni Decl. Ex. 7, United States Conference of Catholic Bishops, *Charter for the Protection of Children and Young People* (the "*Dallas Charter*") (Rev. June 2018); *id.* Ex.8, Archdiocese of Baltimore, *Office of Child and Youth Protection* ("Under Maryland law any person who has reason to believe a child has been subjected to abuse must report the suspected abuse to civil authorities . . . If someone associated with the Church, including clergy, employees, or volunteers of the Archdiocese of Baltimore, is suspected of abuse, then the suspected abuse must also be reported to the Archdiocese's Office of Child and Youth Protection[.]").

[14] The Attorney General and/or applicable State's Attorneys enter into consent orders or other orders designed to address the prevention and reporting of sexual abuse. These steps occurred, for instance, for the Dioceses of Buffalo and Brooklyn. *See, e.g.*, *id.* Ex. 9, New York State Attorney General, *Attorney General James Announces Agreement with Brooklyn Catholic Diocese for Mishandling of Clergy Sexual Abuse Cases* (Apr. 16, 2024); *id.* Ex. 10, New York State Attorney General, *Attorney General James Reaches Landmark Settlement with Catholic Diocese of Buffalo for Mishandling Child Sexual Abuse Cases* (Oct. 25, 2022).

Attorney General has publicly stated that his investigation remains open, which provides a continuing forum for claimants to be heard.[15]

Fourth, independent of the Archdiocese, claimants have had and continue to have the opportunity to share their experiences in state legislative hearings.[16]

## CONCLUSION

For the reasons set forth herein, Century respectfully requests that the Court deny the Committee's request for a hearing to present unsworn testimony, without the opportunity for cross before the finder of fact in this case. Alternatively, Century respectfully requests that if statements are to heard now, another bankruptcy judge in this district be requested to hear them.

---

[15] *Id.* Ex. 11, *Catholic Church Sexual Abuse Victims Call on Maryland AG to Complete Probe into All Maryland Churches*, WJZ News (Sept. 4, 2024).

[16] *See id.* Ex. 12, *Senate Panel Holds Hearing on Bill to Limit State's Exposure to Sex Abuse Claims*, Maryland Matters (Apr. 5, 2025).

Respectfully submitted, this 30th day of June, 2025.

*/s/ David K. Roberts*
David K. Roberts (D. Md. Bar No: 18776)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20006
droberts2@omm.com

Tancred Schiavoni, Esq. (admitted *pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas
17th Floor
New York, NY 10019
Telephone: 212-326-2000
tschiavoni@omm.com

*Counsel to Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

12

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of June 2025, a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF e-filing system on all parties of record:

Blake D. Roth, Esquire:
blake.roth@hklaw.com

Catherine Keller Hopkin, Esquire:
chopkin@yvslaw.com

Hugh M. (UST) Bernstein, Esquire:
hugh.m.bernstein@usdoj.gov

Gary R. Greenblatt, Esquire:
grg@cooncolelaw.com

Marc E. Shach, Esquire:
mes@cooncolelaw.com

Andrew D. Freeman, Esquire:
adf@browngold.com

Anthony May, Esquire:
AMay@browngold.com

Geoffrey Grivner, Esquire:
geoffrey.grivner@bipc.com

Nathan D. Adler, Esquire:
nda@nqgrg.com

Diane C. Bristow, Esquire:
dcb@nqgrg.com

Tyler N. Layne, Esquire:
Tyler.Layne@hklaw.com

Christopher Scott Kunde, Jr., Esquire:
scott.kunde@hklaw.com

Steven J Kelly, Esquire:
skelly@gelaw.com

Nicholas R. Miller, Esquire:
nick.miller@hklaw.com

Timothy P. Palmer, Esquire:
timothy.palmer@bipc.com

Gordon Z. Novod, Esquire:
gnovod@gelaw.com

Philip Tucker Evans, Esquire:
philip.evans@hklaw.com

Megan Harmon, Esquire:
megan.harmon@bge.com

Richard L. Costella, Esquire:
rcostella@tydings.com

Alan M. Grochal, Esquire:
agrochal@tydings.com

Robert T. Kugler, Esquire:
robert.kugler@stinson.com

Edwin H. Caldie, Esquire:
ed.caldie@stinson.com

Andrew J. Glasnovich, Esquire:
drew.glasnovich@stinson.com

Nicole Khalouian, Esquire:
nicole.khalouian@stinson.com

1

Hannah Berny, Esquire:
Hannah.berny@hklaw.com

Monique D. Almy, Esquire:
MAlmy@crowell.com

Miranda H. Turner, Esquire:
MTurner@crowell.com

Mark D. Plevin, Esquire:
MPlevin@crowell.com

Irving E. Walker, Esquire:
iwalker@coleschotz.com

J. Michael Pardoe, Esquire:
mpardoe@coleschotz.com

Robert K. Jenner, Esquire:
rjenner@jennerlawfirm.com

Bruce A. Anderson, Esquire:
banderson@eaidaho.com

Ford Elsaesser, Esquire:
felsaesser@eaidaho.com

Mark Pfeiffer, Esquire:
mark.pfeiffer@bipc.com

Jonathan Schapp, Esquire:
jschapp@goldbergsegalla.com

Sam J. Alberts, Esquire:
sam.alberts@dentons.com

David F. Cook, Esquire:
david.f.cook@dentons.com

Matthew C. Nelson, Esquire:
Matthew.Nelson@kennedyslaw.com

Jillian G. Dennehy
Jillian.Dennehy@kennedyslaw.com

Patrick C. Maxcy, Esquire:
Patrick.maxcy@dentons.com

G. Calvin Awkward, Esquire:
cawkward@goldbergsegalla.com

Gary K. Bahena, Esquire:
garybahena@bahenalaw.com

U.S. Trustee – Baltimore:
ustpregion04.ba.ecf@usdoj.gov

Adam R. Durst, Esquire:
adurst@goldbergsegalla.com

Samantha J. Hanson-Lenn, Esquire:
Samantha.hansonlenn@stinson.com

Eric G. Korphage, Esquire:
korphagee@whiteandwilliams.com

Matthew M. Weiss, Esquire:
mweiss@phrd.com

John E. Bucheit, Esquire:
jbucheit@phrd.com

Matthew G. Roberts, Esquire:
mroberts@phrd.com

John Grossbart, Esquire:
john.grossbart@dentons.com

Harris B. Winsberg, Esquire:
hwinsberg@phrd.com

R. David Gallo, Esquire:
dgallo@phrd.com

Todd C. Jacobs, Esquire:
tjacobs@phrd.com

Patrick C. Maxcy, Esquire:
patrick.maxcy@dentons.com

2

M. Keith Moskowitz, Esquire:
keith.moskowitz@dentons.com

Siobhain P. Minarovich, Esquire:
Minarovichs@whiteandwilliams.com

Robert H. Kline, Esquire:
kliner@whiteandwilliams.com

Adam P. Haberkorn, Esquire:
ahaberkorn@omm.com

Tancred V. Schiavoni, Esquire:
tschiavoni@omm.com

Phillip D. Anker, Esquire:
Philip.anker@wilmerhale.com

Ryan S. Appleby, Esquire:
rappleby@gibsondunn.com

Justin Philip Fasano, Esquire:
jfasano@mhlawyers.com

Kevin Foreman, Esquire:
kforeman@carltonfields.com

Ezhan Syed Hasan, Esquire:
ahasan@wiley.law

Matthew Allan Hoffman, Esquire:
mhoffman@gibsondunn.com

Annette Rolain, Esquire:
arolain@ruggerilaw.com

James Ruggeri, Esquire:
jruggeri@ruggerilaw.com

Isabella Sayyah, Esquire:
isayyah@gibsondunn.com

Gary P. Seligman, Esquire:
gseligman@wiley.law

Nora A. Valenza-Frost, Esquire:
nvalenza-frost@carltonfields.com

Jordan D. Weinberg, Esquire:
jweinberg@ruggerilaw.com

Jared Zola, Esquire:
jared.zola@blankrome.com

3

I HEREBY CERTIFY those same documents were served via first-class mail and email to the following persons:

| | |
|---|---|
| James R. Murray<br>James S. Carter<br>**BLANK ROME LLP**<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone: (202) 420-3409<br>Facsimile: (202) 420-2201<br>Jim.Murray@blankrome.com<br>James.carter@blankrome.com | J. Ford Elsaesser<br>**ELSAESSER ANDERSON, CHTD.**<br>320 East Neider Avenue, Suite 102<br>Coeur d'Alene, Idaho 83815<br>Telephone: (208) 667-2900<br>Facsimile: (208) 263-8517<br>firm@eaidaho.com<br><br>*Attorneys for the Parishes* |
| Robyn L. Michaelson<br>**BLANK ROME LLP**<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 885-5138<br>Facsimile: (917) 591-1081<br>robyn.michaelson@blankrome.com<br><br>*Special Insurance Counsel for the Roman Catholic Archbishop of Baltimore, a corporation sole* | |

                                                                                        */s/ David K. Roberts*
                                                                                         David K. Roberts