Entered: August 11th, 2025
Signed: August 11th, 2025

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | |
| Debtor. | * | Chapter 11 |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ORDER SETTING STATUS CONFERENCE

This matter is before the Court on the Notice of Presentation of Survivor Statements (the "Second Notice"), filed by the Official Committee of Unsecured Creditors in this chapter 11 case (the "Committee"). ECF 1036. The Court heard comments from the Committee, the Roman Catholic Archbishop of Baltimore (the "Debtor"), and one of the Insurers involved in this case at a status conference on June 2, 2025. That Insurer, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), then filed an objection to the Second Notice (the "Objection"). ECF 1204, 1256. The Court held a hearing on the Second Notice and the Objection on August 4, 2025 (the "Hearing").

For the reasons set forth in the Memorandum Opinion entered simultaneously herewith and incorporated fully herein by reference;[1] it is, by the United States Bankruptcy Court for the District of Maryland,

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Memorandum Opinion.

**ORDERED**, that the relief requested by the Second Notice is granted on the terms and subject to the conditions of this Order; and it is further

**ORDERED**, that the Court will hold one, two-hour status conference on **October 6, 2025, at 1:00 p.m.** (the "Conference"), in person in Courtroom 9-C in Baltimore; and it is further

**ORDERED**, that the sole purpose of the Conference is to increase engagement and understanding in this chapter 11 case; *no statements of any party at the Conference will be considered as evidence in any matter or proceeding in this case or otherwise or as part of the official record in this case*; and it is further

**ORDERED**, that the Conference will not be transcribed by a court reporter;[2] and it is further

**ORDERED**, that, notwithstanding the immediately preceding decretal paragraph, the Court will record the audio of the Conference, which is standard protocol for the Court and necessary for the Court to preside over the Conference, *but the recording of the Conference will not be released or transcribed without further Order of the Court, after notice and hearing, and only if and to the extent mandated by law or consented to by the parties*; and it is further

**ORDERED**, that consistent with Local Rule 5070-1, no party or member of the public may photograph, video record, audio record, broadcast, televise, or otherwise transmit the Conference; and it is further

**ORDERED**, that, **on or before October 2, 2025**, the Committee shall file an agenda for the Conference with the Court; such agenda shall identify only the number of Survivors participating in the Conference and the estimated time allocated to each such Survivor; and it is further

---

[2] The Court finds that the exceptional circumstances of this case and the factors set forth in the Notice support the relief granted herein. *See, e.g.,* 28 U.S.C. § 753.

**ORDERED**, that, **<u>on or before October 2, 2025</u>**, the Committee shall file a Line with the Court certifying that each Survivor participating in the Conference has filed a proof of claim in this case and is a party in interest under section 1109(b) of the Code.

cc:    All parties in interest

**END OF ORDER**