# EXHIBIT 4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re: | Case No. 23-16969-MMH |
| Roman Catholic Archbishop of Baltimore, | (Chapter 11) |
| Debtor. | |

| | |
|---|---|
| The Official Committee of Unsecured Creditors, | Adv. Proc. No._____-MMH |
| v. | |
| St. Mary's Seminary & University, | |
| Defendant. | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 547 AND 550

The Official Committee of Unsecured Creditors (the "Committee") of the Roman Catholic Archbishop of Baltimore, Maryland (the "Debtor") alleges as follows upon knowledge with respect to itself, and upon information and belief as to all other matters:

### INTRODUCTION

1.    This adversary proceeding is brought to avoid and recover (i) preferential transfers that occurred during the ninety (90) day period prior to the commencement of the bankruptcy case pursuant to 11 U.S.C. §§ 547 and 550.

2.    The Debtor transferred funds to St. Mary's Seminary and University ("SMSU") within the 90 days prepetition, as shown in Exhibit A, and were made in connection with services provided by the SMSU on account of an antecedent debt which enabled SMSU to receive more than it would if this were a chapter 7 case.

3.    For years the Catholic Church erred by prioritizing its own reputation over the safety and sanctity of children.

4.    That error caused untold harm to countless individuals, exacerbated by the Church's practice of denying wrongdoing and obfuscating the truth.

5.    The Debtor should not be permitted to use this bankruptcy process to repeat these behaviors.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b), and Standing Order 2012-05 from the United States District Court for the District of Maryland.

7.    This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

8.    The statutory predicates for the relief requested herein are Sections 547and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

9.    This action is brought as an adversary proceeding pursuant to Bankruptcy Rule 7001(a).

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this is a core proceeding arising in a bankruptcy case pending in this district.

11.    Pursuant to Rule 7008 of the Bankruptcy Rules and Rule 7012-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"), the Committee consents to the entry of a final judgment or order with respect to the Complaint if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2

## THE PARTIES

12.    The Committee is the Official Committee of Unsecured Creditors appointed by the United States Trustee pursuant to 11 U.S.C. § 1102(a)(1).

13.    The Debtor, a corporation solely organized under the laws of the State of Maryland, is the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case.

14.    SMSU is a non-profit corporation headquartered, registered, and organized under the laws of the State of Maryland, with a principal place of business at 5408 Roland Avenue, Baltimore City, MD 21210, and with a registered agent of David W. Kinkopf, Esq. of Gallagher, Evelius & Jones, LLP, Ste.. 400, 218 North Charles Street, Baltimore, MD 21201.

15.    Pursuant to the Order Granting Official Committee of Unsecured Creditors' Motion for Derivative Standing to Commence, Prosecute, and Settle Cause of Action on Behalf of the Debtor's Bankruptcy Estate entered on _____, 2025 by the Bankruptcy Court for the District of Maryland in the above-captioned chapter 11 case (see Docket No. _____), the Committee has standing to bring these claims in the place of the trustee (i.e., the debtor-in-possession).

## FACTUAL BACKGROUND

**Maryland Statute of Limitations Reform**

16.    As early as 1994, the Maryland General Assembly considered establishing a longer limitations period for child sex abuse claims than the general three-year statute of limitation to civil claims.

17.    The Maryland General Assembly first expanded the statute of limitation to seven years in 2003. *See generally* 2003 Md. Laws, Ch. 360.

18.    Then again in 2017, the legislature expanded the statute of limitation (the "2017 Act") to permit filing an action for sex abuse within the later of 20 years after the survivor reaches

3

the age of majority or three years after the defendant is convicted of certain related crimes, effective on October 1, 2017. *See* 2017 Md. Laws, Chs. 12 & 656

19.     The Maryland Office of the Attorney General then conducted an investigation and issued a report in April 2023.

20.     The report detailed a "history of repeated dismissal or cover up" of abuse by the Catholic Church hierarchy and found that more than 600 young people had been abused by at least 156 clergy members since the 1940s within the Archdiocese of Baltimore.

21.     Following the Attorney General's report, the Maryland General Assembly passed the Maryland Child Victims Act of 2023, 2023 Session Senate Bill 686, Acts 2023, c. 5, § 1, eff. Oct. 1, 2023 (the "CVA"), which was signed into law on April 11, 2023, and subsequently amended after the Petition Date.

22.     The CVA eliminated the statute of limitations for all civil claims arising out of a claim of sexual abuse that occurred when the victim was a minor.

23.     The CVA was passed with the purpose of holding organizations, like the Debtor, liable and responsible for the damages they caused Survivors.

24.     On September 29, 2023, (the "Petition Date") the Debtor filed its petition for relief under chapter 11 of title 11 of the United States Code.

25.     The CVA became effective on October 1, 2023, meaning Survivors' claims for sexual abuse against the Debtor would no longer be time-barred on or after that date.

26.     During the ninety (90) days before the Petition Date, that is between July 1, 2023 and September 29, 2023 (the "Preference Period"), the Debtor continued to operate and transfer property to various entities.

4

27.     Debtor made transfers of interest of Debtor's property to or for the benefit of SMSU during the Preference Period through payment(s) aggregating to an amount of not less than $106,315.08.

**The Debtor's Pre-Petition Efforts to Address its Liability to Survivors**

28.     Debtor has historically faced a multitude of sex abuse claims dating back to at least the 1940s.

29.     The Debtor's civil liability exposure for historical sex abuse claims that were previously barred by the 2017 Act became imminent when the CVA was passed.

30.     The Debtor's decision to file for bankruptcy was prompted by the massive liabilities it faced as a result of its history with child sexual abuse and the revival of those claims by the CVA.

31.     Nearly 1,000 Survivors have filed claims against the Debtor in the chapter 11 case.

**The Debtor's Transfers and Relationship with SMSU**

32.     SMSU is a corporation incorporated in 1839 in the State of Maryland.

33.     On information and belief, Archbishop Lori has a role and voice in the governance of SMSU as chancellor and chairman of the board of trustees.

34.     The Debtor made several transfers to SMSU during the 90-day preference period, as shown on Exhibit A in the total aggregate amount of $106,315.08 (collectively, the "Transfers") from bank accounts titled in the name of the Debtor and used by the Debtor for its general operations.

35.     On information and belief, the Transfers relate to SMSU's assistance to Debtor and Archbishop Lori in fulfilling their role and particular ministry to the Church.

5

36.    The funds transferred by the Debtor to SMSU were at all times property of the Debtor or funds over which the Debtor maintained substantial control, dominion, and/or discretion.

37.    The funds transferred by the Debtor to SMSU came from bank accounts owned and controlled by, and titled in the name of, the Debtor.

38.    The Committee has completed an analysis of all readily available information about the Debtor and is seeking to avoid all of the funds transferred by the Debtor from its general operating account to SMSU that occurred during the applicable statute of limitations as shown on Exhibit A. During the course of this proceeding, the Committee may learn (through discovery or otherwise) of additional transfers made to SMSU.

39.    The Committee reserves its right to amend this original Complaint to include: (i) further information regarding the funds transferred to SMSU, (ii) additional transfers, (iii) modifications of and/or revisions to the dates or amounts of the transfers, and (iv) additional defendants (collectively, the "Amendments"), that may become known to the Committee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

40.    The Committee also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to SMSU. As part of the Committee's due diligence, it reviewed the records in the Committee's possession and identified that the Debtor has potentially zero dollars in transfers that qualify for the subsequent new value defense. Additionally, the Committee reviewed the Debtor's records in the Committee's possession to examine whether SMSU may be able to assert the subjective ordinary course of business defense. Moreover, determining whether the subjective ordinary course of business defense may apply is an inherently factual endeavor, and the Committee puts SMSU to its burden of proof to establish it is entitled to

6

the ordinary course of business affirmative defense. After performing its own due diligence, the Committee has determined that the fund transferred to SMSU may be avoided even after taking into account SMSU's alleged affirmative defenses.

## COUNT I
### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

41.    The Committee repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 1 through 40 of this Complaint as though fully set forth in this cause of action.

42.    Debtor transferred funds to SMSU during the Preference Period in the aggregate amount of not less than $106,315.08 as more particularly described in Exhibit A.

43.    The Transfers were made from one or more of Debtor's bank accounts and constituted transfers of interest in property by the Debtor.

44.    SMSU was a creditor of Debtor at the time of the Transfer by virtue of supplying services identified in this Complaint, for which Debtor was obligated to pay.

45.    The Transfers were to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because the Transfers either reduced or fully satisfied a debt or debts then owed by Debtor to SMSU.

46.    The Transfers were made for, or on account of, an antecedent debt or debts owed by Debtor to SMSU before such Transfers were made, which constituted a claim of SMSU prior to being paid by Debtor.

47.    As evidenced by the dozens of Survivor claims in existence that were not barred by the applicable statute of limitations, the Transfers were made while the Debtor was insolvent. Debtor is presumed insolvent when the Transfer were made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

7

48.     The Transfers were made during the Preference Period, as set forth in Exhibit A.

49.     As a result of the Transfers, SMSU received more than it would have received if (i) Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) SMSU received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by Debtor's schedules and the nearly 1000 claims filed by Survivors, among others, Debtor's liabilities exceed their assets.

50.     Based on the foregoing, the Transfers are avoidable pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II
### (Recovery of Transfers - 11 U.S.C. § 550)

51.     The Committee repeats, realleges, and incorporates by reference herein the allegations contained in paragraphs 1 through 50 of the Complaint as though fully set forth in this cause of action.

52.     The Committee is entitled to avoid the Transfers pursuant to Section 547 of the Bankruptcy Code.

53.     SMSU was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

54.     Pursuant to Section 550(a) of the Bankruptcy Code, the Committee is entitled to recover the Transfers (or the value thereof) from SMSU, plus interest thereon to the date of payment and the costs of this action.

55.     By reason of the foregoing, the Transfers are recoverable pursuant to Section 550(a) of the Bankruptcy Code.

8

## PRAYER FOR RELIEF

WHEREFORE, the Committee respectfully requests that the Court enter a judgment against SMSU:

1.    Avoiding the Transfers pursuant to Section 547 of the Bankruptcy Code;

2.    Determining that the Committee is entitled to recover the Transfers, plus interest and costs, pursuant to Section 550 of the Bankruptcy Code and requiring SMSU to pay forthwith such amounts; and

3.    granting such other and further relief as the Court deems just and proper.


Date: _____, 2025                           Respectfully submitted,


                                             /s/ _____
                                             Alan M. Grochal, Fed. Bar No.: 01447
                                             Richard L. Costella, Fed. Bar No. 14095
                                             Tydings & Rosenberg LLP
                                             1 East Pratt Street, Suite 901
                                             Baltimore, Maryland 21202
                                             Tel: (410) 752-9772
                                             Fax: (410) 727-5460
                                             Email: rcostella@tydings.com
                                                    agrochal@tydings.com

                                             *Local Counsel to the Official Committee of Unsecured Creditors*

                                             -and-



                                             Edwin H. Caldie (MN # 388930)
                                             Andrew J. Glasnovich (MN #398366)
                                             Stinson LLP
                                             50 South Sixth Street, Suite 2600

Minneapolis, MN 55402
Main: 612-335-1500
Facsimile: 612-335-1657
Email: ed.caldie@stinson.com
       drew.glasnovich@stinson.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

CORE/3529758.0002/230993146.3

**EXHIBIT A**

**BRG** /ARCHDIOCESE OF BALTIMORE
NON-RELATED PARTY CASH DISBURSEMENTS ACTIVITY 90 DAY PERIOD (07/01/2023 - 09/29/2023)

*Petition Date: September 29, 2023*

| Item ID | Date | GL Account | GL Account Name | Reference | Vendor/1st Name | Payee ID | Payee | Transaction Description | Document Number(s) | Batch Description(s) | Amount | 90DAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 100140 | 7/11/2023 | 1010 | Checking - General | 521812 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | Priest Retreat 6/19-6/23/23 | REMIT0000000000047 11;SMS3524 | SMS3524 | (35,286.50) | $ |
| 101789 | 8/10/2023 | 1010 | Checking - General | 522091 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | Que Vadis Lodging/Food | REMIT0000000000064 14;SMS3529 | SMS3529 | (36,231.40) | $ |
| 101317 | 8/3/2023 | 1010 | Checking - General | 522006 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | STC Real Est. 7/12/23 | S12160;SMS3527 | SMS3527 | (555.00) | $ |
| 102214 | 8/17/2023 | 1010 | Checking - General | 522136 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | Food/Hrsphy 8/6-11/23 OCR | REMIT0000000000084 23;SMS3538 | SMS3538 | (11,539.90) | $ |
| 102533 | 8/24/2023 | 1010 | Checking - General | 522175 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | 2022 Advent Day Dis.12/06/22 | REMIT0000000000084 41;SMS3441 | SMS3441 | (515.00) | $ |
| 102758 | 8/29/2023 | 1010 | Checking - General | 522206 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | QCYP Review Brd Meet. | REMIT0000000000084 51;SMS3511 | SMS3511 | (962.08) | $ |
| 103452 | 9/8/2023 | 1010 | Checking - General | 522301 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | Seminarian Retreat 7/24-7/27 | S12405;SMS3537 | SMS3537 | (17,529.20) | $ |
| 103627 | 9/12/2023 | 1010 | Checking - General | 522320 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | STC Meeting 8/23/23 | SMS3553 | SMS3553 | (635.00) | $ |
| 103930 | 9/15/2023 | 1010 | Checking - General | 522388 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | | | | (148.00) | $ |
| 104626 | 9/22/2023 | 1010 | Checking - General | 522493 | St. Mary's Seminary & Univ | 200314 | St. Mary's Seminary & Univ | | | | (1,093.00) | $ |