UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | |
|---|---|
| In re: | Case No. 23-16969 |
| Roman Catholic Archbishop of Baltimore, | Chapter 11 |
| Debtor. | Judge Michelle M. Harner |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION TO DEBTOR'S DECLARATION AND DISCLOSURE OF RICHARD W. ANDERSON JR., ON BEHALF OF CQI ASSOCIATES, LLC**

The Official Committee of Unsecured Creditors (the "Committee") respectfully submits this limited objection (the "Objection") to the *Declaration and Disclosure Statement of Richard W. Anderson Jr., on Behalf of CQI Associates, LLC* (the "Disclosure") (ECF No. 1325) for the entry of an order sustaining the Objection to the extent that the delayed Disclosure violates the *Order Authorizing the Debtor to Employ Professionals Used in the Ordinary Course of Business Effective as of the Petition Date* (ECF No. 179) (the "Order regarding Ordinary Course Professionals"), and impairs the Committee's ability to evaluate effectively the Debtor's employment of CQI Associates, LLC ("CQI") consistent with the Committee's duties to unsecured creditors.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this objection to the Claims Administrator Motion, pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order 2012-05 from the United States District Court for District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before the Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On September 29, 2023, the Debtor commenced this case under Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

4. On November 6, 2023, this Court entered the Order Regarding Ordinary Course Professionals. ECF No. 179. Under that Order, the Debtor is authorized to employ ordinary course professionals if the following procedures are followed: (i) the ordinary course professional must provide Debtor's attorney a declaration within 20 days after commencing its services that it does not represent or hold any interest adverse to the Debtor's estate; (ii) the Debtor must file that declaration with the Court and serve it on the U.S. Trustee and the Committee; (iii) the U.S. Trustee and the Committee then have 10 days to serve an objection to the retention of the ordinary course professional, based on the contents of the declaration; and (iv) Debtor is authorized to pay ordinary course professionals 100 percent of fees without application to the court, provided however, the fees are subject certain monthly and annual caps.[1] ECF No. 179, ¶ 1.

5. If an ordinary course professional seeks compensation in excess of the monthly cap, it must file a notice in excess of the monthly cap with the Court and an invoice setting forth in reasonable detail, the nature of the services rendered, all time entries for the month, and all disbursements actually incurred for the month. *Id.* at ¶ 1(h). Interested parties may then object to such fees. *Id.*

6. Finally, the Debtor must file quarterly statements, served on the U.S. Trustee and the Committee, setting forth

> . . . the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by

---

[1] The caps include the following: (a) total monthly compensation may not exceed $30,000 post-petition; and (b) total annual compensation may not exceed $360,000. *Id.* at ¶ 1(g).

the Ordinary Course Professional during the reporting Quarter; (iii) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of services rendered by that Ordinary Course Professional.

*Id.* at ¶ 1(j).

7. On August 5, 2025, the Debtor filed a *Notice of Debtor's Disposition of Lease Property (Unimproved Acreage Located in Baltimore County, MD)* (the "Lease Property Notice") seeking to lease unimproved real property located at York Road and Belfast Road in Baltimore County, Maryland (the "Property"). ECF No. 1255.

8. According to the Lease Property Notice, the Debtor owns 102 acres at this location, and proposes to lease between 35-53 acres to an undisclosed "uninterested third party" for "the purpose of constructing and operating certain facilities", that the property "is owned solely by the Debtor and is not encumbered by any lien, claim, or interest" and that "the proposed lease terms were negotiated at arms-length."

9. The Committee objected to the Lease Property Notice on September 2, 2025, pursuant to *The Official Committee of Unsecured Creditors' Limited Objection to Debtor's Notice of Disposition of Property (Unimproved Acreage Located in Baltimore County, MD)* (the "Lease Property Objection"). ECF No. 1318.

10. As explained in the Lease Property Objection, Debtor has negotiated a complex deal to lease the Property without proper disclosure or review by the Committee. *Id.* The Committee inquired about the details of the lease transaction, and the Debtor insisted the Committee first execute a non-disclosure agreement ("NDA"). *Id.* at ¶ 9. After the Committee declined to execute the NDA, the Debtor disclosed more information about the lease during mediation on August 25, 2025. *Id.* at ¶¶ 9-10.

11. Following the initial hearing on the Notice on September 8, 2025, the Debtor provided the Committee with additional confidential information regarding the marketing of the Property and the proposed transaction.

12. The Committee is also now aware that the Debtor has used professional persons to facilitate the transaction proposed in the Notice, without the Committee's knowledge without disclosing its retention as required by the Court's Order Regarding Ordinary Professionals s*ee id.* at ¶ 25, and/or without Court approval under 11 U.S.C. § 327(a).

13. The Court held a hearing on the Leased Property Notice on September 9, 2025, and continued the hearing to September 19, 2025 to allow the parties to present evidence on the lease transaction. ECF Nos. 1346, 1355.

14. Similar to the Lease Property Notice, the Committee has learned specific details regarding the employment of CQI through disclosure of allegedly confidential information, so the Committee cannot use any information obtained for purposes of this Objection or otherwise provide context for its more substantive concerns with this Disclosure.

15. Publicly available information shows that CQI is an energy and sustainability management consultant firm.[2]

## ARGUMENT

16. When a professional is employed to assist the Debtor with a task central to the reorganization process, the professional is not "ordinary course," but instead must be employed under Section 327(a). *In re Sieling Associates Ltd. Partn.*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) ("Although Kawecki, as an environmental toxicology consultant, would appear to be a member of a profession, he is not a professional person as used in Section 327(a) of the Bankruptcy

---

[2] CQI Associates, *About Us*, http://cqiassociates.com/about-us/ (last visited Sept. 11, 2025).

6445041.1

4

CORE/3531041.0002/231585189.2

Code. Kawecki is being hired to test water for contamination due to an explosion in 1989. Notwithstanding the fact that Kawecki's retention may be necessary for the Debtor to comply with Maryland law, Kawecki is not assisting the Debtor **with its plan, with the sale or purchase of assets or with negotiating with creditors**.") (emphasis added); *Matter of D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) ("In the context of this provision, a 'professional person' is one who takes a central role in the administration of the bankruptcy estate and in the bankruptcy proceedings, as opposed to one who provides services to the debtor that are necessary whether the petition was filed or not.") (citations omitted).

17. The Debtor has spent months negotiating a substantial lease transaction with an unidentified party and retained professionals to market, negotiate, evaluate, and consult on the terms of the transaction, in secret. The Debtor is not in the business of leasing unimproved land for renewable energy projects, and there is nothing ordinary about a multi-million-dollar, twenty-year term, renewable energy project lease.

18. Moreover, even if CQI qualified as ordinary course, by failing to timely disclose the retention of CQI, the Debtor has violated the Court's Order Regarding Ordinary Course Professionals. Under the Order Regarding Ordinary Course Professionals', such ordinary course professionals are required to provide a disclosure to Debtor **within 20 days after commencement of its services**, and "the Debtor's counsel will file the Ordinary Course Declaration with this Court" and serve a copy on the United States Trustee and the Committee. ECF No. 179, ¶1(b). While not explicit, the Court's Order implies prompt filing of the declaration. *See id*.

19. The Debtor delayed filing the Declaration to the detriment of the Committee, the U.S. Trustee, and this Court. It filed the Declaration only two days *after* the Committee disclosed that it had learned the Debtor retained professionals in the Lease Property Objection.

20. In addition, it is unclear how long the Debtor has retained CQI, the fees that Debtor has incurred for CQI's services, whether CQI has an adverse interest to the estate and its creditors, and whether CQI's services adequately enable the Debtor to carry out its duties.

21. The Debtor's delay in filing and lack of full disclosure is a direct violation of the Court's Order Regarding Ordinary Course Professionals and deeply undermines the Committee's confidence in the Debtor's commitment to work with the Committee as a partner in this reorganization effort.

22. The Committee reserves its rights to request further relief, including disgorgement of fees, based on the more fulsome disclosures CQI provides in its employment application.

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests that this Court (i) sustain the Committee's objection to the Disclosure, (ii) require the Debtor file an application under Section 327(a) to employ CQI, and (iii) require CQI to provide a full disclosure of all fees and services that CQI has provided to Debtor post-petition, including any promises of fees it received from any person regarding the lease transaction.

Date: September 15, 2025

Respectfully submitted,

/s/ *Alan M. Grochal*
Alan M. Grochal, Fed. Bar No.: 01447
Richard L. Costella, Fed. Bar No. 14095
**Tydings & Rosenberg LLP**
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
Tel: (410) 752-9772
Fax: (410) 727-5460
Email: rcostella@tydings.com
          agrochal@tydings.com

*Local Counsel to the Official Committee of Unsecured Creditors*

-and-

Robert T. Kugler (MN # 194116)
Edwin H. Caldie (MN # 388930)
Andrew Glasnovich (MN # 0398366)
Christopher Sevedge (MO # 68383)
Nicole Khalouian (NY #5755681)
**Stinson LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Main: 612-335-1500
Facsimile: 612-335-1657
Email: robert.kugler@stinson.com
　　　　ed.caldie@stinson.com
　　　　drew.glasnovich@stinson.com
　　　　chris.sevedge@stinson.com
　　　　nicole.khalouian@stinson.com

*Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of September 2025, a copy of the foregoing, ***OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION TO DEBTOR'S DECLARATION AND DISCLOSURE OF RICHARD W. ANDERSON JR., ON BEHALF OF CQI ASSOCIATES, LLC*** was served on Blake D. Roth, Esquire, Holland & Knight LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, blake.roth@hklaw.com; Catherine K. Hopkin, Esquire, YVS Law LLC, 185 Admiral Cochrane Drive, Suite 130, Annapolis, Maryland 21401, chopkin@yvslaw.com; and Hugh Bernstein, Esquire, Office of the United States Trustee, 101 West Lombard Street, Suite 2625, Baltimore, Maryland 21201, hugh.m.bernstein@usdoj.gov; and to all parties that are registered to receive electronic filing through the CM/ECF system.

         /s/Alan M. Grochal
         Alan M. Grochal

**The following parties received CM/ECF notice of the filing:**

Nathan D. Adler, Esquire: nda@nqgrg.com
Philip D. Anker, Esquire: philip.anker@wilmerhale.com
Sam Alberts, Esquire: sam.alberts@dentons.com
Monique D. Almy, Esquire: malmy@crowell.com
G. Calvin Awkward, III, Esquire: cawkward@goldbergsegalla.com
Gary Bahena, Esquire: garybahena@bahenalaw.com
Hugh M. Bernstein, Esquire: hugh.m.bernstein@usdoj.gov
Diane C. Bristow, Esquire: dcb@nqgrg.com
Edwin H. Caldie, Esquire: ed.caldie@stinson.com
Richard L. Costella, Esquire: rcostella@tydings.com
PhilipTucker Evans, Esquire: philip.evans@hklaw.com
Kevin Foreman, Esquire: kforeman@carltonfields.com
Andrew Freeman, Esquire: adf@browngold.com
Andrew Glasnovich, Esquire: drew.glasnovich@stinson.com
Gary R. Greenblatt, Esquire: grg@cooncolelaw.com
Geoffrey Grivner, Esquire: geoffrey.grivner@bipc.com
Alan M. Grochal, Esquire: agrochal@tydings.com
Megan Harmon, Esquire: megan.harmon@bge.com
Catherine Keller Hopkin, Esquire: chopkin@yvslaw.com
Robert Keith Jenner: rjenner@jennerlawfirm.com
Steven J. Kelly, Esquire: skelly@gelaw.com
Nicole Khalouian, Esquire: nicole.khalouian@stinson.com
Robert T. Kugler, Esquire: robert.kugler@stinson.com
C. Scott Kunde, Jr., Esquire: scott.kunde@hklaw.com
Anthony May, Esquire: amay@browngold.com
Gordon Z. Novod, Esquire: gnovod@gelaw.com
Timothy P. Palmer, Esquire: timothy.palmer@bipc.com
Mark David Plevin, Esquire: mplevin@crowell.com
David Kendall Roberts, Esquire: droberts2@omm.com
Annette Rolain, Esquire: arolain@ruggerilaw.com
Blake D. Roth, Esquire: blake.roth@hklaw.com
James P. Ruggeri, Esquire: jruggeri@ruggerilaw.com
Jonathan Schapp, Esquire: jschapp@goldbergsegalla.com
U.S. Trustee – Baltimore: ustpregion04.ba.ecf@usdoj.gov
Irving Edward Walker, Esquire: iwalker@coleschotz.com
Jonathan Schochor, Esquire; jschochor@sfspa.com
Kerry Staton, Esquire; kstaton@sfspa.com
Joshua F. Kahn, Esquire; jkahn@sfspa.com
Thomas F. Yost, Esquire; tyost@yostlaw.com
Desirae Krislie C. Tongco, Esquire; dtongco@omm.com

Joshua D. Weinberg, Esquire: jweinberg@ruggerilaw.com
Adam R. Dunst, Esquire, adunst@goldbergsegalla.com
Samantha J. Hanson-Lenn, Esquire, Samantha.hansonlenn@stinson.com
Eric G. Korphage, Esquire, korphagee@whiteandwilliams.com
Robert H. Kline, Esquire, kliner@whiteandwilliams.com
Matthew M. Weiss, Esquire, mweiss@phrd.com
John E. Bucheit, Esquire, jbucheit@phrd.com
Matthew G. Roberts, Esquire, mroberts@phrd.com
John Grossbart, Esquire, john.grossbart@dentons.com
Siobhain P. Minarovich, Esquire, manarovics@whiteandwilliams.com
Justin P. Fasano, Esquire, jfasano@mhlawyers,com
Matthew C. Nelson, Esquire, matthew.nelson@kennedyslaw.com
Jillian G. Dennehy, Esquire, jillian.dennehy@kenedyslaw.com
James R. Murray, Esquire, jim.murray@blankrome.com
James D. Carter, Esquire, james.carter@blankrome.com
Robyn L. Michaelson, Esquire, robyn.michaelson@blankrome.com
Sara G. Klein, Esquire, sklein@manlystewart.com
Gary P. Seligman, Esquire, gseligman@wiley.law
Ezhan S. Hasan, Esquire, ahasan@wiley.com
Michael J. Belsky, Esquire, mbelsky@sbwdlaw.com
Catherine A. Dickinson, Esquire, cdickinson@sbwdlaw.com
Isabella R. Sayyah, Esquire, isayyah@gibsondunn.com
Matthew A. Hoffman, Esquire, mhoffman@gibsondunn.com
Ryan S. Appleby, Esquire, rappleby@gibsondunn.com
Michael A. Rosenthal, Esquire, mrosenthal@gibsondunn.com
Todd C. Jacobs, Esquire, tjacobs@phrd.com
Jesse J. Bair, Esquire, jbair@burnsbair.com
Timothy W. Burns, Esquire, tburns@burnsbair.com
Jared Zola, Esquire, jared.zola@blankrome.com
Anthony J.M. Kikendall, Esquire, kikendalla@whiteandWilliams.com
Eileen King Bower, Esquire,  Eileen.kingbower@clydeco.us
Robert M. Westra, Esquire, rwestra@ppsrlaw.com
Kevin A. Clasing, Esquire, kclasing@ppsrlaw.com
Morgan K. Stippel, Esquire, mstippel@burnsbair.com
Justine M. Daniels, Esquire, jdaniels@omm.com
Ryan S, Perlin, Esquire, perlin@mdtrialfirm.com
Emily C. Malarkey, Esquire, malarkey@mdtrialfirm.com
Jodie E. Bekman, Esquire, jbekman@gfrlaw.com
Timothy Karcher, Esquire, tkarcher@proskauer.com
Paul Possinger, Esquire, ppossinger@proskauer.com
Christopher White, Esquire, Christopher.white@clydeco.us
Clinton Cameron, Esquire, Clinton.cameron@clydeco.us
Bret Kabacinski, Esquire, bret.kabacinski@clydeco.us
Douglas McGill, Esquire, dmcgill@webbermcgill.com
Christopher Sevedge, Esquire, Christopher.sevedge@stinson.com
Ysabelle G. Reyes, Esquire, yreyes@wiley.law

11

6445041.1

CORE/3531041.0002/231585189.2