# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (<u>Baltimore Division</u>)

| | |
|---|---|
| In re: | Case No. 23-16969 |
| Roman Catholic Archbishop of Baltimore, | Chapter 11 |
| Debtor. | Judge Michelle M. Harner |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO DEBTOR'S NOTICE OF DISPOSITION OF REAL PROPERTY *(AN APPORTIONED RIGHT OF WAY IN ANNE ARUNDEL COUNTY, MD)*

The Official Committee of Unsecured Creditors (the "Committee") respectfully submits this objection (the "Objection") to the *Notice of Debtor's Disposition of Real Property (An Apportioned Right of Way in Anne Arundel County, MD)* (the "Notice") (ECF No. 1303)[1] for the entry of an order sustaining the Objection and denying the Debtor's request to convey the 15' x 437' strip of land on Parcel 696R located at 801 Stevenson Road, Severn, MD. (the "Apportioned Property"). In support of the Objection, the Committee submits as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this objection to the Notice, pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order 2012-05 from the United States District Court for District of Maryland. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before the Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor filed a nearly identical second notice on August 28 (dkt. 1313). In the initial notice, the Debtor represented that the subject property was unencumbered and in the later notice, represented that PNC Bank held a lien on the property.

**BACKGROUND**

3. On September 29, 2023, the Debtor commenced this case under Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

4. On August 26, 2025, the Debtor filed the initial Notice seeking to convey the Apportioned Property to Anne Arundel County (the "County") as a condition precedent to obtaining approval from the County to convert an existing recreational field into a parking lot (the "Property Improvement") on Parcel 696R located at 801 Stevenson Road, Severn, MD. (ECF No. 1303)

5. According to the Notice, the County requires the conveyance of the Apportioned Property to create a right of way, so the County's standards are met during the renovation of the Property Improvement. The renovation plan for the Property Improvement was submitted as a request to the County prior to the filing of the Notice, but these plans have never been shared with the Committee.

6. The Debtor did not disclose to the Committee its intentions to make the Property Improvement nor did the Debtor disclose the instant Notice until it was filed with the Court.

7. Because the Debtor has not demonstrated to the Committee why either the Property Improvement or the sale of the Apportioned Property are in the best interest of creditors, the Court should deny the Debtor's request to sell property.

**ARGUMENT**

**I. THE DEBTOR FAILS TO MEET ITS BURDEN UNDER 11 U.S.C. § 363(b).**

8. Section 363(b)(1) permits a debtor-in-possession, after notice and a hearing, to use, sell or lease property of the estate other than in the ordinary course of business. See 11 U.S.C. § 363(b)(1).

9. The Debtor cannot argue that the purchase price is fair and reasonable. Exhibit C to the Notice, which is the deed conveying the Apportioned Property, provides a consideration amount of $1.00. This nominal consideration, on its face, does not meet these criteria and may suggest an attempt to circumvent the protection afforded to creditors under the Bankruptcy Code.

10. Because the Court should "consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike … a debtor applying under § 363(b) carries the burden of demonstrating that a use, sale or lease out of the ordinary course of business will aid the debtor's reorganization." *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

11. "The factors the Court must find for approval of a sale are: (i) a sound business reason justifying the sale, (ii) adequate and reasonable notice of the sale to all parties, (iii) that the sale has been proposed in good faith and (iv) that the purchase price is fair and reasonable." *In re Siskind*, No. 02-65786-NVA, 2008 Bankr. LEXIS 4495, 2008 WL 2705528, at *6 (Bankr. D. Md. July 3, 2008).[2]

12. The Debtor fails to meet these factors, noting only that "the Debtor believes that the conveyance of the Apportioned Property to the County to obtain more parking is beneficial to the Property, will improve the Property's overall value, and is therefore also in the best interest of creditors." (Notice at 2, Dkt. No. 1303.)

---

[2] *See also In re Fischer*, No. 03-13704, 2010 Bankr. LEXIS 2211, 2010 WL 2746329, at *10 (Bankr. D. Md. July 9, 2010) ("In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated variously ways, represent essentially a business judgment test. Some courts have described the standard as one of 'good faith' or of whether the transaction is 'fair and equitable.' Others question whether the sale is 'in the best interest of the estate.' In the context of sales of substantially all of the assets of the estate, some courts have required that the price to be paid be 'fair and reasonable.'" (quoting 3 Collier on Bankruptcy ¶ 363.02[1][f] (15th rev. ed. 2005)).

13. "[A] judge determining a § 363(b) application [must] expressly find from the evidence presented before him at the hearing a good business reason to grant such an application." *In re Lionel Corp.*, 722 F.2d at 1071.

14. The Debtor has not provided any, let alone a sound, business reason to justify the sale. The Debtor fails to allege any benefit to the Estate besides a speculative and conclusory opinion that the proposed sale will increase the land value for creditors.

15. Of course, the Debtor has not proposed to sell the land that is being improved as a result of this Notice.

16. To the extent the Debtor is not utilizing the Apportioned Property or the prospective Property Improvement in the Debtor's daily mission, that property should be distributed in a way that maximizes the value of the estate for the benefit of its creditors, and not in a way that enriches the Debtor.

17. The Debtor has not identified any evidence that this deal is proposed in good faith. The Debtor baldly asserts that the proposed transaction will "improve the property's overall value," but fails to offer any evidence that suggests the transaction is meant to benefit anyone but the Debtor and its Catholic affiliates.

18. The Debtor is attempting to circumvent its duty to maximize the value of the estate by characterizing this as a simple conveyance of a right of way, ignoring the more important question of the value of the Property Improvement. For these reasons, the proposed sale should be denied.

## II. THE DEBTOR FAILS TO SHOW ANY BENEFIT TO THE ESTATE.

19. As a debtor-in-possession, the Debtor is to act as a fiduciary and refrain from self-dealing, treat all parties fairly, and maximize the value of the estate. *Massenburg v. Schlossber (In re Massenburg)*, 554 B.R. 769, 776 (D. Md. 2016) (citing *In re J.T.R. Corp.*, 958 F.2d 602, 604-

05 (4th Cir. 1992); *In re Bowman*, 181 B.R. 836, 843 (Bankr. D. Md. 1995); *In re Brook Valley VII, Joint Venture*, 496 F.3d 892, 900-01 (8th Cir. 2007)).

20. The Notice presents this conveyance as a simple zoning transaction with the County. But it is also implicitly a boot-strapped approval of the Property Improvement. In the Committee's view, the Property Improvement is a way for the Debtor to turn a property that has no functional value to the Debtor's religious mission (and thus should be liquidated to pay creditors), into a property the Debtor will claim is essential to its mission post-reorganization (and thus cannot be monetized to pay creditors).[3]

21. If the Apportioned Property and the Property Improvement are not being used or are not essential to the operations of the Debtor, the parcels should instead be sold to pay creditors.

22. For these reasons, there is no basis for the Court to conclude that the proposed conveyance satisfies the requirements of § 363(b) of the Bankruptcy Code or the Debtor's fiduciary duty to obtain the highest and best price for estate assets.

## **CONCLUSION**

For the foregoing reasons, the Committee respectfully requests the Court enter an order sustaining this Objection and denying the Debtor's request to convey the Apportioned Property to the County under Section 363(b) because the Debtor fails to show a sound business judgment or a benefit to the Estate.

---

[3] The Notice and its Exhibit C contemplate a construction project, that ostensibly is already subject to a "public works agreement or utility agreement," *see* Ex. C at 2, but the Debtor has failed to present any of this to the Court.

Date: September 16, 2025

Respectfully submitted,

/s/ *Alan M. Grochal*
Alan M. Grochal, Fed. Bar No.: 01447
Richard L. Costella, Fed. Bar No. 14095
**Tydings & Rosenberg LLP**
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
Tel: (410) 752-9772
Fax: (410) 727-5460
Email: rcostella@tydings.com
          agrochal@tydings.com

*Local Counsel to the Official Committee of Unsecured Creditors*

-and-

Robert T. Kugler (MN # 194116)
Edwin H. Caldie (MN # 388930)
Andrew Glasnovich (MN # 0398366)
Christopher Sevedge (MO # 68383)
Nicole Khalouian (NY #5755681)
**Stinson LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Main: 612-335-1500
Facsimile:  612-335-1657
Email:  robert.kugler@stinson.com
           ed.caldie@stinson.com
           drew.glasnovich@stinson.com
           chris.sevedge@stinson.com
           nicole.khalouian@stinson.com

*Counsel to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September 2025, a copy of the foregoing, ***OBJECTION TO NOTICE OF DEBTOR'S DISPOSITION OF REAL PROPERTY (AN APPORTIONED RIGHT OF WAY IN ANNE ARUNDEL COUNTY, MD)*** was served on Blake D. Roth, Esquire, Holland & Knight LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, blake.roth@hklaw.com; Catherine K. Hopkin, Esquire, YVS Law LLC, 185 Admiral Cochrane Drive, Suite 130, Annapolis, Maryland 21401, chopkin@yvslaw.com; and Hugh Bernstein, Esquire, Office of the United States Trustee, 101 West Lombard Street, Suite 2625, Baltimore, Maryland 21201, hugh.m.bernstein@usdoj.gov; and to all parties that are registered to receive electronic filing through the CM/ECF system.

*/s/Alan M. Grochal*
Alan M. Grochal

**The following parties received CM/ECF notice of the filing:**

Nathan D. Adler, Esquire: nda@nqgrg.com
Philip D. Anker, Esquire: philip.anker@wilmerhale.com
Sam Alberts, Esquire: sam.alberts@dentons.com
Monique D. Almy, Esquire: malmy@crowell.com
G. Calvin Awkward, III, Esquire: cawkward@goldbergsegalla.com
Gary Bahena, Esquire: garybahena@bahenalaw.com
Hugh M. Bernstein, Esquire: hugh.m.bernstein@usdoj.gov
Diane C. Bristow, Esquire: dcb@nqgrg.com
Edwin H. Caldie, Esquire: ed.caldie@stinson.com
Richard L. Costella, Esquire: rcostella@tydings.com
PhilipTucker Evans, Esquire: philip.evans@hklaw.com
Kevin Foreman, Esquire: kforeman@carltonfields.com
Andrew Freeman, Esquire: adf@browngold.com
Andrew Glasnovich, Esquire: drew.glasnovich@stinson.com
Gary R. Greenblatt, Esquire: grg@cooncolelaw.com
Geoffrey Grivner, Esquire: geoffrey.grivner@bipc.com
Alan M. Grochal, Esquire: agrochal@tydings.com
Megan Harmon, Esquire: megan.harmon@bge.com
Catherine Keller Hopkin, Esquire: chopkin@yvslaw.com
Robert Keith Jenner: rjenner@jennerlawfirm.com
Steven J. Kelly, Esquire: skelly@gelaw.com
Nicole Khalouian, Esquire: nicole.khalouian@stinson.com
Robert T. Kugler, Esquire: robert.kugler@stinson.com
C. Scott Kunde, Jr., Esquire: scott.kunde@hklaw.com
Anthony May, Esquire: amay@browngold.com
Gordon Z. Novod, Esquire: gnovod@gelaw.com
Timothy P. Palmer, Esquire: timothy.palmer@bipc.com
Mark David Plevin, Esquire: mplevin@crowell.com
David Kendall Roberts, Esquire: droberts2@omm.com
Annette Rolain, Esquire: arolain@ruggerilaw.com
Blake D. Roth, Esquire: blake.roth@hklaw.com
James P. Ruggeri, Esquire: jruggeri@ruggerilaw.com
Jonathan Schapp, Esquire: jschapp@goldbergsegalla.com
U.S. Trustee – Baltimore: ustpregion04.ba.ecf@usdoj.gov
Irving Edward Walker, Esquire: iwalker@coleschotz.com
Jonathan Schochor, Esquire; jschochor@sfspa.com
Kerry Staton, Esquire; kstaton@sfspa.com
Joshua F. Kahn, Esquire; jkahn@sfspa.com
Thomas F. Yost, Esquire; tyost@yostlaw.com
Desirae Krislie C. Tongco, Esquire; dtongco@omm.com

Joshua D. Weinberg, Esquire: jweinberg@ruggerilaw.com
Adam R. Dunst, Esquire, adunst@goldbergsegalla.com
Samantha J. Hanson-Lenn, Esquire, Samantha.hansonlenn@stinson.com
Eric G. Korphage, Esquire, korphagee@whiteandwilliams.com
Robert H. Kline, Esquire, kliner@whiteandwilliams.com
Matthew M. Weiss, Esquire, mweiss@phrd.com
John E. Bucheit, Esquire, jbucheit@phrd.com
Matthew G. Roberts, Esquire, mroberts@phrd.com
John Grossbart, Esquire, john.grossbart@dentons.com
Siobhain P. Minarovich, Esquire, manarovics@whiteandwilliams.com
Justin P. Fasano, Esquire, jfasano@mhlawyers,com
Matthew C. Nelson, Esquire, matthew.nelson@kennedyslaw.com
Jillian G. Dennehy, Esquire, jillian.dennehy@kenedyslaw.com
James R. Murray, Esquire, jim.murray@blankrome.com
James D. Carter, Esquire, james.carter@blankrome.com
Robyn L. Michaelson, Esquire, robyn.michaelson@blankrome.com
Sara G. Klein, Esquire, sklein@manlystewart.com
Gary P. Seligman, Esquire, gseligman@wiley.law
Ezhan S. Hasan, Esquire, ahasan@wiley.com
Michael J. Belsky, Esquire, mbelsky@sbwdlaw.com
Catherine A. Dickinson, Esquire, cdickinson@sbwdlaw.com
Isabella R. Sayyah, Esquire, isayyah@gibsondunn.com
Matthew A. Hoffman, Esquire, mhoffman@gibsondunn.com
Ryan S. Appleby, Esquire, rappleby@gibsondunn.com
Michael A. Rosenthal, Esquire, mrosenthal@gibsondunn.com
Todd C. Jacobs, Esquire, tjacobs@phrd.com
Jesse J. Bair, Esquire, jbair@burnsbair.com
Timothy W. Burns, Esquire, tburns@burnsbair.com
Jared Zola, Esquire, jared.zola@blankrome.com
Anthony J.M. Kikendall, Esquire, kikendalla@whiteandWilliams.com
Eileen King Bower, Esquire,  Eileen.kingbower@clydeco.us
Robert M. Westra, Esquire, rwestra@ppsrlaw.com
Kevin A. Clasing, Esquire, kclasing@ppsrlaw.com
Morgan K. Stippel, Esquire, mstippel@burnsbair.com
Justine M. Daniels, Esquire, jdaniels@omm.com
Ryan S, Perlin, Esquire, perlin@mdtrialfirm.com
Emily C. Malarkey, Esquire, malarkey@mdtrialfirm.com
Jodie E. Bekman, Esquire, jbekman@gfrlaw.com
Timothy Karcher, Esquire, tkarcher@proskauer.com
Paul Possinger, Esquire, ppossinger@proskauer.com
Christopher White, Esquire, Christopher.white@clydeco.us
Clinton Cameron, Esquire, Clinton.cameron@clydeco.us
Bret Kabacinski, Esquire, bret.kabacinski@clydeco.us
Douglas McGill, Esquire, dmcgill@webbermcgill.com
Christopher Sevedge, Esquire, Christopher.sevedge@stinson.com
Ysabelle G. Reyes, Esquire, yreyes@wiley.law