UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-16969-MMH |

**DEBTOR'S FIFTH OMNIBUS OBJECTION TO CLAIMS**
**(NON-SUBSTANTIVE; DUPLICATE CLAIMS)**

The Roman Catholic Archbishop of Baltimore, the above-captioned debtor and debtor in possession (the "***Debtor***" or "***RCAB***"), by and through its undersigned counsel, files this omnibus claim objection (this "***Objection***") and respectfully states as follows:

### BACKGROUND

1. On September 29, 2023 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

2. The Debtor continues to operate and pursue its religious, non-profit mission and ministry and manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in this case.

4. Additional information regarding the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Informational Brief of the Roman Catholic Archbishop of Baltimore* (Dkt. No. 5) and the *Declaration of John Matera in Support of First Day Motions* (Dkt. No. 6).

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## CLAIMS PROCESS

6. On October 31, 2023, the Debtor filed its schedules of assets and liabilities and statements of financial affairs. (Dkt. Nos. 145–46.)

7. On January 16, 2024, the Court entered the *Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Claim Supplement; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures* (Dkt. No. 316) (the "**Bar Date Order**").

8. Pursuant to the Bar Date Order, the Court set May 31, 2024 as the deadline for each person or entity (excluding governmental units) to file a proof of claim (including for a Survivor Claim[2]) (collectively, the "**Proofs of Claim**") in the Debtor's chapter 11 case (the "**General Bar Date**").

9. Since the General Bar Date has passed, the Debtor is actively reviewing and reconciling the Proofs of Claim, which involves the collective effort of the Debtor's employees and the Debtor's advisors.

## RELIEF REQUESTED

10. By this Objection, the Debtor seeks entry of an order, substantially in the form attached to this Objection as **Exhibit A** (the "**Proposed Order**"), disallowing and expunging each Proof of Claim identified on **Schedule 1** to the Proposed Order (collectively, the "**Duplicate**

---

[2] A "Survivor Claim" has the same meaning as the term is defined in the Bar Date Order.

-2-

*Claims*"), because the Debtor determined that each such Proof of Claim is duplicative of another Proof of Claim as identified in the column titled "**Remaining Claims**" on **Schedule 1** (collectively, the "*Remaining Claims*").

11. **ALL CLAIMANTS RECEIVING A COPY OF THIS OMNIBUS CLAIM OBJECTION SHOULD IDENTIFY THEIR PSEUDONYM AND CLAIM NUMBER ON SCHEDULE 1.**

12. **IF YOU OPPOSE THE RELIEF SOUGHT BY THIS OMNIBUS CLAIM OBJECTION, WITHIN THIRTY (30) DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE TO THIS OMNIBUS CLAIM OBJECTION (THE "*RESPONSE DEADLINE*"), YOU MUST FILE AND SERVE A RESPONSE, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE YOU WISH TO ATTACH IN SUPPORT OF YOUR CLAIM, UNLESS YOU WISH TO RELY SOLELY ON THE ALREADY FILED PROOF OF CLAIM.**

13. **ANY PARTY IN INTEREST MAY REQUEST A HEARING REGARDING THIS OMNIBUS CLAIM OBJECTION, WHICH MAY BE HELD AT THE COURT'S DISCRETION.**

14. **THE COURT MAY OVERRULE THIS OMNIBUS CLAIM OBJECTION OR SET A HEARING WITH RESPECT TO THIS OMNIBUS CLAIM OBJECTION, IF THIS OMNIBUS CLAIM OBJECTION FAILS TO INCLUDE ADEQUATE SUPPORT FOR THE REQUESTED RELIEF, EVEN IF A RESPONSE IS NOT FILED.**

15. Any response to the Objection must be served by the Response Deadline upon counsel to the Debtor: (a) Holland & Knight LLP, Attn: Blake D. Roth, 511 Union Street, Suite 2700, Nashville, Tennessee 37219; and (b) YVS Law, LLC, Attn: Catherine K. Hopkin, 185 Admiral Cochrane Drive, Suite 130, Annapolis, Maryland 21401.

16. The Debtor reserves its right to contest any new assertions of liability against the Debtor made by claimants with respect to their claims.

17. If a claimant fails to timely file a Response by the Response Deadline, the Debtor may present to the Court an appropriate order disallowing and expunging or otherwise modifying the Duplicate Claims without further notice to the claimant or a hearing.

### BASIS FOR RELIEF REQUESTED

18. Section 101 of the Bankruptcy Code provides that a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10).

19. When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Reed*, 624 B.R. 155, 166-67 (Bankr. E.D. Va. 2020) (referencing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-174 (3d Cir. 1992)).

20. Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Id*.

21. A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity. *In re Gates*, 214 B.R. 467, 472 (Bankr. D. Md. 1997).

22. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *In re Herron*, 381 B.R. 184, 188 (Bankr. D. Md. 2008).

23. Ultimately, the burden of persuasion is on the claimant. *Id*.

24. Bankruptcy Rule 3007(d) provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection," which includes when "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because … they duplicate other claims ... [or] they have been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d).

25. The Debtor preserves its rights to later object on any basis to any claims if the Bankruptcy Court does not grant the relief requested herein.

### I. **Duplicate Claims.**

26. Based upon a review and analysis of the Duplicate Claims listed on **Schedule 1** to the Proposed Order, the Debtor has determined that each Duplicate Claim is duplicative of amounts and liabilities requested in subsequently filed proofs of claim identified in the "**Remaining Claims**" column on **Schedule 1** to the Proposed Order.

27. Although all of the Duplicate Claims are duplicative of another claim, certain of the Surviving Claims contain additional supporting information attached to the claim, which is how the Debtor selected such claims to be the Remaining Claims.

28. The Debtor is not required to pay twice on the same obligation.

29. Disallowance of the redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtor.

30. Any disallowance or expungement of the Duplicate Claims will not prejudice any claimants or their substantive rights against the Debtor, because each Remaining Claim will remain on the Claims Register.

31. The Debtor reserves the right to object to the Remaining Claims on any other applicable ground.

### **RESERVATION OF RIGHTS**

32. The rights of the Debtor to: (i) file subsequent objections to any claims subject hereto on any ground; (ii) amend, modify, or supplement this Objection including, without limitation, the filing of objections to further amended or newly filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; (iv) object on any basis to any claim, in whole or in part; and (v) settle for any claim for less than the asserted amount,

are fully reserved. Separate notice and a hearing will be provided in connection with any additional objections.

## NOTICE

33. Out of an abundance of caution, the Debtor will cause this Objection to be served upon (a) the Office of the United States Trustee for the District of Maryland; (b) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (c) all holders of the Amended Claims and Duplicate Claims to provide them with an opportunity to interpose a Response, if any, to the Debtor's determination that such Amended and Duplicate Claims should be disallowed. The Debtor submits that, in light of the nature of the relief requested herein, no other further notice need be given.

## NO PRIOR REQUEST

34. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, granting: (a) the relief requested herein; and (b) such other and further relief to the Debtor as the Court may deem proper.

Dated: November 7, 2025                              Respectfully submitted,

                                                                  */s/ Catherine K. Hopkin*
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS LAW, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:     443.569.0788
Facsimile:      410.571.2798
Email: chopkin@yvslaw.com

*-and-*

Blake D. Roth (admitted *pro hac vice*)
C. Scott Kunde (admitted *pro hac vice*)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:     615.244.6380
Facsimile:      615.244.6804
Email: blake.roth@hklaw.com
         scott.kunde@hklaw.com

*-and-*

Philip T. Evans (Fed. Bar No. 11796)
**HOLLAND & KNIGHT LLP**
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone:     202.457.7043
Email: philip.evans@hklaw.com

*Attorneys for the Debtor and Debtor In Possession*

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November 2025, notice of filing the Debtor's Fifth Omnibus Objection to Claims (Non-Substantive; Duplicate Claims) (the "Objection") was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list. In addition, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the Objection to be served on all parties required to be served, with a certificate or affidavit of service to be filed subsequently, all in accordance with Local Rule 9013-4.

        /s/ Catherine Keller Hopkin
Catherine Keller Hopkin

**The following parties received CM/ECF notice of the filing:**

Nathan D. Adler, Esquire
(nda@nqgrg.com)
Counsel for Luminace Solar MC, LLC
Neuberger Quinn Gielen Rubin & Gibber
1 South Street, 27th Floor
Baltimore, Maryland  21202

Sam Alberts, Esquire
(sam.alberts@dentons.com)
Counsel for Travelers Indemnity, et al.
Dentons US LLP
1301 K Street NW, Suite 600, East Tower
Washington, D.C.  20005

Monique D. Almy, Esquire
(malmy@crowell.com)
Counsel for American Casualty Company
Crowell & Moring, LLP
1001 Pennsylvania Ave. NW, 10th Floor
Washington, D.C.  20004

Philip D. Anker, Esquire
(philip.anker@wilmerhale.com)
Counsel for Hartford Accident&Indemnity
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York  10007

G. Calvin Awkward, III, Esquire
(cawkward@goldbergsegalla.com)
Counsel for Employers Ins. of Wausau
Goldberg Segalla LLP
111 South Calvert Street, Suite 2000
Baltimore, Maryland  21202

Gary Bahena, Esquire
(garybahena@bahenalaw.com)
Counsel for HBC LLC
Bahena & Associates LLC
428 North Street
Portsmouth, Virginia  23704

Hugh M. Bernstein, Esquire
(hugh.m.bernstein@usdoj.gov)
Office of the U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Diane C. Bristow, Esquire
(dcb@nqgrg.com)
Counsel for Luminace Solar MC, LLC
Neuberger Quinn Gielen Rubin & Gibber
1 South Street, 27th Floor
Baltimore, Maryland  21202

Edwin H. Caldie, Esquire
(ed.caldie@stinson.com)
Counsel for Committee
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota  55402

Richard L. Costella, Esquire
(rcostella@tydings.com)
Counsel for Committee
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202

Robert W. DiUbaldo, Esquire
(rdiubaldo@carltonfields.com)
Counsel for Lexington Ins. and NH Ins.
Carlton Fields, P.A.
405 Lexington Avenue, 36th Floor
New York, New York  10174-0002

Philip Tucker Evans, Esquire
(philip.evans@hklaw.com)
Counsel for Debtor
Holland and Knight
800 17th Street, Ste. 1100
Washington, D.C.  20006

Justin Philip Fasano, Esquire
(jfasano@mhlawyers.com)
Counsel for General Star Indemnity Co.
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  22070

Kevin Foreman, Esquire
(kforeman@carltonfields.com)
Counsel for Epiq Corporate Restructuring
Carlton Fields, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, D.C.  20007

Andrew Freeman, Esquire
(adf@browngold.com)
Counsel for Committee Chair
Brown Goldstein & Levy
120 East Baltimore Street, Suite 2500
Baltimore, Maryland  21202

Andrew Glasnovich, Esquire
(drew.glasnovich@stinson.com)
Counsel for Committee
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota  55402

Gary R. Greenblatt, Esquire
(grg@cooncolelaw.com)
Counsel for St. Mary's Seminary
Coon & Cole, LLC
305 West Chesapeake Avenue, Suite 510
Towson, Maryland  21204

Geoffrey Grivner, Esquire
(geoffrey.grivner@bipc.com)
Counsel for PNC Bank, N.A.
Buchanan Ingersoll & Rooney PC
500 Delaware Avenue, Suite 720
Wilmington, Delaware  19801

Alan M. Grochal, Esquire
(agrochal@tydings.com)
Counsel for Committee
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202

Samantha Hanson-Lenn, Esquire
(samantha.hansonlenn@stinson.com)
Counsel for Committee
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota  55402

Megan Harmon, Esquire
(megan.harmon@bge.com)
Baltimore Gas & Electric Company
110 West Fayette Street, 12th Floor
Baltimore, Maryland  21201

Catherine Keller Hopkin, Esquire
(chopkin@yvslaw.com)
Co-Counsel for Debtor
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401

Robert Keith Jenner
(rjenner@jennerlawfirm.com)
Jenner Law, P.C.
3600 Clipper Mill Road, Suite 240
Baltimore, Maryland  21211

Steven J. Kelly, Esquire
(skelly@gelaw.com)
Grant & Eisenhofer P.A.
3600 Clipper Mill Road, Suite 240
Baltimore, Maryland  21211

Nicole Khalouian, Esquire
(nicole.khalouian@stinson.com)
Counsel for Committee
Sinson LLP
100 Wall Street, Suite 201
New York, New York  10005

Robert H. Kline, Esquire
(kliner@whiteandwilliams.com)
Counsel for Fireman's Fund Insurance
White and Williams, LLP
600 Washington Avenue, Suite 303
Towson, Maryland  21204

Eric George Korphage, Esquire
(korphagee@whiteandwilliams.com)
Counsel for Fireman's Fund Insurance
White and Williams, LLP
600 Washington Avenue, Suite 303
Towson, Maryland  21204

Robert T. Kugler, Esquire
(robert.kugler@stinson.com)
Counsel for Committee
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota  55402

Anthony May, Esquire
(amay@browngold.com)
Counsel for Committee Chair
Brown Goldstein & Levy
120 East Baltimore Street, Suite 2500
Baltimore, Maryland  21202

Timothy P. Palmer, Esquire
(timothy.palmer@bipc.com)
Counsel for PNC Bank, N.A.
Buchanan Ingersoll & Rooney PC
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania  15219-4413

Mark D. Plevin, Esquire
(mplevin@plevinturner.com)
Plevin & Turner LLP
580 California Street, 12th Floor
San Francisco, California  94105
Counsel for American Casualty Company
of Reading, Pennsylvania

Annette Rolain, Esquire
(arolain@ruggerilaw.com)
Counsel for Hartford and Twin City
Ruggeri Parks Weinberg LLP
1875 K St NW, Suite 600
Washington, D.C.  20006

Jonathan Schapp, Esquire
(jschapp@goldbergsegalla.com)
Counsel for Employers Ins. of Wausau
Goldberg Segalla LLP
665 Main Street
Buffalo, New York  14203

U.S. Trustee – Baltimore
(ustpregion04.ba.ecf@usdoj.gov)
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Joshua D. Weinberg, Esquire
(jweinberg@ruggerilaw.com)
Counsel for Hartford and Twin City
Ruggeri Parks Weinberg LLP
1875 K Street NW, Suite 600
Washington, D.C.  20006

C. Scott Kunde, Jr., Esquire
(scott.kunde@hklaw.com)
Counsel for Debtor
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219

Siobhain P. Minarovich, Esquire
(minarovichs@whiteandwilliams.com)
Counsel for Fireman's Fund Insurance
White and Williams LLP
7 Times Square, Suite 2900
New York, New York  10036

Ryan S. Perlin, Esquire
(perlin@malperl.com)
Counsel for Joseph Martin
Malarkey Perlin, LLC
57 West Timonium Road, Suite 105A
Timonium, Maryland  21093

David Kendall Roberts, Esquire
(droberts2@omm.com)
Counsel for Federal Insurance Co.
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, D.C.  20006

Blake D. Roth, Esquire
(blake.roth@hklaw.com)
Counsel for Debtor
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219

Alex B. Silverman, Esquire
(asilverman@carltonfields.com)
Counsel for Lexington Ins. and NH Ins.
Carlton Fields, P.A.
405 Lexington Avenue, 36th Floor
New York, New York  10174-0002

Nora Anne Valenza-Frost, Esquire
(nvalenza-frost@carltonfields.com)
Counsel for Lexington Ins. and NH Ins.
Carlton Fields, P.A.
405 Lexington Avenue, 36th Floor
New York, New York  10174-0002

Matthew Michael Weiss, Esquire
(mweiss@phrd.com)
Counsel for Fireman's Fund Insurance
Parker Hudson Rainer & Dobbs LLP
303 Peachtree Street, NE, Suite 3600
Atlanta, Georgia  30308

Emily C. Malarkey, Esquire
(malarkey@malperl.com)
Counsel for Joseph Martin
Malarkey Perlin, LLC
57 West Timonium Road, Suite 105A
Timonium, Maryland  21093

Gordon Z. Novod, Esquire
(gnovod@gelaw.com)
Grant & Eisenhofer PA
485 Lexington Avenue, 29th Floor
New York, New York  10017

Matthew Roberts, Esquire
(mroberts@phrd.com)
Counsel for Fireman's Fund Insurance
Parker Hudson Rainer & Dobbs LLP
303 Peachtree Street, NE, Ste 3600
Atlanta, Georgia  30308

James P. Ruggeri, Esquire
(jruggeri@ruggerilaw.com)
Counsel for Hartford and Twin City
Ruggeri Parks Weinberg LLP
1875 K Street NW, Suite 600
Washington, D.C.  20006

Miranda H. Turner, Esquire
(mturner@plevinturner.com)
Plevin & Turner LLP
1701 Pennsylvania Ave NW, 2nd Floor
Washington, D.C.  20006
Counsel for American Casualty Company
of Reading, Pennsylvania

Irving Edward Walker, Esquire
(iwalker@coleschotz.com)
Counsel for Ad Hoc Committee
Cole Schotz P.C.
1201 Wills Street, Suite 320
Baltimore, Maryland  21231

Harris B. Winsberg, Esquire
(hwinsberg@phrd.com)
Counsel for Fireman's Fund Insurance
Parker Hudson Rainer & Dobbs LLP
303 Peachtree Street, NE, Suite 3600
Atlanta, Georgia  30308