# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

In re:

ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,

Debtor.[1]

Chapter 11

Case No. 23-16969-MMH

## ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE'S
## OBJECTION TO PROOF OF CLAIM 70073 (SETTLED CLAIM)

The Roman Catholic Archbishop of Baltimore (the "***Debtor***"), by and through its undersigned counsel, files this objection to Proof of Claim Number 70073 (the "***Settled Claim***") filed by Claimant 1018, pursuant to section 502(b) of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rules 3007-1 and 9014-1, and, in support of this claim objection, respectfully states as follows:

### RELEVANT BACKGROUND

1. On September 29, 2023 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

2. The Debtor continues to operate and pursue its religious, non-profit mission and ministry and manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in this case.

4. Additional information regarding the Debtor's history, business operations, operational structure, the reasons for commencing the Chapter 11 Case, the relief sought from the

---

[1] The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

Court, and the facts and circumstances supporting this Motion are set forth in the *Informational Brief of the Roman Catholic Archbishop of Baltimore* (Dkt. No. 5) and the *Declaration of John Matera in Support of First Day Motions* (Dkt. No. 6).

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## CLAIMS PROCESS

7. On October 31, 2023, the Debtor filed its schedules of assets and liabilities and statements of financial affairs. (Dkt. Nos. 145–46.)

8. On January 16, 2024, the Court entered the *Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Claim Supplement; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures* (Dkt. No. 316) (the "**Bar Date Order**").

9. Pursuant to the Bar Date Order, the Court set May 31, 2024 as the deadline for each person or entity (excluding governmental units) to file a proof of claim (including for a Survivor Claim[2]) (collectively, the "**Proofs of Claim**") in the Debtor's chapter 11 case (the "**General Bar Date**").

10. Since the General Bar Date has passed, the Debtor is actively reviewing and reconciling the Proofs of Claim, which involves the collective effort of the Debtor's employees and the Debtor's advisors.

---

[2] A "Survivor Claim" has the same meaning as the term is defined in the Bar Date Order.

**REQUESTED RELIEF**

11. By this Objection, the Debtor seeks entry of an order, substantially in the form attached to this Objection as **Exhibit A** (the "*Proposed Order*"), disallowing and expunging the Settled Claim, because the Debtor has determined that the Settled Claim asserts a claim that has been previously settled and released and, therefore, should be disallowed.

12. **IF YOU OPPOSE THE RELIEF SOUGHT BY THIS OBJECTION, WITHIN THIRTY (30) DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE TO THIS OBJECTION (THE "*RESPONSE DEADLINE*"), YOU MUST FILE AND SERVE A RESPONSE, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE YOU WISH TO ATTACH IN SUPPORT OF YOUR CLAIM, UNLESS YOU WISH TO RELY SOLELY ON THE ALREADY FILED PROOF OF CLAIM.**

13. **ANY PARTY IN INTEREST MAY REQUEST A HEARING REGARDING THIS OBJECTION, WHICH MAY BE HELD AT THE COURT'S DISCRETION.**

14. **THE COURT MAY OVERRULE THIS OBJECTION OR SET A HEARING WITH RESPECT TO THIS OBJECTION, IF THIS OBJECTION FAILS TO INCLUDE ADEQUATE SUPPORT FOR THE REQUESTED RELIEF, EVEN IF A RESPONSE IS NOT FILED.**

15. Any response to this objection must be served by the Response Deadline upon counsel to the Debtor: (a) Holland & Knight LLP, Attn: Blake D. Roth, 511 Union Street, Suite 2700, Nashville, Tennessee 37219; and (b) YVS Law, LLC, Attn: Catherine K. Hopkin, 185 Admiral Cochrane Drive, Suite 130, Annapolis, Maryland 21401.

16. The Debtor reserves its right to contest any new assertions of liability against the Debtor made with respect to the Settled Claim.

17. If you fail to timely file a Response, the Debtor may present to the Court an appropriate order disallowing and expunging or otherwise modifying the Settled Claim without further notice.

#529720947_v1

## BASIS FOR REQUESTED RELIEF

18. Section 101 of the Bankruptcy Code provides that a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10).

19. When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Reed*, 624 B.R. 155, 166-67 (Bankr. E.D. Va. 2020) (referencing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-174 (3d Cir. 1992)).

20. Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Id*.

21. A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity. *In re Gates*, 214 B.R. 467, 472 (Bankr. D. Md. 1997).

22. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *In re Herron*, 381 B.R. 184, 188 (Bankr. D. Md. 2008).

23. Ultimately, the burden of persuasion is on the claimant. *Id*.

24. The Debtor preserves its rights to later object on any basis to any claims if the Bankruptcy Court does not grant the relief requested in this Objection.

## THE SETTLED CLAIM

25. In 2007, the Debtor began offering mediated financial settlements to survivors regardless of how long ago the abuse had occurred through its Voluntary Mediation Program (the "***VMP***").

26. In the VMP, the Debtor worked with the respective survivors and a retired, non-Catholic judge, to see if an agreement could be reached on a cash payment and often continued counseling assistance.

27. The Debtor required survivors to be represented by an attorney of their choosing to protect their rights, given that releases were executed in exchange for the cash payments.

28. To date, the Debtor has entered into settlement agreements with one hundred thirty-two (132) survivors, with one hundred six (106) of those settlements resulting from the VMP.

29. The settlement agreements entered into by the Debtor with the one hundred thirty-two (132) survivors all contained standard settlement terms, including a release of all claims held by the survivor against the Debtor and affiliated parishes and schools.

30. The Settled Claim asserts a claim that is subject of a prior settlement and the standard settlement terms, including the release of all claims held against the Debtor and affiliated parishes and schools.

31. Section 101 of the Bankruptcy Code provides that a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10).

32. Maryland court have held that "[a]s long as the basic requirements to form a contract are present, there is no reason to treat such a settlement agreement differently than other contracts which are binding." *Clark v. Elza*, 286 Md. 208, 219 (Md. 1979); *see also Chertkof v. Harry C. Weiskittel Co.*, 251 Md. 544, 550 (1968).

33. The "basic requirements" to form a contract include (i) offer and acceptance, (ii) consideration, (iii) mutual assent, (iv) capacity, and (v) legality of the contract subject matter. *See generally Maryland Supreme Corp. v. Blake Co.*, 279 Md. 531 (Md. 1977).

34. The *Clark* court stated that upholding settlement agreements "is consistent with the public policy dictating that courts should 'look with favor upon the compromise or settlement of lawsuits in the interest of efficient and economical administration of justice and the lessening of friction and acrimony.'" *Clark*, 286 Md. at 219; *see also Smith v. Luber*, 165 Md. App. 458, 467-68 (2005).

35. Similarly, Maryland courts also have honored and upheld release language in contracts. *See generally Bernstein v. Kapneck*, 290 Md. 452 (Md. 1981).

36. Release language is subject to common rules of contract interpretation and must be "clear and unambiguous" on its face. *See Owens-Illinois v. Cook*, 386 Md. 468 (Md. 2005); *General Motors Acceptance Corp. v. Daniels*, 303 Md. 254, 261 (1985) ("when the language of the contract is plain and unambiguous there is no room for construction, and a court must presume that the parties meant what they expressed").

37. In *Bernstein*, the court recognized that courts occasionally may strike release language on equitable grounds based on "compassion" for releasors who had undiscovered injuries or mistaken facts. *Bernstein*, 290 Md. at 457-58.

38. The *Bernstein* court, citing the Supreme Court of Minnesota, further elaborated:

> There are at least two policy considerations that this court must balance in determining when voidance of personal injury releases should be permitted. One compelling argument in favor of a liberal policy is that the individual who lacks knowledge of his injuries because of fraud, concealment of facts, or mistake may sign a release and thereafter become a public charge. . . . However, it is also true that the law favors compromises, and there must be a zone of free action within which differences may be terminated by the parties with the complete assurance that the matter is final. ***To permit [release settlements] to be vacated except for the most compelling reason creates 'uncertainty, chaos, and confusion' with respect to future dispositions, and is a disservice to other litigants*** whose matters are thereby delayed. *Schmidt v. Smith*, 299 Minn. 103, 216 N.W.2d 669, 671-72 (1974) (emphasis added).

39. Here, no settlement agreements were reached on speculative future harms but were entered into based on the alleged sexual abuse that had previously occurred, removing as a concern consideration of future speculative injuries and leaving only concern for favoring compromises.

40. Accordingly, the settlement agreement and corresponding release language are valid, and the Settled Claim should be disallowed in its entirety.

### RESERVATION OF RIGHTS

41. The rights of the Debtor to (a) file subsequent objections to the Settled Claim on any ground, (b) amend, modify, or supplement this Objection including, without limitation, the filing of objections to further amended or newly filed claims, (c) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid, (d) object on any basis to any claim, in whole or in part, or (e) settle for any claim for less than the asserted amount, are fully reserved. Separate notice and a hearing will be provided in connection with any additional objections.

### NOTICE

42. Out of an abundance of caution, the Debtor will cause this objection to be served upon (a) the Office of the United States Trustee for the District of Maryland, (b) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (c) the holder of the Settled Claim, to provide them with an opportunity to interpose a Response, if any, to the Debtor's determination that the Settled Claim should be disallowed. The Debtor submits that, in light of the nature of the relief requested, no other further notice need be given.

### NO PRIOR REQUEST

43. No prior request for the relief sought herein has been made to this Court or any other court.

#529720947_v1

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, disallowing the Settled Claim and granting such other and further relief as the Court may deem just and proper.

Dated: November 10, 2025                                         Respectfully submitted,

                                                                                    */s/ Blake D. Roth*
Catherine K. Hopkin (Fed. Bar No. 28257)
**YVS Law, LLC**
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:      443.569.0788
Facsimile:      410.571.2798
Email: chopkin@yvslaw.com

-*and*-

Blake D. Roth (admitted *pro hac vice*)
C. Scott Kunde (admitted *pro hac vice*)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:      615.244.6380
Facsimile:      615.244.6804
Email: blake.roth@hklaw.com
        scott.kunde@hklaw.com

-*and*-

Philip T. Evans (Fed. Bar No. 11796)
**HOLLAND & KNIGHT LLP**
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone:      202.457.7043
Email: philip.evans@hklaw.com

*Attorneys for the Debtor and Debtor in Possession*

8

#529720947_v1

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, notice of the foregoing filing was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notice, and a copy of the objection was mailed first class, postage prepaid to the holder of the claim subject to the objection.

                                                */s/ Blake D. Roth*
                                                Blake D. Roth

**EXHIBIT A**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: <br><br> ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, <br><br> Debtor.[1] | Chapter 11 <br><br> Case No. 23-16969-MMH |

### ORDER GRANTING ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE'S OBJECTION TO PROOF OF CLAIM 70073 (SETTLED CLAIM)

Upon consideration of the *Roman Catholic Archbishop of Baltimore's Objection to Proof of Claim 70073 (Settled Claim)* (Dkt. No. [\_]) (the "**Objection**"),[2] pursuant to Bankruptcy Rule 3007; the Court having reviewed the Objection and the basis for the Objection; the Court finding that (a) the Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Objection was sufficient under

---

[1] The Debtor in this Chapter 11 case is The Roman Catholic Archbishop of Baltimore. The last four digits of the Debtor's federal tax identification number are 1535, and its mailing address is 320 Cathedral Street, Baltimore, Maryland 21201.

[2] Capitalized terms used in this order and not otherwise defined shall have the meanings ascribed to them in the Objection.

the circumstances; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted in this order; and after due deliberation and sufficient cause appearing for the relief sought in the Objection,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is granted to the extent set forth in this order.

2. The Settled Claim is disallowed and expunged in its entirety.

3. The Debtor, Epiq Corporate Restructuring, LLC, and the Clerk of this Bankruptcy Court are authorized to take all reasonable actions necessary or appropriate to give effect to this order.

4. This order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**End of Order**