IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE**<br><br>Debtor. | Case No.: 23-16969-MMH<br><br>Chapter 11 |

**OPPOSITION TO CREDITOR JOHN F. CURRAN'S
MOTION TO BE ADDED TO COMMITTEE OF UNSECURED CREDITORS**

David W. Asbach, Acting United States Trustee for Region 5, pursuant to 11 U.S.C. § 1102, and Rule 9014 of the Federal Rules of Bankruptcy Procedure, files this Opposition to the Motion of Creditor, John F. Curran, to be added to the Committee of Unsecured Creditors (the "Motion").

**INTRODUCTION**

Mr. Curran requests that he be added to the Creditors' Committee because he claims the current makeup of the committee does not adequately represent his interests. Mr. Curran is incorrect. Mr. Curran's interests are represented by the committee. Indeed, Mr. Curran's interests are identical to those of all the current committee members.

The committee consists of seven claimants whose claims arose, just as Mr. Curran's, from sexual abuse by agents or representatives of the debtor. Mr. Curran contends his claim is different because the abuser in his case admitted to wrongdoing and was convicted in

state court. That, however, does not change the nature of Mr. Curran's claim. His claim is still one for injuries resulting from sexual abuse. The fact that his abuser has admitted wrongdoing and was punished does not change the nature of the claim. At most, it is an evidentiary issue should there be an objection to his particular claim.

Because the nature of Mr. Curran's claim and the nature of his interests in the case are the same as those of the current committee members, his interests are adequately represented and there is no basis to order a change in the committee's membership.

For the reasons stated above and discussed more fully below, the Court should deny the Motion.

## **STATUTORY FRAMEWORK**

Section 1102(a)(1) of the Bankruptcy Code provides that "as soon as practicable after the order for relief … the United States trustee shall appoint a committee of creditors holding unsecured claims …." 11 U.S.C. § 1102(a)(1). That committee "shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee." 11 U.S.C. § 1102(b)(1). Although the United States Trustee has the sole authority to determine the membership of a committee in the first instance, in 2005, as part of the Bankruptcy Abuse Prevent and Consumer Protection Act, Congress added Section 1104(a)(4), which provides that "[o]n request of a party in interest, and after notice and a hearing, the court may order the United States trustee to change the membership of a committee … if the court determines that a change is necessary to ensure adequate representation of creditors …." 11 U.S.C. § 1102(a)(4).

"There is no framework provided in the Bankruptcy Code … to determine adequate representation." *In re Catholic Church of Archdiocese of New Orleans*, No. 20-10846, 2021 WL 454220 at * 9 (Bankr. E.D. La. Feb. 8, 2021) (quoting *In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y 2002); *see also In re McLean Indus., Inc.*, 70 B.R. 852, 861 (Bankr. S.D.N.Y. 1987) ("Because each case is distinct, there is no hard and fast rule."). "For a particular group of creditors to be adequately represented by an existing committee, it is not necessary for the committee to be an exact reflection of that committee's designated constituents." *In re Dow Corning Corp.*, 194 B.R. 121, 141 (Bankr. E.D. Mich 1996), *rev'd on other grounds* 212 B.R. 258 (E.D. Mich 1997). What is critical is that the interests of the various types of claims "have a meaningful voice on the committee in relation to their posture in the case." *Id.*

Whether a committee adequately represents its constituents is determined on a case-by-case basis. *Archdiocese of New Orleans*, 2021 WL 454220 at *9, *10. Nevertheless, in determining whether a creditors' committee adequately represents the interests of the creditors, courts have considered the following factors:

1. The ability of the committee to function;
2. The nature of the case;
3. The standing and desires of the various constituencies;
4. The ability for creditors to participate in the case even without an official committee and the potential to recover expenses pursuant to section 503(b)
5. The delay and additional cost that would result if the court grants the motion;
6. The tasks that a committee or separate committee is to perform; and
7. Other factors relevant to the adequate representation issue.

*Id.; In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006).

Finally, while the Code does give the Court the authority to order a change in the committee's membership if it determines such change is necessary to ensure adequate representation of creditors, the Court is not itself empowered to "appoint any replacement committee members." 7 Collier on Bankruptcy, ¶ 1102.07[2] (2025). Rather, selection of any particular replacement member "is still a decision that will be made by the United States trustee." *Id.*

## FACTUAL BACKROUND

On September 29, 2023, the Roman Catholic Archbishop of Baltimore (the "Archbishop") commenced this Chapter 11 case. (*See* Doc. 1.) In connection with his duties under the Bankruptcy Code, the United States Trustee began soliciting membership of an unsecured creditors' committee by sending solicitations to every creditor on the Archbishop's 20 largest unsecured creditors list as well as to every person that reached out the United States Trustee expressing interest in consideration for the committee. The responses were robust and numerous.

Although the Archbishop did identify some "commercial" style creditors, all of the creditors who expressed interest in serving on a committee were claimants whose injuries resulted from sexual abuse by agents, representatives or employees of the Archbishop (the "Survivors").[1] After two days of extensive and exhaustive interviews with potential committee members, on October 11, 2023, the United States Trustee appointed a committee consisting of seven Survivors (the "Committee"). (*See* Doc. 81.) The Committee has been active in the case since its formation.

On September 15, 2025 (approximately 2 years after the Committee's formation), Mr. Curran contacted counsel for the United States Trustee and requested he be added to the

---

[1] The term "employee" or "employed" as used in memorandum refers the colloquial definition of the term and is not restricted to any legal definition of the term or any tax related definition of the term.

- 4 -

Committee. In his initial communication Mr. Curran argued, as he does in the Motion, that his interests were not adequately represented by the Committee because, "[i]t appears my claims are the only claims that are verified and verified through, recorded admission of a priest/criminal defendant, a criminal complaint brought by the state, conviction and subsequent period of incarceration for a priest of the archdiocese."

The United States Trustee considered the request but determined that Mr. Curran's interests were adequately represented by the Committee. The United States Trustee determined that, even if what Mr. Curran argued was factually accurate (*i.e.* that none of the Committee member's claims were verified through recorded admission or resulted in a criminal prosecution[2]), the claims of the current members were still of the same type (*i.e.* sexual abuse by an agent, representative or employee of the Archbishop) and, thus, Mr. Curran's interests were, in fact, adequately represented by the Committee. The United States Trustee posited that the level of proof of the injury, or the fact that the perpetrator of the injury was punished in some fashion, did not alter the nature of the claim or the interests of the claimant. Thus, the United States Trustee denied Mr. Curran's request.

On October 2, 2025, Mr. Curran filed the Motion.

## ARGUMENT

As discussed above, although the Court is empowered to order the United States Trustee to change the membership of the Committee, it is only empowered to do so if the Committee does not adequately represent the creditors. Here, the Committee does adequately represent the interests of the Survivors, including Mr. Curran. Mr. Curran, like all the members of the Committee, has a

---

[2] The United States Trustee believes that Mr. Curran is not factually correct regarding the cases of the Committee Members and questions where he obtained his information. In fact, on good faith information and belief, and subject to further discovery, the United States Trustee believes there are three Committee Members whose abusers have admitted to perpetrating the abuse and that at least one of those abusers was in fact convicted based on that confession.

claim that arose from a horrendous event – sexual abuse committed by an agent, representative or employee of the Archbishop.  Although the horrible details of each claim are different, the nature of the claims is the same as are the interests of the claimants (*i.e.* the Survivors).

Mr. Curran does not contend that he suffered a different type of injury than the other Survivors or that the nature of his claims or interests is different than the other Survivors.  Mr. Curran contends that the perpetrator of the abuse in his case has admitted to the abuse and suffered at least some consequences or punishment.  That, however, does not alter the nature of Mr. Curran's claim or his interests in the case.  These could be evidentiary issues should Mr. Curran face an object to his claim, but they do not alter the nature of his claim or his interests in the case.  Those are identical to the other Survivors which the Committee adequately represents.

As noted, the Committee has been actively involved in the case for more than two years.  It has functioned exceptionally well.  It is not just adequately representing the interests of the Survivors, it is exceptionally representing the interests of the Survivors.

By their nature, Committees are representative with limited membership.  Not every member of a class of claims can be a member of the Committee.  In this case, there were numerous Survivors who wanted to serve on the Committee.  Of course, not every qualified person can serve on the Committee.

Moreover, Mr. Curran is not prejudiced by his omission from the Committee. In addition to the fact that the Committee does adequately represent Mr. Curran's interests, Mr. Curran still has all the rights of a claimant.  He still has the right to appear and be heard in the case and to assert any legal rights he has.  Committees offer claimants additional representation; they do not supersede a claimant's individual rights.  Thus, there is no basis for the Court to order a change in the Committee's membership.

**CONCLUSION**

For the reasons stated above, the Court should deny the Motion and leave the membership of the Committee unaltered.

                                                David W. Asbach
                                                Acting United States Trustee for Region 5

Date: November 25, 2025             By: /s/ *Hugh M. Bernstein*
                                                Hugh M. Bernstein
                                                (Fed. Bar No.: 23489)
                                                United States Department of Justice
                                                101 West Lombard Street, Suite 2625
                                                Baltimore, Maryland 21201
                                                (410) 962-4300
                                                hugh.m.bernstein@usdoj.gov

                                                Attorney for the United States Trustee

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this 25th day of November, 2025, a copy of the foregoing document was mailed, first class, postage prepaid, to:

> John F. Curran
> 2096 Brookstone Drive
> Mt. Juliet, Tennessee 37122,

and e-mailed to John F. Curran at jefcurran@hotmail.com.

**I HEREBY FURTHER CERTIFY** that according to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

**Nathan D. Adler**     nda@nqgrg.com, terry@nqgrg.com
**Sam Alberts**     sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com
**Monique D. Almy**     malmy@crowell.com, cbest@crowell.com
**Monique Desiree Almy**     malmy@crowell.com, cbest@crowell.com;malmy@ecf.axosfs.com;monique-almy-7127@ecf.pacerpro.com
**Philip D. Anker**     philip.anker@wilmerhale.com, Yolande.Thompson@wilmerhale.com
**Ryan S. Appleby**     rappleby@gibsondunn.com
**G. Calvin Awkward**     cawkward@goldbergsegalla.com, wbartholomew@goldbergsegalla.com
**Jesse Bair**     jbair@burnsbair.com, kdempski@burnsbair.com
**Jodie E. Bekman**     jbekman@gfrlaw.com, dferguson@gfrlaw.com
**Michael J. Belsky**     mbelsky@sbwdlaw.com
**Hugh M. (UST) Bernstein**     hugh.m.bernstein@usdoj.gov
**Eileen King Bower**     eileen.kingbower@clydeco.us, christopher.white@clydeco.us
**Diane C. Bristow**     dcb@nqgrg.com, taylor@nqgrg.com
**Timothy W. Burns**     tburns@burnsbair.com, kdempski@burnsbair.com
**Edwin H Caldie**     ed.caldie@stinson.com, jess.rehbein@stinson.com
**Richard L. Costella**     rcostella@tydings.com, scalloway@tydings.com;MYoung@tydings.com;zjones@tydings.com;swilliams@tydings.com
**Jillian Dennehy**     jillian.dennehy@kennedyslaw.com
**Robert Wagner DiUbaldo**     rdiubaldo@carltonfields.com
**Adam Ross Durst**     adurst@goldbergsegalla.com
**Philip Tucker Evans**     philip.evans@hklaw.com, kimi.odonnell@hklaw.com;hapi@hklaw.com

Justin Philip Fasano	jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;mevans@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com

Kevin Foreman	kforeman@carltonfields.com

Andrew Freeman	adf@browngold.com, khill@browngold.com;ldyson@browngold.com

Andrew Glasnovich	drew.glasnovich@stinson.com

Gary R. Greenblatt	grg@cooncolelaw.com, cmh@cooncolelaw.com;mes@cooncolelaw.com

Geoffrey Grivner	geoffrey.grivner@bipc.com, donna.curcio@bipc.com

Alan M. Grochal	agrochal@tydingslaw.com, scalloway@tydings.com

Adam P. Haberkorn	ahaberkorn@omm.com, adam-haberkorn-2269@ecf.pacerpro.com

Samantha Hanson-Lenn	samantha.hansonlenn@stinson.com, mpl.lssteam5@stinson.com

Megan Harmon	megan.harmon@bge.com

Ezhan Syed Hasan	ahasan@wiley.law

Matthew Allan Hoffman	mhoffman@gibsondunn.com

Catherine Keller Hopkin	chopkin@yvslaw.com, pgomez@yvslaw.com;kreese@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@gmail.com;hopkincr39990@notify.bestcase.com

Todd C. Jacobs	tjacobs@phrd.com

Robert Keith Jenner	rjenner@jennerlawfirm.com

Joshua Kahn	jkahn@sfspa.com

Steven J Kelly	skelly@gelaw.com, vbeal@gelaw.com,gnovod@gelaw.com,4523903420@filings.docketbird.com

Nicole Khalouian	nicole.khalouian@stinson.com

Anthony Kikendall	kikendalla@whiteandwilliams.com

Robert H. Kline	kliner@whiteandwilliams.com

Eric George Korphage	korphagee@whiteandwilliams.com

Robert T Kugler	robert.kugler@stinson.com

Christopher Scott Kunde	scott.kunde@hklaw.com

Emily C Malarkey	malarkey@mdtrialfirm.com

Stephen A. Markey	steve@markeylawfirm.com, amy@markeylawfirm.com

Anthony May	amay@browngold.com

Siobhain Patricia Minarovich	minarovichs@whiteandwilliams.com

James R Murray	Jim.Murray@blankrome.com

Michael Raymond Naccarato	mrnaccarato@gw-law.com

Matthew Nelson	matthew.nelson@kennedyslaw.com, linda.conigliero@kennedyslaw.com

Janet M. Nesse	jnesse@mhlawyers.com, jfasano@mhlawyers.com;cpalik@mhlawyers.com;jnesse@ecf.inforuptcy.com;tmackey@mhlawyers.com;cmartin@mhlawyers.com;kfeig@mhlawyers.com

Gordon Z. Novod     gnovod@gelaw.com
Timothy P. Palmer     timothy.palmer@bipc.com
Ryan S. Perlin     perlin@mdtrialfirm.com
Mark D. Plevin     mplevin@plevinturner.com
Mark David Plevin     mplevin@crowell.com
Marie Ysabelle Hope Gatmaitan Reyes     yreyes@wiley.law
David Kendall Roberts     droberts2@omm.com, dave-roberts-9007@ecf.pacerpro.com
Matthew Roberts     mroberts@phrd.com
Annette Rolain     arolain@ruggerilaw.com, bkfilings@ruggerilaw.com
Michael Rosenthal     mrosenthal@gibsondunn.com
Blake Daniel Roth     blake.roth@hklaw.com, brooke.freeman@hklaw.com;cathy.young@hklaw.com
James Pio Ruggeri     jruggeri@ruggerilaw.com
Isabella Sayyah     isayyah@gibsondunn.com
Jonathan Schapp     jschapp@goldbergsegalla.com, bfaulkner@goldbergsegalla.com;kallen@goldbergsegalla.com
Tancred Schiavoni     tschiavoni@omm.com, tancred-schiavoni-9326@ecf.pacerpro.com
Jeffrey R. Scholnick     jscholnick@scholnicklaw.com, ccasado@scholnicklaw.com;scholnick.jeffreyb107952@notify.bestcase.com
Gary Paul Seligman     gseligman@wiley.law
David J. Shuster     dshuster@kg-law.com, ssohn@kg-law.com
Alex B Silverman     asilverman@carltonfields.com
Natalie L. Soloperto     NSoloperto@gibsondunn.com
Morgan Kathleen Stippel     mstippel@burnsbair.com, kdempski@burnsbair.com
Miranda Turner     mturner@plevinturner.com, miranda-turner-7827@ecf.pacerpro.com
US Trustee - Baltimore     USTPRegion04.BA.ECF@USDOJ.GOV
Nora Anne Valenza-Frost     nvalenza-frost@carltonfields.com
John P Van Beek     jvanbeek@goldmanvanbeek.com, gvbparalegal@goldmanvanbeek.com;hcurrier@goldmanvanbeek.com
Irving Edward Walker     iwalker@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com
Joshua D Weinberg     jweinberg@ruggerilaw.com
Matthew Michael Weiss     mweiss@phrd.com
Robert Matthew Westra     rwestra@ppsrlaw.com, westrarr66199@notify.bestcase.com
Harris B. Winsberg     hwinsberg@phrd.com
Thomas Yost     staceyhare@yostlaw.com

And that further notice is being provided to all required parties by Epiq Corporate Restructuring, LLC.

/s/ *Hugh M. Bernstein*
Hugh M. Bernstein