**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

---

In re:

Roman Catholic Archbishop of Baltimore,

Debtor.

Case No. 23-16969-MMH
(Chapter 11)

---

# MOTION BY SURVIVOR CLAIMANT 636 TO MODIFY THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

---

Survivor Claimant 636 (the "Movant"), through undersigned counsel, respectfully moves (the "Motion") for entry of an order modifying the stay pursuant to 11 U.S.C. § 362(d)(1) to allow the Movant to proceed to judgment against the Roman Catholic Archbishop of Baltimore (the "Debtor") in the Maryland Circuit Court. The Movant hereby incorporates by reference for all purposes all submissions filed by the Official Committee of Unsecured Creditors (the "Committee") in support of the Motion, including the Committee's Memorandum (defined herein). In support of the Motion, the Movant respectfully states as follows:

## BACKGROUND

1. On April 11, 2023, the Maryland Child Victims Act (the "CVA") was signed into law. The CVA allowed survivors of sexual abuse to bring lawsuits that had previously been barred by Maryland statutes of limitations.

2. On September 29, 2023, the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code (the "Petition Date"). Because the Debtor filed for bankruptcy before the CVA went into effect, the Debtor's bankruptcy filing operated to prevent survivors from filing lawsuits against the Debtor under the CVA.

3. On September 29, 2023, the Debtor also filed a motion for entry of an order extending the automatic stay to all affiliated entities included as additional insureds under the Debtor's current and legacy insurance programs, (*see* Dkt. No. 12), which the Court granted on an interim basis on October 4, 2023, (*see* Dkt. No. 52).

4. In early 2025, the legislature voted to amend the CVA to lower the noneconomic damages cap for private defendants from $1.5 million to $700,000. This amendment was signed into law and took effect on June 1, 2025.

5. In anticipation of the amendment to the CVA's noneconomic damages cap for private defendants, on May 2, 2025, the Court modified the automatic stay for the limited purpose of allowing survivors to file and serve lawsuits against the Debtor and its affiliated entities to preserve the higher noneconomic damages cap. (*See* Dk. No. 1127).

6. On May 31, 2025, the Movant commenced a case against The catholic religious order Province of St. Augustine of the Capuchin Order t/a Capuchin Franciscan Friars, Province of St. Augustine in the Circuit Court for Baltimore City, captioned J. Doe YLG0174 etal v. Province of St. Augustine of the Capuchin Order t/a Capuchin Franciscan Friars, Province of St. Augustine in the Circuit Court for Baltimore City Case No. C-24-CV-25-005374 (the "State Court Action"). Additionally, the Movant filed a case in the Circuit Court for Baltimore City against the Roman Catholic Archbishop of Baltimore under Case No. C-24-CV-25_00472 on May 27, 2025. This State Court Action is currently stayed as against the Debtor pursuant to § 362 of the Bankruptcy Code and stayed as against the Debtor's affiliated entities pursuant to the Court's October 4, 2023, order.

7. Movant timely filed their Proof of Claim No. 70441 in the Debtor's bankruptcy case.

8. Movant's claim against the Debtor is unliquidated. Movant thus seeks relief from the automatic stay to proceed to judgment against the Debtor and its co-defendant affiliated entities for damages on account of sexual abuse perpetrated by individuals for whom the Debtor was responsible.

## JURISDICTION AND VENUE

9. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The statutory predicate for the relief sought herein is 11 U.S.C. § 362(d).

11. No prior request for the relief sought in this Motion has been made to this or any other court.

## RELIEF REQUESTED

12. Movant respectfully requests entry of an order pursuant to 11 U.S.C. § 362(d)(1) modifying the automatic stay to permit the Movant to prosecute the State Court Action against the Debtor and its co-defendant affiliated entities. If stay relief is granted, the Movant will pursue its State Court Action to judgment but will not enforce the judgment against the Debtor or its co-defendant affiliated entities without further order of the Court.

## BASIS FOR RELIEF

13. 11 U.S.C. § 362(a) provides for a stay of, among other things:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceedings against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . .

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . .
>
> ….

11 U.S.C. § 362(a).

14. 11 U.S.C. § 362(d)(1) directs the Court to grant relief from the stay provided for by 11 U.S.C. § 362(a) for cause after notice and a hearing. 11 U.S.C. § 362(d)(1). If the moving party establishes cause, the burden shifts to the party opposing relief on all issues, except the existence of equity. *In re Adbul Muhaimin*, 343 B.R. 159, 169-70 (Bankr. D. Md. 2006).

15. The Fourth Circuit has set forth the following list of factors relevant to the determination of whether cause exists under 11 U.S.C. § 362(d)(1):

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;
>
> (2) whether modifying the automatic state will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and
>
> (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

16. "No one factor is determinative, but a court should consider the totality of the circumstances." *In re McPherson*, 630 B.R. 160, 177 (Bankr. D. Md. 2021). The Court "must balance to the best of its ability the interests of the Debtor's estate, the interests of all creditors asserting claims against the estate, and the potential hardship to the litigants if the requested relief is denied." *Id.*

17. As set forth in *The Official Committee of Unsecured Creditors' Memorandum in Support of Stay Relief Motions* (the "Committee's Memorandum"), filed concurrently with this Motion, cause exists under the *Robbins* factors.

18. Movant submits that approval of the Motion is warranted under *Robbins* for the reasons set forth in the Committee's Memorandum. Most importantly, stay relief would enhance the probability of a successful, global resolution of this case.

## CONCLUSION

WHEREFORE, the Movant respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the motion and entering such other and further relief as the Court deems appropriate.

Dated: March 18, 2026

/s/ Thomas F. Yost, Jr.

Thomas F. Yost, Jr.
Federal Bar No.: 05487
The Yost Legal Group
341 N. Calvert Street,
Suite 100
Baltimore, Maryland 21202
tyost@yostlaw.com
410-659-6800

**CERTIFICATE OF SERVICE**

I, Thomas Yost, hereby certify that on March 18, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF filing system, which sent notice of such filing to all users registered to receive notifications in this case, including the Debtor and American Casualty Company of Reading, Pennsylvania (CNA).

Date: March 18, 2026

*/s/ Thomas F. Yost Jr.*
Thomas F. Yost Jr.