Entered: April 6th, 2026
Signed: April 6th, 2026

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Baltimore

In re:                                          *
                                                *
Roman Catholic Archbishop of Baltimore,   *       Case No. 23-16969-MMH
                                                *       Chapter 11
                    Debtor.                 *

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

### ORDER ADDRESSING MOTION TO ESTABLISH PROCEDURES FOR
### OBJECTIONS TO PROOFS OF CLAIM AND RESPONSES THERETO

The matter before the Court is the Motion to Establish Procedures for Objections to Proofs of Claim and Responses Thereto (the "Motion"), filed by the Roman Catholic Archbishop of Baltimore, the above-captioned debtor and debtor in possession (the "Debtor"). ECF 2021. The Official Committee of Unsecured Creditors (the "Committee") in this case filed an Opposition to the Motion. ECF 2078. The Court held a hearing on the Motion, the Opposition, and all related papers on March 23, 2026 (the "Hearing").[1] The Court thereafter entered an Order (the "March Order"): (i) directing the parties to discuss consensual procedures governing the Debtor's objections to proofs of claim based on the Non-Substantive Grounds of Amended and Superseded and Duplicative[2] and any responses to such objections, and (ii) taking the remaining aspects of the Motion under advisement. ECF 2150. The March Order set April 3, 2026, as the deadline for the parties to submit a proposed consent order on the resolution of claim objections concerning Non-

---

[1] ECF 2021, 2078, 2079, 2081, 2083, 2096, 2101, 2104, 2105, 2107, 2109, 2112, 2122, 2127, 2130, 2143, 2150.
[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Substantive Grounds of Amended and Superseded and Duplicative. That deadline has passed, no proposed consent order has been filed, and the Debtor and the Committee each filed a Notice of Impasse stating that the Debtor and Committee have been unable to reach an agreement. ECF 2184, 2185.

The Court has again reviewed the relevant papers and the record of the March Hearing. The Court finds good cause and ample support for implementing clear and efficient procedures to resolve claim objections concerning Non-Substantive Grounds of Amended and Superseded and Duplicative. The inclusion of duplicative, amended, and/or superseded proofs of claim in the Claims Register in this case artificially enlarges the claims pool and makes it more difficult for the parties to set claim classes and distributions under any proposed plan of reorganization. Moreover, these kinds of non-substantive objections can, for the most part, be easily resolved through an exchange of information and expedited proceedings before the Court.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion is granted, in part, as set forth herein; and it is further

**ORDERED**, that solely with respect to claim objections filed by the Debtor on Non-Substantive Grounds of Amended and Superseded and Duplicative, the following procedures shall apply:

1.     Upon filing a claim objection, whether a standalone claim objection or omnibus claim objection, the Debtor will cause to be served upon each claimant subject to the claim objection a personalized notice of the claim objection, and such service of claim objections will be undertaken in accordance with the Bankruptcy Rules (i.e., service as directed in the proof of claim form).

2.      For all claim objections relating to Survivor Claims filed by *pro se* claimants, the individualized notice will provide that the claimant may ask questions regarding, or request information concerning, the applicable claim objection by contacting counsel to the Debtor, Blake D. Roth, Holland & Knight LLP, by e-mail at blake.roth@hklaw.com or by phone at 615.850.8749.

3.      In each notice of a claim objection, the Debtor shall provide the factual and legal grounds supporting the assertion that the subject proof of claim is either (a) duplicative of another filed proof of claim or (b) superseded or supplemented by an amended or later-filed proof of claim or claim supplement.

4.      The notices of claim objections described herein shall apply only to notices of claim objections filed after entry of this Order.  All notices that the Debtor has already served on claim objections on Non-Substantive Grounds of Amended and Superseded and Duplicative filed prior to entry of this Order (referred to as "Pending Claim Objections on Non-Substantive Grounds of Amended and Superseded and Duplicative") shall be deemed sufficient other than regarding any challenge under otherwise applicable law.

5.      For all Pending Claim Objections on Non-Substantive Grounds of Amended and Superseded and Duplicative, the Debtor shall file and serve on all potentially affected parties an updated Status Report concerning such claims **on or before April 17, 2026**. That Status Report shall identify the Debtor's proposed treatment of the claim and whether the parties have resolved the claim objection or require a hearing before the Court.

6.      For all Pending Claim Objections on Non-Substantive Grounds of Amended and Superseded and Duplicative that are resolved by the parties, the Debtor shall upload a proposed order or orders for the Court's review and consideration. ***For all***

***Pending Claim Objections on Non-Substantive Grounds of Amended and Superseded and Duplicative that require a hearing before the Court, the Court will hold that hearing in a hybrid format on <u>May 4, 2026, at 2:00 p.m., ET</u>***. The Court will issue a separate hearing notice.

7. For any notices of claim objections filed after entry of this Order (referred to as "Future Claim Objections on Non-Substantive Grounds of Amended and Superseded and Duplicative"), the Debtor shall provide the notice described herein and provide claimants with the response time set forth in the Federal Rules of Bankruptcy Procedure. Within 21 days of the expiration of the claimants' response deadline, the Debtor shall file a Status Report and request a hearing date for any unresolved claim objections.

8. To the extent the Debtor or any claimant requires additional information to evaluate a claim objection and/or proof of claim,[3] the parties shall meet and confer to exchange any necessary and relevant information. To the extent the parties cannot resolve informational requests consensually, the Court will address any outstanding informational requests at the hearing on the disputed claim objection and then determine whether in fact such information is necessary and relevant.

9. If no response is filed to a claim objection,[4] the Debtor may submit a form of order sustaining the claim objection with respect to such claim(s) without any further notice or hearing. The Debtor's proposed order shall provide that such amendment and/or supplement claim shall be deemed consolidated into the original claim, no additional claim

---

[3] These procedures for information requests pertain to both Pending Claim Objections on Non-Substantive Grounds of Amended and Superseded and Duplicative and Future Claim Objections on Non-Substantive Grounds of Amended and Superseded and Duplicative.

[4] These procedures for no responses pertain to both Pending Claim Objections on Non-Substantive Grounds of Amended and Superseded and Duplicative and Future Claim Objections on Non-Substantive Grounds of Amended and Superseded and Duplicative.

number shall be assigned to the amendment and/or supplement, and the claim shall be one claim for all purposes in this bankruptcy proceeding, including without limitation, voting on any plan and distributions made pursuant to any plan. The consolidation of the claim means that for all timely filed proofs of claim that are, were, or will be amended or superseded by the filing of a claim amendment and/or claim supplement, the subsequent filing does not create an additional claim or right to payment for such claimant. For the avoidance of doubt, all amendments to, stand-alone claim supplements for, or other such submissions made in support of, any proof of claim relate back to the filing date of the original proof of claim.

10.     Each response to a claim objection shall constitute a separate contested matter, no response to a claim objection shall affect the claim objection proceedings with respect to any other claims, no objection shall prejudice any party's ability to raise additional objections to the same claim on other grounds (whether factual or legal), and, in accordance with Bankruptcy Rule 3007(f), the finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection.

11.     The Debtor, Epiq Corporate Restructuring, LLC, and the Clerk of this Bankruptcy Court are authorized to take all reasonable actions necessary or appropriate to give effect to this Order.

and it is further

**ORDERED**, that this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Court shall retain exclusive jurisdiction over any and all matters arising from this Order; and it is further

**ORDERED**, that the Court will take the remaining matters addressed by the Motion under advisement.

cc:    Debtor
       Debtor's Counsel
       Committee's Counsel
       All Creditors and Interested Parties
       U.S. Trustee

**END OF ORDER**