UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Case No. 23-16969-MMH |
| THE ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Chapter 11 |
| Debtor. | Judge Michelle M.  Harner |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO
MOTION TO CONTINUE HEARING**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned case of the Roman Catholic Archbishop of Baltimore (the "Debtor") submits this objection (the "Objection") in response to the *Motion to Continue Hearings on Motions to Lift-Stay and to Consolidate Hearings* (the "Motion") filed by the following insurers: Insurance Company of North America, Indemnity Insurance Company of North American, American Casualty Company and Glens Falls Insurance Company (collectively, "Insurers"). In support thereof, the Committee respectfully states as follows:

**BACKGROUND**

1.      This chapter 11 case has been pending for 922 days. The Committee has heard from Survivors, who have waited a lifetime for acknowledgment and justice, that further delay is unacceptable and more must be done to bring this case to a resolution.

2.      Between March 18 and March 25, 2026, various Survivors (the "Moving Survivors"), through counsel, filed motions for relief from the automatic stay (the "Lift-Stay Motions") to proceed to judgment against the Debtor on complaints they have asserted in state court. The Committee filed a *Memorandum in Support of the Stay Relief Motions* (the "Committee's Memorandum") on March 25, 2026.

6546960.1

CORE/9990000.2173/241640229.1

3.      Courts across the country have found cause to modify the automatic stay and allow Survivors to pursue their claims against a diocesan debtor (and ultimately its insurers) in state court. *See* Order Re: Appeal of Relief from Automatic Stay, *In re Roman Catholic Bishop of Oakland Bankruptcy Automatic Stay Appeal*, Civ. No. 25-cv-06836-JSC, Dkt. 50 (N.D. Cal. April 7, 2026); *Order Granting Motions for Relief from the Automatic Stay*, *In re Roman Catholic Diocese of Albany, New York*, No. 23-10244 (Bankr. N.D.N.Y.) [Dkt. 1545]; *Order on Debtor's Motion to Approve Stipulation Modifying the Automatic Stay*, *In re Roman Catholic Bishop of Santa Rosa*, No. 23-10113 (Bankr. N.D. Cal. Aug. 26, 2025) [Dkt. 1480]; *Order Granting Debtor's Motion to: (1) Approve Stipulation Modifying the Automatic Stay; and (2) Waiver of 14-Day Stay Period*, *In re Roman Catholic Bishop of Sacramento*, No. 24-21326 (Bankr. E.D. Cal. Jul. 25, 2025) [Dkt. 1484]; *Interstate Fire & Cas. Co. v. Roman Cath. Bishop of Sacramento*, No. 2:25-CV-02262 WBS, 2026 WL 508073, at *6 (E.D. Cal. Feb. 24, 2026) (upholding the bankruptcy court's order modifying the automatic stay in *In re Roman Catholic Bishop of Sacramento*); *Order Granting Debtor's Motion to Approve Compromise and Stipulation Modifying the Automatic Stay*, *In re Roman Catholic Archbishop of San Francisco*, No. 23-30564 (Bankr. N.D. Cal. Sept. 17, 2025) [Dkt. 1346].

4.      This practice has helped parties in other cases resolve outstanding issues on valuation and brought parties closer to a global settlement. It is for those primary reasons the Committee supports the Lift-Stay Motions.

5.      The Lift-Stay Motions and the related notices of hearing established the deadline for objections as April 10, 2026 and the Court set the hearing on the motions for April 20, 2026.

6.      The Insurers have requested to further delay filing their oppositions and proceeding with a hearing on the Lift-Stay Motions and as a result demonstrated their opposition to a quick global resolution of this chapter 11 case.

## OPPOSITION

7.      The Insurers here have issued reservation of rights letters to the Debtor. This means that, like insurers in myriad other diocesan cases, the Insurers have refused to accept coverage for the Abuse Claims and do not want to be held accountable to the Debtor or Survivors. Instead, the Insurers would rather "[bask] in the shelter of the automatic stay, without which, they would be paying for legions of defense counsel to conduct discovery in the pending state-court litigation pursuant to their duty to defend." *In re Roman Catholic Bishop of Sacramento*, 667 B.R. 577, 579 (Bankr. E.D. Cal. 2025). It is for reasons of delay, and not for any good cause, the Committee believes the Insurers filed their Motion.

8.      Because the Motion fails to articulate cause to delay the Lift-Stay Motions and because the Insurers have no vested stake in the outcome Lift-Stay Motions, the Court should deny the Motion and maintain the original response deadline and hearing date.

## I.      The Motion Fails to State Sufficient Cause to Delay the Lift-Stay Motions

9.      The motion should be denied because the Insurers have not provided sufficient cause to justify delaying the Lift-Stay Motions. The Court may enlarge the time period for a party to act upon a showing of "cause." Fed. R. Bankr. P. 9006(b)(1). The "cause" standard applicable to pre-expiration requests is a flexible, discretionary standard. *Farouki v. Emirates Bank International, Ltd.*, 14 F.3d 244 (4th Cir. 1994); *In re Kirkland*, 86 F.3d 172, 175 (4th Cir. 1996).

10.      The Insurers make three arguments in support of their Motion, none of which constitute cause: first, that they were provided insufficient notice of the Lift-Stay Motions (Motion

6546960.1

CORE/9990000.2173/241640229.1

at 1); second, that the response date and hearings are inconvenient for the Insurers' counsel (Motion at 3); and third, that the insurers have important questions about the Lift-Stay Motions (Motion at 2). These complaints cannot overcome the pressing need to bring this chapter 11 case to a resolution and so the Motion should be denied.

a. <u>The Insurers Received Adequate Notice and An Opportunity to Be Heard.</u>

11. The Insurers lead off by arguing they received insufficient notice of the Lift-Stay Motions. Motion at 1 ("The timing of the Committee's filing leave Movants with inadequate time to brief motions that target Movants expressly"). The Insurers have received adequate notice and an opportunity to be heard under the rules and basic notions of due process, and so this argument must fail.

12. The Insurers have had at least 16 days' notice of the Lift-Stay Motions, which is more than sufficient under the applicable rules and does not create "cause" to move the deadline.

13. The objection deadline and the hearing date provide sufficient time to respond and prepare for a hearing, beyond what is required by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's Local Rule. *See* Bankruptcy Rules 4001, 9006, 9014; Local Rule 4001-1(c), 9006-1. The applicable Local Rules provide that the Insurers' responses are due,

> no earlier than fourteen (14) days after the date of service and no later than seven (7) days before the hearing date. If a response deadline is not otherwise established, any responsive pleading and memorandum in opposition must be filed within fourteen (14) days after the date of the service of the motion. Any response deadline may be extended by agreement of the parties.

Local Rule 9006-1 (made applicable by Local Rule 4001-1(c)). Accordingly, calculating from the filing of the Committee Memorandum, an objection deadline of April 10 provides parties with sixteen (16) days to file a response. Moreover, a hearing date of April 20 provides the Insurers with a total of twenty-six (26) days to prepare for a hearing. *See* Local Rule 4001-1(c) (requiring 21 days' notice of a hearing for relief from stay).

6546960.1

CORE/9990000.2173/241640229.1

14.     The Insurers' request to extend the hearing to June 1, 2026, and the objection deadline to May 15, 2026, is unreasonable and far beyond what is necessary to ensure their due process rights in this instance. Because the Insurers received adequate notice under the rules, there is not sufficient cause to grant the requested relief.

b.   <u>The Inconvenience to Counsel is Not Cause to Delay Justice.</u>

15.     The Insurers next note their request for an extension is made for the convenience of their attorneys and not for actual cause. Motion at 3 (basing the request on "the upcoming Easter and Passover holidays, multiple personal conflicts and professional commitments for counsel, and the upcoming withdrawal of counsel Desirae Tongco from this proceeding, Movants respectfully request that the Court continue the hearings to June 1, 2026…"). The Insures' cited excuse fails to explain why they are unable to respond by the deadline and do not provide specific facts about their availability (or not) for the hearing.

16.     Instead, the Motion provides unsworn and unspecific averments about inconvenience and staffing concerns. These hypotheticals are not sufficient cause to delay an important step towards resolution of this chapter 11 case. "Bankruptcy courts do not normally treat being out of town as a unique or extraordinary circumstance." *Duncan v. Washington*, 25 F.3d 1047 (6th Cir. 1994) (citing *In re Neill,* 158 Bankr. 93, 96 (Bankr. N.D. Ohio 1993) (debtor on vacation); *Elias v. Zeller,* 38 B.R. 739, 741 (Bankr. 9th Cir.1984) (counsel on vacation); *In re Smith,* 38 Bankr. 685, 686 (N.D.Ohio 1982) (counsel unable to contact client); *In re Culmtech, Ltd.,* 89 B.R. 418, 419 (Bankr.M.D.Pa.1988) (counsel absent on business); MD R ATTORNEYS 19-301.3, cmt. 1 ("An attorney should pursue a matter on behalf of a client despite … personal inconvenience to the attorney….").

17.     The Committee and Moving Survivors are not insensitive to the Insurers' purported conflicts. The Committee and Moving Survivors offered to extend the Insurers' deadlines for an additional week and to extend the hearing an additional ten days, to the end of April, which would have provided the Insurers with over a month (thirty-six (36) days) to prepare for the hearing. The Insurers declined the extension. While some delay might be acceptable to extend a professional courtesy, the Insurers' 43-day extension goes far beyond traditional courtesy and intrudes into the unreasonable. For these reasons, the need for counsel to work on a holiday weekend or change travel plans is not cause to deny Survivors justice and find a resolution to this chapter 11 case. Accordingly, the Motion should be denied.

     c.     Unspecified Legal Questions Do Not Create Cause for Delay.

18.     The Insurers also suggest that the Lift-Stay Motions "raise a series of complex issues interlocking with the stipulation regarding the coverage action and the difference in the insurance program prior to 1969. Among other things… It is not possible to determine from the face of these complaints the identity of the defendants associated with each plaintiff." Motion at 2. These are baseless grounds to delay the Lift-Stay Motions.

19.     First, there is no coverage action pending in this case. Second, the insurers do not provide any specifics on what stipulation they are referring to or how "difference[s] in the insurance program prior to 1969" would implicate the "cause" analysis relevant to the Lift-Stay Motions under Section 362(d). Do the insurers need time for discovery? Are there questions they have not asked in the past 922 days that they need to ask now? We do not know, and the Insurers do not say.

20.     The Insurers cannot raise the specter of a complex legal issue without describing what that issue is, how it affects their ability to respond, and why delay is necessary to prevent

6546960.1

CORE/9990000.2173/241640229.1

fundamental unfairness to the Insurers as a matter of due process. In short, the Motion provides no explanation to substantiate the suggestion of legal complexity sufficient to justify a month's-long delay.

21.     Likewise, the idea that the Insurers need to understand what defendants are being sued in the underlying state court actions is baseless. The Debtor is a defendant in each of the underlying actions, and it will be sued if the Lift-Stay Motions are granted. That fact is the only relevant fact the Insurers must have to oppose (or not) the Lift-Stay Motions. *See* Section 362(a) (protecting the debtor and property of the debtor's estate). It is unclear how the Insurers would oppose "cause" under Section 362(d) on the basis that allegedly unspecified non-debtors would be implicated by the lawsuits, and the Insurers do not add any clarity to their position. For these reasons, the Insurers do not articulate cause to extend their deadlines and perpetuate further delay. The Motion should be denied.

## II.    The Insurers Have No Interest in the Lift-Stay Motions

22.     The Insurers do not have standing to oppose the Lift-Stay Motions, or to file the instant Motion, because they are not protected by the automatic stay, are not creditors, and do not have an interest in the Debtor's property. *See Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 126 (4th Cir. 1983) ("That insulation, however, belongs exclusively to the 'debtor' in bankruptcy. It is to be noted also that of the remaining subsections of Section 362(a), namely 2, 5, 6, 7, and 8 (listing the kinds of proceedings stayed), specifically refer to 'the debtor,' and that subsections 3 and 4 refer to 'the estate of the bankrupt.'") (citations omitted).

23.     The Court should not delay the Lift-Stay motions on request of a party that lacks standing to file an opposition brief in the first instance. *See In re Roman Cath. Diocese of Syracuse*, 665 B.R. 866, 875 (Bankr. N.D.N.Y. 2024) ("In bankruptcy court, a party must satisfy (1) Article

III Constitutional standing; (2) federal court prudential standing; and (3) the party in interest standing under § 1109(b).”). Other bankruptcy courts in the Fourth Circuit have explained that to demonstrate standing, a party must be aggrieved, or affected directly and adversely; based on this standard, “‘a remote pecuniary interest will not suffice for standing.’” *In re Boyd*, 618 B.R. 133, 146 (Bankr. D.S.C. 2020) (quoting *In re Alpha Natural Resources Inc.*, 544 B.R. 848, 856 (Bankr. E.D. Va. 2016)).

24.     The Insurers cannot articulate an injury sufficient to justify their interference with the Lift-Stay Motions.  Lifting the automatic stay for the Moving Survivors would only affect the Insurers in two potential ways: 1) the Insurers may be required to provide a defense to the state-court actions, and 2) a Survivor who receives a favorable judgment may look to insurance proceeds to satisfy that judgment. But these “harms” result from the Insurers’ policies—not the automatic stay. In re Grace Indus., Inc., 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006) (“The automatic stay does not shield issuers of liability insurance policies from making payments which would otherwise be due under the policy by reason of the insured's bankruptcy . . . . Put differently, where a plaintiff seeks relief from the stay to pursue a claim in another forum, the interests or desires of the insurance company which provides coverage of the claim are not considered in determining whether the stay should be lifted.”); *Locklear v. NTY Franchise Co., LLC*, No. 5:23-CV-00261-BO, 2023 WL 6972983, at*2 (E.D.N.C. Oct. 23, 2023) (“But these “harms” are not concrete injuries in fact because they are self-inflicted harms[.]”); *see Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 742 (3d Cir. 1995) (holding that the insurer’s compliance with its pre-petition obligations did not make it aggrieved); *id.* (“As an insurer covering the claims asserted, [the Insurers] would necessarily be required to fulfill their policy obligations, regardless of the automatic stay or any relief from the automatic stay”.); *In re Smoky Mountain Country Club Prop.*

*Owners' Ass'n*, 622 B.R. 653, 657 (W.D.N.C. 2020) ("That standard also is not met by a mere likelihood that an order of the Bankruptcy Court would cause an appellant to become a defendant in a separate claim[.]" (internal quotations omitted)). *Land-O-Sun Dairies, Inc. v. Pine State Creamery Co.*, 200 B.R. 125 (E.D.N.C. 1996) ("'[A] bankruptcy court order which simply permits a claim to be lodged or a lawsuit to go forward without passing on the merits does not necessarily aggrieve the potential defendant.'") (quoting *Travelers*, 45 F.3d at 743).

25.     If the stay is lifted, implicated policies may obligate the Insurers to defend the state-court actions or pay claims, but that is a consequence of their policies, not the lifting of the automatic stay. In sum, lifting the stay cannot injure an Insurer and so they should have no right to delay the Lift-Stay Motions now.

26.     For these reasons the Motion should be denied.

### CONCLUSION

The Committee respectfully requests that the Court deny the Motion, confirm the Insurers April 10, 2026 response date, and proceed with the hearing on April 20, 2026.

Dated: April 8, 2026

/s/Alan M. Grochal
Alan M. Grochal, Fed. Bar No.: 01447
Richard L. Costella, Fed. Bar No. 14095
**Tydings & Rosenberg LLP**
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
Tel: (410) 752-9772
Fax: (410) 727-5460
Email: rcostella@tydings.com
        agrochal@tydings.com

*Local Counsel to the Official Committee of Unsecured Creditors*

-and-

6546960.1

CORE/9990000.2173/241640229.1

Edwin H. Caldie (MN # 388930)
Andrew Glasnovich (MN # 0398366)
Christopher Sevedge (MO # 68383)
**Stinson LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Main: 612-335-1500
Facsimile: 612-335-1657
Email: ed.caldie@stinson.com
          drew.glasnovich@stinson.com
          chris.sevedge@stinson.com

*Counsel to the Official Committee of Unsecured Creditors*

6546960.1

CORE/9990000.2173/241640229.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of April, 2026, a copy of the *Official Committee of Unsecured Creditors' Objection to Motion to Continue Hearing* was served electronically on D. Blake Roth, Esquire, Holland & Knight LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, blake.roth@hklaw.com; Catherine K. Hopkin, Esquire, YVS Law LLC, 185 Admiral Cochrane Drive, Suite 130, Annapolis, Maryland 21401, chopkin@yvslaw.com; and Hugh Bernstein, Esquire, Office of the United States Trustee, 101 West Lombard Street, Suite 2625, Baltimore, Maryland 21201, hugh.m.bernstein@usdoj.gov; and to all parties that are registered to receive electronic filing through the CM/ECF system on the attached list.

Dated: April 8, 2026                                     */s/*Alan M. Grochal
                                                          Alan M. Grochal

6546960.1

CORE/9990000.2173/241640229.1

**The following parties received CM/ECF notice of the filing:**

Nathan D. Adler, Esquire: nda@nqgrg.com
Philip D. Anker, Esquire: philip.anker@wilmerhale.com
Sam Alberts, Esquire: sam.alberts@dentons.com
G. Calvin Awkward, III, Esquire: cawkward@goldbergsegalla.com
Gary Bahena, Esquire: garybahena@bahenalaw.com
Hugh M. Bernstein, Esquire: hugh.m.bernstein@usdoj.gov
Diane C. Bristow, Esquire: dcb@nqgrg.com
PhilipTucker Evans, Esquire: philip.evans@hklaw.com
Kevin Foreman, Esquire: kforeman@carltonfields.com
Andrew Freeman, Esquire: adf@browngold.com
Andrew Glasnovich, Esquire: drew.glasnovich@stinson.com
Gary R. Greenblatt, Esquire: grg@cooncolelaw.com
Geoffrey Grivner, Esquire: geoffrey.grivner@bipc.com
Megan Harmon, Esquire: megan.harmon@bge.com
Catherine Keller Hopkin, Esquire: chopkin@yvslaw.com
Robert Keith Jenner: rjenner@jennerlawfirm.com
Steven J. Kelly, Esquire: skelly@gelaw.com
Nicole Khalouian, Esquire: nicole.khalouian@stinson.com
C. Scott Kunde, Jr., Esquire: scott.kunde@hklaw.com
Anthony May, Esquire: amay@browngold.com
Timothy P. Palmer, Esquire: timothy.palmer@bipc.com
Mark David Plevin, Esquire: mplevin@crowell.com
David Kendall Roberts, Esquire: droberts2@omm.com
Annette Rolain, Esquire: arolain@ruggerilaw.com
Blake D. Roth, Esquire: blake.roth@hklaw.com
James P. Ruggeri, Esquire: jruggeri@ruggerilaw.com
Jonathan Schapp, Esquire: jschapp@goldbergsegalla.com
U.S. Trustee – Baltimore: ustpregion04.ba.ecf@usdoj.gov
Irving Edward Walker, Esquire: iwalker@coleschotz.com
Jonathan Schochor, Esquire; jschochor@sfspa.com
Kerry Staton, Esquire; kstaton@sfspa.com
Joshua F. Kahn, Esquire; jkahn@sfspa.com
Thomas F. Yost, Esquire; tyost@yostlaw.com

6546960.1

CORE/9990000.2173/241640229.1

Joshua D. Weinberg, Esquire: jweinberg@ruggerilaw.com
Adam R. Dunst, Esquire, adunst@goldbergsegalla.com
Samantha J. Hanson-Lenn, Esquire, Samantha.hansonlenn@stinson.com
Eric G. Korphage, Esquire, korphagee@whiteandwilliams.com
Robert H. Kline, Esquire, kliner@whiteandwilliams.com
Matthew M. Weiss, Esquire, mweiss@phrd.com
John E. Bucheit, Esquire, jbucheit@phrd.com
Matthew G. Roberts, Esquire, mroberts@phrd.com
John Grossbart, Esquire, john.grossbart@dentons.com
Siobhain P. Minarovich, Esquire, manarovics@whiteandwilliams.com
Justin P. Fasano, Esquire, jfasano@mhlawyers,com
Matthew C. Nelson, Esquire, matthew.nelson@kennedyslaw.com
Jillian G. Dennehy, Esquire, jillian.dennehy@kenedyslaw.com
James R. Murray, Esquire, jim.murray@blankrome.com
James D. Carter, Esquire, james.carter@blankrome.com
Robyn L. Michaelson, Esquire, robyn.michaelson@blankrome.com
Sara G. Klein, Esquire, sklein@manlystewart.com
Gary P. Seligman, Esquire, gseligman@wiley.law
Ezhan S. Hasan, Esquire, ahasan@wiley.com
Michael J. Belsky, Esquire, mbelsky@sbwdlaw.com
Catherine A. Dickinson, Esquire, cdickinson@sbwdlaw.com
Isabella R. Sayyah, Esquire, isayyah@gibsondunn.com
Matthew A. Hoffman, Esquire, mhoffman@gibsondunn.com
Ryan S. Appleby, Esquire, rappleby@gibsondunn.com
Michael A. Rosenthal, Esquire, mrosenthal@gibsondunn.com
Todd C. Jacobs, Esquire, tjacobs@phrd.com
Jesse J. Bair, Esquire, jbair@burnsbair.com
Timothy W. Burns, Esquire, tburns@burnsbair.com
Jared Zola, Esquire, jared.zola@blankrome.com
Anthony J.M. Kikendall, Esquire, kikendalla@whiteandWilliams.com
Eileen King Bower, Esquire,  Eileen.kingbower@clydeco.us
Robert M. Westra, Esquire, rwestra@ppsrlaw.com
Kevin A. Clasing, Esquire, kclasing@ppsrlaw.com
Morgan K. Stippel, Esquire, mstippel@burnsbair.com
Justine M. Daniels, Esquire, jdaniels@omm.com
Ryan S, Perlin, Esquire, perlin@mdtrialfirm.com
Emily C. Malarkey, Esquire, malarkey@mdtrialfirm.com
Jodie E. Bekman, Esquire, jbekman@gfrlaw.com
Timothy Karcher, Esquire, tkarcher@proskauer.com
Paul Possinger, Esquire, ppossinger@proskauer.com
Christopher White, Esquire, Christopher.white@clydeco.us
Clinton Cameron, Esquire, Clinton.cameron@clydeco.us
Bret Kabacinski, Esquire, bret.kabacinski@clydeco.us
Douglas McGill, Esquire, dmcgill@webbermcgill.com
Christopher Sevedge, Esquire, Christopher.sevedge@stinson.com
Ysabelle G. Reyes, Esquire, yreyes@wiley.law

6546960.1

CORE/9990000.2173/241640229.1

Jon P. Newton, Esquire, jnewton@reidand riege.com
Benjamin M. Fischer, Esquire, bfischer@coleschotz.com
Richard A. Galbo, Esquire, rgalbo@goldberg segalla.com
Sheldon N. Jacobs, Esquire, sjacobs@snjlaw.com
Nicholas A. Dellefave, Esquire, Nicholas.dellefave@hklaw,com
Elizabeth Connell, Esquire, elizabeth@connellcounsel.com
Jacob C. Cohn, Esquire, jcohn@plevinturner.com
E. Christopher Amos, Esquire, eChrisamos@gmail.com
Edward J. Kelley, Esquire, ed@constantllp.com
W. Charles Meltmar, Esquire, cmeltmar@cochranfirmdc.com
Nathaniel L. Foote, Esquire, nate@vca.law
Michael J. Belsky, Esquire, mbelsky@sbwdlaw.com
Catherine A. Dickinson, Esquire, cdickinson@sbwdlaw.com
Kathleen A. Parnow, Esquire, katie.parnow@stinson.com

6546960.1

CORE/9990000.2173/241640229.1