Entered: April 22nd, 2026
Signed: April 22nd, 2026

**SO ORDERED**



_Michelle M. Harner_
**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | Chapter 11 |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER SETTING BRIEFING SCHEDULE AND EVIDENTIARY HEARING

The matters before the Court involve various papers relating to the scope and maintenance of the automatic stay of section 362(a) of the Bankruptcy Code[1] in this case (collectively, the "Pending Matters").[2] The Court held a preliminary hearing on the Pending Matters on April 20, 2026 (the "Preliminary Hearing"). Based on the record of the Preliminary Hearing, the Court finds that property of the estate, as well as the Debtor's reorganization efforts, may be implicated by the

---

[1] 11 U.S.C. §§ 101 et seq. (the "Code").

[2] The Pending Matters include: Debtor's Motion to Extend Automatic Stay [ECF 12]; Committee's Opposition thereto [ECF 2097]; Parishes' Opposition to Committee Request to Terminate the Bankruptcy Stay [ECF 2253]; Debtor's Omnibus Response to (I) the Official Committee of Unsecured Creditors' Further Response in Opposition to the Debtor's Motion for Entry of an Order, Pursuant to Sections 105(a) and 362 of the Bankruptcy Code, Extending the Automatic Stay; and (II) Various Motions for Relief from the Automatic Stay [ECF 2257]; Motion to Modify the Automatic Stay (Survivor Claimant 636) [ECF 2129]; Motion for Relief from Stay (Survivor Claimant 1255) [ECF 2133]; Motion to Modify the Automatic Stay (Survivor Claimant 737) [ECF 2151]; Motion to Modify the Automatic Stay (Survivor Claimants 1346 and 1134) [ECF 2154]; Motion to Modify the Automatic Stay (Survivor Claimants 851 and 859) [ECF 2155]; Committee's Line Filing Memorandum in Support of Stay Relief Motions [ECF 2157]; Objection to Stay Motions (American Casualty Company) [ECF 2269]; Line Objection to the Stay Relief Motions and Committee's Memorandum in Support of Stay Relief Motions (Indemnity Insurance Company of North America et al) [ECF 2270]; Line Joinder to ECF 2269, 2270 (Employers Insurance Co. of Wausau) [ECF 2271].

Pending Matters. The potential risk to the estate and all the creditors in this case weighs heavily in favor of setting the Pending Matters for a briefing schedule and an evidentiary hearing.[3]

Accordingly, for the reasons set forth above and on the record of the Preliminary Hearing, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Court will hold an in-person evidentiary hearing on the Pending Matters and all related papers **on June 1 and 2, 2026, beginning each day at 9:00 a.m., ET, in Courtroom 9-C in Baltimore**; and it is further

**ORDERED**, that any party in interest may file with the Court supplemental briefing relating to the Pending Matters **on or before May 15, 2026**; and it is further

**ORDERED**, that any party in interest may file with the Court a response to any supplemental briefing filed in accordance with the immediately preceding decretal paragraph **on or before May 22, 2026**; and it is further

**ORDERED**, that parties must file with the Court witness and exhibit lists **on or before May 22, 2026**; and it is further

**ORDERED**, that parties must file with the Court any objections to any witness and exhibit lists **on or before May 27, 2026**; and it is further

---

[3] The Court held a hearing on the scheduling of the Pending Matters on April 16, 2026. The Court discussed an appropriate schedule for resolving the Pending Matters at that hearing.  As the Court noted, section 362(e)(1) of the Code provides, "Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section." 11 U.S.C. § 362(e)(1). Although the Court generally must hold the final hearing within 30 days of the preliminary hearing, the Court may extend that deadline "for a specific time which the court finds is required by compelling circumstances." *Id*. Here, the gravity of the issues and the potential impact on all stakeholders require that this Court not only have a fully developed and robust factual record but also time to deliberate and resolve the Pending Matters in a manner consistent with the best interest of the Debtor *and* all creditors. That said, the Court will endeavor to resolve the Pending Matters as promptly as reasonably practicable.

**ORDERED**, that the Court will issue protocols to govern the June 1 and 2, 2026, hearing by separate entry on the docket; and it is further

**ORDERED**, *that the automatic stay of section 362(a) of the Code will remain in full force and effect with respect to the Debtor, the Debtor's property, and property of the estate in accordance with the Court's previous orders in this case unless and until the Court enters a further order modifying the automatic stay.*

cc:     Debtor
        Debtor's Counsel
        Committee's Counsel
        All Creditors and Interested Parties
        U.S. Trustee

**END OF ORDER**