**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE, | Case No. 23-16969-MMH |
| Debtor.[1] | |

**SUPPLEMENTAL OBJECTION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EX PARTE MOTION TO FILE UNDER TEMPORARY SEAL**

The Roman Catholic Archbishop of Baltimore, a corporation sole (the "***Debtor***"), by and through its undersigned counsel, and pursuant to the Court's Order dated May 13, 2026, files this Supplemental Objection (the "***Supplemental Objection***") to *The Official Committee of Unsecured Creditors' Ex Parte Motion to File Under Temporary Seal.* (Dkt. No. 2182) (the "***Ex Parte Motion***")

On April 3, 2026, the Official Committee of Unsecured Creditors (the "Committee") filed the Ex Parte Motion asking for an order authorizing the Committee to file its Disclosure Statement for the Chapter 11 Plan of Reorganization for the Debtor (the "***Disclosure Statement***") and related exhibits under temporary seal and determining that no information contained in the Disclosure Statement is confidential information of any party in interest. (Dkt. No. 2182). On April 17, 2026, Debtor objected to the Ex Parte Motion arguing that a disclosure statement describing an unconfirmable plan should not be utilized as a vehicle to disclose the confidential financial information of third-party non-debtors (the "***Objection***"). (Dkt. 2261). On May 13, 2026, the Court held a hearing on the Motion and the Objection (the "***Hearing***"), and following the Hearing, the

---

[1] The Debtor in this Chapter 11 case is The Roman Catholic Archbishop of Baltimore. The last four digits of the Debtor's federal tax identification number are 1535, and its mailing address is 320 Cathedral Street, Baltimore, Maryland 21201.

Court entered an Order directing the Debtor to supplement its April 17, 2026, Objection (Dkt. 2401).

It is the Debtor's position that its own financial information—located on pages twenty-five through thirty of the Disclosure Statement—does not need to remain under seal. However, confidential proprietary and financial information that relates to third-party non-debtors —located on pages thirty-six through forty-three of the Disclosure Statement—must remain under seal.[2] Specifically, this includes information about (a) the members of the non-parties; (b) loans the non-parties have made; (c) how Board of Trustees members are elected and removed; (d) how amendments to non-party Bylaws and Articles of Incorporation become effective; (e) how non-party expenditures of funds are initiated; (f) asset reporting and asset value; (g) non-party dissolution plans; (h) voting rights; (i) donation rules; (j) insurance and pension plans; (k) non-party investment objectives; and (l) corporate governance.

The Fourth Circuit presumes that the public has a right to access judicial records, and this right comes from either the common law or First Amendment. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). Under common law, which would apply here,[3] the public's right to access documents can be rebutted if "countervailing interests heavily outweigh the public interests in access." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). And while

---

[2] For the Court's convenience, the Debtor highlighted the portions of the Disclosure Statement that it seeks to keep under seal. A copy of the highlighted Disclosure Statement is attached as Exhibit A.

[3] The First Amendment right of access to judicial documents can be overcome if a compelling interest exists, the interest may be harmed by disclosure, and there are no alternatives. *See Gonzalez v. Cuccinelli,* 985 F.3d 357, 376-77 (4th Cir. 2021). However, this analysis typically applies to requests for sealing documents in connection with motions for summary judgment and motions concerning expert testimony admissibility. *Waypoint Consulting, Inc. v. Krone*, No. CV ELH-19-2988, 2022 WL 861412, at *6 (D. Md. Mar. 22, 2022).

Even if the First Amendment right to access applied, "a party's interest in maintaining the confidential of sensitive proprietary financial information can overcome the First Amendment right of access." *Bon Vivant Catering, Inc. v. Duke Univ.*, No. 1:13CV728, 2016 WL 7638284, at *2 (M.D.N.C. June 14, 2016).

the Fourth Circuit presumes the public's right to access, *see Va. Dep't of State Police*, 386 F.3d at 575, courts have held that documents that contain sensitive and confidential financial information should be sealed. *See Pittston Co. v. United States,* 368 F.3d 385, 406 (4th Cir. 2004). In *Pittston Company*, the Fourth Circuit upheld a district court's decision to keep non-party documents "containing confidential, proprietary, commercial, [and] financial data" under seal. *Id.*; *see also Brown v. Siemens Healthcare Diagnostics, Inc.*, No. CIV.A. DKC 11-0769, 2012 WL 3136457, at *12 (D. Md. July 31, 2012) (granting motion to seal documents that included financial information about non-parties).

A part of the Disclosure Statement contain detailed information concerning non-parties' internal governance, membership structure, financial affairs, assets, obligations, and organizational policies. *See* Disclosure Statement at p. 36-43.  While those non-parties are member of the Catholic Family, they are separate from the Debtor, have not sought relief from this Court, and have not placed their confidential proprietary and financial information at issue in this bankruptcy. The public's interest in access to the Committee's Disclosure Statement does not extend so far as to require public dissemination of detailed, confidential business information concerning non-parties.

The Debtor does not seek to seal the entire Disclosure Statement, the proposed plan, or the Debtor's own financial information. Rather, the Debtor only seeks to protect discrete, detailed information concerning third parties. Even with non-party business information redacted, the public can evaluate the Committee's proposed plan and the issues before the Court.

Public disclosure of non-party proprietary and financial information would impose concrete and unnecessary harm on entities not before the Court. Such disclosure would reveal granular details about the non-parties' internal governance and financial conditions, thereby

exposing sensitive internal affairs to public scrutiny without advancing any corresponding need in this litigation. The countervailing interests in protecting confidential non-party information heavily outweigh any public interest in access to the information.

The Debtor therefore respectfully requests that the Court deny the Ex Parte Motion to the extent it seeks a determination that the redacted non-party information contained in the Disclosure Statement should not stay sealed.

DATED:       May 18, 2026

Respectfully submitted,

/s/ Blake D. Roth_____
Blake D. Roth (admitted pro hac vice)
C. Scott Kunde (admitted pro hac vice)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone:     615.244.6380
Facsimile:     615.244.6804
Email:         blake.roth@hklaw.com
               scott.kunde@hklaw.com

-and-

Catherine K. Hopkin (Fed. Bar No. 28257)
YVS LAW, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
Telephone:     443.569.0788
Facsimile:     410.571.2798
Email: chopkin@yvslaw.com

-and-

Philip T. Evans (Fed. Bar No. 11796)
HOLLAND & KNIGHT LLP
800 17th Street, NW, Suite 1100
Washington, DC 20006
Telephone:     202.457.7043
Email: philip.evans@hklaw.com

*Attorneys for the Debtor and Debtor In Possession*

4

## CERTIFICATE OF SERVICE

I certify that on May 18, 2026, I caused a copy of the foregoing document to be served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices. In addition, Epiq Corporate Restructuring, LLC will cause a true and correct copy of the foregoing to be served on all parties required to be served, with a certificate or affidavit of service to be filed subsequently, all in accordance with Local Rule 9013-4.

*/s/ Blake D. Roth*
Blake D. Roth