**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

In re:

ROMAN CATHOLIC ARCHBISHOP OF
BALTIMORE,

Debtor.

Case No. 23-16969-MMH
Chapter 11

**AMERICAN CASUALTY COMPANY'S OBJECTION TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS' MOTION IN LIMINE
REQUESTING JUDICIAL NOTICE**

American Casualty Company ("CNA") objects to the *Motion in Limine* by the Official Committee of Unsecured Creditors (the "Committee") requesting judicial notice (Dkt. No 2513) (the "Motion for Judicial Notice") with respect to the as-defined Outside Bankruptcy Court Filings, which are Committee Exhibits 7 through 10.

The Committee asks this Court to take judicial notice of the Outside Bankruptcy Court Filings, from which it intends to argue that because settlements were eventually reached in other bankruptcy cases after stay relief was granted in those cases, they are evidence supporting the existence of "cause" to grant stay relief in this bankruptcy case. In its own words, the Committee "will offer the Outside Bankruptcy Court Filings to show that settlements were reported to various bankruptcy courts after stay relief had been granted in those cases."[1] The argument is plainly *post hoc ergo propter hoc*, a basic logical fallacy that confuses temporal succession with causation.

To the point of this evidentiary objection, the request itself inappropriately asks the Court to delve substantively into the hearsay those filings contain. Moreover, the Outside

---

[1] Motion for Judicial Notice at 4.

- 1 -

Bankruptcy Court Filings the Committee seeks to have noticed in support of a fallacious argument are irrelevant.  The Committee's Motion should be denied.

Federal Rule of Evidence 201 provides that the Court "may judicially notice a fact that is not subject to reasonable dispute" because either it is "generally known within the court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  As the Maryland Court of Special Appeals explained in applying the substantively identical Maryland Rule 5-201,

> Many different types of information can fall under the umbrella of judicial notice, most commonly public records such as court documents.
>
> What unites these various classes of information is not so much their nature as public or widely-known, but more their nature as undisputed—as one commentator has described it, falling into either the "everybody around here knows that" category, or the "look it up" category.  Put another way, if there is no reason to waste time proving a fact, it can be judicially noted.[2]

Judicially noticing documents such as court filings "does not mean accepting what they say as true, only that they exist as public records."[3]  Courts must not use judicial notice for the purpose of

---

[2]    *Abrishamian v. Wash. Med. Grp., P.C.*, 216 Md. App. 386, 413-14 (2014), citing *Dean v. State*, 205 Md. 274, 280-81 (1954) (taking judicial notice that certain streets were within a particular city's borders, thus allowing a trial judge to determine that crimes were committed within the jurisdiction); *Smith v. Hearst Corp.*, 48 Md. App. 135, 140-41 (1981) (permitting trial court to take judicial notice of the fact that a local newspaper was owned by a particular corporation); *Marks v. Criminal Injuries Comp. Bd.*, 196 Md. App. 37, 78 (2010) (judicially noticing that the Administrative Office of the Courts makes Maryland Judiciary records available on the Judiciary's website); *Schultz v. State*, 106 Md. App. 145, 173 (1995) (taking judicial notice of reliability of ophthalmological test, if properly administered); *Eley v. State*, 288 Md. 548, 553-54 (1980) ("This Court has taken judicial notice of the high degree of reliability accorded to [fingerprint] identification"); *Iozzi v. State*, 224 Md. 42, 44 (1960) ("geographical facts of a local nature may be judicially noticed by a trial court to establish venue.  This is particularly true as to the location of towns within a particular county where the court sits.") (citations omitted); *Pettit v. Erie Ins. Exch.*, 117 Md. App. 212, 228 (1997) (taking "judicial notice of the definition of pedophile provided in Diagnostic Statistical Manual IV (DSM-IV), a publication of the American Psychiatric Association").

[3]    *Abrishamian*, 216 Md. App. at 416.

confirming the contents of a document, particularly where the contents relate to the issue ultimately in dispute.[4]

In a request that is flatly contrary to the proper purpose of judicial notice, the Committee admits that it is asking "the Court [to] take judicial notice by acknowledging the existence, timing, and, to a limited extent, **the contents of certain court filings** . . . ."[5]  Further, it is offering the records "to demonstrate the fact that certain statements and representations were made, and when they were made, in the respective documents."[6]

*Abrishamian* explains why this is improper.  There, the plaintiff asked the court to judicially notice "[t]he nature of pleadings and discovery responses," including that the defendant "maintained its original lawsuit for more than four months."[7]  The court declined, concluding that the plaintiff "wasn't simply asking the court to notice judicially the existence of the pleadings— he wanted the court to assume the truth of the assertions within those pleadings."[8]  The Committee's request is substantively the same and goes beyond the scope of proper judicial notice.[9]

The documents the Committee asks the Court to judicially notice, as properly

---

[4]       *See id.* (rejecting a request that "asked the court to notice facts that not only were in dispute, but that lay at the center of his claim")  *See also Walker v. D'Alesandro*, 212 Md. 163, 169 (1957) (permitting judicial notice that the defendant was the Mayor of Baltimore City, but finding error in taking judicial notice that he was acting in his official capacity in connection with the underlying claims).

[5]       Motion for Judicial Notice at 2.

[6]       *Id.* at 4.

[7]       *Abrishamian*, 216 Md. App. at 415.

[8]       *Id.*

[9]       *See also Lerner v. Lerner Corp.*, 132 Md. App. 32, 41 (2000) (a corporation's offer to sell stock was not susceptible of judicial notice because its "accuracy is subject to reasonable dispute and cannot be as readily and accurately ascertained").

construed, are also not relevant and therefore not appropriate for judicial notice.[10]  The fact that debtors in four other bankruptcy cases filed stipulations and letters on their respective dockets, which is all the Court can take notice of, is not relevant to any issue in this contested matter.  The Committee has not submitted any other proposed exhibits from those bankruptcy cases.  There is nothing else in the record from the other bankruptcy cases or to which these proposed exhibits, such that the Court could even conclude that the stipulation and letters post-dated other filings.  Standing on their own, they are utterly irrelevant.  The Court should decline to judicially notice them for this reason, too.

The Motion for Judicial Notice should be denied as to the Outside Bankruptcy Court Filings:

| Exhibit No. | Description | CNA's Objection |
|---|---|---|
| 7. | Stipulation, *In re The Diocese of Buffalo, NY*, No. 20-10322-CLB (Bankr. W.D.N.Y. Mar. 6, 2026), Dkt. 4639. | Hearsay; relevance |
| 8. | Letter to the Court, *In re The Roman Catholic Diocese of Albany, New York*, No. 23-10244 (Bankr. N.D.N.Y. May 12, 2026), Dkt. 2612. | Hearsay; relevance |
| 9. | Letter to the Court, *In re The Roman Catholic Bishop of Santa Rosa*, No. 23-10113 (Bankr. N.D. Cal. May 19, 2026), Dkt. 1996. | Hearsay; relevance |
| 10. | Letter to the Court, *In re The Roman Catholic Bishop of Sacramento*, No. 24-21326 (Bankr. E.D. Cal. May 18, 2026), Dkt. 2138. | Hearsay; relevance |

---

[10]     *See Nichols v. Bumgarner*, 173 F.4th 511, 516 (4th Cir. 2026) ("We also may take judicial notice of facts outside the record where the fact may not be reasonably disputed **and is relevant** and critical to the matter . . . .") (emphasis added); *In re Under Armour Sec. Litig.*, 540 F. Supp. 3d 513, 521 (D. Md. 2021) (the "court may, consistent with Rule 201 of the Federal Rules of Evidence, take judicial notice of **relevant** facts that are not subject to reasonable dispute") (emphasis added).

DATED: MAY 30, 2026

Respectfully submitted,

**PLEVIN & TURNER LLP**

___/s/  Miranda Turner_____

Jacob C. Cohn
Federal Bar No. 04479
132 W 31st Street, 9th Floor
New York, NY 10001
Tel: (202) 580-6640
jcohn@plevinturner.com

Miranda H. Turner (*pro hac vice*)
Mark D. Plevin (*pro hac vice*)
Ryan C. Evans (*pro hac vice*)
1701 Pennsylvania Avenue NW, Suite 200
Washington, DC 20006
Tel: (202)-580-6640
mturner@plevinturner.com
mplevin@plevinturner.com
revans@plevinturner.com

*Attorneys for American Casualty Company*

- 6 -

## Certificate of Service

I certify that on May 30, 2026, I caused the foregoing Notice to be filed through the Court's ECF filing system, which will send notice to all counsel of record.

/s/ Miranda Turner
Miranda H. Turner