Entered: June 1st, 2026
Signed: June 1st, 2026

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | Chapter 11 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER ADDRESSING MOTION FOR DIRECTED VERDICT

On June 1, 2026, the Court commenced an evidentiary hearing on various papers relating to the scope and maintenance of the automatic stay of section 362(a) of the Bankruptcy Code in this case (collectively, the "Pending Matters").[1] Before the evidentiary portion of that hearing, based on the parties' respective witness and exhibit lists, Century Indemnity Company, as a successor to CCI Insurance Company, which is a successor to Insurance Company of North America, and Indemnity Insurance Company of North America (together "Century"), moved the Court for a directed verdict. Century argued that the movants who are requesting relief from the automatic stay or to terminate the stay in certain respects could not meet their evidentiary burdens under the Bankruptcy Code.

The Court will consider Century's request as one for judgment on partial findings under Federal Rule of Civil Procedure 52(c), made applicable to these contested matters by Federal Rules

---

[1] The Pending Matters include: ECF 12, 2097, 2129, 2133, 2151, 2154, 2155, 2157, 2253, 2257, 2269, 2270, and 2271.

of Bankruptcy Procedure 7052 and 9014.[2] As the Court stated on the record of the hearing, the Court finds that the parties should have an opportunity to make a complete evidentiary record before the Court rules on the merits of the Pending Matters.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that Century's request for a directed verdict (request for judgment on partial findings) is denied.

cc:     All parties

**END OF ORDER**

---

[2] In general, motions for judgment in bankruptcy cases are construed as motions for judgment on partial findings under Civil Rule 52(c). As one court in this circuit explained,

> The Court has construed the party's oral Motion for Judgment as a Matter of Law as a Motion for Judgment on Partial Findings. The Court notes that a Motion for Judgment as a Matter of Law ("JMOL") is not the proper motion to be brought in this case, as there is no jury; instead, the proper motion is a Motion for Judgment on Partial Findings under Federal Rule of Civil Procedure 52(c).[2] Rule 52(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7052, provides the governing standard for judgment on partial findings as follows:
>
> > If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).
>
> Fed. R. Civ. P. 52(c). This rule also applies to the Bankruptcy Court. *See Conestoga Title Ins. Co. v. Patchell (In re Patchell)*, 569 B.R. 635, 649 (Bankr. D. Md. 2017) (applying Rule 52(c) in a bankruptcy context).

*In re Vandevender*, No. 2:21-AP-02016, 2023 WL 2667699, at *2 (Bankr. S.D.W. Va. Mar. 27, 2023); *see also In re Modanlo*, 413 B.R. 262, 266 (Bankr. D. Md. 2009).