Entered: June 8th, 2026
Signed: June 8th, 2026

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | Chapter 11 |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER REQUESTING INFORMATION FOR JUNE 15, 2026, CONTINUED HEARING

On June 8, 2026, the Court held a preliminary hearing on the disclosure statements proposed by the Debtor and the Official Committee of Unsecured Creditors (the "Committee") in this case and all related papers (the "Preliminary Hearing").[1] The Court and the parties identified several issues that each plan proponent needs to revise or supplement prior to the Court approving, and the parties circulating, any disclosure statement for the proponent's proposed plan of reorganization. To that end, the Court is continuing the hearing on the Disclosure Statement Papers and will consider revisions and supplements as presented to the Court and the parties in the course of the continued hearing. The Court will issue a separate Notice setting the continued hearing dates, which the Court may modify based on the parties' progress on the Disclosure Statement

---

[1] ECF 2511, 2512, 2521, 2528, 2531, 2532, 2533, 2534, 2535, 2563, 2566, 2576, 2578 (collectively, the "Disclosure Statement Papers").

Papers. In addition, to help facilitate the parties' presentations at the continued hearing, the Court requests that the parties file the information set forth below.[2]

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that, **on or before June 15, 2026, at 9:00 a.m., ET**, the Debtor and the Committee each shall file:

- A summary of any changes to their proposed plan of reorganization and related disclosure statement since the Preliminary Hearing.[3]

- A bullet point list of the risks attendant to their respective proposed plan of reorganization, including confirmation risks, postconfirmation appellate risks, state court litigation risks, insurance coverage risks, payment risks, and claims administration risks.

- A short summary of the legal authority supporting the assumptions used to include or exclude assets or property values in the Liquidation Analysis attached to their respective disclosure statement.

- A short summary of the payment scheme proposed by their respective plan of reorganization, including estimated recoveries and any potential changes to those estimated recoveries from, among other things, an increase or decrease in allowed claims, administrative or unexpected costs associated with postconfirmation matters (including the administration of the trust(s) under the respective plans), and any amounts that an

---

[2] The Court is not asking for exhaustive briefing on any of the issues identified by this Order or at the Preliminary Hearing. Rather, the Court seeks additional information for purposes of determining the proper scope of disclosures on the relevant issues under section 1125 of the Bankruptcy Code.

[3] The Court asks that the parties avoid filing a redline of their respective disclosure statements and plans of reorganization unless and until the plan proponent believes that it has no further changes to consider or make. As such, a simple outline of any changes is all that is required by this Order.

individual claimant may have to deduct to pay lawyer(s) representing them in this case or in related state court litigation.[4]

and it is further

**ORDERED**, that, **on or before June 15, 2026, at 9:00 a.m., ET**, any insurance company who filed one of the Disclosure Statement Papers may file a bullet point list of: (a) provisions required to make any proposed plan of reorganization "insurance neutral" from the insurance companies' perspective(s), and (b) potential risks to confirmation of either proposed plan from the insurance companies' perspective(s); and it is further

**ORDERED**, that each list and summary filed in accordance with this Order should be succinct and no longer than three pages (with appropriate margins, font, and spacing); and it is further

**ORDERED**, that any party required to file information under this Order may file a Line requesting an extension based on the grounds articulated at the Preliminary Hearing.

cc:     All parties

**END OF ORDER**

---

[4] On this latter point, the Court acknowledges that contingency fees may vary but the point of the reduction should be noted for claimants. Also, those contingency fees should be disclosed in the required disclosures for attorneys representing multiple claimants under Bankruptcy Rule 2019. *See, e.g., In re Diocese of Rochester*, No. 19-20905 (Bankr. W.D.N.Y. May 23, 2023), ECF 2141 (Order Granting Motion by Continental Under Bankruptcy Rule 2019).

3