IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>**THE ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE**<br><br>Debtor. | Case No.: 23-16969-MMH<br><br>Chapter 11 |

**THE UNITED STATES TRUSTEE'S**
**OPPOSITION TO APPROVAL OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS' DISCLOSURE STATEMENT**
**FOR THE THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
**FOR THE ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE**

Matthew W. Cheney, Acting United States Trustee for Region 4, pursuant to 11 U.S.C. §§ 303(a), 1125 and 1129, and in accordance with this Court's order dated July 23, 2026 (*see* Doc. 2765), files this opposition to the approval of The Official Committee of Unsecured Creditors' Disclosure Statement for the Proposed Chapter 11 Plan of Reorganization for the Roman Catholic Archbishop of Baltimore (the "Disclosure Statement").

**BASIS FOR OBJECTION**

1. The Disclosure Statement is heavily redacted. (*See, e.g.,* Doc. 2787 at 38-44, 48-55.) The United States Trustee understands why this is and recognizes that the Committee seeks to provide unredacted information, but as of now, a redacted disclosure statement lacks disclosure and, thus, lacks adequate information. Moreover, without seeing

the redacted information, it is not possible to analyze whether that information, even if disclosed, is adequate.[1]

2.       Throughought the Disclosure Statement and The Official Committee of Unsecured Creditors' Third amended Chapter 11 Plan of Reorganization for the Roman Catholic Archbishop of Baltimore (the "Plan"), the Committee makes reference to settlement agreements with the "Settling Insurers," and the terms thereof.  (*See e.g.*, Doc. 2787 at 2, 10, 11, 15; Doc. 2788 at 5, 14, 51.)  Indeed, the Disclosure Statement even provides that "if there are any differences or inconsistencies between either this Disclosure Statement and the Plan, on the one hand, and any Insurance Settlement Agreement … the Insurance Settlement Agreement Controls." (Doc. 2787 at 15.)

However, no such settlement agreement has ever been made public, no such settlement agreement is attached to the Disclosure Statement at this time,[2] and the terms of those agreements have not been disclosed, much less approved by this Court.  Given how fundamental the terms of those agreements are to the Plan, a disclosure statement that does not provide the terms of those agreements does not provide adequate information.[3]

---

[1] The U.S. Trustee "shall have full access" to information filed under seal. *See* 11 U.S.C. §107(c)(3). Creditors, however, will be unable to review the sealed information, and unable to use it in deciding how to vote for the Plan. Disclosing information to the Court under seal is not a substitute for the requirement of providing "adequate information" to the holders of a claim or interest. 11 U.S.C. §1125(b).

[2] The Disclosure Statement indicates that such agreements will be attached at some point. (*See* Doc. 2187 at 10-11, notes 2-4.)

[3] In this Court's Order Setting Deadline to File Amended Disclosure Statements and Setting Final Hearing on Amended Disclosure Statements, the Court expressly provided that "[t]o the extent either proposed plan of reorganization is based on proposed settlements with third parties … adequate information concerning the key terms and the financial implications of those matters must be adequately disclosed and included in any Amended Disclosure Statement filed on or before July 27, 2026." (*See* Doc. 2765 at 2 n.2.)

3.      The excessive use of defined terms in the Plan makes the Plan incomprehensible and renders the Disclosure Statement that is meant to describe it lacking in adequate information.  The Disclosure Statement cannot adequately describe a Plan that is itself incomprehensible.

4.      The Disclosure Statement Describes a plan that has two "paths."  (*See* Doc. 2787 at 3-5.)  Under the first "path," various non-debtor entities affiliated with the Roman Catholic Archbishop of Baltimore (the "Debtor") can choose to file bankruptcy cases of their own and be substantively consolidated with the Debtor, thereby providing a larger "pot" of money for distribution.  (*See* Doc. 2787 at 3.)  Under the second "path" entities affiliated with the Debtor can voluntarily contribute financially to the Plan and, in exchange, they are released from liability as if they had filed bankruptcy themselves.  (*See* Doc. 2787 at 3-5.)

While perhaps it is meant to be implicit, the first "path" does not seem to appear anywhere in the Plan.  Section 12.24 of the Plan seems to describe a continuation of the involuntary substantive consolidation process of the Committee's prior plans.  (*See* Doc. 2788 at 95-96).[4]  Then, Section 12.27 seems to describe the second "path."

To the extent the Plan contemplates substantive consolidation with entities that have not voluntarily filed their own bankruptcy cases, the United States Trustee reiterates and

---

[4] Perhaps the Committee means for this Section to apply only to entities that have voluntary chosen to file their own bankruptcy cases, but such a pre-requisite is not explicit in the Plan.

incorporates his prior objection to such consolidation.  (*See* Doc. 2365; *see also In re The Archdiocese of Saint Paul and Minneapolis,* 888 F.3d 944 (8th Cir. 2018).)

5.      The Plan provides non-consensual releases of claims against non-debtors in violation of *Harrington v. Purdue Pharma, L.P.*, 603 U.S. 204, 227 (2024).  Among the parties receiving releases of claims in the Plan are the Settling Insurers as well as entities affiliated with the Debtor who, while not filing bankruptcy themselves, voluntarily contribute financially to the Plan (referred to as Opt-In Consolidated Entities).[5]  (*See* Doc. 2788 at 51-53; 89-92, 152-63.)

Given the similarities between the releases, injunctions and exculpation provisions contained in the Plan and those contained in the Plan submitted by the Debtor, the United States Trustee incorporates by reference the objections raised to the non-consensual releases, injunctions and exculpation provision in his "Opposition To Approval of the Disclosure Statement in Support of the Third Amended Chapter 11 Plan of Reorganization for the Roman Catholic Archbishop of Baltimore, a Corporation Sole."

6.      The releases are not consensual.  Although the Plan attempts to create the appearance of consent with the provision of a "Consenting Abuse Claimant Release Agreement" and a "Non-Participating Abuse Claim Release Agreement,"[6] both documents

---

[5] Non-debtors receiving releases in the Plan are referred to in various ways throughout the Plan, including but not limited to Released Parties, Protected Parties, Opt-In Consolidated Entities and Settling Insurers.

[6] Sometimes referred to a s a "Non-consenting Abuse Claimant Release." (*See* Doc. 2788 at 158.)

actually provide substantial third-party releases.  (*See*, Doc. 2788 at 152-163.)  And, "the Plan requires Abuse Claimants to make a release election before receiving a payment from the Trust."  (*See* Doc. 2787 at 4.)  Thus, in order to receive any payment at all, a claimant must provide at least some third-party releases.  Coercing a creditor to provide a third-party release as a condition of receiving plan distributions does not make the release consensual.  *See Reichart v. Rapid Invs., Inc.*, 56 F.4th 1220, 1230-31 (9th Cir. 2022) (holding that if an offeree is penalized unless an offer is accepted, that "preclude[s] an inference of assent.").

In addition, the Plan itself does not place conditions on most of the third-party releases, so it appears confirmation of the Plan would impose those releases regardless of whether a creditor consented.  (*See* Doc. 2788 at 51-52, 82-87, 89-92.)  The Plan also contemplates that the Settling Insurers will be released from liability to non-debtors through other orders in this case.  (*See* Doc. 2788 at 51-52, 84-87.)[7]

Finally, to the extent the Plan does allow creditors to effectively avoid the releases by withholding consent, the Plan requires them to opt out of the release, rather than to affirmatively demonstrate consent by opting in to the releases.  Mere failure to act does not constitute consent and the Court should not permit such a trap for the unwary.

---

[7] As noted, no motions seeking approval of the settlements with any Settling Insurers have been filed, so the United States Trustee does not know precisely what relief is being sought or the legal basis for such relief.  The United States Trustee reserves the right to object to any such motion.  As noted in his "Opposition To Approval of the Disclosure Statement in Support of the Third Amended Chapter 11 Plan of Reorganization for the Roman Catholic Archbishop of Baltimore, a Corporation Sole," the relief sought, particularly the release of the insurers, appears to exceed anything permitted by Section 363 or any other provision of the Bankruptcy Code.

## CONCLUSION

For the reasons set forth above, the Court should deny approval of the Disclosure Statement.

|  |  |
|---|---|
|  | Matthew W. Cheney |
|  | Acting United States Trustee for Region 4 |

Date: July 29, 2026        By: /s/ *Hugh M. Bernstein*
                                Hugh M. Bernstein
                                (Fed. Bar No.: 23489)
                                United States Department of Justice
                                101 West Lombard Street, Suite 2625
                                Baltimore, Maryland 21201
                                (410) 962-4300
                                hugh.m.bernstein@usdoj.gov

                                Attorney for the United States Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 29th day of July, 2026, a copy of the foregoing document was filed electronically in the United States Bankruptcy Court for the District of Maryland and that according to the Court's CM/ECF records, electronic notice of this motion should be provided to the following persons:

Nathan D. Adler    nda@nqgrg.com, terry@nqgrg.com
Sam Alberts    sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com
Monique D. Almy    malmy@crowell.com, cbest@crowell.com
Monique Desiree Almy    malmy@crowell.com, cbest@crowell.com;malmy@ecf.axosfs.com;monique-almy-7127@ecf.pacerpro.com
Philip D. Anker    philip.anker@wilmerhale.com, Yolande.Thompson@wilmerhale.com
Ryan S. Appleby    rappleby@gibsondunn.com
G. Calvin Awkward    cawkward@goldbergsegalla.com, wbartholomew@goldbergsegalla.com
Jesse Bair    jbair@burnsbair.com, kdempski@burnsbair.com
Jodie E. Bekman    jbekman@gfrlaw.com, dferguson@gfrlaw.com
Michael J. Belsky    mbelsky@sbwdlaw.com
Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
Eileen King Bower    eileen.kingbower@clydeco.us, christopher.white@clydeco.us
Diane C. Bristow    dcb@nqgrg.com, taylor@nqgrg.com
Timothy W. Burns    tburns@burnsbair.com, kdempski@burnsbair.com
Edwin H Caldie    ed.caldie@stinson.com, jess.rehbein@stinson.com
Richard L. Costella    rcostella@tydings.com, scalloway@tydings.com;MYoung@tydings.com;zjones@tydings.com;swilliams@tydings.com
Jillian Dennehy    jillian.dennehy@kennedyslaw.com
Robert Wagner DiUbaldo    rdiubaldo@carltonfields.com
Adam Ross Durst    adurst@goldbergsegalla.com
Philip Tucker Evans    philip.evans@hklaw.com, kimi.odonnell@hklaw.com;hapi@hklaw.com
Justin Philip Fasano    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;mevans@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
Kevin Foreman    kforeman@carltonfields.com
Andrew Freeman    adf@browngold.com, khill@browngold.com;ldyson@browngold.com

Andrew Glasnovich     drew.glasnovich@stinson.com
Gary R. Greenblatt     grg@cooncolelaw.com,
cmh@cooncolelaw.com;mes@cooncolelaw.com
Geoffrey Grivner     geoffrey.grivner@bipc.com, donna.curcio@bipc.com
Alan M. Grochal     agrochal@tydingslaw.com, scalloway@tydings.com
Adam P. Haberkorn     ahaberkorn@omm.com, adam-haberkorn-
2269@ecf.pacerpro.com
Samantha Hanson-Lenn     samantha.hansonlenn@stinson.com,
mpl.lssteam5@stinson.com
Megan Harmon     megan.harmon@bge.com
Ezhan Syed Hasan     ahasan@wiley.law
Matthew Allan Hoffman     mhoffman@gibsondunn.com
Catherine Keller Hopkin     chopkin@yvslaw.com,
pgomez@yvslaw.com;kreese@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf
@gmail.com;hopkincr39990@notify.bestcase.com
Todd C. Jacobs     tjacobs@phrd.com
Robert Keith Jenner     rjenner@jennerlawfirm.com
Joshua Kahn     jkahn@sfspa.com
Steven J Kelly     skelly@gelaw.com,
vbeal@gelaw.com,gnovod@gelaw.com,4523903420@filings.docketbird.com
Nicole Khalouian     nicole.khalouian@stinson.com
Anthony Kikendall     kikendalla@whiteandwilliams.com
Robert H. Kline     kliner@whiteandwilliams.com
Eric George Korphage     korphagee@whiteandwilliams.com
Robert T Kugler     robert.kugler@stinson.com
Christopher Scott Kunde     scott.kunde@hklaw.com
Emily C Malarkey     malarkey@mdtrialfirm.com
Stephen A. Markey     steve@markeylawfirm.com, amy@markeylawfirm.com
Anthony May     amay@browngold.com
Siobhain Patricia Minarovich     minarovichs@whiteandwilliams.com
James R Murray     Jim.Murray@blankrome.com
Michael Raymond Naccarato     mrnaccarato@gw-law.com
Matthew Nelson     matthew.nelson@kennedyslaw.com,
linda.conigliero@kennedyslaw.com
Janet M. Nesse     jnesse@mhlawyers.com,
jfasano@mhlawyers.com;cpalik@mhlawyers.com;jnesse@ecf.inforuptcy.com;tmac
key@mhlawyers.com;cmartin@mhlawyers.com;kfeig@mhlawyers.com
Gordon Z. Novod     gnovod@gelaw.com
Timothy P. Palmer     timothy.palmer@bipc.com
Ryan S. Perlin     perlin@mdtrialfirm.com
Mark D. Plevin     mplevin@plevinturner.com
Mark David Plevin     mplevin@crowell.com
Marie Ysabelle Hope Gatmaitan Reyes     yreyes@wiley.law

David Kendall Roberts    droberts2@omm.com, dave-roberts-9007@ecf.pacerpro.com
Matthew Roberts    mroberts@phrd.com
Annette Rolain    arolain@ruggerilaw.com, bkfilings@ruggerilaw.com
Michael Rosenthal    mrosenthal@gibsondunn.com
Blake Daniel Roth    blake.roth@hklaw.com, brooke.freeman@hklaw.com;cathy.young@hklaw.com
James Pio Ruggeri    jruggeri@ruggerilaw.com
Isabella Sayyah    isayyah@gibsondunn.com
Jonathan Schapp    jschapp@goldbergsegalla.com, bfaulkner@goldbergsegalla.com;kallen@goldbergsegalla.com
Tancred Schiavoni    tschiavoni@omm.com, tancred-schiavoni-9326@ecf.pacerpro.com
Jeffrey R. Scholnick    jscholnick@scholnicklaw.com, ccasado@scholnicklaw.com;scholnick.jeffreyb107952@notify.bestcase.com
Gary Paul Seligman    gseligman@wiley.law
David J. Shuster    dshuster@kg-law.com, ssohn@kg-law.com
Alex B Silverman    asilverman@carltonfields.com
Natalie L. Soloperto    NSoloperto@gibsondunn.com
Morgan Kathleen Stippel    mstippel@burnsbair.com, kdempski@burnsbair.com
Miranda Turner    mturner@plevinturner.com, miranda-turner-7827@ecf.pacerpro.com
US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV
Nora Anne Valenza-Frost    nvalenza-frost@carltonfields.com
John P Van Beek    jvanbeek@goldmanvanbeek.com, gvbparalegal@goldmanvanbeek.com;hcurrier@goldmanvanbeek.com
Irving Edward Walker    iwalker@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com
Joshua D Weinberg    jweinberg@ruggerilaw.com
Matthew Michael Weiss    mweiss@phrd.com
Robert Matthew Westra    rwestra@ppsrlaw.com, westrarr66199@notify.bestcase.com
Harris B. Winsberg    hwinsberg@phrd.com
Thomas Yost    staceyhare@yostlaw.com

And that further notice is being provided to all required parties by Epiq Corporate Restructuring, LLC.

/s/  *Hugh M. Bernstein*
Hugh M. Bernstein

- 9 -