Entered: September 25th, 2026
Signed: September 25th, 2026

**SO ORDERED**

MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Baltimore**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | |
| Debtor. | * | Chapter 11 |
| | * | |

* * * * * * * * * * * * *

**<u>INTERIM ORDER AUTHORIZING SEAL OF DECLARATIONS</u>**

The matter before the Court is the Joint Motion to File Declarations Under Temporary Seal (the "Joint Motion"), filed by the above-captioned debtor and debtor-in-possession (the "Debtor") and the Official Committee of Unsecured Creditors (the "UCC"). ECF 2928. The Declarations underlying the Joint Motion were filed in response to this Court's Order at ECF 2921. They also relate to information that the Court previously found appropriate for a temporary seal, as relating to a pending mediation between the Debtor and the UCC.[1]

The Court has reviewed the Joint Motion and the circumstances of this case (including the sensitive nature of much of the information involved in this case and the context of the mediation). The Court finds that the unique circumstances of this case, the short duration of the requested seal,

[1] On June 15, 2026, the Court entered an Order Assigning Certain Issues to Bankruptcy Dispute Resolution Program and Appointing Mediator (the "Mediation Order"). ECF 2600. The Mediation Order specifically states that "the Honorable Thomas J. Catliota shall serve as the judicial mediator between the Debtor and the Committee regarding the Mediation Issues[.]" *Id.* The Declarations pertain to this mediation – specifically that between only the Debtor and the UCC. *See also* ECF 2919, 2922.

and the benefit to all parties in interest by allowing the mediation to continue towards a potential resolution, all support the requested relief.

The Court is mindful of the public nature of documents filed in any bankruptcy case and values transparency in all cases. It does not enter a seal—even a temporary one—lightly. The nature of this case, the hundreds of creditors impacted by it, and the confidential nature of the mediation warrant a slight reprieve from the public filing requirement. Indeed, premature release of information would be incomplete and inaccurate and, in this Court's estimation, could cause irreparable damage to the interests of all creditors, the bankruptcy estate, and the Debtor.[2] In this regard, the Court finds support for the temporary seal granted by this Order in sections 105 and 107 of the Bankruptcy Code and Bankruptcy Rule 9018.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Joint Motion is granted on an interim basis as set forth herein; and it is further

**ORDERED**, that the Court will hold a hearing on the Joint Motion **on October 23, 2026, at 10:00 a.m. by videoconference**; and it is further

**ORDERED,** that the Declarations (as defined in the Joint Motion) filed by the Debtor and the UCC shall remain under seal pending further order of the Court and shall not be made publicly available on the Court's docket; and it is further

**ORDERED,** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**

[2] *See, e.g., In re Knight Pub. Co.*, 743 F.2d 231, n. 1 (4th Cir. 1984) ("The court may temporarily seal the documents while the motion to seal is under consideration so that the issue is not mooted by the immediate availability of the documents.").