Entered: September 25th, 2026
Signed: September 25th, 2026

**SO ORDERED**

MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Baltimore**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | |
| Debtor. | * | Chapter 11 |
| | * | |

* * * * * * * * * * * * *

**ORDER SETTING FILING DEADLINES AND HEARING ON CLAIM OBJECTIONS**

The matter before the Court arises from the Joint Stipulation by the Debtor and Official Committee of Unsecured Creditors to Continue Hearings (the "Stipulation"). ECF 2914. By the Stipulation, the above-captioned debtor and debtor-in-possession (the "Debtor") and the Official Committee of Unsecured Creditors (the "UCC") request that pursuant to the Court's Order Setting Deadlines and Hearing (the "Scheduling Order") [ECF 2879],[1] the Court continue the "Scheduled Matters" for a period of 45 days to permit the parties to continue their negotiations toward a consensual resolution. ECF 2914.

The Scheduling Order provides, in relevant part, that "the Court will only modify or extend the deadlines and hearing dates set forth herein with the consent of all parties currently subject to the Court's Mediation Order [ECF 705] in this case, or compelling circumstances and good cause established through an evidentiary hearing on the same." ECF 2879. The Court requested

[1] *See also* ECF 2559, which also addresses matters included in the Scheduled Matters. Capitalized terms used but not otherwise defined herein have the meanings given to them in the Stipulation.

additional filings from the parties to determine whether adequate grounds exist for the requested extension of time. *See* ECF 2921. The parties have now filed those papers. *See, e.g.,* ECF 2926, 2928, 2929, 2930, 2932.[2]

One of those papers was filed by Century Indemnity Company, as a successor to CCI Insurance Company, which is a successor to Insurance Company of North America, and Indemnity Insurance Company of North America ("Century"). ECF 2932. That paper relates to Century's Objection to Claim Nos. 70050 and 10199 and Motion for Disallowance of Claim ("Century's Claim Objection" and together with the Debtor's Claim Objections, the "Claim Objections") and sets forth a response to the Stipulation (the "Response"). ECF 2889, 2932. The Response indicates that of the Scheduled Matters, Century opposes only continuing the hearing on the Debtor's Claim Objections and requests that the Court either maintain the October hearing dates[3] and include Century's Claim Objection or schedule the Claim Objections for hearing "on such date as soon thereafter that is convenient for the Court." ECF 2932.

The Court understands the nature of Century's Response and its request to resolve outstanding issues with certain claims asserted in this case. The Court, however, continues to find value in scheduling matters in this case in a manageable and methodical way, allowing all parties time to review, consider, and respond to pending matters given where other pending matters in the case are situated. To that end, the Court finds value in keeping the Debtor's Claim Objections and Century's Claim Objection on the same schedule as other related matters pending in this case, which have been scheduled for hearing.[4]

---

[2] The Court addresses papers, other than ECF 2932, by separate Order.

[3] By an Order dated September 15, 2026, the Court denied Century's Motion to Shorten Time and provided that it would set a hearing and response deadline for Century's Claim Objection in the ordinary course. No date has yet been set by the Court for that hearing. *See* ECF 2902.

[4] As the Court explains more fully in a separate Order, the Court finds adequate cause to continue the hearing currently scheduled on the Debtor's Claim Objections given, among other things, the Stipulation, the unique circumstances of this case, and the general posture of this case.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that any responses or opposition to Century's Claim Objection shall be filed **on or before November 6, 2026**; and it is further

**ORDERED**, that any papers filed in response to papers filed in accordance with the immediately preceding decretal paragraph, and any status updates regarding the Debtor's Claim Objections shall be filed **on or before November 13, 2026**; and it is further

**ORDERED**, that the hearing on the Debtor's Claim Objections currently scheduled for October 5 and 6, 2026, has been removed from the Court's docket and is hereby continued; and it is further

**ORDERED**, that a hearing on the Claim Objections and all related papers either already filed or timely filed in accordance with this Order will be held on **November 19 and 20, 2026, at 9:00 a.m., ET in-person in Courtroom 9-C in Baltimore**; and it is further

**ORDERED**, that for compelling circumstances and good cause shown, the Court may alter the deadlines and hearing dates set forth herein at its discretion.

**END OF ORDER**