Entered: November 5th, 2026
Signed: November 5th, 2026

**SO ORDERED**

MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Baltimore**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | |
| Debtor. | * | Chapter 11 |
| | * | |

* * * * * * * * * * * * *

**ORDER DENYING *WITHOUT PREJUDICE* MOTION TO BAR THE CREDITORS' COMMITTEE FROM PARTICIPATING IN THE CLAIM OBJECTION PROCESS**

The matter before the Court is Century's Motion to Bar the Creditors' Committee from Participating in the Claim Objection Process (the "Motion"), filed by Century Indemnity Company, as a successor to CCI Insurance Company, which is a successor to Insurance Company of North America, and Indemnity Insurance Company of North America ("Century"). ECF 2893. By the Motion, Century requests that the Court prohibit the Official Committee of Unsecured Creditors (the "Committee") "from advocating on behalf of an individual settled claimant by opposing individual claim objections or sharing work product of evaluations of claim objections with individual claimants" under 11 U.S.C. § 105. On November 4, 2026, Century filed a letter to the Court addressing, among other things, the Motion; and on November 5, 2026, American Casualty Company ("CNA") filed a joinder to the Motion. ECF 3070, 3071.

For the reasons set forth herein, the Court will deny the Motion *without prejudice*. Section 1109 of the Bankruptcy Code[1] provides, in relevant part,

> (b) A party in interest, including the debtor, the trustee, *a creditors' committee*, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b) (emphasis supplied). The Supreme Court has explicitly ruled that § 105(a) does not allow bankruptcy courts to "override explicit mandates of other sections of the Bankruptcy Code[,]" because it is "quite impossible" to "'carry out' the provisions of the Code" by "taking action that the Code prohibits." *Law v. Siegel*, 571 U.S. 415, 421 (2014) (citations omitted). The Court, thus, may not preemptively bar the Committee from participating in the claims administration process.

The Court does not address herein the appropriate or permissible parameters of the Committee's participation in the claims administration process or any hearing on the same. The Court will, however, address any specific issues as they arise in the context of the claims administration process or a hearing on objections to claims.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion is denied *without prejudice* to Century's or CNA's ability to raise related issues on other or more specific grounds as they may arise.

**END OF ORDER**

[1] 11 U.S.C. §§ 101 et seq. (the "Code").