**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-16969-MMH<br><br>Judge Michelle M. Harner |

**SUPPLEMENTAL RESPONSE OF CERTAIN SURVIVOR CLAIMANTS IN OPPOSITION TO CLAIM OBJECTIONS PREMISED ON PRIOR SETTLEMENTS WITH THE DEBTOR**

Certain survivor claimants (the "Survivors"), through undersigned counsel, submit this Supplemental Response in opposition to individual claim objections from the Debtor and certain insurance companies (the "Settled Claims Objections")[1] asserting that the settlement agreements and corresponding releases that the Survivors previously executed with the Debtor are valid such that their claims in the Debtor's bankruptcy proceedings should be disallowed. As explained below, Survivors require discovery related to these alleged settlements to support possible defenses, including that their attorney may have had a conflict of interest and that the settlements may have been procured by fraudulent representations or fraudulent concealment. Despite the Court providing for informal discovery relating

[1] The Settled Claims Objections addressed by this Supplemental Response include the objections to Claim Nos. 70516 (ECF No. 1574), 70518 (ECF No. 1575), 70003 (ECF No. 1557), 70006 (ECF No. 1558), 70007 (ECF No. 1559), 70009 (ECF No. 1560), 70010 (ECF No. 1561), 70017 (ECF No. 1562), 70047 (ECF No. 1563), 70048 (ECF No. 1564), 70050 (ECF No. 1565), 7069 (ECF No. 1566), 70075 (ECF No. 1550), 70506 (ECF No. 1572), 70736 (ECF No. 1581), 70806 (ECF No. 1583), and 70366 (ECF No. 1568), as identified in the Survivors' Lines regarding the Debtor's claim objections on the basis of prior settlements, ECF Nos. 1921, 1960, and 1969.

to claim objections, the Debtor has failed to respond to numerous requests for discovery related to these claims. In addition, the Court lacks jurisdiction to resolve the claim objections because they are personal injury cases, and the U.S. Constitution prohibits bankruptcy courts from issuing final orders disallowing such a claim. Accordingly, the Settled Claims Objections should be overruled or, in the alternative, the Court should defer considering the Settled Claims Objections and enter a scheduling order permitting the Survivors to take discovery.

## SUMMARY

In accordance with the Court's prior instructions, the Survivors previously filed a Line opposing the Debtor's Settled Claims Objections, joined the Official Committee of Unsecured Creditors' Opposition to Debtor's Motion to Establish Procedures for Objections to Proofs of Claim and Responses Thereto, and requested discovery and requesting discovery on the circumstances of their prior settlements.

In anticipation of the upcoming hearing on the Debtor's Claim Objections, this Supplemental Response further addresses the Settled Claim Objections, which involve the Debtor's and certain insurers' erroneous position that this Court can decide—on the face of a proof of claim and without any discovery—that the Debtor is not liable to the Survivor because the Survivor previously executed a settlement agreement and release.

Maryland law controls whether the prior settlement agreements and corresponding releases were valid and whether the Survivors have cognizable defenses sounding in contract. The evidence bearing on the validity of the settlement agreements, releases, and any available defenses—including documents

and communications regarding the Debtor's Voluntary Mediation Program ("VMP"), the identity and contact information of the individual(s) most knowledgeable about the VMP's operations, documents and communications regarding the attorneys who represented the Survivors in their settlement negotiations, and other matters relevant to this highly factual inquiry—are largely (or entirely) in the Debtor's possession through documents it maintains and witnesses it controls. The Survivors have never had access to this proof, because the Debtor filed for bankruptcy two days before the Child Victims Act of 2023 (the "CVA") allowed the Survivors to sue. *See* Md. Code, Cts. & Jud. Proc. § 5-117.

Because discovery is required on these fact-specific inquiries, and because this Court is not the proper forum for discovery into these issues and an ultimate determination of the claims, the Debtor's Settled Claims Objections should be overruled, or, at a minimum, designated as evidentiary matters subject to discovery.

## PROCEDURAL BACKGROUND

On September 29, 2023 (the "Petition Date"), two days before the CVA took effect on October 1, 2023, the Debtor filed its Chapter 11 petition. The automatic stay prevented every survivor from filing suit and obtaining any discovery related to the Debtor's liability for their abuse.

On January 16, 2024, the Court entered an order establishing the claims process. ECF No. 316 (the "Claims Procedures Order"). The Claims Procedures Order defined "Survivor Claims" to include claims "under any theory of liability, including vicarious liability, any negligence-based theory," or any other theory based on persons "for whose acts or failure to act the Debtor is or was allegedly

responsible, including but not limited to, claims against clergy, deacons, seminarians, employees, teachers, volunteers, parishes, schools, or other entities related to the Debtor." *Id.* at 3. It provided that "a Survivor need only submit a completed proof of claim form" to file a timely claim. *Id.* at 4.

The Court also encouraged Survivors to complete a Sexual Abuse Claim Supplement, which asked who committed the abuse, that person's "position, title, or relationship to you," where and when the abuse occurred, and what happened. *Id.*, Ex. 1, Part 3, Questions 1-5. The Sexual Abuse Claim Supplement also asked: "Regardless of whether a complaint was ever filed against any party because of the sexual abuse, have you settled any claim or demand relating to the sexual abuse described in this claim?" *Id.*, Ex. 1, Part 4, Question 4.

In November 2025, the Debtor filed thirty-four individual objections on the grounds that "the proof of claim is filed by an individual who has previously entered a settlement with the Debtor, which is documented in an executed settlement agreement containing releases of all claims against, among others, the Debtor." ECF No. 2021, at 4 ¶ 19; *see also* ECF No. 1762, Ex. C (listing all Settled Claim Objections). In October 2026, multiple insurance companies, including American Casualty Company and Century Indemnity Company, filed similar claim objections. *See, e.g.*, ECF Nos. 2974, 2978.

On December 2, 2025, the Court issued its Interim Procedures Order, instructing the Survivors to file a Line indicating whether they oppose the Debtor's claim objection. ECF No. 1764, at 3. Recognizing that Survivors may lack the

information needed to meaningfully oppose a claim objection, the Interim Procedures Order also permitted the Survivors to "ask questions regarding, or request information concerning, the Claim Objection by contacting Blake Roth," counsel for the Debtor, and prescribed that Mr. Roth "shall use his best efforts to acknowledge and, if possible, respond to any such requests or questions within three business days." *Id.* at 2–3.

Pursuant to the Interim Procedures Order, the Survivors filed lines on January 29 and 30, 2026, opposing each Settled Claims Objection. ECF Nos. 1921, 1960, 1969. Various attorneys representing the Survivors also requested that the Debtor provide discovery information about factual and legal issues surrounding the Survivors' settlement agreements and releases with the Debtor. *See, e.g.*, Ex. 1, Letter from Joshua Kahn to Blake Roth (Jan. 28, 2026); Ex. 2, Letter from Andrew Freeman to Blake Roth (Feb. 25, 2026); Ex. 3, Emails between Frank Natale & Blake Roth (Mar. 16, 2026–May 19, 2026).

On February 10, 2026, the Debtor moved to establish claim objection procedures. ECF No. 2021 (the "Procedures Motion"). The Debtor indicated that, in a future "Claims Status Report," it would label all claim objections either a "Summary Objection" (objections based on the "failure to state a claim upon which relief can be granted") or "Evidentiary Objection" (objections based on other grounds). *Id.* at 8, ¶ 40. The Debtor also asked the Court to decide the Summary Objections at an initial hearing prior to any discovery under a Rule 12(b)(6) failure-to-state-a-claim standard, "as determined under Bankruptcy Rule 7012 which may

be made applicable" to contested matters. *Id.* at 9, ¶¶ 41(a)(ii)–(iii). Despite having said that it would distinguish between Summary Objections and Evidentiary Objections, the Debtor's February 17, 2026, Line Regarding Status of Claim Objections was silent as to which category the Debtor believed the Settled Claim Objections fell into. ECF No. 2058. The Official Committee of Unsecured Creditors opposed the Procedures Motion, ECF No. 2078, and the Survivors joined that opposition on February 24, 25 and 26, 2026. ECF Nos. 2079, 2082, 2096.

On April 6, 2026, the Court issued an Order limited to the resolution of claim objections relating to "Amended and Superseded Claims." ECF No. 2186. The Court specifically stated in that Order that "the Court will take the remaining matters addressed by the Order under advisement" (*i.e.,* the substantive claim objections, including the Settled Claims Objections). The Settled Claims Objections have been in this posture since then; no formal discovery has occurred because no procedural framework has been established for it to occur,[2] and Mr. Roth has not provided the information or discovery requested by counsel for the Survivors, although far more than three business days have elapsed.

---

[2] The Debtor's own Procedures Motion asked the Court to order that formal discovery "shall not be conducted" until the Court enters a scheduling order, and to bar formal discovery on Summary Objections altogether. ECF No. 2021 ¶¶ 41(a)(iii), 51.

# ARGUMENT

## I. Survivors cannot meaningfully oppose the Claim Objections without the opportunity to conduct discovery, which this Court has authorized and Survivors have already requested.

Survivors who previously signed settlement and release agreements with the Debtor require discovery into numerous factual and legal issues concerning defenses to the Claim Objections. The Court has authorized discovery and established a mechanism for Survivors to obtain discovery from the Debtor about Claim Objections, and Survivors have requested discovery on multiple occasions with no meaningful response from the Debtor. Because the Debtor has failed to respond to these requests, the Court should overrule the Claim Objections or defer considering the Claim Objections until Survivors have the opportunity to conduct the discovery needed to present defenses.

### A. Survivors require discovery into the factual and legal grounds for Claim Objections.

To support their defenses to the Claim Objections, Survivors require the chance to obtain information about their previously settled claims with the Debtor. For example, Survivors have reason to believe that, prior to the Child Victims Act of 2023, the Debtor paid attorneys for Survivors to settle claims of child sexual abuse. Ex. 5, Decl. of Andrew D. Freeman, ¶¶ 5–6. Because a desire for payment from the Debtor in future cases could have led the attorney for a Survivor to advocate for a lower settlement (i.e., could have interfered with her independence of professional judgment) and because Survivors' attorneys may not have obtained the Survivors' informed consent, such an arrangement could have created a conflict of interest that

violates Maryland Rules 19-301.7 and 19-301.8(f). Survivors need discovery into whether the Debtor funded their previous legal counsel to determine whether a conflict existed that "constitute[s] the type of 'clear and flagrant' violation" of the ethical rules "that would require a court to set aside the resulting agreement." *Shih Ping Li v. Tzu Lee*, 437 Md. 47, 63 (2014).

In addition, settlement releases in Maryland are "governed by ordinary contract principles," *Chi. Title Ins. Co. v. Lumbermen's Mut. Cas. Co.*, 120 Md. App. 538, 548 (1998), and the defenses available to render a contract void or voidable apply. Survivors' previous agreements with the Debtor may be voidable if they were obtained through fraudulent inducement or fraudulent concealment; for example, if the Debtor obscured that it had reason to know that a Survivor's abuser posed a heightened risk of danger (e.g., because he previously abused other children) before he abused the Survivor or otherwise misled Survivors into believing their claims had low value. *See, e.g.*, *Rhee v. Highland Dev. Corp.*, 182 Md. App. 516, 525–26 (2008); *Greenfield v. Heckenbach*, 144 Md. App. 108, 130 (2002). A previous agreement with Debtor may also be unenforceable if it is unconscionable because it involved either (1) a Survivor's "lack of meaningful choice" or (2) "contractual terms that unreasonably favor" the Debtor. *Barrie Sch. v. Patch*, 401 Md. 497, 517 (2007). Survivors cannot know the full picture of fraudulent concealment or lack of meaningful choice without discovery into the circumstances of their settlements and releases.

### B. The Federal Rules authorize the discovery Survivors need.

Federal Rules of Bankruptcy Procedure 9014(c)(1) and 7056 provide that Federal Rule of Civil Procedure 56 applies to contested matters. As such, because Survivors have "show[n] by affidavit or declaration that, for specified reasons, [they] cannot present facts essential to justify [their] opposition, the court may" overrule the Claim Objections, defer considering the Claim Objections, allow Survivors time to "take discovery," or "issue any other appropriate order." Fed. R. Civ. P. 56(d).

### C. This Court has authorized discovery regarding the Claim Objections.

Recognizing that Survivors need information about the Claim Objections against them before raising potential defenses, this Court established a mechanism for informal discovery. Nearly a year ago, on December 2, 2025, the Court issued an Order providing that Survivors or their counsel may request facts and information about a Claim Objection by contacting Blake Roth, counsel for the Debtor, by email or telephone. ECF No. 1764, at 2–3. The Order prescribes that "Mr. Roth shall use his best efforts to acknowledge and, if possible, respond to any such requests or questions *within three business days*." *Id.*

### D. Survivors' efforts to obtain discovery that have gone unanswered.

Counsel for Survivors with claim objections against them have contacted Mr. Roth numerous times but have yet to obtain any of the information needed to oppose claim objections. On January 28, 2026, Survivors' counsel Joshua F. Kahn emailed a letter to Mr. Roth requesting twenty categories of documents and information about the claim objections directed to his clients, including

identification of witnesses with knowledge supporting each objection and documents and communications regarding the Debtor's Voluntary Mediation Program and the attorneys and mediators who participated. Ex. 1, at 1–5. On February 25, 2026, Survivors' counsel Andrew D. Freeman emailed a letter to Mr. Roth requesting similar categories of documents and information, including "documents and communications relating to any settlement that the RCAB claims it entered into with" two specific Survivors. Ex. 2, at 1–3. On March 16, 2026, Survivors' counsel Frank Natale requested dates for the depositions of multiple RCAB witnesses, and Mr. Roth responded that "as it relates to any depositions in connection with the claim objections, we are going to wait until we have a ruling from the Court on the claim objections procedures." Ex. 3, at 2.

Most recently, on September 25, 2026, the attorneys representing Survivors whose claims are subject to pending claim objections wrote jointly to Mr. Roth regarding Survivors' need for discovery as to the "legal and factual grounds" in the Claim Objections. Ex. 4, Letter from Survivors' Counsel to Blake Roth, at 3 (Sept. 25, 2026). They explained that "Survivors cannot reasonably prepare for the adjudication of these fact-intensive Claim Objections without first receiving a meaningful opportunity to conduct discovery" and requested to meet and confer to set "a reasonable discovery and briefing schedule before the Court adjudicates the Claim Objections." *Id.* Despite the Court's mandate that Mr. Roth, on behalf of the Debtor, make every effort to respond to discovery requests from Survivors "within three business days," ECF No. 1764, at 3, Mr. Roth and the Debtor have not

provided any of the requested discovery or responded meaningfully to Survivors' requests.

The Debtor's refusal to provide discovery to Survivors flouts this Court's instruction and leaves Survivors unable to mount oppositions to the Claim Objections. Given that Survivors and their counsel remain largely in the dark about previous agreements with the RCAB, this Court should overrule the Claim Objections that relate to alleged prior settlement or defer consideration of those Claim Objections until Survivors have the opportunity to conduct the discovery they requested.

## II. This Court lacks jurisdiction to decide the Settled Claim Objections.

The Settled Claim Objections are personal injury cases that the Court lacks jurisdiction to decide because a bankruptcy court may not issue a final order disallowing a survivor's claim. The U.S. Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), established that the Constitution's vesting of the judicial power in Article III courts limits the authority of bankruptcy courts—as Article I tribunals—to enter final judgments on certain categories of claims. Although *Stern* addressed counterclaims designated by Congress as "core" under 28 U.S.C. § 157(b)(2)(C), the constitutional limitations recognized in *Stern* apply with even greater force to personal injury claims, which Congress has recognized are not core and a bankruptcy court cannot properly adjudicate them to finality.

Like the counterclaims in *Stern*, personal injury claims, as already recognized by Congress, are quintessential state law causes of action that do not arise under the Bankruptcy Code. Accordingly, any attempt by a bankruptcy court to enter a

final order sustaining or overruling objections to a survivor's personal injury claim would exceed its constitutional powers as an Article I court.

Congress has also limited the bankruptcy court's ability to enter final orders disallowing survivor claims. Title 28 of the U.S. Code contains multiple restrictions on this Court's authority over personal injury claims. These include 28 U.S.C. §§ 157(b)(2)(B), (O); 157(b)(5); and 1411(a).

Pursuant to 28 U.S.C. § 157(b)(1), a bankruptcy court "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11," subject to certain exceptions. When a proceeding is not a core proceeding, however, the bankruptcy court may only "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing [the contested matters] de novo[.]" 28 U.S.C. § 157(c)(1); *see also Stern*, 564 U.S. at 473–74 (2011) (examining core proceedings and bankruptcy courts' jurisdiction).

The Bankruptcy Code provides specific examples of what may or may not constitute a core proceeding. A core proceeding may include: allowance or disallowance of claims against the estate . . . and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 *but not the liquidation or estimation of contingent or unliquidated personal injury tort* or wrongful death claims against the estate for purposes of distribution in a case under title 11. 28 U.S.C. § 157(b)(2)(B) (emphasis added). Thus, although bankruptcy

courts may generally make final decisions concerning claims, Congress specifically removed personal injury claims from bankruptcy courts' core jurisdiction. Likewise, Section 157(b)(2)(O)'s catch-all exception does not include personal injury claims: "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims . . . ."

Instead, in the instance of a personal injury claim,[3] "[t]he district court shall order that personal injury tort . . . claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." 28 U.S.C. § 157(b)(5); *see also* Local Rule 405(3)(d). Moreover, 28 U.S.C. § 1411(a) preserves, without any exception applicable here, Survivors' rights to have their case tried by a jury notwithstanding anything contained in Title 28, chapter 87 or Title 11 of the United States Code.

Given these clear directives by Congress, this Bankruptcy Court cannot enter final orders deciding the merits of Survivors' claims, whether at trial or by dispositive motion. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an

---

[3] The claims asserted by the Survivors are personal injury claims concerning allegations of sexual assault. *See In re Gawker Media LLC*, 571 B.R. 612, 620 (Bankr. S.D.N.Y. 2017) (describing the different views of what actions are included as personal injury claims and explaining that the narrow view "requires a trauma or bodily injury or psychiatric impairment beyond mere shame or humiliation").

early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn." (emphasis added)); *In re Thomas*, 211 B.R. 838, 842 (Bankr. D.S.C. 1997) ("Having found that these actions do constitute personal injury tort claims, pursuant to 28 U.S.C. § 157(b)(5), this Court is *without subject matter jurisdiction to determine the merits* of the claims . . . ." (emphasis added)).

Because Congress explicitly withheld jurisdiction over personal injury claims from the core jurisdiction of the bankruptcy court, this Court cannot enter final orders on the Settled Claim Objections and must instead provide for their review and adjudication by the District Court or a State trial court through a jury trial.

## CONCLUSION

For all of these reasons, Survivors respectfully request that the Court overrule the Debtor's Settled Claims Objections. In the alternative, Survivors request that the Court (a) designate the Agency Objections as evidentiary, rather than summary, objections; and (b) enter a scheduling order permitting discovery.

Survivors further request that the Court deny the Debtor's Procedures Motion (ECF No. 2021) to the extent it would permit the Settled Claims Objections to be decided as Summary Objections without discovery.

Dated: November 12, 2026

Respectfully submitted,

/s/ *Andrew D. Freeman*

Andrew D. Freeman (Fed. Bar No. 03867)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Ste. 2500
Baltimore, MD 21202

T: (410) 962-1030
F: (410) 385-0869
adf@browngold.com

*Attorney for Survivors 183 and 941*

/s/ *Joshua F. Kahn*

Jonathan Schochor (Fed. Bar No. 07852)
Kerry Staton (Fed. Bar No. 00547)
Joshua F. Kahn (Fed. Bar No. 18238)
Schochor, Staton, Goldberg and Cardea, P.A.
1211 St. Paul Street
Baltimore, Maryland 21202
jschochor@sfspa.com
kstaton@sfspa.com
jkahn@sfspa.com
(410) 234-1000 – telephone
(410) 234-1010 – facsimile

*Attorneys for Survivors 339, 498, 691, 776, 886, 888, 889, 890, 999, 1000, 1002, 1015, 1023, and 1459*

/s/ *Emily C. Malarkey*

Ryan S. Perlin (Federal Bar No. 20840)
Emily C. Malarkey (Federal Bar No. 28197)
Malarkey Perlin, LLC
201 International Circle, Suite 170
Hunt Valley, Maryland 21030
410-793-7900 (telephone)
410-793-7911 (facsimile)
perlin@malperl.com
malarkey@malperl.com

*Attorneys for Survivor 1307*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 12, 2026, a true and correct copy of the foregoing Supplemental Response and Exhibits 1–5 was filed and served via the Court's CM/ECF e-filing system on all parties of record.

/s/ *Andrew D. Freeman*
Andrew D. Freeman