**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-16969-MMH |

**NOTICE AND MOTION PURSUANT TO**
**OCTOBER 29, 2026, ORDER (ECF 3053)**

Pursuant to the Court's *Order Setting Procedures for Offering and, if Admitted, Using Redacted Evidence at Evidentiary Hearings and Filing Motions in Limine* [ECF 3053], Century,[2] through its undersigned counsel, hereby provides notice and moves that it be permitted to introduce and offer into evidence and, if admitted, use at the November 19-20, 2026 hearing the settlement agreements previously filed under seal in connection with the objections by it and the Debtor to previously settled claims ("Objections"), exhibits to which are identified in **<u>Appendix A</u>** attached hereto.

**Exhibits for the Claims Objection and Disclosure**
**Statement Hearing**

Century was granted permission by the Court to (1) provisionally file under seal the settlement agreements corresponding to the previously settled and released claims to which the Debtor and Century have objected and (2) to redact the quotations from the settlement agreements that Century cites in its publicly filed Objections and Motions to Disallow. By this Motion,

---

[1] The Debtor in this Chapter 11 case is the Roman Catholic Archbishop of Baltimore. The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

[2] "Century" refers to Century Indemnity Company, as a successor to CCI Insurance Company, which is a successor to Insurance Company of North America, and Indemnity Insurance Company of North America.

Century seeks to unredact the quotes of the settlement agreements in Century's motion papers and unseal the settlement agreements except for personally identifying information and the dollar amount of the settlements.

The excerpts quoted in Century's Objections and Motions to Disallow do not constitute material subject to confidential treatment under the Confidentiality Order because they (i) do not reveal personally identifying information, (ii) are simply standard legal provisions confirming the release of a claim, and (iii) comprise of information publicly accessible. The dates of the agreements are relevant to arguments Century has advanced concerning the expiration of the statute of limitations prepetition for fraud and misrepresentation defenses to enforcement of the releases. The quoted text from settlement agreements is also essential for other parties to understand the nature of the releases at issue and how allowing those claims would dilute the recovery of other creditors who did not settle prepetition.

The redactions are excerpts of standard contract provisions of the settlement agreements, which do not reveal any personally identifying information. Moreover, the text of the form of settlement agreement employed by the Debtor prepetition has been published in publicly filed briefs in the Maryland state court proceeding that resulted in an order enforcing the settlement and releases against the claimant on whose behalf POC 70366 was filed. *See* Saleh Decl. Exh. 11 (ECF 3001-11), pp. 3-5, *[REDACTED]*[3] *v. Calvert Hall Coll. High Sch. of Balt. City, Inc*., No. C-03-CV-25-001738, Brief in Support of Motion for Judgment, dated May 15, 2026 at pp. 3-4; *see also Order Granting Def.'s Mot. for Summary Judgment* (Md. Cir. Ct. Balt. Cnty. Oct. 26, 2026) (entered Oct. 27, 2026).

[3] Century redacts the Plaintiff's name out of an abundance of caution but it appears in the public docket and case filings.

Century further seeks to enter into evidence and refer to factual assertions attested to in proofs of claim numbers 10571 (amending 10129), 10266 and 70000 signed by Frank Natale of the Slater Firm that are materially misleading.

Century also asks to refer to allegations concerning the alleged abuser (but not personally identifying information about the claimant) derived from the following proofs of claim in connection with consideration of the solicitation procedures, disclosure statement and claim objections:

- POC 60033 (abuse at Washington parish by Archdiocese of Washington priest); Brief ECF 2996
- POC 70780 (state employee of Maryland jail); Brief ECF 3056 (Century)
- POC 70295 (janitor of private school); Briefs ECF 2997 (Century); ECF 1595 (Debtor)
- POC 70547 (state employee of Washington D.C. jail); Briefs ECF 1600 (Debtor); ECF 3003 (Century)
- POC 70445 (Episcopal Priest); Briefs ECF 1713 (Debtor); ECF 3078 (Century)
- POC 70032 (abuse at Archdiocese of Santa Fe parish by an Archdiocese of Santa Fe priest before assigned to Baltimore); Brief ECF 3060 (Century)

Confidentiality masks from other claimants the type and nature of the claims that have been filed by certain of the plaintiff firms. This in turn circumvents the statutory scheme imposed by Section 502, which relies on proofs of claim being open to review to allow parties in interest to police the claims register, which is vital to the integrity of the overall plan formation process.

**Exhibits for Stay Relief and Disclosure Statement Hearing**

By this motion, Century also seeks permission to refer to the allegations made with regard to the alleged abusers in proofs of claim numbers 70000 (amending 10259) and 70714 (amending

70702), which are the subject of stay-relief motions. The Slater Firm and Jenner Law have put at issue the time periods over which the alleged abuse occurred, which turn on the allegations in the proofs of claim.

As Century is only alleged to have issued a single excess policy for period of less than 13 months, whether the claims for which stay-relief is sought allege abuse occurring entirely or mostly outside that period and instead during uninsured or settled-insurer periods is relevant to damage stay relief will inflict on the estate. The allegations of abuse are tied to events that demonstrably could not have occurred until after the narrow period of Century's alleged excess policy. Century cannot put on its case without reference to what is alleged. Century does not seek to refer to the claimants or personally identifying information about the claimants. However, one or both of the claimants who seek stay relief have made statements to the press.

Dated: November 14, 2026

**O'MELVENY & MYERS LLP**

*/s/ David K. Roberts*
David K. Roberts (D. Md. Bar No. 18776)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20006
droberts2@omm.com

Tancred Schiavoni, Esq. (admitted *pro hac vice*)
Samantha Indelicato (admitted *pro hac vice*)
Redwan Saleh, Esq. (admitted *pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
Telephone: 212-326-2000
tschiavoni@omm.com
sindelicato@omm.com
rsaleh@omm.com

Eileen Bower, Esq. (admitted *pro hac vice*)
Bret Kabacinski, Esq. (admitted *pro hac vice*)
**CLYDE & CO LLP**
30 S Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: 312-635-6937
eileen.bower@clydeco.us
bret.kabacinski@clydeco.us

*Counsel to Century Indemnity Company, as a successor to CCI Insurance Company, which is a successor to Insurance Company of North America, and Indemnity Insurance Company of North America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of November, 2026, a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF e-filing system on all parties of record. :

*/s/ David K. Roberts*
David K. Roberts

# APPENDIX A

**Century's Objections to Claims Previously Settled**

| Proofs of Claim | Century's Objections | Debtor's Objections | Settlement Agreement Date | Exhibit Docket No. |
|---|---|---|---|---|
| 70050 & 10199 | ECF 2889 | ECF 1565 (POC 70050); ECF 1554 (POC 10199) | Dec. 12, 2018 | ECF 2889-2 |
| 70449 | ECF 2979 | ECF 1569 | Mar. 27, 2020 | ECF 3001-20 |
| 70488 | ECF 2980 | ECF 1571 | Jan. 10, 2023 | ECF 3001-13 |
| 70516 | ECF 2981 | ECF 1574 | Dec. 16, 2016 | ECF 3001-14 |
| 70451 | ECF 2983 | ECF 1570 | Aug. 29, 2019 | ECF 3001-18 |
| 10574 & 10637 | ECF 2984 | ECF 1555 | Aug. 20, 2013 | ECF 3001-16 |
| 70073 | ECF 2987 | ECF 1567 | Oct. 7, 2016 | ECF 3001-15 |
| 61 | ECF 2988 | ECF 1552 | June 2, 2008 | ECF 3001-12 |
| 70003 | ECF 2989 | ECF 1557 | Mar. 18, 2009 | ECF 3001-17 |
| 70366 | ECF 2982 | ECF 1568 | Aug. 22, 2008 | ECF 3001-11 |
| 70069 | ECF 2985 | ECF 1566 | Oct. 28, 2016 | ECF 3001-10 |
| 70712 & 70470 | ECF 2986 | ECF 1578 | July 9, 2009 | ECF 3001-19 |

# EXHIBIT A

## PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC ARCHBISHOP OF BALTIMORE,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-16969-MMH |

**ORDER GRANTING CENTURY'S MOTION**

Upon consideration of *Century's Notice and Motion Pursuant to October 29, 2026, Order (ECF 3053)* (the "Motion"); the Court having reviewed the Motion and the basis for the relief requested therein; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Motion was sufficient under the circumstances; and after due deliberation and sufficient cause appearing for the relief sought in the Motion,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. Century is authorized to unredact the quotes of the contract provisions referenced in certain of Century's claim objections identified by the Motion, and introduce them as evidence at the evidentiary hearing on November 19-20, 2026.

4. The Debtor, Epiq Corporate Restructuring, LLC, and the Clerk of this Bankruptcy Court are authorized to take all reasonable actions necessary or appropriate to give effect to this

[1] The Debtor in this Chapter 11 case is the Roman Catholic Archbishop of Baltimore. The last four digits of the Debtor's federal tax identification number are 1535. The Debtor's principal place of business is located at 320 Cathedral Street, Baltimore, Maryland 21201.

Order.

5. This Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**End of Order**