**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Baltimore**

| | |
|---|---|
| In re: | Case Number: 23-16969-MMH |
| Roman Catholic Archbishop of Baltimore, | (Chapter 11) |
| Debtor | |

* * * * * * * * * * * * *

# REPORT OF MEDIATOR

The Honorable Thomas J. Catliota, the court appointed judicial mediator (the "Mediator"), submits this report pursuant to the Order Requesting Mediator's Report, entered on November 13, 2026. ECF 3103.

By order dated June 15, 2026, the Court referred certain issues and disputes between the debtor Roman Catholic Archbishop of Baltimore (the "Debtor") and the Official Committee of Unsecured Creditors (the "Creditors' Committee") to the Bankruptcy Dispute Resolution Program and appointed the Mediator to conduct the mediation. ECF 2600. The Debtor and the Creditors' Committee subsequently informed the Court that the mediation resulted in a tentative agreement between them, subject to various conditions that remain. ECF 3048 at 6.

On October 5, 2026, the Court expanded the scope of the mediation by entering an order authorizing the Mediator to include in the mediation the Ad Hoc Committee of Parishes, Schools, and Affiliates (the "Ad Hoc Committee"). ECF 2953. Since entry of that Order, the Creditors' Committee and the Ad Hoc Committee have actively mediated the question of the amount of funding by the members of the Ad Hoc Committee toward a consensual plan of reorganization. *See* ECF 3096 at 2. The initial sessions included remote presentations by financial representatives

of the parties, followed by in-person sessions (including participants joining remotely) on October 26, 27, and 28 and November 11, as well as numerous phone conferences and electronic correspondence.

In the Mediator's view, the parties are participating in the mediation process in good faith, have a strong desire to reach a settlement, and wish to continue the mediation regardless of how the Court resolves the various Pending Matters[1]. The Mediator can disclose without fear of violating confidential mediation privilege that no party has threatened to terminate the mediation, and the Mediator believes no party intends to do so. Further, the Debtor has attended all sessions and supports the ongoing process and the efforts to reach a resolution.

No fewer than twenty people participate in-person or remotely in the sessions and over thirty people routinely participate. The Mediator is satisfied all parties are making scheduling availability a top priority.

Despite the seemingly rosy nature of the foregoing report, progress toward resolution has been slow. A wide gap remains. But slow progress does not mean no progress. Incremental progress is occurring although not at anyone's preferred pace.

In the Mediator's view, the parties face complex issues that are not dissimilar to those that delayed the tentative and conditional resolution between the Debtor and the Creditors' Committee well into the case. Addressing these issues requires sophisticated legal and factual analysis and the production of documentation. These efforts are time-consuming, but well underway.

The Mediator is aware the Ad Hoc Committee and the Debtor prefer the Court to convert the November 19 hearing on the Pending Matters, or at least the Plan Matters and the Stay Matters (ECF 3049), to a status report and allow the mediation to continue, while the Creditors' Committee requests the Court go forward with the hearing on those matters. ECF 3096, 3098. Because the

[1] *See* ECF 3049

Mediator believes the parties are willing and prepared to continue mediation in either event, the question before the Court is whether the mediation should be allowed to continue under the status quo, rather than proceeding within the context of the likely delay and disruption that would result if the Plan Matters or Stay Matters were to be granted. ECF. 3049. The Mediator believes additional time under the status quo is warranted, and respectfully suggests January 30, 2027.

In the Order Requesting Mediator's Report, the Court asked the Mediator to coordinate the content of the Mediator's report with the parties to the mediation. ECF 3103. The Mediator has complied with the Court's request.

/s/ Thomas J. Catliota

cc: Hon. Thomas J. Catliota
Debtor's Counsel
Committee's Counsel
Ad Hoc Committee's Counsel
U.S. Trustee
All parties