Entered: November 23rd, 2026
Signed: November 23rd, 2026

**SO ORDERED**

MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Baltimore**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | |
| Debtor. | * | Chapter 11 |
| | * | |

* * * * * * * * * * * * *

## ***PRELIMINARY*** **ORDER ADDRESSING CLAIMS ADMINISTRATION MATTERS**

On November 19 and 20, 2026, the Court held a hearing (the "Hearing") in this chapter 11 case to address, among other matters, the Motion to Establish Procedures for Objections to Proofs of Claim and Responses Thereto [ECF 2021] (the "Procedures Motion"), filed by the above-captioned debtor and debtor in possession (the "Debtor"), and various objections to proofs of claim that raise legal issues regarding the underlying claim (the "Claims Objections"). In connection with those matters, the Court asked the parties to address an issue previously raised by the Official Committee of Unsecured Creditors concerning the Court's jurisdiction and Constitutional power to resolve the Claims Objections.

No party disputes this Court's jurisdiction over the subject matter of the Claims Objections under section 1334 of title 28 of the U.S. Code.[1] Rather, the primary issue concerns the Court's power to hear the Claims Objections.[2]

The Court has reviewed the parties' papers and considered their respective legal arguments. The Court is guided by the plain language of title 28 of the U.S. Code. Under section 157(b)(2)(B) of that title, the Court may hear, as core, matters concerning the allowance or disallowance of claims against the estate. Section 157(b)(2)(B) does, however, provide a limitation concerning personal injury tort claims like those involved in this case. Specifically, section 157(b)(2)(B) states that the Court may not liquidate or estimate contingent or unliquidated personal injury tort claims. Section 157(b)(5), in turn, generally provides that the district court shall order that personal injury tort claims "be tried" in the district court in which the case is pending.

The language of section 157(b) is striking and determinative in this matter. For example, consider the highlighted language below:

> (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
> (2) Core proceedings include, but are not limited to—
> . . .

[1] Section 1334(a) gives the district court original and exclusive jurisdiction over all bankruptcy cases. 28 U.S.C. § 1334(a). Section 1334(b) gives the district court original but not exclusive jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* at § 1334(b). Under Local Rule 402 of the United States District Court for the District of Maryland, the district court has referred all matters and proceedings in this chapter 11 case to this Court.

[2] *See Stern v. Marshall*, 564 U.S. 462, 473, 479 (2011) (explaining, among other things, that the Court did "not determine what constitutes a 'personal injury tort' in this case because we agree with Vickie that § 157(b)(5) is not jurisdictional"). Under *Stern* and subsequent case law, the bankruptcy court can enter final orders in "core" matters arising under the Bankruptcy Code or arising in a bankruptcy case. *Id.* at 474–475. *See also Barnett v. Dutch Run-Mays Draft, LLC*, No. 5:12-CV-01471, 2013 WL 960183, at *4 (S.D.W. Va. Mar. 12, 2013) (explaining the application of *Stern*). The Supreme Court determined that the bankruptcy court cannot enter final orders in matters only "related to" the bankruptcy case. *Stern*, 564 U.S. at 475, 482. In those instances, even if a matter is listed as "core" in section 157(b), the Supreme Court held that the bankruptcy court lacks Constitutional power to resolve those claims on a final basis. The bankruptcy court may issue only proposed findings of fact and conclusions of law in Constitutionally non-core, "related to" matters, unless the parties consent to a final order.

> (B) *allowance* or *disallowance* of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the *liquidation* or *estimation* of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> . . .
>
> (5) The district court shall order that personal injury tort and wrongful death claims shall *be tried* in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157. The Court reads this statute as written and gives different meaning to the different words used in the statute. For example, the words "allowance" and "disallowance" are not the same as "liquidate," "estimate," or to "be tried." Context matters and, in the pre-trial stage of a dispute where the parties are contesting the existence of a valid claim on grounds other than the merits of the personal injury claim, the Court is neither liquidating, estimating, or trying the matter. The Court is determining whether, *as a matter of law*,[3] the subject proof of claim states a claim upon which relief can be granted, or the moving party is entitled to relief, under applicable nonbankruptcy law.[4]

---

[3] The Court observes that in such pre-trial dispositions, the applicable standards often avoid the need to consider the merits—requiring consideration of the facts as pled or in the light most favorable to the nonmoving party. *See, e.g., Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (explaining that, under Civil Rule 56, a court must view the evidence in the light most favorable to the nonmoving party and "draw all justifiable inferences" in the non-moving party's favor, "including questions of credibility and of the weight to be accorded to particular evidence") (citations omitted); *Hall v. Greystar Management Servs., L.P.*, 637 F. App'x 93, 99 (4th Cir. 2016) (explaining that a motion to dismiss under Civil Rule 12(b)(6) "tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; 'it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'") (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

[4] *In re Roman Catholic Diocese of Rockville Centre*, 650 B.R. 765 (2023), *appeal denied, judgment aff'd sub nom.*, 2024 WL 2262708 (S.D.N.Y. May 17, 2024). In *Rockville Centre*, Judge Glenn explained,

> A bankruptcy court may determine whether the claims should be disallowed for other reasons. *In re Residential Cap., LLC,* 519 B.R. 890, 902 (Bankr. S.D.N.Y. 2014); *see also In re Alper Holdings USA, Inc.,* 398 B.R. 736, 749 (S.D.N.Y.2008) ("28 U.S.C. § 157(b)(2)(B) expressly provides that allowance or disallowance of claims is a core proceeding (over which the bankruptcy court has jurisdiction), but excludes the 'liquidation or estimation of contingent or unliquidated personal injury ... claims.' The bankruptcy court clearly had jurisdiction to disallow the personal injury claim."); *In re Chateaugay Corp.,* 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1990) ("[A] finding that the claim is subject to disallowance as a matter of law is not tantamount to a determination on the merits of the personal injury tort or wrongful death claim.").

*Id.* at 776.

Here, the Court notes that facts do matter, and some Claims Objections may warrant formal discovery or consideration of the implications of the Court's resolution on the rights of the parties (including as against third parties). The Court need not, however, resolve all those issues now.[5] Likewise, the Court observes that just because the Court may resolve the Claims Objections, the Court may also, in certain circumstances, abstain or take otherwise appropriate action.

In sum, the matters before the Court are claims administration matters governed directly by sections 501 and 502 of the Bankruptcy Code.[6] Under the plain language of section 157(b)(2)(B), such claims administration matters are core. The Court acknowledges the limitations in that subsection and section 157(b)(5) but finds those limitations inapplicable to the Claims Objections and the Procedures Motion at this stage of the bankruptcy case. To the extent either limitation becomes relevant, the Court will address the appropriate course of action based upon the facts and circumstances of the particular claim at that time.

---

[5] For example, the parties dispute whether the Court should treat proofs of claim as the operative pleading in accordance with the applicable rules. The Court will address such matters in a separate procedures Order but also notes that the process will allow parties an opportunity to argue such matters in the context of particular claims. Indeed, such issues are best resolved based on specific facts rather than in the abstract.

[6] Notably, section 502 of the Bankruptcy Code provides, in relevant part,

> (a) A claim or interest, proof of which is filed under section 501 of this title, *is deemed allowed, unless a party in interest,* including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, *objects*.
>
> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, *except to the extent that*--
>
> (1) such claim is *unenforceable against the debtor and property of the debtor, under any agreement or applicable law* for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502 (emphasis added).

The Court thus agrees with Judge Glenn's decision in *Rockville Centre*, which concluded that the bankruptcy court may resolve, on a final basis, objections to proofs of claim under section 502 of the Bankruptcy Code and, among others, Civil Rule 12(b)(6).[7]

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Court will schedule certain of the Claims Objections based on grounds that the underlying proofs of claim fail to state valid and enforceable claims under applicable nonbankruptcy law for hearing by separate Order; and it is further

**ORDERED**, that the Court will by separate Order establish procedures to govern the resolution of the Claims Objections that the Court determines (either based on the papers or after notice and a hearing) need formal discovery or further proceedings; and it is further

**ORDERED**, that the Court will by separate Order grant certain of the relief requested by the Debtor's Procedures Motion, as set forth on the record of the Hearing.

**END OF ORDER**

[7] *Rockville Centre*, 650 B.R. at 766 ("While a Bankruptcy Court cannot assess the substantive merits of a personal injury tort claim, the Court can make a threshold finding whether the claim is sustainable as a matter of law, which 'leaves it open for trial elsewhere for "liquidation or estimation" for purposes of distribution.' *In re Chateaugay Corp.*, 111 B.R. 67, 76–77 (Bankr. S.D.N.Y. 1990), *aff'd,* 130 B.R. 403 (S.D.N.Y. 1991), *aff'd in part, rev'd in part,* 961 F.2d 378 (2d Cir. 1992), *aff'd,* 146 B.R. 339 (S.D.N.Y. 1992)."). *See also Eastham v. Port City Contracting Servs., Inc.*, No, 7:24-MC-3-D, 2024 WL 6823651, at *5 (E.D.N.C. June 27, 2024) ("The bankruptcy court, however, has authority to preside over these claims *until they are ready for trial*, including ruling on Sharpe's pending motion to dismiss Eastham and Spark's defamation claim.") (emphasis added), *reconsideration denied*, 2024 WL 6823652 (E.D.N.C. Sept. 26, 2024), *appeal dismissed sub nom.*, 2025 WL 2505943 (4th Cir. Sept. 2, 2025); *In re Freeway Foods of Greensboro, Inc.*, 466 B.R. 750, 777–78 (Bankr. M.D.N.C. 2012); *In re UAL Corp.*, 310 B.R. 373, 377 (Bankr. N.D. Ill. 2004). The Court notes that many of the cases cited in opposition to this Court's authority to allow or disallow a claim as a matter of law are distinguishable from the facts before the Court or pre-date the Supreme Court's decision in *Stern*. *See, e.g.,* ECF 3159 (Reply in Support of Pending Claim Objections and the Court's Jurisdiction), at 17–18.