Entered: November 23rd, 2026

Signed: November 23rd, 2026

**SO ORDERED**

UNITED STATES BANKRUPTCY COURT ★ DISTRICT OF MARYLAND ★

MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Baltimore**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Roman Catholic Archbishop of Baltimore, | * | Case No. 23-16969-MMH |
| | * | Chapter 11 |
| Debtor. | * | |

* * * * * * * * * * * * * *

**ORDER ESTABLISHING PROCEDURES FOR OBJECTIONS TO PROOFS OF CLAIM AND RESPONSES THERETO**

The matter before the Court is the Motion to Establish Procedures for Objections to Proofs of Claim and Responses Thereto (the "Procedures Motion"),[1] pursuant to 11 U.S.C. § 105, Bankruptcy Rule 3007 and Local Rule 3007-1, filed by the above-captioned debtor and debtor in possession (the "Debtor"). The Court held a hearing on the Procedures Motion, among other matters, on November 19 and 20, 2026 (the "Hearing"). The Court has reviewed the Procedures Motion, the opposition to the Procedures Motion, and the parties' respective arguments on the record of the Hearing. The Court has jurisdiction over, and authority with respect to, the Procedures Motion under 28 U.S.C. §§ 157 and 1334, as set forth in the Court's Preliminary Order Addressing Claims Administration Matters [ECF 3178] (the "Preliminary Order"). The Court finds that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, that notice of the Procedures Motion was sufficient under the circumstances, and that the legal and factual bases set forth in the Procedures Motion and on the record of the Hearing establish just cause for the relief granted in this Order. Accordingly, after due deliberation and sufficient cause appearing for the general relief

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

sought in the Procedures Motion,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Procedures Motion is granted to the extent set forth in this Order.

2. In addition to the bases upon which omnibus objections may be lodged under Bankruptcy Rule 3007(d), the Debtor may file omnibus claim objections on the grounds that: (a) the claimant lacks standing to assert the underlying claim; or (b) the Debtor is not liable to the claimant for the amount or claim asserted.

3. Upon filing a claim objection, whether a standalone claim objection or omnibus claim objection, the Debtor shall cause to be served upon each claimant subject to the claim objection a personalized notice of the claim objection, and such service of claim objections shall be undertaken in accordance with the Bankruptcy Rules (i.e., service as directed in the proof of claim form).

4. For all claim objections relating to Survivor Claims filed by *pro se* claimants, the individualized notice shall provide that the claimant may ask questions regarding, or request information concerning, the applicable claim objection by contacting counsel to the Debtor, Blake D. Roth, Holland & Knight LLP, by e-mail at blake.roth@hklaw.com or by phone at 615.850.8749.

5. In each notice of a claim objection, the Debtor shall indicate whether the objection is a Summary Objection or an Evidentiary Objection.

6. The requirements regarding notices of a claim objection contained herein shall apply only to notices of claim objections filed subsequent to entry of this Order. All notices that the Debtor has already served on claim objections filed prior to entry of this Order shall be deemed sufficient other than with regard to any challenge under otherwise applicable law; *provided, however,* that, **at least 30 days prior to any hearing**, ***the Debtor shall serve a supplemental notice on each such***

***claimant (a) indicating the hearing date set on the previously noticed claim objection and (b) stating whether that objection is a Summary Objection or Evidentiary Objection under this Order***.

7. Briefing and scheduling for claim objections should be undertaken as follows:

a. for all Pending Claim Objections (other than those claim objections addressed by the Court's Order Setting Hearing on Certain Claim Objections [ECF 3179] (the "November Order")):

i. **on or before February 10, 2027**, the Debtor shall file with the Court (and serve on the claimants and any counsel) an updated Claims Status Report (x) listing each claim subject to an objection (including the docket numbers of the objection and any response/Line filed by the claimant); (y) summarizing the status of each of those Claim Objections; and (z) indicating whether the Pending Claim Objection is a Summary Objection or Evidentiary Objection and whether the parties have exchanged information;

ii. all unresolved Pending Claim Objections identified as Summary Objections shall be set for a hybrid hearing on **March 22, 2027, at 9:00 a.m., ET, by videoconference and in person in Courtroom 9-C in Baltimore**;

iii. the initial hearing to consider the claim objection and any response(s) to such claim objection shall be conducted to determine whether the claim objection may be sustained because the claim subject to the objection fails to state a claim upon which relief can be granted, as determined under Bankruptcy Rule 7012, which may be made applicable to contested matters (including claim objections) pursuant to Bankruptcy Rule 9014(c)(1); and

iv. if at the initial hearing to consider the Summary Objection the Court determines an evidentiary hearing is required, the Court will enter an order setting a status hearing for the next available omnibus hearing date for the purpose of discussing the appropriate process and forum for resolving the applicable claim objection(s) and, if warranted, establishing a scheduling order governing the resolution of the applicable claim objection(s).

b. for all future Summary Objections:

i. in accordance with Local Rule 3007-1(a), the deadline for filing a response to a claim objection shall be the thirtieth (30th) day after the date on the certificate of service of the objection; *provided, however*, such objection deadline may be extended twice by up to thirty (30) days each time by agreement with the Debtor without

notice or order of this Court; *provided, further, however*, that further extensions of time may be obtained upon motion and by order of this Court; and

ii. if a response is filed to a Summary Objection:

1. any reply to a response shall be filed and served within fourteen (14) days of the filing of the applicable response;

2. if a response is filed to a claim objection, the claim objection shall be set for a hearing at the next available omnibus hearing date that is at least twenty-one (21) days after the response is filed;

3. the initial hearing to consider the claim objection and any response(s) to such claim objection shall be conducted to determine whether the claim objection may be sustained because the claim subject to the objection fails to state a claim upon which relief can be granted, as determined under Bankruptcy Rule 7012, which may be made applicable to contested matters (including claim objections) pursuant to Bankruptcy Rule 9014(c)(1); and

4. if at the initial hearing to consider the Summary Objection the Court determines an evidentiary hearing is required, the Court will enter an order setting a status hearing for the next available omnibus hearing date for the purpose of discussing the appropriate process and forum for resolving the applicable claim objection(s) and, if warranted, establishing a scheduling order governing the resolution of the applicable claim objection(s).

c. For all future Evidentiary Objections:

i. in accordance with Local Rule 3007-1(a), the deadline for filing a response to a claim objection shall be the thirtieth (30th) day after the date on the certificate of service of the objection; *provided, however,* such objection deadline may be extended twice by up to thirty (30) days each time by agreement with the Debtor without notice or order of this Court; *provided, further, however,* that further extensions of time may be obtained upon motion and by order of this Court;

ii. if a response is filed, the Court will conduct a status hearing at the next available omnibus hearing date for the purpose of discussing the appropriate process and forum for resolving the

applicable claim objection(s) and, if warranted, establishing a scheduling order governing the resolution of the applicable claim objection(s);

iii. formal discovery shall not be conducted until this Court enters a scheduling order; *provided, however,* the Debtor and any claimant subject to a claim objection are encouraged to engage in the informal exchange of discovery materials ahead of the entry of any scheduling order; and

iv. in advance of any status hearing at which this Court is expected to consider entering a scheduling order, the Debtor and applicable claimant(s) shall meet and confer with respect to the matters to be discussed at the status hearing, including the scope of appropriate discovery, if any, needed with respect to the applicable claim objection(s).

d. For all claim objections:

i. all claim objections shall be limited to forty (40) pages;

ii. all responses to claim objections shall be limited to thirty (30) pages;[2]

iii. all replies shall be limited to thirty (30) pages;

iv. all responses and replies with respect to claim objections relating to Survivor Claims may be filed under seal without further order from this Court; and

v. in advance of a hearing or status hearing on any claim objection, the Debtor and applicable claimant shall meet and confer with respect to the appropriate confidentiality procedures, if any, that should govern the hearing.

8. If no response is filed to a claim objection, the Debtor may submit a form of order sustaining the claim objection with respect to such claim(s) without any further notice or hearing.

9. Each response to a claim objection shall constitute a separate contested matter; no response to a claim objection shall affect the claim objection proceedings with respect to any other claims; no objection shall prejudice any party's ability to raise additional objections to the same

[2] To the extent a claimant asserts that the proof of claim fails to suffice as the operative pleading under the applicable rules, the claimant may raise that issue in its response.

claim on other grounds (whether factual or legal); and, in accordance with Bankruptcy Rule 3007(f), the finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection.

10. The Debtor, Epiq Corporate Restructuring, LLC, and the Clerk of this Bankruptcy Court are authorized to take all reasonable actions necessary or appropriate to give effect to this Order.

11. This Order shall also apply to any claim objection(s) filed by a party in interest (other than the Debtor) after the entry of this Order. In such contested matters, the party in interest filing the claim objection must perform the obligations of the Debtor under this Order and remains bound by the terms and conditions of this Order. The Court will address any standing or related issues, to the extent raised by the claimant, in the context of the initial hearing on the claim objection.

12. The claim objection(s) addressed by this Order constitute contested matters under Federal Rule of Bankruptcy Procedure 9014, and the Court hereby directs that Federal Rules of Bankruptcy Procedure 7008, 7012, and 7056 shall apply to those contested matters. The Court may direct the application of other Part VII Bankruptcy Rules as necessary or beneficial to such contested matters upon appropriate notice to the parties.

13. This Order shall be immediately effective and enforceable upon its entry.

14. Nothing in this Order affects the matters addressed by the November Order, and those matters shall proceed as set forth in the November Order.

15. This Court shall retain exclusive and continuing jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**